UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X

CROWN THEATRES, L.P.,                                          Case No. 3:02 CV 2272 (AVC)

               Plaintiff,

   -against-

MILTON L. DALY, DALY TAYLOR-LEIGH,
INC., JAMES C. CELLA, G.U.S. DEVELOPMENT,
INC., JAMES T. MARTINO, JAMES THOMAS
MARTINO ARCHITECT, P.C. and
RCD HUDSON, LLC,

               Defendants.

------------------------------------------------------------X

JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECT, P.C.

               Third-Party Plaintiffs,

   - against –

B.B. CONSTRUCTION CONSULTANTS,
LTD., DAVID CLIFFORD, and GLENN                                February 6, 2004
GARFINKEL,

               Third-Party Defendants

------------------------------------------------------------X

**MOTION TO QUASH PLAINTIFF CROWN THEATRES, L.P.'S
SUBPOENA SERVED ON CITIGROUP, OR IN THE ALTERNATIVE, FOR
<u>A PROTECTIVE ORDER</u>**

Defendants/Third-Party Plaintiffs JAMES T. MARTINO AND JAMES THOMAS MARTINO ARCHITECT, P.C., (the "Martino Defendants") move pursuant to Rule 45 of the Federal Rules of Civil Procedure for an Order quashing and dismissing Plaintiff Crown Theatres L.P.'s subpoena served on Citigroup for the Martino Defendants' financial records, or, in the alternative, for an Order pursuant to Rule 26(c) for a Protective Order limiting the scope of the subpoena to those records the Court finds relevant.

**WHEREFORE**, for all of the reasons set forth herein, in the annexed Declaration of Marisa Lanza in support of this motion, and the annexed Memorandum of Law, the Martino Defendants respectfully request that this Court enter an Order quashing and dismissing the subpoena served on Citigroup, or in the alternative, issue a Protective Order limiting the scope of the subpoena to those records the Court finds relevant.

RESPECTFULLY SUBMITTED,

DEFENDANTS/THIRD-PARTY PLAINTIFFS
JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECTS, P.C.

By: *Marisa Lanza*
Mark Seiden (Ct 24637)
Marisa Lanza (Ct 24554)
MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
108 Corporate Park Drive, Suite 200
White Plains, New York 10604
(914) 681-8700
(914) 681-8709 (fax)
mseiden@milbermakris.com
mlanza@milbermakris.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and I a copy of the foregoing MOTION TO QUASH PLAINTIFF CROWN THEATRES, L.P.'S SUBPOENA SERVED ON CITIGROUP, OR IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER, DECLARATION OF MARISA LANZA and MEMORANDUM OF LAW was served by first class mail, postage prepaid, on all counsel of record in this action on the 6th day of February 2004, upon:

Lawrence Schaner, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611

H. James Pickerstein, Esq.
Pepe & Hazard, LLP
30 Jelliff Lane
Southport, CT 06490

Kerry M. Wisser, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

Robert M. Frost, Jr.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06601-1740

        And via overnight mail on:

Citigroup
By its registered agent
c/o CT Corporation System
111 Eight Avenue, 13th Floor
New York, New York 10011

Martha Wallis
Subpoena Compliance Specialist
Citicorp Data Systems
Subpoena Compliance Unit
100 Citibank Drive
San Antonio, TX 78245-3214

                                  */s/ Marisa Lanza*
                                      Marisa Lanza

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
CROWN THEATRES, L.P.,                            Case No. 3:02 CV 2272 (AVC)

                Plaintiff,

    -against-

MILTON L. DALY, TAYLOR-LEIGH, INC.
JAMES C. CELLA, G.U.S. DEVELOPMENT,
INC., JAMES T. MARTINO, JAMES THOMAS
MARTINO ARCHITECT, P.C.,
RCD HUDSON, LLC, and ANNE DALY

                Defendants.
-------------------------------------------------------------X
JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECT, P.C.

