UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 MAR 10  A 11: 55

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| CROWN THEATRES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Judge Alfred V. Covello |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | March 10, 2004 |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | |
| JAMES T. MARTINO, JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | |

## CROWN THEATRES' MOTION TO COMPEL
## MILTON DALY'S PRODUCTION OF DOCUMENTS

Plaintiff Crown Theatres, L.P. ("Crown Theatres"), by its attorneys, and pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, hereby moves to compel defendant Milton L. Daly ("Daly") to produce documents in response to Crown Theatres' Request for the Production of Documents. Specifically, Crown Theatres seeks copies of Daly's e-mail and to inspect his personal computer. In support of this motion, Crown Theatres submits the accompanying Memorandum of Law and states as follows:

1. This case concerns a large, financial fraud under which Daly, Crown Theatres' former chief operating officer, and others engaged in an illicit scheme to steal millions of dollars from Crown Theatres in connection with its construction of movie theatre complexes around the country.

2. In December 2002, Crown Theatres filed this action against Daly and others to recover its substantial losses. Its complaint, as amended, asserts claims against Daly for

RICO violations, fraud, conversion, civil conspiracy, unjust enrichment, and statutory theft. Crown Theatres also alleges that Daly and his wife executed numerous fraudulent conveyances well into 2003 in an attempt to hide the proceeds of the fraud.

3. On January 23, 2003, this Court granted Crown Theatres' motion for a prejudgment remedy against Daly in the amount of $6.2 million, finding "there was a reasonable likelihood that the defendant has fraudulently hidden or withheld money, property or effects."

4. On March 11, 2003, Crown Theatres served its First Request for the Production of Documents to Defendant Milton L. Daly. In Request Number 31, Crown Theatres requested that Daly produce his "computers," computer "hard drives" and "emails." In addition, Crown Theatres requested that Daly produce "all documents," defined to include electronic documents, relating to a large number of topics.

5. Daly objected to the Document Request and produced no documents. He claims to have in his possession no other responsive documents except those which may appear on his computer. Daly has refused to permit Crown Theatres to inspect his computer. He has also refused to search it for responsive documents. Daly has made it clear that he will not permit the inspection of his computer or produce his e-mail absent a court order.

6. Crown Theatres' requests for Daly's e-mail and to inspect his personal computer are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(c).

7. Daly's only excuse for not producing his electronic documents and for not permitting Crown Theatres to inspect his computer is that Daly allegedly did not obtain his personal computer until 2001, sometime after he ceased working for Crown Theatres.

8. Crown Theatres alleges in its complaint that Daly and his wife committed fraudulent transfers that occurred in 2002 and 2003. Moreover, Crown Theatres has obtained from one of Daly's business partners, Robert Abramsky, copies of e-mail messages sent by Daly in 2002 and 2003 that are highly relevant to the pending litigation and contain significant admissions of Daly's culpability. Crown Theatres believes that Daly's efforts to conceal assets and to cover-up the full extent of his wrongdoing are continuing to the present.

9. Daly should also be compelled to allow Crown Theatres to inspect his computer and copy its hard drive. Moreover, Crown Theatres should be permitted to copy, image or "mirror" Daly's computer hard drive as necessary in order to search for and attempt to restore documents that Daly may have attempted to delete.

10. Counsel for Crown Theatres has conferred with counsel for Daly in an attempt to resolve this discovery dispute. These efforts were unsuccessful. (Declaration of Adam N. Hirsch, a copy of which is attached as Exhibit E to Crown Theatres' Memorandum of Law in Support of Its Motion to Compel Milton Daly's Production of Documents.)

11. Under Fed. R. Civ. P. 37(a)(4)(A), Daly should be required to pay Crown Theatres' costs of bringing this motion.

WHEREFORE, for the foregoing reasons and for the reasons set forth in its accompanying memorandum of law, Crown Theatres respectfully requests that this Court grant its motion to compel Milton Daly's production of documents and that it specifically order him to (1) produce all of his e-mail and other electronic documents; and (2) provide Crown Theatres with the opportunity to inspect his computer and copy his computer hard drive; and (3) pay Crown Theatres' attorneys' fees and costs associated with bringing this motion.

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagne (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

March 10, 2004