FILED

2004 MAR 16  P 12: 03

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, LP, | CIVIL ACTION NO. |
| Plaintiff, | 3:02-CV-2272 (AVC) |
| VS. | |
| MILTON L. DALY, ET AL., | March 15, 2004 |
| Defendants. | |

**MEMORANDUM IN OPPOSITION TO MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

The defendant, Milton L. Daly ("Daly"), hereby opposes the Motion to Compel Production of Documents filed by the plaintiff as the same is improper, and represents a fishing expedition. In each pleading that the plaintiff files relating to Mr. Daly, the plaintiff continually states that Mr. Daly has admitted, in his deposition, that he committed "despicable acts of fraud and dishonesty – stealing millions from Crown Theatres, his former employer." (See plaintiff's Memorandum of Law in support of its Motion to Compel Production of Documents, March 10, 2004.)  It is time for the plaintiff to be called to task for its continued misrepresentations before this court.

It is axiomatic that Mr. Daly has never admitted to committing "despicable acts of fraud", "dishonesty" or "stealing millions of dollars from his employer." The plaintiff is

well aware of this. Rather, the defendant has admitted, since the inception of this litigation, that he was responsible for "self dealing" and violated his fiduciary duty as an officer of the plaintiff. Despite the fact that the plaintiff is unhappy with the admissions from Mr. Daly, the plaintiff is not entitled to misrepresent this testimony to the court in an effort to support any motion that the plaintiff intends to file. The plaintiff has an obligation of candor before this tribunal and must cease making such misrepresentations to the court.

In regard to the issue at hand, the plaintiff has also mischaracterized the objection that has been lodged by Mr. Daly regarding production of his computer. Mr. Daly has not maintained an objection to producing any e-mail in his possession. Mr. Daly, to the contrary of plaintiff's assertion, has indicated that he does not have any e-mails in hard copy form, and he no longer possesses the computer that may have generated any e-mails during the time period that he worked for the plaintiff. Conversely, if that computer still exists, it is in the possession of the plaintiff and the plaintiff is free to examine it and attempt to recreate any documents that the plaintiff believes may have been deleted.

Mr. Daly does maintain his objection that the computer that is presently in his possession is not subject to discovery by the plaintiff. The plaintiff once again, misstating facts, claims that it is in possession of "highly relevant admissions by Daly of his

wrongdoing." The plaintiff then goes on to identify those e-mails. One represents an e-mail *recently* written by Mr. Daly, which he admits contains insults regarding the plaintiff, which he now regrets. In no way do those insults, which were generated as a result of this lengthy litigation, represent information that is reasonably calculated to lead to the discovery of admissible evidence in this case. The plaintiff, in an extreme disingenuous fashion, concludes that such an e-mail "helps to explain" Mr. Daly's actions. That conclusory statement is not supported by any relevant facts, and quite frankly, is illogical. The other "highly relevant admissions" by Mr. Daly represents an e-mail he sent to a business partner in 2002, at a time *after* he had already admitted his wrongdoing to counsel for the plaintiff. Accordingly, such an e-mail, written more than a year after he left the employment of the plaintiff, and *after* he had already admitted his wrongdoing to counsel for the plaintiff, can never support a basis to assert that there are other e-mails that are reasonably calculated to lead to the discovery of admissible evidence.

Mr. Daly's personal computer contains proprietary information regarding a business known as Odyssey Entertainment, LLC. That entity is not a party to this litigation. Furthermore, the plaintiff has no right to take possession of Mr. Daly's computer, and deprive him of the ability to utilize the same for his business purposes on a daily basis. In its memorandum in support of its motion, the plaintiff has suggested that

Mr. Daly has refused to search for responsive documents in his computer. Once again, that is a complete misstatement of fact. The plaintiff also asserts, in its argument, that it should not be forced to take Mr. Daly's word for whether his computer contains responsive documents. However, the plaintiff has taken Mr. Daly's word that he has no hard copies of documents, which is the way litigation is practiced in federal courts throughout the country. Taking the plaintiff's argument to its fullest logical conclusion, they should be able to obtain a search warrant of Mr. Daly's home and office in order to make sure that no hard copies of documents exist merely because Mr. Daly has indicated that he has none. However, the fourth amendment to the constitution, regarding searches and seizure, has never applied to plaintiffs in civil litigation. Since the plaintiff, has, and is compelled to, accept Mr. Daly's representations that he does not possess certain paper documents, the plaintiff is obligated and compelled to accept the representation that Mr. Daly's computer does not contain any e-mails that have been requested.

This request is nothing more than a fishing expedition. The plaintiff does not contend that it has evidence that Mr. Daly is attempting to "cover-up the full extent of his wrongdoing." Rather, the plaintiff only contends that it "believes" that Mr. Daly is doing so. This unsubstantiated belief does not support the plaintiff's ability to dispossess Mr. Daly of his computer, for an unlimited period of time, and potentially destroy the hardware

and software in an effort to search the same and recreate documents that the plaintiff only *assumes* may have been deleted.

The best evidence of any e-mail correspondence that relates to the allegations of the complaint would be contained in the business computer that Mr. Daly utilized when he worked for the plaintiff. If the plaintiff has foolishly destroyed the same, that negligence is not justification to now ask Mr. Daly to produce a computer that he purchased well after the time that any of the events complained of would have taken place. The plaintiff has cited no applicable case law to support its claim.

For all the foregoing reasons, the defendant respectfully requests that the Motion to Compel be denied.

> DEFENDANTS,
> MILTON L. DALY
> TAYLOR-LEIGH, INC.
>
> By_____
> Kerry M. Wisser of
> WEINSTEIN & WISSER, P.C.
> 29 South Main Street, Suite 207
> West Hartford, CT 06107
> Telephone No. (860) 561-2628
> Facsimile No. (860) 521-6150
> Federal Bar No. ct01205

## CERTIFICATION

This is to certify that on the 15th day of March, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
Kerry M. Wisser