UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., <br>   Plaintiff <br><br> v. <br><br> MILTON L. DALY, TAYLOR-LEIGH, INC., JAMES C. CELLA, G.U.S. DEVELOPMENT, INC., JAMES T. MARTINO, JAMES THOMAS MARTINO ARCHITECT, P.C., AND RCD HUDSON, LLC <br>   Defendants <br><br> JAMES T. MARTINO AND JAMES THOMAS MARTINO, ARCHITECT, P.C. <br>   Third-Party Plaintiffs <br><br> v. <br><br> B.B. CONSTRUCTION CONSULTANTS, LTD., DAVID CLIFFORD, AND GLENN GARFINKEL, <br>   Third-Party Defendants | Case No.: 3:02CV2272AVC |

RULING ON THE THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

This is an action for damages arising out of, inter alia, the plaintiff, Crown Theatres, L.P.'s ("Crown"), claim that the defendants, James T. Martino and James Thomas Martino, Architect, P.C. (collectively "Martino"), improperly certified architect's certificates for construction work that had not been done. It is brought pursuant to common law tenets concerning breach of contract and negligence.

1

On August 27, 2003, Martino counterclaimed against Crown alleging that if Crown sustained damages as alleged in its complaint, such damages were due to Crown's "affirmative, active, primary and reckless acts and omissions, negligence and breaches of duty and/or obligations and/or statute and/or warranty and/or contract in fact or implied by law." Martino alleges that Crown may be "liable on the basis of apportionment of responsibility and Martino Defendants will be entitled to contribution, apportionment and/or indemnification from and judgment over against [Crown]."

On February 19, 2003, Martino filed a third-party complaint against David Clifford and Glenn Garfinkel alleging that: 1) to the extent that Martino may be liable to Crown in the original action, Martino is entitled to indemnification from Clifford and Garfinkel; 2) to the extent that Martino may be liable to Crown in the original action, Martino is entitled to contribution from Clifford and Garfinkel; and 3) Clifford and Garfinkel were unjustly enriched at the expense of Martino. The third-party complaint is brought pursuant to common law tenets concerning indemnity, contribution, and unjust enrichment.

On May 2, 2003, Clifford and Garfinkel filed the within motion to dismiss the third-party complaint in its entirety for failing to state a claim upon which relief can be granted

pursuant to Fed. R. Civ. P. 12(b)(6), for failing to state claims that are sufficiently related to the original claims to justify impleader pursuant to Fed. R. Civ. P. 14, and, contingent on the dismissal of the indemnity and contribution claims, for bringing the unrelated claim of unjust enrichment in the same action pursuant to Fed. R. Civ. P. 18.

The issues are: 1) whether the third-party complaint establishes a cause of action for indemnity and contribution; 2) whether the third-party claims are sufficiently related to the original claims to justify impleader; and 3) whether, pursuant to Fed. R. Civ. P. 18, Martino's claims of unjust enrichment against Clifford and Garfinkel can be joined in the action if Martino's related claims against Clifford and Garfinkel are dismissed.

For the reasons that hereafter follow, the court concludes: 1) the third-party complaint fails to state a cause of action for indemnity or contribution; 2) the third-party plaintiff's claims are not proper for impleader; and 3) the third-party plaintiff's claims of unjust enrichment cannot be joined pursuant to Rule 18. Accordingly, the motion to dismiss the third-party complaint is GRANTED.

## FACTS

The complaint alleges the following: Clifford is an executive vice president and chief financial officer for Crown. Garfinkel is an executive vice president and general counsel for Crown. Collectively, they "managed and oversaw all of Crown Theatre's construction projects, including its renovation and expansion programs." In addition, Clifford and Garfinkel are "responsible for and did approve all invoices for payment from Crown Theatres to third-parties relating to the construction activities of Crown Theatres." Because Crown alleges damages arising from a construction program involving Clifford and Garfinkel, Martino alleges that he is therefore "entitled to be indemnified and held harmless from and against any and all claims of the Plaintiff [Crown], which arise out of and/or relating to the conduct or inactions of Third-Party Defendants in their performance and obligations to Plaintiff." Martino alleges he is likewise entitled to contribution from Clifford and Garfinkel. Further, Martino alleges he is entitled to indemnification from Clifford and Garfinkel because any liability that may be adjudged against Martino is "passive, secondary and/or vicarious."

Finally, Martino alleges that he provided "work, labor, equipment, material, supplies, and architectural services" for Clifford and Garfinkel's individual homes upon their request for

such services. Martino performed the work expecting compensation from Clifford and Garfinkel, both of whom failed and/or refused to pay. Martino alleges that Clifford and Garfinkel are thus unjustly enriched at his expense.

## STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) involves a determination as to whether the plaintiff has stated a claim upon which relief may be granted. Fischman v. Blue Cross Blue Shield, 755 F.Supp. 528 (D. Conn. 1990). The motion must be decided solely on the facts alleged. Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985). A court must assume all factual allegations in the complaint to be true and must draw all reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974). Such a motion should be granted only when no set of facts consistent with the allegations could be proven which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The issue is not whether the plaintiff will prevail, but whether she should have the opportunity to prove her claims. Id.

