### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CROWN THEATRES, L.P.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:02CV2272AVC** |
| | ) | **Judge Alfred V. Covello** |
| **MILTON L. DALY, TAYLOR-LEIGH** | ) | |
| **INC., ANNE E. DALY, JAMES C.** | ) | **April 1, 2004** |
| **CELLA, G.U.S. DEVELOPMENT, INC.,** | ) | |
| **JAMES T. MARTINO, JAMES** | ) | |
| **THOMAS MARTINO, ARCHITECT,** | ) | |
| **P.C., and RCD HUDSON, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### REPLY MEMORANDUM OF CROWN THEATRES, L.P.
### IN SUPPORT OF ITS MOTION TO
### COMPEL MILTON DALY'S PRODUCTION OF DOCUMENTS

With the exception of a copy of his passport, defendant Milton L. Daly ("Daly")

has produced no documents in this case. In its motion to compel, plaintiff Crown Theatres, L.P.

("Crown Theatres") seeks an order requiring Daly to produce his email and to permit Crown

Theatres to inspect Daly's computer and copy its hard drive. Daly fails to respond to Crown

Theatres' showing that post-2001 documents are properly discoverable. Instead, Daly raises a

variety of new excuses for not producing any documents. None has merit.

One of Daly's excuses is that he should not have to produce his computer because

it contains "propriety information." (Daly Br. 3.) Daly offers no evidence of any "propriety

information." In any event, the possibility that propriety information may be called for by a

discovery request is not a basis for refusing to produce responsive documents. United States v.

IBM Corp., 67 F.R.D. 40, 43 n1 (S.D.N.Y. 1975) ("Trade secrets and other confidential

commercial information enjoy no privilege from disclosure . . . ."); see also Coppola v. Arrow

Financial Services, No. 3:02cv577, 2002 U.S. Dist. LEXIS 26788, *7 (D. Conn., Oct. 29, 2002) ("Defendant's claim of confidentiality, without further explanation or citation to legal authority, is not a valid basis for refusing a discovery request.") (Copy attached hereto as **Exhibit A**.) Moreover, if safeguarding confidential business information is a real concern, Crown Theatres would be prepared to enter into an appropriate protective order. Fed. R. Civ. P. 26(c); see also H. Lewis Packaging LLC v. Spectrum Plastics, Inc., No. 3:02cv2259, 2003 U.S. Dist. LEXIS 17931, *10 (D. Conn., Aug. 29, 2003) (noting that protective order was appropriate method to prevent disclosure of confidential business information, but denying motion for protective order because a bare reference to "confidential commercial information" was insufficient basis for such an order) (copy attached hereto as **Exhibit B**).

Another excuse Daly offers is that permitting Crown Theatres to inspect his computer and copy its hard drive would interfere with his ability to conduct his business and "potentially destroy the hardware and software." (Daly Br. 3, 4-5.) But copying Daly's computer hard drive would likely take just a few hours and could be performed at a time when Daly's computer was not otherwise in use. The process poses no risk to Daly's computer or its contents.

Next, Daly implies that he may have reviewed his computer for responsive documents after all, and that the computer contains nothing responsive. (Daly Br. 3.) Daly's purported "representation" is nothing but "smoke and mirrors." Daly has never made an unequivocal representation that he has reviewed the contents of his computer for all documents sought by Crown Theatres. Moreover, Daly is not trustworthy. If he had, in fact, searched his computer, he would have produced the e-mails cited by Crown Theatres in its opening brief. He produced nothing. In addition, it should not be forgotten that Daly has affirmatively sought to

conceal his misdeeds.  Under such circumstances, Daly's word is suspect, to say the least, and, in any event, Crown Theatres is entitled to inspect Daly's computer and attempt to retrieve documents that Daly may have attempted to delete.  See Zabulake v. UBS Warburg, LLC, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (allowing discovery of "deleted" electronic files); Rowe Entertainment, Inc. v. The William Morris Agency, 205 F.R.D. 421, 424, 428 (S.D.N.Y. 2002) (allowing plaintiff to copy, or "mirror" defendant's hard drives.).

Daly takes offense at Crown Theatres' use of the words "fraud," "dishonesty" and "stealing" to describe the conduct to which Daly freely admitted at his deposition.  (Daly Br. 1-2.)  Instead, Daly contends that he *merely* admitted to "self dealing" and violating "his fiduciary duty as an officer of the plaintiff."  (Daly Br. 2.)  Crown Theatres stands by its summary of Daly's testimony.  Regardless, Daly admits he is guilty of extremely serious misconduct.  He should not be allowed to dodge Crown Theatres' legitimate discovery requests.

Finally, Daly makes no response to Crown Theatres' showing that Daly should be required to pay Crown Theatres' expenses, including attorney's fees, incurred in making this motion.  (Crown Theatres' Br. 8-9.)  Daly's refusal to produce post-2001 e-mail was—and remains—meritless.  An award to Crown Theatres of its expenses is warranted in this case. Fed. R. Civ. P. 37(a)(4)(A).

CROWN THEATRES, L.P.

By:_____

H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct. 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490
(203) 319-4000
(203) 259-0251 (Fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (Fax)
cmartin@jenner.com
lschaner@jenner.com

April 1, 2004

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the **Reply Memorandum of Crown Theatres, L.P. In Support of Its Motion to Compel Milton Daly's Production of Documents**, by mailing a copy of the same by United States Mail, postage prepaid, to the following:

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT 06107

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Ave.
6th Floor
White Plains, NY 10601

Robert M. Frost
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740

_____
Jodi Zils Gagné

Dated: April 1, 2004