Get a Document - by Citation - 2002 U.S. Dist. LEXIS 26788            Page 1 of 6

Case 3:02-cv-02272-AVC     Document 116-2     Filed 04/01/2004     Page 1 of 6

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. LEXIS 26788**

*2002 U.S. Dist. LEXIS 26788, \**

RALPH COPPOLA, Plaintiff, -vs- ARROW FINANCIAL SERVICES, LLC, Defendant.

Civ. No. 3:02cv577 (PCD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2002 U.S. Dist. LEXIS 26788

October 29, 2002, Filed

**DISPOSITION:** Plaintiff's motion to compel granted in part.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff sued defendant debt collector alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692 et seq., the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645, the Connecticut Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800, and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a. Before the court was plaintiff's motion to compel responses to discovery requests.

**OVERVIEW:** Plaintiff alleged that the debt collector acquired plaintiff's debt owed to a certain retailer. The debt collector objected and refused to respond to eight interrogatories and seven requests for production of documents. The court found that as an identified representative of the debt collector and signatory of a collection letter, the account executive could have personal knowledge of the debt collector's collection practices or have knowledge that could lead to discoverable material and as such the debt collector had to provide the account executive's full name, present or last known address, and information regarding present or last known place of employment. The interrogatory that requested a plain English transcript of the "contact history," media, credit records, including the meaning of code numbers and abbreviations from top to bottom was vague and the debt collector's objection was sustained. The other discovery requests were relevant and the debt collector's objections were overruled. The debt collector's claims of confidentiality, without further explanation or citation to legal authority, was not a valid basis for refusing a discovery request.

**OUTCOME:** The motion to compel was denied with regard to one interrogatory because the interrogatory was vague. The motion to compel was granted in all other respects.

**CORE TERMS:** interrogatory, collection, discovery, confidential, burdensome, proprietary, overly broad, assignee, itemized, vague, discovery request, debt owed, misleading, privileged, unlicensed, deceptive, overly, notice, motion to compel, last known, calculation, absolve, suffices, entity

### LexisNexis (TM) HEADNOTES - Core Concepts - ♦ Hide Concepts

Civil Procedure > Disclosure & Discovery > Relevance 🔲

Civil Procedure > Disclosure & Discovery > Undue Burden 🔲

*HN1* ♦ The scope of permissible discovery is broad. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). However, some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case. Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome or expensive" or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2). More Like This Headnote

Civil Procedure > Discovery Methods > Motions to Compel
HN2 An order compelling discovery may be tailored to the circumstances of the case. More Like This Headnote

Banking Law > Bank Activities > Consumer Protection > Fair Debt Collection Practices
HN3 15 U.S.C.S. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. More Like This Headnote

Banking Law > Bank Activities > Consumer Protection > Fair Debt Collection Practices
HN4 Fees or costs added to an underlying debt on which collection is sought are relevant to a Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.S. § 1692 et seq., claim. 15 U.S.C.S. § 1692f(1). More Like This Headnote

Civil Procedure > Discovery Methods > Motions to Compel
HN5 With regard to a motion to compel, a defendant's claim of confidentiality, without further explanation or citation to legal authority, is not a valid basis for refusing a discovery request. More Like This Headnote

Banking Law > Bank Activities > Consumer Protection > Fair Debt Collection Practices
HN6 With regard to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.S. § 1692 et seq., the use of any false, deceptive, or misleading representation in a collection letter violates 15 U.S.C.S. § 1692e. More Like This Headnote

**COUNSEL:** [*1] For Ralph Coppola, PLAINTIFF: Joanne S Faulkner, Law Offices of Joanne Faulkner, New Haven, CT USA.

For Arrow Financial SVCS LLC, DEFENDANT: Ann H Rubin, Carmody & Torrance, New Haven, CT USA. Lucy M Romeo, Carmody & Torrance, New Haven, CT USA.

**JUDGES:** Peter C. Dorsey, United States District Judge.

**OPINIONBY:** Peter C. Dorsey

**OPINION:** RULING ON MOTION TO COMPEL

Plaintiff moves to compel responses to certain interrogatories and requests for production. For the reasons set forth hereon, the motion is **granted in part**.

