UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CROWN THEATERS, L.P.,      :
  Plaintiff,      :
              :
v.      :      Civil No. 3:02CV02272(AVC)
              :
MILTON L. DALY, TAYLOR-LEIGH,      :
INC., ANNE E. DALY, JAMES      :
C. CELLA, G.U.S. DEVELOPMENT,      :
INC., JAMES T. MARTINO,      :
JAMES THOMAS MARTINO,      :
ARCHITECT, PC.,      :
AND RCD HUDSON, LLC      :
  Defendants.      :

## RULING AND ORDER ON DEFENDANTS' MOTION TO QUASH OR MODIFY SUBPOENA

This is an action for equitable relief and damages in which
the plaintiff, Crown Theaters L.P. ("Crown"), alleges, inter
alia, that James T. Martino and James Thomas Martino, Architect
P.C. failed to properly manage and supervise construction work on
various renovation and expansion projects on Crown-owned
properties.  The causes of action asserted against James T.
Martino and James Thomas Martino, Architect P.C. (collectively
the "Martino defendants") are brought pursuant to common law
tenets concerning professional negligence and breach of contract.
On January 21, 2004, Crown served a subpoena on the non-party
Citigroup, the Martino defendants' bank, seeking all documents
related to any Martino defendants' accounts.  On February 6,
2004, the Martino defendants filed the within motion to quash the
subpoena or for a protective order (document no. 99).[1]  For the

_____

[1]Generally, only the party served with the subpoena has standing
to challenge the subpoena. See United States v. Nachamie, 91 F. Supp.
2d 552, 558 (S.D.N.Y. 2000).  Nevertheless, a party may challenge a

1

reasons that hereinafter follow, the motion (document no. 99) is GRANTED in part and DENIED in part.

FACTS:

The complaint alleges that Crown is in the business of owning, operating and managing movie theaters.  From 1996 to 2001, Crown undertook several theater renovation and expansion projects.  During this time, one Milton Daly, the then-Chief Operating Officer of Crown, in conjunction with various individuals, cased fraudulent invoices to be submitted for renovations and other construction work that had not, in fact, been completed.  Daly then issued checks on Crown's accounts for the fraudulent invoices and split the proceeds with his conspirators.  One of the individuals involved in the submission of fraudulent invoices was Robert Beacher.  Beacher was hired by Crown as a private consultant to serve as its "owner-representative" at the various projects.

The complaint further alleges that in 1996, Crown hired the Martino defendants to provide architectural services for the renovation projects.  According to the complaint, the Martino defendants improperly certified that the work billed for on the fraudulent invoices was completed, when, in fact, no such work had been performed.  The complaint further alleges that the

subpoena if they demonstrate some personal right or privilege with regard to the documents or materials at issue.  See Langford v. Chrysler Motors Corp., 213 F.2d 1121, 1126 (2d Cir. 1975).  In this case, the defendants have a personal right in their bank records, see Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993), and therefore have standing to challenge the subpoena.

Martino defendants failed to otherwise properly supervise the renovation projects and confirm that the work had been completed.

On February 25, 2004, Crown took Beacher's deposition. In that deposition, Beacher stated that Martino paid him "finders fees" or "referral fees" when Beacher "would introduce [Martino] to clients [and Martino] would get work from [those] clients." At his deposition, Martino testified that he had indeed made such payments to Beacher, and that he "gave [Beacher] money as a referral fee for the work that came to [him] from Crown Theaters." Martino, however, was unsure as to when the payments were made and in what amounts. According to an expert report prepared by Crown's expert, payments such as those made to Beacher are in violation of the standard of care that Martino owed to Crown inasmuch as such payments are allegedly a violation of the applicable ethical standards. The Martino defendants dispute this contention.

The Martino defendants maintain an account with Citigroup. On Jauary 21, 2004, Crown served a subpoena on Citigroup seeking, generally, all documents relating to any account or accounts currently or previously held by the Martino defendants, including all statements for the period of 1996 to the present and other evidence of withdrawals, deposits and checks for $1000.00 or more. On February 6, 2004, the Martino defendants filed the within motion.

## DISCUSSION:

The Martino defendants contend that the subpoena should be

quashed because it is "overly broad and wholly irrelevant to any claim or defense in connection with the Martino defendants." In the alternative, the Martino defendants seek a protective order limiting the scope of the subpoena.

Crown responds that the "subpoena is reasonably calculated to lead to the discovery of admissible evidence concerning (1) Crown's . . . claims against [the Martino defendants] for negligence and breach of contract; (2) Martino's credibility; and (3) Crown's . . . claims against Martino's co-defendants."

Although "the scope of discovery under Fed. R. Civ. P. 26(b) is very broad," Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992), the material sought must be relevant to the claims or defenses at issue, see Gonzales v. National Broadcasting Co., Inc., 155 F.3d 618, 626 (2d Cir. 1998); see also Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any matter . . . that is relevant to the claim or defense of any party"). Thus, where a subpoena seeks material that is irrelevant to the claims or defenses presented, it is within the court's discretion to quash the subpoena, e.g., Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999), or to limit the scope of the subpoena to include only relevant material, e.g., Security Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 24, 27 (D. Conn. 2003) ("overly broad request may justify issuance of a protective order precluding irrelevant discovery").

Applying these principles, the court concludes that the

4

motion to quash should be denied but that a protective order should be entered.  Insofar as the bank records relate to Martino's payments to Beacher, the records are relevant to the cause of action brought pursuant to professional negligence because a breach of an ethical duty is probative on the issue of whether Martino breached the relevant standard of care.  Further, such materials may provide an explanation for the Martino defendants' negligent acts.  Accordingly, to the extent that the subpoena seeks bank records relating to Martino's involvement with Beacher, the subpoena seeks relevant information.

Nevertheless, to the extent that the subpoena seeks information not related to payments from Martino to Beacher, such information would be irrelevant to the claims at issue in this case.  Thus, Crown's request for <u>all</u> materials relating to the defendants' account, regardless of whether such material relates to individuals involved in the instant litigation, is overly broad and therefore a protective order is warranted.  <u>See Security Ins. Co. of Hartford v. Trustmark Ins. Co.</u>, 218 F.R.D. 24, 27 (D. Conn. 2003).  Accordingly, the court hereby orders that a protective order enter limiting the scope of the subpoena to only those documents that relate to Beacher or to any Beacher related entity.[2]

---

[2]The Martino defendants also contend that the motion to quash should be granted in its entirety because it seeks privileged and protected documents.  The Martino defendants, however, have failed to identify any relevant and applicable privilege.

5

## CONCLUSION:

For the foregoing reasons, the motion is (document no.99) is GRANTED in part and DENIED in part.

It is so ordered this ___7-TH___ day of April, 2004 at Hartford, Connecticut.

                              Alfred V. Covello
                              United States District Judge

6