UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., <br>   Plaintiff, <br><br> v. <br><br> MILTON L. DALY, TAYLOR-LEIGH, INC., ANNE E. DALY, JAMES C. CELLA, G.U.S. DEVELOPMENT, INC., JAMES T. MARTINO, JAMES THOMAS MARTINO, ARCHITECT, PC., AND RCD HUDSON, LLC <br>   Defendants. | : <br> : <br> : <br> :    Civil No. 3:02CV02272(AVC) <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

### RULING AND ORDER ON PLAINTIFF'S MOTION TO COMPEL

This is an action for equitable relief and damages in which the plaintiff, Crown Theaters LLP ("Crown"), alleges, inter alia, that one Milton Daly, a former corporate officer of Crown, wrongfully embezzled money from Crown and that he subsequently engaged in fraudulent transfers with his wife in order to hide the proceeds of his fraud. The causes of action asserted against Daly are brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, the Connecticut statutory theft provision, Conn. Gen. Stat. § 52-564, and common law tenets concerning fraud, conversion, civil conspiracy, and unjust enrichment. The causes of action asserted against Daly's wife, Anne Daly, are brought pursuant to, inter alia, the Connecticut Uniform Fraudulent Transfer Act ("CUFTA"), Conn. Gen. Stat. § 52-552b. On March 10, 2004, Crown filed the within motion to compel (document no. 109) pursuant to Fed. R. Civ. P. 26 and 37. For the reasons that hereinafter follow, the motion

to compel is GRANTED in part and DENIED in part.

**FACTS:**

The complaint alleges that Crown is in the business of owning, operating and managing movie theaters. From 1996 to 2001, Crown undertook several theater renovation and expansion projects ("the renovation projects"). During this time, Daly, the then-Chief Operating Officer of Crown, in conjunction with various individuals, caused fraudulent invoices to be submitted for renovations and other construction work that had not, in fact, been completed. Daly then issued checks on Crown's accounts for the fraudulent invoices and split the proceeds with his conspirators. According to the complaint, these acts occurred from October 1996 through May 2001 and resulted in an approximate loss of $10,000,000.00 to Crown. Crown also alleges that after Crown brought suit, Daly transferred his interest in various assets to his wife in order to hinder, delay or defraud his creditors, namely Crown.

On March 11, 2003, Crown served its first request for production on Daly pursuant to Fed. R. Civ. P. 34. In that request for production, Crown requested, inter alia, that Daly produce his "computers, whether operational or not, their hard drives, all floppy disks or drives, emails, CD-ROM's or CD-RW's, and any other item, document or repository of electronic information." The request for production also requested all documents relating to various topics relevant to the claims alleged in the lawsuit. One such request was for all documents

relating to "financial transactions by or between Milton L. Daly [and members of his family.]" The term document is defined by the request for production to include all emails, computer files and disks. Crown asserts, and Daly does not deny, that Milton Daly responded to this request by producing only his passport.

During the discovery phase in this case, Crown obtained two emails that had been sent by Daly to a former business associate. The emails are arguably relevant to this action. Daly sent both emails to his former business associate after this lawsuit was commenced and after his employment with Crown ended. Neither emails were produced by Daly; rather, the recipient of the emails, Daly's former business associate, produced both emails. Crown filed the within motion to compel on March 10, 2004.

## STANDARD:

Pursuant to Fed. R. Civ. P. 34(a), "[a]ny party may serve on any other party a request . . . to produce . . . any designated documents . . . including writings, . . . and other data compilations from which information can be obtained . . . by the respondent through detection devices into reasonably usable form." It is generally well settled that Rule 34 applies to electronic documents such as emails, and even those "that may have been deleted and now reside only on backup disks." See, e.g., Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 316-17 (2003). Nevertheless, a party may only seek those documents, emails, or electronic documents that are relevant to the claims and defense at issue in the lawsuit. See Fed. R. Civ. P. 26(b)(1).

## DISCUSSION:

By way of the instant motion Crown seeks an order from this court that Daly produce two categories of information. Specifically, Crown seeks production of: (1) any emails or electronic documents contained on Daly's computer that are responsive to its request for production; and (2) access to Daly's computer's hard disk or hard drive[1] in order to inspect it and make a copy of its contents.

1.  Emails and Other Electronic Documents:

Crown asserts that the emails will likely lead to relevant information regarding the causes of action asserted against Daly.

Daly objects to Crown's request because "he does not have any emails in hard copy form, and he no longer possesses the computer that may have generated any emails during the time period that he worked for the plaintiff." Daly further contends that "the computer *presently* in [Daly's] possession is not subject to discovery by the plaintiff," and thus any emails or electronic documents contained on that computer are not subject to discovery. Apparently Daly contends that the computer is not subject to discovery because he purchased the computer after he left Crown.

