UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | April 21, 2004 |
| JAMES T. MARTINO AND JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | |

### LOCAL RULE 56(a)(2) STATEMENT

In opposition to defendant Anne Daly's Motion for Summary Judgment as to Counts XIV, XVI, XVII, XIX and XX of the Second Amended Complaint, plaintiff Crown Theatres, L.P. hereby files this Statement pursuant to Local Rule 56(a)(2).

### PLAINTIFF'S RESPONSE TO DEFENDANT'S
### LOCAL RULE 56(a)(1) STATEMENT

1. Taylor-Leigh, Inc. is a corporation whose sole director and sole shareholder is defendant Milton Daly. (Second Amended Complaint, ¶ 9, 165; Affidavit of Milton Daly, ¶ 4.)

    **ANSWER:** Denied. (Deposition of Milton L. Daly, May 21, 2003 ("M. Daly Dep. I") at 31 (Exhibit A).)[1]

2. Anne Daly is the Secretary of Taylor-Leigh. (Second Amended Complaint, ¶ 9; Affidavit of Milton Daly, ¶ 4.)

    **ANSWER:** Admitted.

---

[1] The exhibits to Crown Theatres' Local Rule 56(a)(2) statement are contained in its separate appendix.

3. Defendant Anne Daly has never exercised any control over Taylor-Leigh, Inc. or over any of its corporate, business or financial affairs. (Affidavit of Milton Daly, ¶ 4; Affidavit of Anne Daly, ¶ 4.)

**ANSWER**: Denied. (Deposition of Frederick C. Hamilton, December 23, 2003 ("Hamilton Dep.") at 51-53 (Exhibit P); Declaration of Frederick C. Hamilton ("Hamilton Decl.") ¶ 5 (Exhibit H); Testimony of Frederick C. Hamilton, Prejudgment Remedy Hearing, September 13, 2003 ("Hamilton PJR Testimony") at 33-34 (Exhibit G).)

4. Odyssey Entertainment, LLC ("Odyssey") is a business entity of which Milton Daly is the controlling shareholder. (Affidavit of Milton Daly, ¶ 5; Affidavit of Anne Daly, ¶ 5.)

**ANSWER**: Admitted.

5. Anne Daly has never had any legal or financial interest in Odyssey, other than as a creditor. She is not, and has never been, involved in any of the corporate business or financial activities of Odyssey. (Affidavit of Milton Daly, ¶ 5; Affidavit of Anne Daly, ¶ 5.)

**ANSWER**: Crown Theatres admits that Anne Daly is a creditor of Odyssey. It lack sufficient knowledge to admit or deny the remaining allegations of paragraph 5.

6. The Raymond James Financial Services, Inc. account, referred to as the "Investment Account" in the Second Amended Complaint, at all times was a joint account in the names of Milton Daly and Anne Daly. (Affidavit of Milton Daly, ¶ 6; Affidavit of Anne Daly, ¶ 6.)

**ANSWER**: Admitted.

7. Anne Daly had no involvement with the funds in the Investment Account and exercised no control over the management or disposition of any funds in that account. (Affidavit of Milton Daly, ¶ 6; Affidavit of Anne Daly, ¶ 6.)

**ANSWER**: Denied. (M. Daly Dep. I at 104; (Deposition of Anne E. Daly, October 28, 2003 ("A. Daly Dep.") at 67-8 (Exhibit F); Hamilton Decl. ¶ 12.)

8. Over the years, Milton Daly had accounts at Fleet Bank in Connecticut, which accounts were maintained jointly in the names of Milton Daly and Anne Daly. Those joint accounts are referred to as the "Fleet Accounts" in the Second Amended Complaint. (Affidavit of Milton Daly, ¶ 7; Affidavit of Anne Daly, ¶ 7.)

**ANSWER**: Admitted.

9. With one exception, Anne Daly, had almost no involvement with the funds in the Fleet Accounts and exercised no control over the management or disposition of any funds in those accounts other than to write occasional checks for nominal sums to pay for groceries, some clothing and other small purchases. (Affidavit of Milton Daly, ¶ 7; Affidavit of Anne Daly, ¶ 7.)

**ANSWER**: Denied. (Hamilton Decl. ¶¶ 9-11.)

10. That one exception in regard to the Fleet Accounts is as follows. When Milton and Anne Daly moved from Connecticut to Georgia, Anne Daly was given a check for $325,000, which represented the balance of the funds in the Fleet Accounts. That check was then used in its entirety to open a joint account in Georgia in the names of both Milton Daly and Anne Daly. (Affidavit of Milton Daly, ¶ 7; Affidavit of Anne Daly, ¶ 7.)

**ANSWER**: The first sentence of paragraph 10 is denied. (Hamilton Decl. ¶¶ 9-11.) The remainder of paragraph 10 is admitted.

