UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | April 30, 2004 |
| JAMES T. MARTINO AND JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | |

### LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF CROWN THEATRES' MOTION FOR SUMMARY JUDGMENT ON THE MARTINO DEFENDANTS' FIRST AND THIRD COUNTERCLAIMS

In support of its Motion for Summary Judgment Against Defendants James T. Martino and James Thomas Martino, Architect, P.C. (collectively, the "Martino Defendants), as to the First and Third Counterclaims set forth in the Martino Defendants' Answer to Plaintiff's Second Amended Complaint, Crown Theatres, L.P., hereby files this Statement pursuant to Local Rule 56(a)(1).

### STATEMENT OF MATERIAL UNDISPUTED FACTS

1.  From 1996 to 2001, plaintiff Crown Theatres, L.P., retained the Martino Defendants to serve as its architect and to provide architectural services in connection with a large theatre construction and renovation program. (Deposition of James T. Martino at 24 (Exhibit A).)*

---

* The exhibits hereto are attached to Crown Theatres' Memorandum in Support of Its Motion for Summary Judgment on the Martino Defendants' First and Third Counterclaims.

JZG/32310/2/676992v1
04/30/04-HRT/

2. The projects were located throughout the United States and included, among others, the six multiplex theatres that are the subject of this lawsuit, located in Hartford, Connecticut; Trumbell, Connecticut; Jupiter, Florida; Miami, Florida; Skokie, Illinois; and Annapolis, Maryland. (Martino Defs.' Ans. Pl.'s 1st Interrogs. ¶ 2 (Exhibit B).)

3. Crown Theatres paid the Martino Defendants substantial fees for their work on the theatre projects. For the 1996-2001 period, Crown Theatres was the Martino Defendants' largest client. (Martino Dep. at 23-25.)

4. Martino recalls providing "some consultation work" for Crown Theatres' chief executive officer Daniel Crown, who "was considering doing an addition or an expansion" on his home in Connecticut. (Martino Dep. at 439.)

5. Martino may also have provided services regarding Mr. Crown's home in New York; although when asked what work he had performed, Martino replied, "I don't recall." (Martino Dep. at 439.)

6. At his deposition, Martino did not recall when he performed work concerning either of Mr. Crown's residences, and he did not know the value of the work. (Martino Dep. at 439-40.) In their answers to Crown Theatres' first set of interrogatories, the Martino Defendants valued the work at the New York and Connecticut homes at $1,880 and $3,290, respectively. (Martino Defs.' Ans. Pl.'s 1st Interrogs. ¶ 7.)

7. Martino did not have a written or oral agreement for the work on Mr. Crown's residences; he never submitted a bill for the work; he never asked Mr. Crown for payment; and he did not receive any payment from Mr. Crown. (Martino Dep. at 440-41.)

JZG/32310/2/676992v1
04/30/04-HRT/

8. When Crown Theatres moved its New York office to a new building, Martino attended meetings regarding the layout and floor plan of the new offices. (Martino Dep. at 437.) Martino could not recall in his deposition the value of this work, but the Martino Defendants' answers to interrogatories placed it at $9,400. (Martino Defs.' Ans. Pl.'s 1st Interrogs. ¶ 6.)

9. There was no written or oral agreement between Crown Theatres and Martino for work relating to Crown Theatres' new office; Martino never submitted a bill for the work; and he never asked Crown Theatres to pay for it. (Martino Dep. at 437-38.)

10. Martino prepared drawings to reconstruct portions of the Connecticut home of then Crown Theatres' executive vice president and chief operating officer Milton Daly and his wife, defendant Anne E. Daly, after it had been damaged by fire. (Martino Dep. at 441.) The work was not subject to any written or oral agreement; Martino never submitted bills for the work; he never requested payment for the work; and the Dalys did not pay him for it. (Id. at 441-43.)

11. Martino prepared drawings for deck and basement alternations for the house of Crown Theatres' chief financial officer David Clifford. (Martino Dep. at 432.) The work was not subject to any written or oral agreement; Martino never submitted bills for the work; he never requested payment for the work; and Clifford did not pay him for it. (Id. at 432-34, 438.)

12. Martino worked on the kitchen, basement, and rear addition of the house of Crown Theatres' in-house legal counsel Glenn Garfinkel. (Martino Dep. at 435.) The work was not subject to any written or oral agreement; Martino never

-3-

submitted bills for the work; he never requested payment for the work; and Garfinkel did not pay him for it. (Id. at 434-36, 438-39.) Martino told Garfinkel that he was doing the work on Garfinkel's house for no charge. (Id. at 436.)

13. Martino prepared drawings regarding built-ins and electrical drawings for Robert Beacher, a consultant retained by Crown Theatres to serve as its owners' representative on the theatre construction project, for his house in West Palm Beach, Florida, and drawings for Beacher's Woodmere, New York, house after it had been damaged by fire. (Martino Dep. at 248-49.) Martino never charged Beacher for this work, and Mr. Beacher did not pay him for it. (Id. at 247-49.)

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

Dated: April 30, 2004

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the foregoing by mailing a copy of the same by United States Mail, postage prepaid, this 30th day of April, 2004 to the following:

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT 06107

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Ave.
6th Floor
White Plains, NY 10601

Robert M. Frost
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740

_____
Jodi Zils Gagné