UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:02CV2272AVC |
| | ) Judge Alfred V. Covello |
| MILTON L. DALY, TAYLOR-LEIGH, | ) |
| INC., ANNE E. DALY, JAMES C. | ) April 30, 2004 |
| CELLA, G.U.S. DEVELOPMENT, | ) |
| INC., JAMES T. MARTINO, JAMES | ) |
| THOMAS MARTINO, ARCHITECT, | ) |
| P.C., and RCD HUDSON, LLC, | ) |
| | ) |
| Defendants. | ) |

### CROWN THEATRES' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST JAMES T. MARTINO AND JAMES THOMAS MARTINO, ARCHITECT, P.C.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, plaintiff Crown Theatres, L.P. moves for partial summary judgment on the issue of liability against defendants James T. Martino and James Thomas Martino, Architect, P.C. (together, the "Martino Defendants"). The undisputed material facts show that the Martino Defendants breached their contract with Crown Theatres by failing to make required monthly visits to the six movie theatre construction sites that are the subject of this litigation. They further breached their common law duties to Crown Theatres, and, therefore, were negligent, by (1) signing Architect's Certificates on applications for payment received from contractors without reviewing the substance of the applications to determine whether payment was appropriate; and (2) by paying prohibited, undisclosed "referral fees" to an outside consultant in exchange for Crown Theatres' business.

In further support of this motion, Crown Theatres submits the accompanying Memorandum of Law and Local Rule 56(a)(1) Statement and states as follows:

1.  In 1995 or 1996, Crown Theatres retained Martino and his firm to provide architectural services in connection with its movie theatre expansion program. The Martino Defendants' work included work on the six theatre projects that are the subject of this litigation.

2.  The Martino Defendants assert that a 1998 letter agreement (the "Letter Agreement") constituted their contract with Crown Theatres for work on the six projects. Crown Theatres disagrees. However, its disagreement is not important for purposes of this motion, because the undisputed facts show that the Martino Defendants breached the Letter Agreement. In particular, the Letter Agreement required Martino or a representative from his firm to "visit the Site at an interval of one (1) per month . . . ." There is no dispute that Martino did not make monthly site visits. He, therefore, breached the Letter Agreement.

3.  In addition, the Martino Defendants are liable for professional negligence because Martino did not exercise due care in the manner in which he executed Architect's Certificates which approved payment to contractors and subcontractors. The facts are undisputed that Martino signed stacks of the forms while riding in a car to attend meetings without reviewing the contents of the applications, without looking into their legitimacy, without knowledge of the scope of his client's work, and without even checking the names of the contractors seeking payment. Among other things, Martino certified for payment at least nineteen payment applications for amounts totaling more than $4 million that were submitted by non-existent contractors that performed no work. Both experts in this case, the expert retained by Crown Theatres as well as the expert retained by the Martino Defendants, agree that the conduct of Martino with respect to the payment applications was beneath the standard of care for professional architects.

4. The Martino Defendants also breached their professional duties by paying undisclosed referral fees to Robert Beacher, a consultant retained by Crown Theatres to serve as its owner's representative. The payments ranged in amounts between $10,000 and $30,000 and were allegedly for the referral to Martino of Crown Theatres' business. The payments, however, violate applicable state laws governing the conduct of architects and, therefore, constitute negligence per se.

WHEREFORE, for the foregoing reasons and those set forth in Crown Theatres' Memorandum of Law, Crown Theatres respectfully requests that this Court enter summary judgment in its favor and against the Martino Defendants on its Count VIII claim for breach of contract and its Count IX claim for professional negligence.

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

April 30, 2004

JZG/32310/2/677074v1
04/30/04-HRT/

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the foregoing Motion for Partial Summary Judgment by mailing a copy of the same by United States Mail, postage prepaid, to the following parties:

> Kerry M. Wisser
> Weinstein & Wisser, P.C.
> 29 South Main Street
> Suite 207
> West Hartford, CT  06107
>
> Marisa Lanza
> Milber, Makris, Plousadis & Seiden, L.L.P.
> 108 Corporate Park Drive
> Suite 200
> White Plains, NY  10604
>
> Robert M. Frost
> Zeldes, Needle & Cooper P.C.
> 1000 Lafayette Blvd.
> P.O. Box 1740
> Bridgeport, CT  06601

_____
Jodi Zils Gagne

Dated:  April 30, 2004