UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>MILTON L. DALY, TAYLOR-LEIGH, )<br>INC., ANNE E. DALY, JAMES C. )<br>CELLA, G.U.S. DEVELOPMENT, INC., )<br>JAMES T. MARTINO AND JAMES )<br>THOMAS MARTINO, ARCHITECT, )<br>P.C., and RCD HUDSON, LLC, )<br>)<br>    **Defendants.** ) | Case No. 3:02CV2272AVC<br>**Jury Trial Demanded**<br><br>April 30, 2004 |

## LOCAL RULE 56(a)(1) STATEMENT

In support of its Motion for Partial Summary Judgment Against Defendants James T. Martino and James Thomas Martino, Architect, P.C., plaintiff Crown Theatres, L.P. hereby files this Statement pursuant to Local Rule 56(a)(1).

## STATEMENT OF MATERIAL UNDISPUTED FACTS

1. James Thomas Martino was retained to provided architectural services in connection with Crown Theatres' expansion program. (Deposition of James Martino, at 86-87, 93-94 (Exhibit A).[1]

2. Martino worked on the six theatre projects that are the subject of this lawsuit: projects located in Annapolis, Maryland; Skokie, Illinois; Trumbull, Connecticut; Hartford, Connecticut; Jupiter, Florida; and Miami, Florida. (Martino Dep. at 93-94, 253-56, 311, 359.)

3. Martino asserts that the terms of his engagement for the Trumbull project and the other projects were defined by an unsigned letter agreement between himself and R.D.

---

[1] Exhibits referenced herein are contained in Crown Theatres' separate appendix.

Scinto (the "Letter Agreement"), the landlord for the theatre project located in Trumbull, Connecticut. (Martino Dep. at 253-54.) One of the terms of the agreement is a requirement for monthly site visits by the architect or his authorized representative. (Letter Agreement at 2 (Exhibit B).)

4. The dates of Martino's site visits are set forth in his verified answers to interrogatories. (Martino Defendants' Resp. to Plaintiff Crown Theatres' First Set of Interrogatories ("Martino Interrog. Resp.") at 3-5, attached hereto as Exhibit C.) Martino confirmed the dates in his deposition testimony. (Martino Dep. at 81-82.)

5. Martino made no visits to the Jupiter job site during the year 2000. He certified five payment applications from Marlin Contracting during the year 2000, for a total of $1,042,500. (Marlin Contracting Invoices (Exhibit D); Martino Interrog. Resp. at 4.)

6. Martino made site visits to the Annapolis theater project on January 26, 2000, February 8, 2000, March 15, 2000, April 5, 2000, and June 28, 2000. (Martino Interrog. Resp. at 5.) Martino certified five payment applications from Hewlett Consulting in the total amount of $1,427,000. (Exhibit M.)

7. Martino signed Architect's Certificates on two payment applications, dated January 27, 2000 ($115,000) and June 28, 2000 ($113,845), from Marlin Contracting for work relating to the Miami theatre construction project. (Exhibit F.) Martino did not make any site visits to the Miami project between February 26, 1999 and July 26, 2000. (Martino Interrog. Resp. at 4.)

8. On the Skokie project, Martino approved five invoices from Tiger Contracting or Tiger Consulting, in a total amount of $1,656,753. (Exhibit K.) Martino made

JZG/32310/2/677073v1
04/30/04-HRT/

site visits to the Skokie project on: February 24, 2000; May 16, 2000; and August 29, 2000. (Martino Interrog. Resp. at 4.)

9. Martino certified a fraudulent payment application for work on the Hartford project, in the amount of $451,500, from a contractor called G.U.S. (Exhibit H.) Martino signed the application on June 9, 1999. (Id.) Martino had not been to the site in more than 9 months when he certified this payment application. (Martino Interrog. Resp. at 3.)

10. Martino certified a fraudulent payment application for work on the Trumbull project, in the amount of $125,000, from G.U.S. (Exhibit G.) Prior to signing the payment application on July 26, 1999, Martino had not visited the site for over 9 months. (Martino Interrog. Resp. at 3.)

11. Robert Beacher, Crown Theatres' on-site owner's representative, handed payment applications to Martino in stacks, usually in Beacher's car on the way to construction meetings at Crown Theatres. (Martino Dep. at 267.)

12. Beacher would tell Martino when handing him the payment applications, "I reviewed them. Sign the f***ing things." (Martino Dep. at 267.)

13. Martino admitted that he did not know what his client's scope of work was for the construction projects. (Martino Dep. at 96-97.) Martino certified a payment application even though the contractor had submitted it without a signature. (Id. at 352-53.) He did not notice that he at times he signed payment applications out of sequence. (Id. at 293-94.)

14. Beacher submitted bills on behalf of these fictitious entities for millions of dollars worth of phantom services. (Testimony of Frederick C. "Kip" Hamilton, Prejudgment Remedy Hearing, September 18, 2003 ("Hamilton PJR Testimony") at 24-26 (Exhibit P).)

3

15. Two of these entities, Marlin Consulting, Inc. and Hewlett Consulting, Inc. shared an address with Beacher. (Martino Dep. at 294, 316.)

16. Martino certified at least nineteen fraudulent invoices for payment to non-existent entities, totaling at least $4,931,598. (Exhibits D, F, G, H, K & M.)

17. While serving as Crown Theatres' architect of record, Martino made "seven or eight" payments of what he termed "referral fees" to Beacher's company, B.B. Construction, for the work that he had received from Crown Theatres. (Martino Dep. at 237-38.) These payments ranged in amount from $10,000 to $30,000. (Martino Dep. at 240.)

18. Martino had known Beacher for twenty-five years, and had received a large amount of work from Beacher over the course of his career. (Martino Dep. at 60-64, 243.) Referral fees were a longstanding practice between Martino and Beacher. (Id. at 243.)

19. At the second day of his deposition, Martino authenticated three checks written to Beacher's business for $17,500, $17,500 and $30,000. (Id. at 279-84.)

20. Martino did not disclose the "referral fee" payments to his client, Crown Theatres. (Id. at 283.)

4

                CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

April 30, 2004

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the foregoing by mailing a copy of the same by United States Mail, postage prepaid, to the following parties:

> Kerry M. Wisser
> Weinstein & Wisser, P.C.
> 29 South Main Street
> Suite 207
> West Hartford, CT 06107
>
> Marisa Lanza
> Milber, Makris, Plousadis & Seiden, L.L.P.
> 108 Corporate Park Drive
> Suite 200
> White Plains, NY 10604
>
> Robert M. Frost
> Zeldes, Needle & Cooper P.C.
> 1000 Lafayette Blvd.
> P.O. Box 1740
> Bridgeport, CT 06601

_____
Jodi Zils Gagne

Dated: April 30, 2004

JZG/32310/2/677073v1
04/30/04-HRT/