UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, LP, | CIVIL ACTION NO. 3:02-CV-2272 (AVC) |
| Plaintiff, | |
| - vs - | |
| MILTON L. DALY, et al. | |
| Defendants, | |

## DEFENDANTS JAMES T. MARTINO and JAMES THOMAS MARTINO, ARCHITECTS, P.C.'S ANSWERS TO PLAINTIFF CROWN THEATRES, P.C.'S FIRST SET OF INTERROGATORIES

The defendants James T. Martino and James Thomas Martino Architects, P.C. in the above-referenced action hereby responds to plaintiff Crown Theatres, LP First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Martino Defendants specific objection to each interrogatory are in addition to the general limitations and objections set forth in this Section. These limitations and objections form a part of the response to each and every interrogatory. Thus, the absence of a reference to a general objection in response to a specific interrogatory should not be construed as a waiver of the general objection to a specific request.

2. Martino Defendants object to each and every interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine or any other application privilege or immunity.

3. Martino Defendants object to each and every interrogatory to the extend it seeks information concerning claims or matters not pleaded on the grounds that such a request is overly broad, unduly burdensome, and seeks information which is neither relevant to the subject matter of the Pleadings nor reasonably calculated to lead to the discovery of admissible evidence.

4. Martino Defendants object to each and every interrogatory to the extent it seeks information already in the possession of Plaintiff or in the possession of third parties, which can be as easily obtained by Plaintiff.



5. Martino Defendants object to each and every interrogatory to the extent that it seeks a legal conclusion or calls for an expert opinion.

6. Martino Defendants object to each and every interrogatory to the extent that it seeks to impose obligations beyond the scope of Federal Rules of Civil Procedure.

7. Martino Defendants expressly reserve the right to supplement or amend these answers as additional responsive information is developed during the course of discovery or otherwise.

8. Martino Defendants expressly reserve the right to object at any state of this litigation to the introduction into evidence at trial, or at any stage of this action, or documents or information subject to the attorney-client privilege, the work-product doctrine, or any other applicable privileges or immunities, and which may have been inadvertently produced.

## RESPONSES TO INTERROGATORIES

1. Identify all persons with knowledge of or input into your decisions to approve work on the Theatre Projects, including without limitation your decision to provide executed architect's certificates.

**RESPONSE**

Martino Defendants relied upon the representations of Robert Beacher, the construction manager and agent for Crown Theatres on the Theatre Projects as well as certain officers and employees of Crown Theatre, including but not limited to Milton Daly, David Clifford, Glenn Garfinkel, Daniel Crown, Thomas Becker, Chris Bugger and Steven Scott, regarding approval of work performed on the Theatre Projects.

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

2.  Separately for each of the Theatre Projects on which you were retained, performed work or provided services, state for each visit to the project site:

  a. The date of your visit;
  b. The purpose of your visit;
  c. The name of any person accompanying you; and
  d. The name of each person with whom you met.

**RESPONSE**

Hartford, Connecticut
(a) Upon information and belief, Martino visited this project on the following dates:

| | | |
|---|---|---|
| 6/23/98 | 8/27/98 | 9/23/98 |
| 6/25/99 | 7/31/99 | 8/13/99 |
| 8/25/99 | 9/8/99 | 9/15/99 |
| 10/31/99 | 11/30/99 | 1/3/00 |
| 2/26/00 | 3/8/00 | 3/15/00 |
| 3/22/00 | 3/29/00 | 4/5/00 |
| 4/17/00 | 4/19/00 | 4/26/00 |
| 5/3/00 | 5/9/00 | 5/16/00 |
| 9/18/00 | 11/20/00 | 12/8/00 |

(b) To ascertain if the completed work performed was generally in accordance with the intent of the construction documents.
(c) Martino was typically accompanied by Robert Beacher.
(d) During site visits Martino generally met with numerous individuals at the job site, including but not limited to the project superintendent and representatives of the general contractor and/or certain subcontractors.

Trumbell, Connecticut
(a) Upon information and belief, Martino visited this project on the following dates:

| | | |
|---|---|---|
| 8/4/98 | 9/1/98 | 8/31/99 |
| 10/31/99 | 11/30/99 | 1/5/00 |
| 1/31/00 | 9/18/00 | |

(b) To ascertain if the completed work performed was generally in accordance with the intent of the construction documents.
(c) Martino was typically accompanied by Robert Beacher
(d) During site visits Martino generally met with numerous individuals at the job site, including but not limited to the project superintendent and representatives of the general contractor and/or certain subcontractors.

