UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MILTON L. DALY, ANNE E. DALY, )<br>TAYLOR-LEIGH, INC., JAMES C. )<br>CELLA, G.U.S. DEVELOPMENT, INC., )<br>JAMES T. MARTINO AND JAMES )<br>THOMAS MARTINO, ARCHITECT, )<br>P.C., and RCD HUDSON, LLC, )<br>)<br>Defendants. ) | Case No. 3:02CV2272 (AVC)<br>Jury Trial Demanded<br><br>April 30, 2004 |

### CROWN THEATRES' MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS MILTON L. DALY AND TAYLOR-LEIGH, INC.

Plaintiff Crown Theatres, L.P. hereby moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment in its favor and against defendant Milton L. Daly on Counts VII, X, XVI and XXI of the Second Amended Complaint and on Count VII against defendant Taylor-Leigh, Inc. Daly, Crown Theatres' former executive vice president and chief operating officer, has admitted to his role in a scheme to embezzle over $6 million from his employer. He has further admitted that at least $4.2 million of the misappropriated funds were deposited into the checking account of Taylor-Leigh, a corporation that he owned. Daly's admissions and the other undisputed evidence demonstrate that Crown Theatres is entitled to judgment against Daly and Taylor-Leigh for conversion and also against Daly for breach of fiduciary duty, violation of the Connecticut Unfair Trade Practices Act and unjust enrichment

In further support of this motion, Plaintiff hereby submits the accompanying memorandum of law, and statement of undisputed material facts and states as follows:

JZG/32310/2/677015v1
04/30/04-HRT/

1. Plaintiff Crown Theatres, L.P. ("Crown Theatres") is an Illinois partnership with its primary place of business in Norwalk, Connecticut. In the mid-1990s, Crown Theatres embarked on an expansion program, which included theatre construction projects in Connecticut, Maryland, Illinois and Florida.

2. In early 1996, Crown Theatres named defendant Milton L. Daly ("Daly") executive vice president and chief operating officer of Crown Theatres. One of Daly's primary responsibilities was to oversee the construction program.

3. In late 1997 or early 1998, Daly entered into an agreement with Robert L. Beacher ("Beacher"), by which Beacher, through his company, B.B. Construction Consultants, Ltd., and fictitious entities that Beacher controlled, submitted false invoices to Crown Theatres (1) for construction work that was never performed and (2) which grossly inflated the price of the work. The profits from this enterprise were to be split 70/30, with Daly receiving 70 percent.

4. From 1998 to 2001, Beacher submitted, and Daly caused Crown Theatres to pay, a large number of fraudulent invoices in connection with six theatre construction projects in Connecticut, Florida, Illinois and Maryland. As a result, Crown Theatres suffered a loss of over $6.016 million.

5. After receiving the funds from Crown Theatres, Beacher sent Daly's share of the 70/30 split by check to Taylor-Leigh, Inc., a corporation owned entirely by Daly. In total, Daly, through Taylor-Leigh, received approximately $4.2 million from the scheme.

6. On December 20, 2002, Crown Theatres brought this action against Daly and others to recover the millions of dollars of funds stolen from Crown Theatres. The Second Amended Complaint states claims against Daly for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, conversion, civil conspiracy, violation of the

JZG/32310/2/677015v1
04/30/04-HRT/

Connecticut Unfair Trade Practices Act ("CUTPA"), unjust enrichment and breach of fiduciary duty. It states claims against Taylor-Leigh for violations of RICO, fraud, civil conspiracy, conversion and violations of CUTPA.

7. Crown Theatres is entitled to judgment as a matter of law against Daly and Taylor-Leigh on its Count VII claim for conversion, because the undisputed facts show: the $6.016 million taken by Daly and Taylor-Leigh belonged to Crown Theatres; the defendants deprived Crown Theatres of these funds for an indefinite period of time; Daly and Taylor-Leigh's receipt and retention of Crown Theatres' funds was undisclosed and unauthorized; and Taylor-Leigh's conduct has harmed Crown Theatres by causing Crown Theatres to lose over $6.016 million.

8. Crown Theatres is entitled to judgment as a matter of law against Daly on Count X, violation of the CUTPA, because the undisputed facts show: Daly has engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce; his conduct was unethical, unscrupulous, immoral or oppressive; and that these unfair trade practices (including Daly's agreement with Robert Beacher to cause Crown Theatres to pay invoices to fictitious entities for construction work that was never performed) were the proximate cause of an ascertainable loss to Crown Theatres of over $6.016 million.

9. Crown Theatres is entitled to judgment as a matter of law against Daly on its Count XIV claim for conversion for the same reasons that it is entitled to judgment against him on Count VII.

10. Crown Theatres is entitled to judgment as a matter of law against Daly on its Count XVI unjust enrichment claim because the undisputed facts show: Milton Daly received benefit from the receipt of $4.2 million of Crown Theatres' funds which were deposited into

3

Taylor-Leigh, Inc.'s account; Daly did not pay Crown Theatres for this benefit; and Daly's failure to pay for that benefit was to Crown Theatres' detriment, because it lost the use of $4.2 million.

11. Crown Theatres is entitled to judgment as a matter of law on its Count XXI claim for breach of fiduciary duty because the undisputed facts show: Daly, as one of Crown Theatres' senior officers, owed a fiduciary duty to Crown Theatres; and, as Daly has admitted, he breached that duty by failing to protect Crown Theatres' interests and by self-dealing. As a result of Daly's breach of his fiduciary duty, Crown Theatres suffered a loss of over $6.016 million.

12. Crown Theatres is entitled to prejudgment interest with respect to amounts due and owing to it on each of the counts for which it seeks summary judgment. Conn. Gen. Stat. § 37-3a; <u>Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.</u>, 239 Conn. 708, 734-5, 687 A.2d 506 (1997). As of April 30, 2004, prejudgment interest on the $6,016,000 taken from Crown Theatres amounts to $2,485,367. This amount increases by $1,648 each day.

13. Crown Theatres is entitled to an award of attorneys' fees and costs on its Count X claim for violation of CUTPA. Conn. Gen. Stat. § 42-110g(d).

WHEREFORE, for the foregoing reasons, this Court should enter judgment in favor of Crown Theatres on:

    A. Count VII against Milton L. Daly in the amount of $6.016 million plus prejudgment interest.

    B. Count VII against Taylor-Leigh, Inc. in the amount of $6.016 million plus prejudgment interest.

    C. Count X against Milton L. Daly in the amount of $6.016 million plus attorneys' fees and costs.

    D. Count XIV against Milton L. Daly in the amount of $4.211 million plus prejudgment interest.

4

E.  Count XXI against Milton L. Daly in the amount of $6.016 million plus prejudgment interest.

          CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

Dated:  April 30, 2004

5

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the foregoing Motion for Summary Judgment by mailing a copy of the same by United States Mail, postage prepaid, to the following parties:

>Kerry M. Wisser
>Weinstein & Wisser, P.C.
>29 South Main Street
>Suite 207
>West Hartford, CT  06107
>
>Marisa Lanza
>Milber, Makris, Plousadis & Seiden, L.L.P.
>108 Corporate Park Drive
>Suite 200
>White Plains, NY  10604
>
>Robert M. Frost
>Zeldes, Needle & Cooper P.C.
>1000 Lafayette Blvd.
>P.O. Box 1740
>Bridgeport, CT  06601

_____
Jodi Zils Gagne

Dated: April 30, 2004