UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X
CROWN THEATRES, L.P.,

            Plaintiff,

  -against-

MILTON L. DALY, TAYLOR-LEIGH, INC.
ANNE E. DALY, JAMES C. CELLA, G.U.S.
DEVELOPMENT, INC., JAMES T. MARTINO,
JAMES THOMAS MARTINO ARCHITECT,
P.C. and RCD HUDSON, LLC,

            Defendants.
-----------------------------------------------------------------X
JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECT, P.C.

            Third-Party Plaintiffs,

  - against –

B.B. CONSTRUCTION CONSULTANTS,
LTD., DAVID CLIFFORD, and GLENN
GARFINKEL,

            Third-Party Defendants.
-----------------------------------------------------------------X

Case No. 3:02 CV 2272 (AVC)

April 26, 2004

### THE MARTINO DEFENDANTS MOTION FOR SUMMARY JUDGMENT IN REGARDS TO COUNTS VIII AND IX OF THE PLAINTIFF CROWN THEATRES' SECOND AMENDED COMPLAINT.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and the Local Rules 7 and 56 of this Court, Defendants/Third-Party Plaintiffs JAMES T. MARTINO AND JAMES THOMAS MARTINO, ARCHITECT, P.C. (hereinafter the "Martino Defendants") in the above-entitled matter hereby moves for summary judgment as to the

Plaintiff's claims in Counts VIII (breach of contract) and IX (professional negligence) of Plaintiff's Second Amended Complaint.

There is no genuine issue of material fact regarding the allegations of professional negligence and breach of contract as set forth in Counts VIII and IX because the proximate cause of Plaintiff's alleged damages was the intentional conduct of third parties over whom the Martino Defendants had no control. Furthermore, the intentional conduct of third parties created a superceding/intervening cause that severs the causation chain.

Furthermore, irrespective of whether New York or Connecticut law applies, Count IX of Plaintiff's Second Amended Complaint sounding in negligence should be dismissed on the grounds that Plaintiff claim fails to state a cause of action in that a simple breach of contract claim is not to be considered a tort claim unless a legal duty independent of the contract itself has been violated. Additionally, four out of twenty-nine payment applications allegedly negligently approved by the Martino Defendants are time-barred under the applicable statue of limitations.

In support of this Motion, the Martino Defendants relies on the accompanying Memorandum of Law in Support of Motion for Summary Judgment, on the Certification in Support of Motion for Summary Judgment, the exhibits annexed thereto and on the accompanying Local Rule 56(a)(1) Statement.

**WHEREFORE**, the Martino Defendants respectfully request that summary judgment be entered in their favor on Count VIII and IX of the Plaintiff's Second Amended Complaint.

RESPECTFULLY SUBMITTED,

DEFENDANTS/THIRD-PARTY PLAINTIFFS JAMES T. MARTINO and JAMES THOMAS MARTINO ARCHITECTS, P.C.

By: _____
Mark Seiden (ct 24637)
Marisa Lanza (ct 24554)
MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
3 Barker Avenue, 6th Floor
White Plains, New York 10604
(914) 681-8700
(914) 681-8709 (fax)
mseiden@milbermakris.com
mlanza@milbermakris.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and I a copy of the foregoing documents: **The Martino Defendants Motion for Summary Judgment in Regards To Counts VIII and IX of The Plaintiff Crown Theatres' Second Amended Complaint** was served by first class mail, postage prepaid, on all counsel of record in this action on the 26th day of April 2004, upon:

Craig C. Martin, Esq.
Lawrence S. Schaner, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611

H. James Pickerstein, Esq.
Jodi Zils Gagne, Esq.
Pepe & Hazard, LLP
30 Jelliff Lane
Southport, CT 06490

Kerry M. Wisser, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

Robert M. Frost
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601

*/s/ Marisa Lanza*
Marisa Lanza