**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | MAY 4, 2004 |
| Defendants. | : | |

**DEFENDANT ANNE DALY'S MOTION TO STRIKE**
**SUMMARY JUDGMENT AFFIDAVIT**

Defendant Anne Daly in the above-entitled matter hereby moves the Court to strike Paragraphs 6-12 of the Declaration of Frederick C. Hamilton, together with Exhibits 2-4 attached thereto, which affidavit was filed by the plaintiff in opposition to the defendant's motion for summary judgment and in support of the plaintiff's cross-motion for summary judgment.  Paragraphs 6-12 of the Hamilton affidavit and the documents attached thereto present additional "expert reports" that were not disclosed to the defendant in a timely fashion and which are inconsistent with Hamilton's prior deposition testimony that is relied upon by the defendant in support of her motion for a summary judgment.  For these reasons, which are discussed in more detail in the accompanying Memorandum of Law in Support of Defendant Anne Daly's Motion to Strike Summary Judgment Affidavit, the offending portions of the Hamilton affidavit

(and attached documents) should be stricken by the Court and disregarded by the Court in its determination of the pending motion and cross-motion for summary judgment

        DEFENDANT,
        ANNE DALY


        By_____
        Kerry M. Wisser of
        WEINSTEIN & WISSER, P.C.
        29 South Main Street, Suite 207
        West Hartford, CT  06107
        Telephone No. (860) 561-2628
        Facsimile No. (860) 521-6150
        Federal Bar No. ct01205

## **CERTIFICATION**

This is to certify that on the 4th day of May, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
Kerry M. Wisser

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | MAY 4, 2004 |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ANNE DALY'S MOTION TO STRIKE
SUMMARY JUDGMENT AFFIDAVIT**

In opposing defendant Anne Daly's motion for summary judgment and in its own cross-motion for summary judgment (dated April 21, 2004), the plaintiff relies on the Declaration of Frederick C. Hamilton.  For the reasons that follow, Paragraphs 6-12 of that affidavit, together with Exhibits 2-4 attached thereto, should be stricken by the Court.

Frederick C. Hamilton is the plaintiff's so-called expert witness.  As such, the plaintiff is subject to strict disclosure requirements in regard to his testimony.  See F.R.Civ.P. 26(a)(2).  In addition, the plaintiff is subject to court-imposed deadlines, including this Court's October 21, 2003 scheduling order which stated: "the plaintiff shall designate all trial experts and provide opposing counsel with reports from retained experts on or before November 30, 2003, and depositions of any such experts shall be completed by December 31, 200[3]."  Based on the plaintiff's prior disclosure and

Hamilton's accompanying report (which is Exhibit 1 to his Declaration), Hamilton was deposed on December 23, 2003. Now, subsequent to his deposition and in contravention of the October 21, 2003 scheduling order, the plaintiff not only seeks to "disclose" new opinion testimony from Hamilton through the challenged paragraphs of the Hamilton affidavit and the new report attached thereto, but provides affidavit information from Hamilton that is inconsistent with his prior deposition testimony.[1]

It is improper for a party to file a summary judgment affidavit from a witness that contradicts the witness's earlier deposition testimony. See, e.g., Hayes v. New York City Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1996); Perma Research & Development Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969).

More importantly, the deadline for the disclosure of expert reports has long since passed, as has the deadline for conducting discovery. The parties have heretofore relied on those deadlines in order to prepare this case for dispositive motions (and trial, if necessary). The plaintiff should not be permitted to ignore those deadlines by filing a new expert report nearly 5 months after the court-ordered deadline for such disclosure (and nearly 4 months after the expert's deposition, nearly 2 months after the filing of the

---

[1] The pertinent portions of Hamilton's deposition testimony which conflict with his new affidavit are attached to the defendant's pending motion for summary judgment (dated February 24, 2004).

2

defendant's motion for summary judgment, a few weeks after the close of discovery, and approximately 6 weeks before the case has been ordered to be ready for trial). The plaintiff's fast and loose play with those court-imposed deadlines, by making its expert's opinion available to the defendant in a self-contradictory and piecemeal fashion, should not be tolerated. For this reason, the substance of the expert's newly formed opinion (Paragraphs 6-12 of the Declaration) and his new report (Exhibits 2-4 attached thereto) are not properly considered by the Court for purposes of the pending motions for summary judgment, or otherwise. See Schweizer v. Dekalb Swine Breeders, Inc., 954 F.Supp. 1495, 1509-11 (D. Kan. 1997) (striking portions of summary judgment affidavit containing opinions that go beyond expert's prior reports); see also Reid v. Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 661-62 (N.D. Ga. 2001) (District Court entitled to disregard supplemental expert reports produced after court-imposed deadline; even Rule 26(e)(1) duty to supplement does not bestow on litigants a right to rely on supplements produced after court-imposed deadline).

For these reasons, the offending portions of the Hamilton affidavit (Paragraphs 6-12 and Exhibits 2-4 referenced therein and attached thereto) should be stricken by the Court and should be disregarded by the Court in its determination of the pending motion and cross-motion for summary judgment.

DEFENDANT,
ANNE DALY


By_____
   Kerry M. Wisser of
   WEINSTEIN & WISSER, P.C.
   29 South Main Street, Suite 207
   West Hartford, CT  06107
   Telephone No. (860) 561-2628
   Facsimile No. (860) 521-6150
   Federal Bar No. ct01205

## **CERTIFICATION**

This is to certify that on the 4th day of May, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
Kerry M. Wisser