UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | MAY 4, 2004 |
| Defendants. | : | |

## LOCAL RULE 56(a)2 STATEMENT

In opposing the plaintiff's Cross-Motion for Summary Judgment (dated April 21, 2004) Against Defendant Anne Daly as to Counts XIV and XVI of the Second Amended Complaint, defendant Anne Daly relies on the documentation attached to her Motion for Summary Judgment (dated February 24, 2004) as to Counts XIV, XVI, XVII, XIX and XX of the Second Amended Complaint and her accompanying Local Rule 56(a)1 Statement.  Pursuant to Local Rule 56(a)2, defendant Anne Daly responds as follows to the Local Rule 56(a)1 Statement (dated April 21, 2004) that has been filed by the plaintiff:

1.  Denied, in that the finances of the Dalys were not intertwined regarding the allegations of wrongdoing against Milton Daly.  Anne Daly had no knowledge of the same prior to the instant lawsuit.  (Affidavit of Milton Daly, ¶ 4-7; Affidavit of Anne Daly, ¶ 4-7,9.)

2. Denied, in that Anne Daly had no knowledge of this activity prior to the instant lawsuit. (Affidavit of Anne Daly, ¶ 9.)

3. Denied, in that Anne Daly had no knowledge of this activity prior to the instant lawsuit. (Affidavit of Anne Daly, ¶ 9.)

4. Denied, in that Anne Daly is not a director of Taylor-Leigh, Inc. (Affidavit of Milton Daly, ¶ 4; Affidavit of Anne Daly, ¶ 4.)

5. Denied, in that Anne Daly never exercised any control over Taylor-Leigh, Inc., or over any of its corporate, business or financial affairs. (Affidavit of Milton Daly, ¶ 4; Affidavit of Anne Daly, ¶ 4.)

6. Denied, in that Anne Daly never exercised any control over Taylor-Leigh, Inc., or over any of its corporate, business or financial affairs. (Affidavit of Milton Daly, ¶ 4; Affidavit of Anne Daly, ¶ 4, 9.)

7. Denied, in that Anne Daly never exercised any control over Taylor-Leigh, Inc., or over any of its corporate, business or financial affairs. (Affidavit of Milton Daly, ¶ 4; Affidavit of Anne Daly, ¶ 4, 9.)

8. Admitted.

9. Anne Daly will neither admit or deny this allegation as the same was only just alleged by the plaintiff in violation of the Court's scheduling order and is presently the subject of a Motion to Strike that is being filed by defendant Anne Daly simultaneously herewith.

10. Anne Daly will neither admit or deny this allegation as the same was only just alleged by the plaintiff in violation of the Court's scheduling order and is presently the subject of a Motion to Strike that is being filed by defendant Anne Daly simultaneously herewith.

11. Admitted.

12. Admitted.

13. Anne Daly will neither admit or deny this allegation as the same was only just alleged by the plaintiff in violation of the Court's scheduling order and is presently the subject of a Motion to Strike that is being filed by defendant Anne Daly simultaneously herewith.

14. Anne Daly will neither admit or deny this allegation as the same was only just alleged by the plaintiff in violation of the Court's scheduling order and is presently the subject of a Motion to Strike that is being filed by defendant Anne Daly simultaneously herewith.

15. Admitted.

16. Anne Daly will neither admit or deny this allegation as the same was only just alleged by the plaintiff in violation of the Court's scheduling order and is presently the subject of a Motion to Strike that is being filed by defendant Anne Daly simultaneously herewith.

17. Admitted. (But see Affidavit of Milton Daly, ¶ 7; Affidavit of Anne Daly, ¶ 7.)

18. Anne Daly will neither admit or deny this allegation as the same was only just alleged by the plaintiff in violation of the Court's scheduling order and is presently the subject of a Motion to Strike that is being filed by defendant Anne Daly simultaneously herewith.

19. Denied. Anne Daly had no knowledge or involvement in this activity. (Affidavit of Milton Daly, ¶ 6; Affidavit of Anne Daly, ¶ 6; see also Deposition of Anne Daly, p. 68 (attached to plaintiff's cross-motion for summary judgment).)

20. Admitted.

21. Admitted.

### Disputed Issues of Material Fact

Defendant Anne Daly believes that the facts relied on by the plaintiff, whether disputed or not, simply do not have the legal significance that the plaintiff seeks to attach to them in terms of creating liability on the part of Anne Daly. In particular, this applies to the plaintiff's assertion that Anne Daly "benefited" from her husband's alleged conduct and whether she participated in that alleged conduct. The defendant's position is more fully set forth in her memorandum of law (dated February 24, 2004) and in her

reply brief (dated May 4, 2004) that have been filed in regard to the pending motion for summary judgment and cross-motion for summary judgment.

DEFENDANT,

ANNE DALY

By_____
   Kerry M. Wisser of
   WEINSTEIN & WISSER, P.C.
   29 South Main Street, Suite 207
   West Hartford, CT  06107
   Telephone No. (860) 561-2628
   Facsimile No. (860) 521-6150
   Federal Bar No. ct01205

**CERTIFICATION**

This is to certify that on the 4th day of May, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
Kerry M. Wisser