## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | MAY 4, 2004 |
| Defendants. | : | |

## REPLY BRIEF OF DEFENDANT ANNE DALY
## IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT
## AND
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-
## MOTION FOR SUMMARY JUDGMENT IN REGARD TO COUNTS XIV, XVI,
## OF THE PLAINTIFF'S SECOND AMENDED COMPLAINT

By motion dated February 24, 2004, defendant Anne Daly has moved for summary judgment in her favor as to Counts XIV, XVI, XIX and XX of the Second Amended Complaint. The plaintiff has opposed that motion, and has also filed a cross-motion for summary judgment as to Counts XIV and XVI. The plaintiff's position, however, relies on inadmissible evidence, which has already been discussed in the defendant's memorandum of law in support of her motion for summary judgment, and which is also the subject of the accompanying Motion to Strike Summary Judgment Affidavit. In addition, the plaintiff's position relies on incorrect statements of law, which then rely on immaterial facts to support the plaintiff's legal claims. For the reasons already set forth in the defendant's prior memorandum of law, defendant Anne

Daly's motion for summary judgment should be granted, and the plaintiff's cross-motion for summary judgment should be denied.

The plaintiff incorrectly asserts that this Court's September 26, 2003 ruling on the plaintiff's application for prejudgment remedy precludes the defendant from prevailing on her motion for summary judgment. That is not so. At the prejudgment remedy stage of the proceedings, the court is called upon "to determine probable success by weighing possibilities." <u>Bank of Boston Connecticut v. Schlesinger</u>, 220 Conn. 152, 156 (1991) (internal quotation marks omitted). Moreover, that weighing process applies to the legal issues raised by the case, as well as the factual issues. <u>Id.</u> Consequently, because the Court's prejudgment ruling does not constitute a definitive determination of the applicable law, especially where the ruling was not accompanied by any written opinion setting forth the Court's legal reasoning or otherwise expressing its view of the applicable law, that preliminary determination can hardly constitute "law of the case." <u>Cf.</u> <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) (District Court's findings of fact and conclusions of law upon granting preliminary injunction are not binding at trial); <u>William G. Wilcox, D.O., P.C. Employees' Defined Benefit Pension Trust v. United States</u>, 888 F.2d 1111 (6th Cir. 1989) (error to rely on preliminary injunction determination as law of the case for summary

judgment purposes); <u>Community Nutrition Institute v. Block</u>, 749 F.2d 50, 56 (D.C. Cir. 1984) ("tentative assessment made to support the issuance of a preliminary injunction . . . is not even law of the case . . ."). By contrast, summary judgment proceedings, like the trial proceedings that they are permitted to replicate, afford an opportunity for the Court to render a binding statement of the applicable law. Accordingly, because the parties suggest different views of the determinative legal rules at issue in this case, and since the Court has yet to issue a ruling that decides which legal rules shall control the controversy between the parties, the Court's prior ruling at the prejudgment remedy stage has no bearing on the summary judgment issue that is now before the Court.

In opposing the defendant's motion for summary judgment as to the plaintiff's claims of conversion (Count XIV) and unjust enrichment (Count XVI), and in support of its cross-motion for summary judgment in its favor on those claims, the plaintiff repeatedly relies on vague and conclusory statements – such as, "everything belong[ed] to both of us (i.e.,Milton and Anne Daly)" or that certain monies "benefited" Anne Daly. However, those statements implicitly rest on an incorrect legal rule. As has already been argued by defendant Anne Daly in her prior memorandum of law, contrary to the claim of the plaintiff, she cannot be found liable for conversion or unjust enrichment simply because she had joint accounts with Milton Daly or was a member of his household.

Consequently, the concepts on which the plaintiff relies are legally irrelevant and therefore not material to the summary judgment claim that is before the Court. No matter how many times the plaintiff makes the same argument to the contrary, it is simply not the case that Anne Daly's mere ownership, jointly with her husband Milton Daly, of an investment or any other account is sufficient to make her liable for conversion. Likewise, the fact that Milton Daly stated that Anne "benefited" from his actions (even though he acted unilaterally and without her knowledge) is not evidence of the same that may be used against Anne to support a claim that she is liable on a claim of unjust enrichment. These concepts have already been addressed in the defendant's prior brief and will not be repeated here.

Likewise, with respect to the plaintiff's fraudulent transfer claims (Counts XVII, XIX and XX), the defendant has argued that there was no "transfer" and that the UFTA provides no remedy against a putative transferee under the circumstances here. However, rather than address those legal arguments, the plaintiff presents extensive factual argument on other aspects of its fraudulent transfer claims. Without a transfer under the statute, and without a statutory remedy against a person in Anne Daly's position vis-à-vis the dollars at issue here, as urged in the defendant's prior memorandum of law, the UFTA simply provides no cause of action to the plaintiff.

Therefore, any factual dispute that might exist with respect to any <u>other</u> element of the plaintiff's claim is simply not a genuine issue of <u>material</u> fact. As such, the plaintiff has failed to present a proper basis on which to deny the defendant's motion for summary judgment as to the claims of fraudulent transfer.