                Third-Party Plaintiffs,

    - against –

B.B. CONSTRUCTION CONSULTANTS,                   February 6, 2004
LTD., DAVID CLIFFORD,
and GLENN GARFINKEL,

                Third-Party Defendants
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS/THIRD-PARTY PLAINTIFFS' MOTION TO QUASH PLAINTIFF CROWN THEATRE'S L.P.'S SUBPOENA SERVED ON CITIGROUP, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**

**Preliminary Statement**

Defendants/Third-Party Plaintiffs JAMES T. MARTINO AND JAMES THOMAS MARTINO ARCHITECT, P.C., (the "Martino Defendants") submit this memorandum of law in support of the within motion for an Order pursuant to Rule 45(3)(a) of the Federal Rules of Civil Procedure quashing and dismissing Plaintiff Crown

1

Theatres, L.P.'s subpoena served on Citigroup by its registered agent CT Corporation System, or, in the alternative, for a Protective Order pursuant to Rule 26(c) limiting the scope of the subpoena to those records the Court finds relevant.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying declaration of Marisa Lanza, Esq. for a complete and accurate renditions of the relevant facts and procedural history that underlie the instant motion.

## ARGUMENT

## POINT I

## THE SUBPOENA IS OVERLY BROAD AND WHOLLY IRRELEVANT TO ANY CLAIM OR DEFENSE IN CONNECTION WITH THE MARTINO DEFENDANTS.

A party may show cause to quash a subpoena by demonstrating that the matters sought are non-discoverable under Fed. R. Civ. Proc. 26(b). Manufacturing Systems, Inc. of Milwaukee v. Computer Technology, Inc., 99 F.R.D. 335, 336 (E.D. Wisc. 1983). The subpoena may be quashed and dismissed on the grounds that the subpoena is overbroad and seeks information, which is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(b) sets forth the scope and limitation of discovery. It provides in relevant part:

> (1) *In General*, Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

2

The discovery sought here is not relevant to any issue set forth in Crown's Complaint against the Martino Defendants. Crown has asserted <u>two</u> causes of action against the Martino Defendants sounding in professional malpractice and breach of contract. Crown specifically alleges that the Martino Defendants, were negligent in:

(i)  failing to provide construction inspection of each of the projects;
(ii) failing to monitor the projects to insure that work had been completed and materials furnished in the manner described in payment applications;
(iii) failing to apprise Crown Theatres that work described in payment applications had not been completed or furnished to the projects;
(iv) failing to apprise Crown Theatres that work described in payment applications was outside the scope of Crown Theatre's construction responsibilities at these projects; and
(v) Certifying to Crown Theatres, without conducting on-site inspection or reviewing pertinent date that the work had progressed as indicated in the payment applications, that the quality of the work was in accordance with the contract documents, and that the contractor was entitled to payment.

<u>See</u> Crown's Complaint at ¶¶ 247 and 251, annexed as Exhibit A to Lanza Declaration.

Furthermore, Crown's responses to interrogatories states that:

> Martino Defendants failed to perform on-site observations; failed to adequately inspect, monitor and supervise work; failed to insure that work had been completed; failed to insure that proper materials had been furnished; certified payment applications where the work had not progressed as indicated; certified payment applications where the work was not in accordance with the contract documents; certified payment applications where the contractor was not entitled to payment of the amount certified; certified payment applications where the work certified was not performed; certified payment applications where the work that was performed was not the responsibility of Crown Theatres; certified payment applications without performing on-site observations . . .

<u>See</u> Crown's Interrogatories Answers, annexed as Exhibit B to Lanza Declaration.

3

Crown's expert report, dated September 25, 2003 by Peter Steffian of Steffian Bradley Architects alleges that it is his opinion that Mr. Martino's certifications of the payment applications were "act[s] of gross professional negligence and a dereliction of his duty to his client Crown Theatre." Mr. Steffian further opines that Mr. Martino "violat[ed] the standard of care expected of an experienced professional practicing nationally on projects of similar scope and complexity as the Crown Theatres Projects for which James T. Martino or James Thomas Martino Architects, P.C. acted as the Architects." *See* Steffian's expert report, dated September 25, 2003, annexed as Exhibit C to Lanza Declaration.