To maintain an impleader action pursuant to Fed. R. Civ. P. 14(a), the third-party defendant:

> "must be liable secondarily to the original defendant or . . . must necessarily be liable over to the defendant for all

5

or part of the plaintiff's recovery, or . . . defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant."

Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 437-38 (2d Cir. 2000). The determination of whether a defendant may implead a third-party defendant is within the discretion of the trial court. Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984).

Fed. R. Civ. P. 18(a) allows a defendant to join "as many claims, legal, equitable, or maritime, as the party has against an opposing party." As long as the defendant asserts a claim valid for impleader under Rule 14(a), all other claims against the third-party defendant may be joined. Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62, 69 (3d Cir. 1970).

## DISCUSSION

I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

    A.   Failure to allege a relationship between Martino and Clifford and Garfinkel

Clifford and Garfinkel first argue that Martino has no cognizable claim against them for indemnity or contribution because there is no relationship between Martino and Clifford and Garfinkel. Specifically, Clifford and Garfinkel contend that "[t]here was no oral or written, express or implied contract

6

[between Martino and Clifford and Garfinkel] . . . no duty owed by the Crown Theatres' officers to the Martino parties."

Martino responds that because Clifford and Garfinkel approved allegedly fraudulent payment applications, they are similarly positioned to Martino. Therefore Clifford and Garfinkel "are answerable for their own conduct in approving the subject payment applications." Moreover, "to the extent Plaintiff's claims against the Martino Defendants are cognizable, then Garfinkel and Clifford were also negligent in processing and paying applications which were exaggerated and/or fraudulent."

Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 702 (1997) held that a third-party plaintiff "need not establish the existence of an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of a common law claim for indemnity." Because Martino need not establish a legal relationship between himself and Clifford and Garfinkel, his contribution and indemnity claims are sufficient without the allegation of any relationship between the parties.

B.   Failure to allege negligence

Clifford and Garfinkel next contend that Martino does not properly plead claims for indemnity and contribution because the third-party complaint fails to allege negligence with respect to their actions. Clifford and Garfinkel argue that "the Martino

7

parties do not and cannot state a claim against Garfinkel and Clifford for negligence."

In response, Martino argues that "[t]he Third-Party Complaint is not insufficient simply because it does not use the word "negligent."" Martino then argues that his third-party complaint "unequivocally holds that errors or omission (negligence) of the Third-Party Defendants [Clifford and Garfinkel] were the cause of the damages being sought by Plaintiff [Crown]." In short, Martino contends that "to the extent [Crown's] claims against the Martino Defendants are cognizable, then Clifford and Garfinkel were also negligent in processing and paying applications which were exaggerated and/or fraudulent."

In Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694 (1997), the Connecticut supreme court stated:

> "[o]rdinarily there is no right of indemnity or contribution between joint-tortfeasors. . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury. . . . Under the circumstances described, we have distinguished between 'active or primary negligence,' and 'passive or secondary negligence.'. . . Indemnity shifts the impact of liability from passive joint tortfeasors to active ones."

Id. at 697 (citations omitted). The court went on to list the elements required in a common law action for indemnity. In order

to set out properly a cause of action for indemnity, a complaint must allege facts that show the following four elements:

> "(1) that the other tortfeasor was negligent, (2) that [the other tortfeasor's] negligence, rather than [the third-party plaintiff's], was the direct, immediate cause of the accident and injuries; (3) that the other tortfeasor was in control of the situation to the exclusion of [the third-party plaintiff]; and (4) that [the third-party plaintiff] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent."

Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698 (1997) (internal quotation marks omitted).

The complaint fails to allege any of the elements. First, Martino's third-party complaint fails to specifically allege that Clifford and Garfinkel were negligent. Second, Martino has not shown how Clifford and Garfinkel's negligence could have been the direct cause of Crown's injuries. Since Martino is the only party with an alleged duty to Crown for architectural services, it is unclear how Clifford and Garfinkel could share in any liability arising out of a breach of duty concerning architectural services. Further, the complaint alleges no facts that show that Clifford and Garfinkel were in control of the situation to the exclusion of Martino. Finally, the complaint does not allege that Martino was unaware of the purported negligence of Clifford and Garfinkel, that Martino had no reason to anticipate it, or that Martino reasonably relied on the conduct of Clifford and

Garfinkel not to be negligent. The court therefore concludes that the third-party complaint alleges no basis for a claim of indemnity.

Regarding the contribution claim, in <u>Crotta v. Home Depot, Inc.</u>, 249 Conn. 634 (1999), the Connecticut supreme court stated:

> "[t]he right of action for contribution, which is equitable in origin, arises when, as between multiple parties *jointly bound* to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the *common* obligation."

<u>Id.</u> at 640. The third-party complaint fails to allege facts to show how Clifford and Garfinkel are jointly liable to Crown. Therefore, the court concludes that the third-party complaint fails to allege a claim for contribution.