I. BACKGROUND

Plaintiff alleges that defendant acquired plaintiff's debt owed to Home Depot. Defendant undertook to collect the debt from plaintiff, and in doing so violated the Fair Debt Collection

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 26788                Page 3 of 6

Case 3:02-cv-02272-AVC    Document 116-2    Filed 04/01/2004    Page 3 of 6

Practices Act, 15 U.S.C. §§ 1692 et seq., the Connecticut Creditor Collection Practices Act, CONN. GEN. STAT. § 36a-645, the Connecticut Consumer Collection Agency Act, CONN. GEN. STAT. § 36a-800 and the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110a.

Defendant objected and refused to respond to eight interrogatories and seven requests **[*2]** for production, which are the subject of the present motion to compel. The details of each are set forth in the discussion.

II. DISCUSSION

Plaintiff moves to compel responses to the above requests. Defendant responds that the objections are valid and should be sustained.

*HN1*The scope of permissible discovery is broad. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). However, "some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Furthermore, discovery may not be had where the discovery sought is "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its **[*3]** likely benefit." FED. R. CIV. P. 26(b)(2). *HN2*An order compelling discovery may be tailored to the circumstances of the case. See Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

Interrogatory 2: Identify Ann Brown Objection: irrelevant

Defendant's objection is overruled. The collection letter signed by Ann Brown identifies her as an account executive. Defendant argues that this information suffices and it need provide no greater detail. As an identified representative of defendant and signatory of a collection letter, Ms. Brown may have personal knowledge of defendant's collection practices or have knowledge that may lead to discoverable material. Defendant must provide her "full name, present or last known address, and . . . [her] present or last known place of employment." D. CONN. L. CIV. R 39 © )(3).

> Interrogatory 3: On a separate page, please set forth a plain English transcript of the "contact history," media, or credit records defendant is asked to produce herewith, including meaning of code numbers and abbreviations from top to bottom. Objection: beyond the scope of discovery, vague, broad, **[*4]** burdensome and irrelevant. Defendant's objection to Interrogatory 3 as vague is sustained.

Contrary to plaintiff's argument, this discovery request is substantially different from that in Yancey v. Hooten, 180 F.R.D. 203, 213 (D. Conn. 1998), in which the court ordered the production of collection records and a key to codes used therein. In the present case, the phrase "contact history" is not defined in the motion papers and appears to have a meaning unique to the request as implied by the use of quotation marks. Furthermore, the phrase "English transcript" implies more is sought from defendant than a simple explanation of codes used in collection records and defendant need not guess at the specific information and applicable level of detail for the information sought.

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 26788    Page 4 of 6

Case 3:02-cv-02272-AVC    Document 116-2    Filed 04/01/2004    Page 4 of 6

Interrogatory 4: Identify each consumer reporting agency (credit bureau) to which defendant reported plaintiff's debt and the dates of each such report. Objection: irrelevant

Defendant's objection is overruled. In his complaint, plaintiff alleges that defendant **HN3** ⊤violated 15 U.S.C. § 1692e, *see* Complaint P11, which prohibits the "use [of] any false, **[*5]** deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff need not refer to the specific subsection as defendant has notice of the claim. The information sought is therefore relevant to a violation of 15 U.S.C. § 1692e(8).

Interrogatory 5: Provide an itemized calculation of the amount claimed due in your demand letters to plaintiff (interest, principal, collection charge, other components if any). Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private.

Unlike Interrogatory 3, Interrogatory 5 sufficiently defines the term "itemized calculation" in the parenthetical. **HN4**⊤Fees or costs added to an underlying debt on which collection is sought are relevant to an FDCPA claim. *See* 15 U.S.C. § 1692f(1). As to defendant's objection that its method of calculating the debt owed is confidential, plaintiff requests an itemized breakdown of the debt sought, not the methods through which those numbers are calculated. Defendant, as the party resisting discovery, has the burden of establishing that this commercial information is privileged and must therefore **[*6]** offer more than a conclusory statement that the information is confidential. *See DDS, Inc. v. Lucas Aerospace Power Transmission Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998). It is in no way apparent how an itemization of the component figures added onto the principal debt could be classified as a trade secret. Having failed to provide any basis in law supporting its position, defendant's objection is overruled.

Interrogatory 6: Set forth the street address of the location at which phone number 800-279-0224 is answered. Objection: irrelevant

Defendant's objection is overruled. Plaintiff has alleged that defendant violated 15 U.S.C. §§ 1692e, 1692f. Defendant argues that there is no allegation that it was unlicensed. Plaintiff's invocation of these sections suffices to put defendant on notice of the claim and the claims arising under those sections pertaining to unlicensed debt collection. *See Gaetano v. Payco of Wisconsin, Inc.*, 774 F. Supp. 1404, 1414 (D. Conn. 1990).

Interrogatory 7: Identify the parties to the purchase and sale agreement whereby defendant acquired plaintiff's former Home Depot account. **[*7]** If a broker was involved, identify that entity. Objection: irrelevant, confidential, proprietary and private

In its answer, defendant denied plaintiff's allegation that it acquired plaintiff's Home Depot debt. As such, plaintiff is entitled to pursue discovery on the issue. Moreover, whether

defendant is legally entitled to collect its debt is directly relevant to a claim under 15 U.S.C. §§ 1692e, 1692f. *HN5*Defendant's claim of confidentiality, without further explanation or citation to legal authority, is not a valid basis for refusing a discovery request. See DDS, Inc. v. Lucas Aerospace Power Transmission Corp., 182 F.R.D. 1, 4 (N.D.N.Y. 1998). The objection is overruled.

Interrogatory 8: Identify all assignees of plaintiffs' former Home Depot account in and since 2001. If any assignee is a trust, identify each trustee thereof. Objection: "assignee" is not defined, overly vague

Defendant objects on the ground that the term "assignee" is ambiguous. According the term its ordinary meaning in the context in which it is used, such objection is without merit. The objection is overruled.

Interrogatory 9: Describe in full **[*8]** each of Arrow's "several programs that will help you to absolve your obligation. (Letter 2015)" Objection: irrelevant

Defendant's objection is overruled. *HN6*"The use of any false, deceptive, or misleading representation in a collection letter violates § 1692e." Clomon v. Jackson, 988 F.2d 1314, 1320 (2d Cir. 1993). The existence of such programs goes to the truth of the statement in the collection letter.

Request for Production 2: All manuals, procedures, and protocols used by defendant regarding communication with Home Depot regarding purchased debts. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 3: All documents concerning indemnity agreements relating to Home Depot regarding purchased debts. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 6: All agreements between defendant and Home Depot in effect during 2001 as to the purchase or collection **[*9]** of debts. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 7: All other documents showing authorization of defendant to collect debts for Home Depot during 2001. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private

Defendant's objection is overruled. See ruling on objection to Interrogatory 7.

Request for Production 10: All agreements of defendant with any entity concerning servicing or collection of the debt of plaintiff. Objection: overly broad, burdensome, irrelevant, confidential, proprietary and private, attorney client privilege, work product

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 26788                    Page 6 of 6

Case 3:02-cv-02272-AVC    Document 116-2    Filed 04/01/2004    Page 6 of 6

Defendant's objection is overruled. *See* ruling on objection to Interrogatory 7.

Request for Production 13: Copies of all documents showing Arrow's "several programs that will help you to absolve your obligation." Objection: irrelevant

Defendant's objection is overruled. *See* ruling on objection to Interrogatory 9.


## III. CONCLUSION

Plaintiff's motion to compel (Doc. 15) is **granted in part. [*10]** Defendant is hereby ordered to respond to Interrogatories 2, 4, 5, 6, 7, 8 and 9 and Production Requests 2, 3, 6, 7, 10, 11, and 13, compliance on or before November 18, 2002.

SO ORDERED.

Dated at New Haven, Connecticut, October    , 2002.

Peter C. Dorsey

United States District Judge

Service: **Get by LEXSEE®**
Citation: **2002 U.S. Dist. LEXIS 26788**
View: Full
Date/Time: Thursday, April 1, 2004 - 11:02 AM EST

* Signal Legend:
🔴 - Warning: Negative treatment is indicated
⚠ - Caution: Possible negative treatment
✦ - Positive treatment is indicated
ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions


Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.