The court concludes that Crown's motion should be granted to

---

[1] "A 'hard disk' is part of a 'hard drive' typically located within a computer, that stores large amounts of data. Modern personal computers normally include a hard disk with several billion bytes ("gigabytes") of storage space on the hard disk." Adam I. Cohen & David J. Lender, Electronic Discovery: Law and Practice § 10.01, p. 10-3 (2003).

4

the extent that it seeks emails or electronic documents on Daly's present computer that are responsive to its request for production. The mere fact that Daly's current computer was purchased after the acts that give rise to some of the causes of action asserted against Crown, does not, standing alone, render the computer's contents irrelevant or "not subject to discovery" as Daly contends. See 8 Wright, Miller & Marcus, Federal Practice & Procedure § 2008 (2d ed. 1994) ("any rule of thumb limiting discovery to matters occurring before the action was commenced would be undesirable"). Moreover, Crown claims that Daly improperly transferred assets to his wife following the commencement of this lawsuit and after his employment with Crown ended. Thus, Daly's actions after the commencement of this lawsuit and following his term of employment with Crown are relevant to the causes of action asserted in the instant litigation. Therefore, the court concludes that, with regard to any emails or electronic documents contained on Daly's current computer, the motion to compel is GRANTED. Daly is hereby ordered to produce all emails and electronic documents relevant to this action, including those emails or electronic documents that may have been deleted but are still contained on the computer's hard drive. Daly shall have to and including April 30, 2004 to comply with this order.

2.  <u>Hard Drive</u>

Crown also contends that it should have access to Daly's hard drive in order to inspect and copy its contents. Crown

contends that this is necessary because of "Daly's deceptive conduct." Specifically, Crown maintains that it should not "be forced to take Daly's word for whether his computer contains responsive documents. Rather, Crown . . . should be allowed to look for itself" and also that it should be permitted to "copy, image or 'mirror' Daly's computer hard drive . . . to search for and attempt to restore documents that Daly may have attempted to delete."

Daly responds that Crown should not be permitted to copy his hard drive. Specifically, Daly contends that Crown must take "Daly's word" with regard to his response to Crown's request for production because that "is the way litigation is practiced in federal courts." Daly also contends that his "personal computer contains proprietary information regarding an . . . entity [that] is not a party to this litigation." Further, according to Daly, Crown has no "right to take possession of [his] computer, and deprive him of the ability to utilize the same for his business purposes on a daily basis."

The court concludes that Crown should not be permitted to make a copy of Daly's hard drive. To the extent that Daly's hard drive contains relevant information, Daly must produce this information in accordance with the above order. Therefore, the only information that would remain on Daly's hard drive would be irrelevant information; Crown is not entitled to such data. See Fed. R. Civ. P. 26 (discovery is permitted only with regard to information that is relevant to claims and defenses).

6

With regard to Crown's contention that Daly has engaged in deception and therefore such an order is necessary to permit Crown to inspect the hard drive and confirm that all relevant information has been produced, the court is not persuaded that based on the evidence presented that Daly has, in fact, engaged in deceptive discovery practices. Crown points to Daly's failure to produce the two arguably relevant emails that Crown obtained through other sources in support of its contention that Daly has been less than forthcoming. Daly, however, has apparently maintained throughout the discovery phase that these emails and other similar documents were irrelevant because they were created after his employment with Crown ended. Thus, although Daly may have been incorrect in his contention regarding the relevance of such materials, it was nevertheless a good faith error. Crown presents no other evidence of Daly's alleged deceptive conduct and therefore the court concludes that there is no factual basis for its extraordinary request. See McCurdy Group v. American Biomedical Group, Inc., 9 Fed. Appx. 822, 831 (10th Cir. 2001) (unpublished opinion) (without more, mere skepticism that a party has not "produced copies of all relevant and nonprivileged documents from [its] hard drive(s) . . . is not sufficient to warrant such a drastic discovery measure" as permitting production and inspection of opposing party's hard drive). Thus, to the extent that Crown's motion to compel seeks access to Daly's hard drive in order to copy its contents, the motion is

DENIED.[2]

## CONCLUSION:

For the foregoing reasons, the motion to compel (document no. 109) is GRANTED in part and DENIED in part.

It is so ordered this ___8TH___ day of April, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge

---

[2] Crown has also requested that the court award it costs for having to bring this motion. The court is not persuaded. Daly's objection was justified insofar as he objected to Crown's access to his hard drive, and therefore an award of damages is unwarranted. See Fed. R. Civ. P. 37(a)(4)(A) (court may deny request for costs if objection to discovery was justified).