11. Anne Daly has had no involvement with the funds in that Georgia account and has exercised no control over the management or disposition of any funds in that account (Affidavit of Milton Daly, ¶ 7; Affidavit of Anne Daly, ¶ 7.)

**ANSWER**: Denied. (A. Daly Dep. at 90-91.)

12. In December of 2002, Milton Daly received a payment from Odyssey Entertainment LLC, which payment was compensation for services rendered. The net amount of that payroll payment, after taxes, was around $84,000. He asked that the payment be transmitted, by wire, to his wife, Anne Daly. That payroll amount was turned over to Anne Daly for her to spend on household affairs. (Affidavit of Milton Daly, ¶ 8.)

**ANSWER**: Denied. (Declaration of Robert Abramsky, ¶ 15 (Exhibit J); A. Daly Dep. at 40-45, 109-110.)

13. There is a promissory note between Odyssey Entertainment, LLC as the borrower, and both Anne Daly and Milton Daly as the lenders (the "Odyssey Note"). (Affidavit of Anne Daly, ¶ 8.)

**ANSWER**: Admitted.

14. The Odyssey Note is payable in monthly installments jointly to both Anne Daly and Milton Daly. Thus, all periodic payments under the Odyssey Note are payable to either, or both, Milton Daly or Anne Daly. (Affidavit of Anne Daly, ¶ 8.)

**ANSWER**: The first sentence of paragraph 14 is admitted. The second sentence of paragraph 14, which is a conclusion of law and not a statement of material fact, is denied.

15. Anne Daly has received five monthly payments on the Odyssey Note, which payments totaled $91,467. Those are the only monies that she has received from Odyssey, with the exception of a payment of around $84,000 (discussed in ¶ 12 above) in December of 2002. (Affidavit of Anne Daly, ¶ 8.)

**ANSWER**: Crown Theatres admits that Anne Daly received five monthly payments on the Odyssey note and an additional payment of $84,000. Crown Theatres lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 15.

16. Sometime in 2001, Milton Daly informed Anne Daly that he had a problem with, and that he was going to be sued by, Crown Theatres, L.P. However, Anne Daly was not then, or at any other time until she was sued in this case, informed that Crown Theatres, L.P. claimed an interest in any funds of Taylor-Leigh, Inc., or that improper proceeds from the business of Crown Theatres, L.P. were the source of any funds of Taylor-Leigh, Inc. as is alleged by Crown Theatres, L.P. in this action. (Affidavit of Anne Daly, ¶ 9.)

**ANSWER**: Denied as to the phrase "as is alleged by Crown Theatres, L.P. in this action," which is not a statement of material fact. Crown Theatres lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 16.

## DISPUTED ISSUES OF MATERIAL FACT

1. Whether Milton Daly transferred funds from the Taylor-Leigh Citibank account into joint accounts owned by Anne Daly and himself with the intent to

hinder, delay or defraud his creditor, Crown Theatres. (Hamilton PJR testimony at 25-6; Hamilton Decl. ¶¶ 6-11; Affidavit of Milton L. Daly, dated February 18, 2004 ("M. Daly Affidavit") ¶ 6-7; Affidavit of Anne E. Daly, dated February 18, 2004 ("A. Daly Affidavit") ¶ 6-7.)

2. Whether Milton Daly wrote a check to Anne Daly in the amount of $325,000 with the intent to hinder, delay or defraud his creditor, Crown Theatres. (M. Daly Dep. II at 174-76, 244, 254-58; M. Daly Affidavit ¶ 7; A. Daly Affidavit ¶ 8.)

3. Whether Milton Daly caused $84,311 to be wire transferred from Odyssey to Anne Daly's Warrington bank account with the intent to hinder, delay or defraud his creditor, Crown Theatres. (Complaint, dated December 20, 2002; Declaration of Lisa Wood, dated September 4, 2003 ("Wood Decl.") ¶ 10 (Exhibit I); A. Daly Dep. at 116; M. Daly Affidavit ¶ 8.)

4. Whether Milton Daly caused the Odyssey note interest payments to be paid to Anne Daly alone with the intent to hinder, delay or defraud his creditor, Crown Theatres. (Order for Prejudgment Remedy of January 23, 2003; Wood Decl. ¶¶ 10, 13 (Exhibit I); Letter from C. Martin to K. Wisser, April 2, 2003 (Exhibit N); A. Daly Affidavit ¶ 8.)

## ADDITIONAL UNDISPUTED FACTS WHICH PRECLUDE ENTRY OF SUMMARY JUDGMENT IN FAVOR OF ANNE DALY

Crown Theatres hereby incorporates by reference the material issues of undisputed fact set forth in its Local Rule 56(a)(1) Statement in Support of its Cross-Motion for Summary Judgment Against Anne Daly on Counts XIV and XVI of the Second Amended Complaint.

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein
(Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner
(Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

April 21, 2004