Jupiter, Florida
(a) Upon information and belief, Martino visited this project on the following dates:

| | | |
|---|---|---|
| 1/11/99 | 1/8/01 | 1/10/01 |
| 1/14/01 | 1/25/01 | 1/31/01 |
| 2/6/01 | 2/13/01 | 2/20/01 |
| 3/1/01 | 3/5/01 | 3/20/01 |
| 3/26/01 | 4/2/01 | 4/10/01 |
| 4/25/01 | 5/10/01 | 5/24/01 |
| 6/29/01 | | |

(b) To ascertain if the completed work performed was generally in accordance with the intent of the construction documents.
(c) Martino was typically accompanied by Robert Beacher
(d) During site visits Martino generally met with numerous individuals at the job site, including but not limited to the project superintendent and representatives of the general contractor and/or certain subcontractors.

Miami, Florida
(a) Upon information and belief, Martino visited this project on the following dates:

| | | |
|---|---|---|
| 1/28/99 | 2/10/99 | 2/11/99 |
| 2/26/99 | 7/26/00 | 9/5/00 |
| 8/16/00 | 10/27/00 | 11/21/01 |
| 12/12/01 | | |

(b) To ascertain if the completed work performed was generally in accordance with the intent of the construction documents.
(c) Martino was typically accompanied by Robert Beacher
(d) During site visits Martino generally met with numerous individuals at the job site, including but not limited to the project superintendent and representatives of the general contractor and/or certain subcontractors.

Skokie, Illinois
(a) Upon information and belief, Martino visited this project on the following dates:

| | | |
|---|---|---|
| 12/15/98 | 5/16/00 | 8/29/00 |
| 10/17/00 | 10/31/00 | 11/30/00 |
| 1/16/01 | 2/24/00 | 3/13/01 |
| 2/5/01 | 4/17/01 | 4/24/01 |

(b) To ascertain if the completed work performed was generally in accordance with the intent of the construction documents.
(c) Martino was typically accompanied by Robert Beacher
(d) During site visits Martino generally met with numerous individuals at the job site, including but not limited to the project superintendent and representatives of the general contractor and/or certain subcontractors.

<u>Annapolis, Maryland</u>
(a) Upon information and belief, Martino visited this project on the following dates:

| | | |
|---|---|---|
| 7/29/98 | 3/10/99 | 1/26/00 |
| 2/8/00 | 3/15/00 | 4/5/00 |
| 6/28/00 | | |

(b) To ascertain if the completed work performed was generally in accordance with the intent of the construction documents.
(c) Martino was typically accompanied by Robert Beacher
(d) During site visits Martino generally met with numerous individuals at the job site, including but not limited to the project superintendent and representatives of the general contractor and/or certain subcontractors.

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

3. Identify all persons with knowledge of your work on behalf of Crown Theatres.

**RESPONSE**

- Robert Beacher
- Daniel Crown
- Milton Daly
- David Clifford
- Glenn Garfinkel
- Thomas Becker
- Chris Dugger
- Steven Scott

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

5

4.  Separately for each theatre project, identify all persons with knowledge relating to the allegations in your Second Counterclaim that Crown Theatres wrongfully failed and refused to pay you for work in connection with theatres in Minneapolis, Minnesota; Jupiter, Florida; Skokie, Illinois; and Hartford, Connecticut.

**RESPONSE**

- James T. Martino
- Joseph LoMonte (bookkeeper for James Thomas Martino Architects, P.C.)
- Robert Beacher
- Milton Daly
- David Clifford
- Glenn Garfinkel

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

5.  Identify all persons with knowledge relating to the allegations in your Third Counterclaim that Crown Theatres, its agents, servants, or employees have been unjustly enriched at your expense in connection with work on Crown Theatres' offices in New York, New York or Daniel M. Crown's homes in New York, New York or Connecticut.

**RESPONSE**

- James T. Martino
- Robert Beacher
- Daniel Crown
- Milton Daly
- David Clifford
- Glenn Garfinkel

6

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

<u>6</u>.   For any work for which you contend that you have not been paid by Crown Theatres, state (a) the project on which you claim not to have been paid; (b) the specific task that you alleged you performed; (c) the dates of the work; (d) the date of any invoice or bill reflecting or relating to the work; and (e) the amount of money you contend you are owed:

**RESPONSE**

1(a)  Minneapolis, Minnesota.
 (b)  Architectural services.
 (c)  Approximately 2001 to 2002.
 (d)  

| Invoice | Date | Amount outstanding |
|---|---|---|
|  | 7/25/02 | $63,211.72 |

 (e)  $63,211.75

2(a)  Jupiter, Florida.
 (b)  Architectural services.
 (c)  Approximately 2001 to 2002.
 (d)  

| Invoice | Date | Amount outstanding |
|---|---|---|
| # 3506 | 5/8/01 | $16,980.00 |
| # 3493 | 5/12/01 | $10,680.00 |
| # 3513 | 6/13/01 | $ 6,920.00 |
| # 3617 | 1/9/02 | $   930.30 |

 (e)  $35,510.30

3(a)  Skokie, Illinois.
 (b)  Architectural services.
 (c)  Approximately 2001
 (d)  

| Invoice | Date | Amount outstanding |
|---|---|---|
| # 3505 | 5/8/01 | $   600.00 |
| # 3496 | 5/12/01 | $ 3,760.00 |
| # 3519 | 6/13/01 | $ 3,760.00 |
| # 3527 | 7/13/01 | $ 3,407.50 |
| # 3573A | 10/7/01 | $ 1,554.00 |

 (e)  $13,081.50

4(a) Hartford, Connecticut.
(b) Architectural services.
(c) Approximately 2001 and 2002.
(d) 

| Invoice | Date | Amount outstanding |
|---|---|---|
| #3619 | 1/9/02 | $475.65 |

(e) $475.65

5(a) Crown Theatres' New York Office
(b) Architectural and/or consulting services
(c) To be provided.
(d) To be provided.
(e) Approximately $ 9,400.00

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

7.  For all work you allege you performed on behalf of Daniel M. Crown for which you contend you wrongfully were not paid, state (a) the project on which you claim not to have been paid; (b) the specific task that you allege you performed; (c) the date of work; (d) the date of the invoice or bill reflecting or relating to the work; and (e) the amount of money you contend you are owed.

**RESPONSE**

1(a) Daniel M. Crown's home in New York, New York
(b) Architectural and/or consulting services
(c) To be provided.
(d) To be provided.
(e) Approximately $1,880.00.

2(a) Daniel M. Crown's home in Connecticut
(b) Architectural and/or consulting services
(c) To be provided.
(d) To be provided.
(e) Approximately $ 3,290.00.

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

8. Identify all lawsuits to which you are or have been a party, witness, deponent, or for which you have been subpoenaed.

**RESPONSE**

Martino Defendants object to this interrogatory on the ground that it is not reasonably calculated to lead to admissible evidence and is designed to harass.

9. Identify all persons with knowledge relating to invoices submitted to Crown Theatres for work performed or allegedly performed in connection with the Theatre Projects.

**RESPONSE**

Martino Defendants object to this interrogatory on the ground that it is vague in not identifying the issuer of the invoices. However, without waiving their objection, the persons having knowledge as to Martino's invoices are the following:

- James T. Martino
- Milton Daly
- David Clifford
- Kathy Nonemacher, Comptroller
- Crown Theatres' accounting department
- Other individuals involved in Crown Theatres' procedure for processing invoices.

By way of a further response, the Martino defendants reserve their right to amend and/or supplement this response up to and including the time of trial based on what may be disclosed and/or determined during discovery and the depositions of all parties.

DEFENDANTS JAMES T. MARTINO<br>
and JAMES THOMAS MARTINO<br>
ARCHITECTS, P.C.<br>
<br>
By: /s/ Marisa Lanza<br>
Marisa Lanza (CT 24554)<br>
MILBER MAKRIS PLOUSADIS<br>
& SEIDEN, L.L.P.<br>
108 Corporate Park Drive, Suite 200<br>
White Plains, New York 10604<br>
(914) 681-8700<br>
(914) 681-8709 (fax)<br>
mlanza@milbermakris.com

## VERIFICATION

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NASSAU       )

I am the Defendant James T. Martino and the principal of Defendant James Thomas Martino Architects, P.C. in this action (hereinafter "Martino Defendants"). I have read Martino Defendants' Answers to Plaintiff Crown Theatres, LP's First Set of Interrogatories and know its contents. Martino Defendants' Answers to Plaintiff Crown Theatres, LP's First Set of Interrogatories are true to my knowledge, except as to matters alleged upon information and belief, and as to those matters, I believe them to be true.

DEFENDANTS
JAMES T. MARTINO and JAMES
THOMAS MARTINO ARCHITECTS, P.C.

_____
James T. Martino

Sworn to before me
this 24 day of April 2003

_____
Notary Public

SAL MILAZZO
Notary Public, State of New York
No. 01MI4640460
Qualified in Nassau County
Commission Expires August 31, 2006

11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants James T. Martino and James Thomas Martino Architects, P.C.'s Responses to Plaintiff Crown Theatres' First Set of Interrogatories was served by first class mail, postage prepaid, on the 25th day of April 2003, upon:

Craig C. Martin, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, Illinois 60611

H. James Pickerstein, Esq.
Pepe & Hazard, LLP
30 Jelliff Lane
Southport, CT 06490

Kerry M. Wisser, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

S. Dave Vatti, Esq.
Law Offices of S. Dave Vatti
375 Bridgeport Avenue, 3rd Floor
Shelton, CT 06484-3964

Marisa Lanza