Additionally, the plaintiff incorrectly argues that the defendant cannot rely upon a challenge to both the qualifications and admissibility of the opinion expressed the plaintiff's expert witness, Frederick C. Hamilton. The plaintiff's reliance on the lack of any challenge to Hamilton's qualifications at the prejudgment remedy stage of this case is unavailing. Hamilton was permitted to testify at the prejudgment remedy hearing <u>before</u> he was deposed in regard to his "findings" as to Anne Daly. Because Hamilton's deposition testimony was not taken until several months <u>after</u> his testimony at the prejudgment remedy hearing, fairness dictates that the plaintiff cannot rely on any putative waiver of rights since the defendant did not yet have all of the information that now shows that Hamilton lacks a proper basis for his supposed "expert" opinions. In fact, as the defendant has demonstrated in the materials attached to her motion for summary judgment, during his deposition (which was taken *subsequent* to Hamilton's testimony at the prejudgment remedy hearing), Hamilton revealed that his "opinion" that Anne Daly has been "benefited" by Milton Daly's challenged conduct is nothing

more than a bare legal conclusion (and an incorrect one, at that), which is not a proper evidentiary matter for a so-called expert witness. See, e.g., <u>Orthopedic & Sports Injury Clinic v. Wang</u>, 922 F.2d 220, 224-25 (5th Cir. 1991) (District Court may inquire into the reliability and foundation of any expert's opinion, and consequently affidavit setting forth ultimate or conclusory facts and conclusion of law is insufficient to either support or defeat motion for summary judgment); <u>Silva v. American Airlines, Inc.</u>, 960 F.Supp. 528, 530-32 (D.P.R. 1997) (same). Obviously, the defendant has always objected, and does so again through her motion for summary judgment (and through this opposition to the plaintiff's cross-motion for summary judgment), to the plaintiff's conclusory approach to Anne Daly's alleged liability, which relies on her marital (joint account) status alone as proof of her liability based entirely on conduct of Milton Daly, notwithstanding the absence of her participation therein.

Finally, for the reasons set forth in the accompanying Motion to Strike Summary Judgment Affidavit, the plaintiff cannot rely on the portions of the Declaration of Frederick C. Hamilton, which was executed on April 21, 2004, which form the principal basis for the plaintiff's opposition to the defendant's motion for summary judgment (and support for the plaintiff's cross-motion). Hamilton is the plaintiff's expert witness. As such, the plaintiff is subject to strict disclosure requirements in regard to his

testimony.  <u>See</u> F.R.Civ.P. 26(a)(2).  In addition, the plaintiff is subject to court-imposed deadlines, including this Court's October 21, 2003 scheduling order which stated: "the plaintiff shall designate all trial experts and provide opposing counsel with reports from retained experts on or before November 30, 2003, and depositions of any such experts shall be completed by December 31, 200[3]."  Based on the plaintiff's prior disclosure and Hamilton's accompanying report, Hamilton was deposed on December 23, 2003.  Now, subsequent to his deposition and in contravention of the October 21, 2003 scheduling order, the plaintiff not only seeks to "disclose" new opinion testimony from Hamilton through a summary judgment affidavit and the new report attached thereto, but provides affidavit information from Hamilton that is inconsistent with his prior deposition testimony.  This is wholly improper.  A party does not create a genuine issue of fact by filing a summary judgment affidavit from a witness that contradicts the witness's earlier deposition testimony.  <u>See</u>, <u>e.g.</u>, <u>Hayes v. New York City Department of Corrections</u>, 84 F.3d 614, 619 (2d Cir. 1996); <u>Perma Research & Development Co. v. Singer Co.</u>, 410 F.2d 572, 578 (2d Cir. 1969).  In addition, the deadline for the disclosure of expert reports has long since passed, as has the deadline for conducting discovery.  The parties have heretofore relied on those deadlines in order to prepare this case for dispositive motions (and trial, if necessary).  The plaintiff should not be permitted to

ignore those deadlines by filing a new expert report nearly 5 months after the court-ordered deadline for such disclosure (and nearly 4 months after the expert's deposition, nearly 2 months after the filing of the defendant's motion for summary judgment, a few weeks after the close of discovery, and approximately 6 weeks before the case has been ordered to be ready for trial). The plaintiff's fast and loose play with those court-imposed deadlines, by making its expert's opinion available to the defendant in a self-contradictory and piecemeal fashion, should not be tolerated. For this reason, the substance of the expert's newly formed opinion and his new report are not properly considered by the Court for purposes of the pending motions for summary judgment, or otherwise. See Schweizer v. Dekalb Swine Breeders, Inc., 954 F.Supp. 1495, 1509-11 (D. Kan. 1997) (striking portions of summary judgment affidavit containing opinions that go beyond expert's prior reports); see also Reid v. Lockheed Martin Aeronautics Co., 205 F.R.D. 655, 661-62 (N.D. Ga. 2001) (District Court entitled to disregard supplemental expert reports produced after court-imposed deadline; even Rule 26(e)(1) duty to supplement does not bestow on litigants a right to rely on supplements produced after court-imposed deadline).

For all of the reasons set forth in the defendant's prior brief and for the additional reasons set forth in this brief, defendant Anne Daly is entitled to the entry of a summary

judgment in her favor on Counts XIV, XVI, XVII, XIX and XX of the Second Amended

Complaint.  Accordingly, defendant Anne Daly's motion for summary judgment should

be granted in its entirety, and the plaintiff's cross-motion for summary judgment as to

Counts XIV and XVI should be denied.  Alternatively, the Court should grant a summary

judgment in favor of defendant Anne Daly on Counts XIV, XVI, XIX and XX, and utilize

F.R.Civ.P. 56(d) to narrow the plaintiff's claim under Count XVII for the reasons set

forth in the defendant's prior brief.

DEFENDANT,
ANNE DALY

By_____
    Kerry M. Wisser of
    WEINSTEIN & WISSER, P.C.
    29 South Main Street, Suite 207
    West Hartford, CT  06107
    Telephone No. (860) 561-2628
    Facsimile No. (860) 521-6150
    Federal Bar No. ct01205

## **CERTIFICATION**

This is to certify that on the 4th day of May, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
                    Kerry M. Wisser