The Martino Defendants' financial records are not relevant, germane or likely to lead to admissible evidence regarding whether the Martino Defendants were negligent or breached its contract as a result of the foregoing allegations. Rather than a good faith effort to procure relevant information, Crown engages in a fishing expedition, seeking financial records wholly irrelevant to its claims. The Court must not permit a party to ". . . roam in shadow zones of relevancy and to explore [a] matter which does not presently appear germane on the theory that it might conceivably become so." McCurdy v. Wedgewood Capital Management Co., Inc., 1998 U.S. Dist. Lexis 18875 (E.D. Pa 1998) citing Surety Association of America v. Republic Insurance Company, 388 F.2d 412 (2d Cir. 1967).

In McCurdy v. Wedgewood Capital Management Co., Inc., 1998 U.S. Dist. Lexis 18875 (E.D. Pa 1998), the defendant's motion for a protective order regarding the issuance of several subpoenas for defendant's financial and business affairs was granted, in part. In McCurdy, the Plaintiff sought disclosure of documents that it contended were

4

material and relevant to an unpleaded RICO claim. The court denied Plaintiff's request and issued a protective order finding that disclosing information relevant only to a prospective claim exceeds the scope of the subject matter of the present action. "A complaint is not 'a hunting license to discover whether, in fact, a viable claim may be alleged . . The discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made-not to discover whether a claim exists." supra, at *39-40 (citations omitted).

Courts have also recognized that claims under a RICO theory (which is not alleged against the Martino Defendants) need to reasonably limit the scope of discovery, since there are times where business disputes turn into federal racketeering charges, thus the risk that a party will attempt to use the discovery process to conduct a 'fishing expedition' is significant. McCurdy, supra. at *40 *citing* PMC v. Ferro Corporation, 131 F.R.D. 184 (C.D. Cal. 1990).

In short, Crown has not and cannot reasonably argue that it has a need for the Martino Defendants' subpoenaed financial information to assert a claim for professional malpractice and breach of contract. There is no connection between the Martino Defendants' financial/banking records and the allegation that the Martino Defendants' failed to conduct "construction inspection of each of the projects." Consolidated Rail Corp. v. US 812 F2d. 1444, 1463 (3d Cir. 1987)(A party seeking discovery must also demonstrate a real and practical need for the information.)

Not only is the subpoenaed information wholly irrelevant to any claim regarding the Martino Defendants, but it is grossly overbroad in that the subpoena seeks financial records for the past eight (8) years. Crown's Complaint alleges negligent conduct

stemming from 1999 until 2000, the dates that the payment applications at issue herein were allegedly signed by the Martino Defendants. The subpoena seeks 8 years of financial records.

The subpoena is also ambiguous in not limiting the scope to any particular transaction or third-party involvement. In fact the subpoena is so broad it requests "all letters, memoranda, notes, correspondence or other communication to, from or relating to James Thomas Martino or James Thomas Martino, Architect, P.C." It further seeks information on "all documents pertaining to the opening or closing of the account." Thus, the subpoena is ambiguous, overbroad and wholly irrelevant to the claims against the Martino Defendants.

## POINT II

### THE SUBPOENA SEEKS DISCLOSURE OF PRIVILEGED AND PROTECTED DOCUMENTS THAT ARE NOT GERMANE TO THE WITHIN LITIGATION

Rule 45 which authorizes the issuance and service of a subpoena, provides that:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, . . .

Fed. R. Civ. Proc. 45(c)(3)(A). Rule 45(b) has been interpreted to prevent unduly burdensome requests that amount to mere "fishing expeditions." See Isaacs v. Balkcom, 85 F.R.D. 354, 356 (M.D.Ga. 1980). The Martino Defendants, as a party to the within action, has standing to object to the issuance of a subpoenas served by Crown on a third-party based on the claim of personal privacy rights in the records sought. See Chemical Bank v. Jeannie-Marie Dana, 149 F.R.D. 11; 1993 U.S. Dist. Lexis 7177 (D. Conn. 1993); Chazin v. Lieberman, 129 F.R.D. 97 (S.D.N.Y. 1990); Carey v. Berisford Metals

6

Corp., 1991 U.S. Dist. Lexis 3776 (S.D.N.Y. 1991). The Martino Defendants' privacy interest extends in their bank records. Therefore, the Martino Defendants may contest the within subpoena served on the non-party bank. Id.

In Chemical Bank v. Jeannie-Marie Dana, 149 F.R.D. 11; 1993 U.S. Dist. Lexis 7177 (D. Conn. 1993), Chemical Bank sought discovery of documents retained by a third-party. The Court, in limiting the scope of the subpoena to relevant issues, held that subpoena should not include unrelated documents or detailed information regarding the defendant's other business or personal interests. The Court also held that Chemical Bank's right to obtain relevant discovery is not outweighed by the defendant's privacy interests in these documents.

Furthermore, in Blue Cross & Blue Shield of Connecticut, Inc. v. Reuter, 1990 Conn. Super. Lexis 284 (Conn. Super. Ct 1990), Plaintiff's former employer served a subpoena for the bank records of a non-party. The Court found that the plaintiff had failed to prove that the bank records were at issue in the subject case and therefore failed to show the materiality or relevancy of the bank records to the case. The complaint asserted four counts basically alleging that the defendant authorized the payment for services in connection with the recruitment and the placement of certain of the Plaintiff's employees which services either were not in fact provided or that the amounts exceeded the value of the services. The Complaint did not name the purveyor of the services or name the purveyor as a party, even though Plaintiff was aware that Mr. DeMartino was "involved." Supra at * 4-5.

Further, as there is no logical connection between the subpoenaed material sought and the allegations alleged, Crown appears to be seeking information to determine the

financial status of the Martino Defendants in the nature of post-judgment discovery. Not only is such an effort premature under Connecticut's pre-judgment remedy statute (*See* Conn. Gen. Stat. §52-278n(c)(disclosure of assets may be ordered only <u>after</u> the court's determination of probable cause)), Rule 26 specifically prohibits discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence. <u>See McCurdy</u>, <u>supra.</u> (citation omitted). <u>See</u> <u>also</u> <u>U.S. v. General Electric Company</u>, 158 F.R.D. 161 (D. Oregon 1994).

Rule 26(c) provides that the Court may issue a protective order denying, limiting, conditioning or regulating discovery, thereby guarding against disclosure abuses. The protective order is designed to "protect a party or person from annoyance, embarrassment, oppression or undue burden or expenses." <u>See</u> Rule 26(c). Protective orders are designed to prevent unreasonable disadvantage, annoyance, expense, embarrassment or other prejudice to any person regardless of the discovery device implemented. <u>See</u> <u>McCurdy, supra.</u>

The Martino Defendants have set forth sufficient cause establishing that the subpoena is ambiguous, overbroad, irrelevant, an invasion of personal privacy rights and in the nature of post-judgment discovery. Accordingly, the Subpoena should be dismissed. In the alternative, if the Court does find some relevancy, the Court should issue a protective order limiting the scope of the Subpoena to those records the Court finds relevant.

8

## CONCLUSION

For the foregoing reasons, The Martino Defendants respectfully request that this Court to issue an Order pursuant to Rule 45(3)(a) of the Federal Rules of Civil Procedure quashing and dismissing Plaintiff Crown Theatres, L.P.'s subpoena served on Citigroup by its registered agent CT Corporation System, or, in the alternative, for an Protective Order pursuant to Rule 26(c) limiting the scope of the subpoena to those records the Court finds relevant.

RESPECTFULLY SUBMITTED,

DEFENDANTS/THIRD-PARTY PLAINTIFFS
JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECTS, P.C.

By: *[signature]*
    Mark Seiden (Ct 24637)
    Marisa Lanza (Ct 24554)
    MILBER MAKRIS PLOUSADIS
    & SEIDEN, LLP
    108 Corporate Park Drive, Suite 200
    White Plains, New York 10604
    (914) 681-8700
    (914) 681-8709 (fax)
    mseiden@milbermakris.com
    mlanza@milbermakris.com