II.   Propriety of Impleader Claim Pursuant to Fed. R. Civ. P. 14

Clifford and Garfinkel next argue that Martino's third-party claim is improper under Fed. R. Civ. P. 14 because it is not sufficiently related to the original claim. Specifically, Clifford and Garfinkel urge that "there is no causal relationship between the third-party claims against Garfinkel and Clifford, and Crown Theatres' claims against the Martino parties. . . . Garfinkel and Clifford cannot be liable for the architect's negligence in signing fraudulent payment applications; that duty is specific to the architect."

In response, Martino argues that Clifford and Garfinkel are liable to Martino as joint-tortfeasors. Specifically, "Garfinkel and Clifford's conduct in approving and processing the payment applications would make them joint-tortfeasors to the same extent as the Martino Defendants." Further, the third-party complaint is causally related to the original claim because it "expressly reference[s] and annex[es] the underlying complaint [and] the Third-Party Complaint specifically alleges causes of action for indemnification and/or contribution from Third-Party Defendants' potential involvement in the project as set forth in the underlying Complaint." Martino argues that the potential liability as to both himself and Clifford and Garfinkel is "inextricably interrelated" because it arises out of the same set of events.

In McMillan v. Equifax Credit Information Services, 153 F. Supp.2d 129 (D. Conn. 2001), the court discussed Rule 14 impleader, "Rule 14 impleader does not itself provide a third-party cause of action, and impleader is permitted only when a right to relief is cognizable under the applicable substantive law." Id. at 131 (internal quotations and citations omitted). See also, Index Fund, Inc. v. Hagopian, 417 F.Supp. 738, 744 (S.D.N.Y. 1976) ("Rule 14 requires that a defendant have a substantive basis for a claim against the third party and that

11

the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim.") Because the third-party complaint fails to state cognizable claims for indemnity and contribution, impleader is improper.

Clifford and Garfinkel also argue that impleader is improper because the third-party complaint "adds nothing to this action except litigation over the private homes of Garfinkel and Clifford." Specifically, Clifford and Garfinkel contend that Martino's claims against them are "duplicative of the Martino parties' counterclaims for indemnity and contribution against Crown Theatres. If Crown Theatres' officers are negligent, then Crown is vicariously liable for that conduct and is negligent – a claim against Crown Theatres already asserted by the Martino parties as a counterclaim." Therefore, Clifford and Garfinkel argue that the court should exercise its discretion to deny impleader as to Martino's claims of indemnity and contribution.

Martino responds that the court should allow the impleader because it is too early in the litigation to know the roles of each party in the alleged scheme. Specifically, Martino argues that the evidence may show Clifford and Garfinkel's conduct went beyond the scope of their duties as officers of Crown. "[Clifford's and/or Garfinkel's] ultra vires conduct may relieve

Crown of vicarious liability for their conduct, since Crown is not mandated to indemnify its employees in all circumstances."

"The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984). In the present case, the third-party complaint fails to allege a cause of action pursuant to indemnity or contribution. Without a substantive claim, impleader is improper and Martino's request for impleader must be denied.

III. Dismissal of the Unjust Enrichment Claim Pursuant to Fed. R. Civ. P. 14 and 18

Clifford and Garfinkel finally argue that if Martino's claims pursuant to contribution and indemnity are dismissed, the court should dismiss Martino's unjust enrichment claims against Clifford and Garfinkel. Specifically, Clifford and Garfinkel contend that "the unjust enrichment claims for architectural services at the private homes do not arise out of or relate to Crown Theatres' claims against the Martino parties." Martino does not respond to this argument.

A decision of the third circuit, Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62 (3d Cir. 1971), is on point. The court stated:

> "[i]f a defendant asserts a claim against a third-party defendant for contribution or indemnity, the defendant

13

> should be able to join with this claim a claim for damages for injuries which he received in the same transaction or occurrence. Since the third-party defendant is properly in the action, the original defendant should be able to plead all claims that arise out of the same transaction or occurrence in order to prevent several suits between the same parties on the same facts."

Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62, 70 (3d Cir. 1971). Moreover, "[t]he federal judiciary has an obvious interest in every litigation in having the whole case tried at one time." Hargrave v. Oki Nursery, Inc., 646 F.2d 716, 720 (2d Cir. 1980).

Generally, Martino may join as many claims as he has against a third-party defendant. If Martino "assert[s] a claim suitable for impleader under Rule 14(a), he may join with it any and all of his other claims against the third party defendant." Schwab v. Erie Lackawanna Railroad Co., 438 F.2d 62, 69 (3d Cir. 1971) (citations omitted). Here, however, the third-party complaint fails to assert a claim "suitable for impleader" under Rule 14(a) against Clifford and Garfinkel for indemnity or contribution. The court therefore concludes, because the related Martino claims for contribution and indemnity are dismissed, that the unjust enrichment claims against Clifford and Garfinkel must also be dismissed.

## CONCLUSION

Based on the foregoing, Clifford and Garfinkel's motion to dismiss (document no. 48) is GRANTED with leave to amend.

It is so ordered this 31st day of March, 2004 at Hartford, Connecticut.

*/s/ Alfred V. Covello*
ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE