UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | May 14, 2004 |
| Defendants. | : | |

## MOTION FOR EXTENSION OF TIME TO FILE TRIAL MEMORANDA

Pursuant to Rule 7(b) of the Local Rules of Civil Procedure, defendants Milton L. Daly, Anne E. Daly and Taylor-Leigh, Inc. in the above-entitled matter hereby move for an extension of time to file the Trial Memoranda that is currently due on May 31, 2004, for the good cause set forth below. Counsel for all parties have consented to the granting of this motion.

The Second Amended Complaint, filed by the plaintiff alleges twenty-one counts, nineteen of which are directed against at least one of the three defendants referenced above. The factual backdrop upon which the complaint is based is the construction of six separate multi-million dollar theater projects that were built by the plaintiff in various parts of the United States. The various counts alleged against the above-referenced

defendants include claims for violations of RICO, violations of CUTPA, as well as fraud, conversion, civil conspiracy, statutory theft, unjust enrichment, fraudulent conveyances and breach of fiduciary duty.  Additionally, the plaintiff has alleged two counts against the defendants James T. Martino and James Thomas Martino, Architect, P.C. (the "Martino defendants") based on claims of breach of contract and professional negligence.

The discovery in this case has been substantial.  The parties have collected and reviewed thousands of pages of construction documents relating to the various theater projects referenced above.   Numerous depositions have been taken of representatives of the plaintiff, the general contractors involved in each of the construction projects and the named defendants, among others. Recently, the defendant Anne E. Daly filed an extensive Motion for Summary Judgment which has been opposed by the plaintiff.  The plaintiff filed a cross motion for Summary Judgment against Anne E. Daly, which has been opposed by Mrs. Daly.  Additionally, the Martino defendants have filed a Motion for Summary Judgment which has been opposed by the plaintiff.  Similarly, the plaintiff has filed a Cross-Motion for Summary Judgment against the Martino defendants, and said defendants are in the process of opposing the same.  Finally, the plaintiff has filed a Motion for Partial Summary Judgment against the defendants Milton L. Daly and Taylor-Leigh, Inc. relating to the counts of the complaint that do not involve intentional torts, and said

defendants are in the process of opposing the same.

The parties in this matter have determined that the compilation and listing of trial exhibits and the corresponding objections, together with the designation of page references to deposition transcripts that will be utilized at trial, with the commensurate objections and counter designations and objections, is a daunting task.  During the initial process of compiling such information, it became quite clear that much of the information that the plaintiff may have to offer in order to prove various counts against various defendants will, most likely, be substantially narrowed by the court's ruling on the outstanding summary judgment motions and cross-motions.  Some of those motions and cross-motions are distinctly based on legal claims, which leads to the expectation that one party or the other will be successful with said motions.

Clearly, to the extent that the issues are narrowed and the plaintiff's exhibits are decreased, there will be a commensurate reduction in the objections that must be raised relating to those exhibits that are no longer deemed necessary, and it is expected that the defendants' exhibits necessary to defend those remaining counts will necessarily be substantially decreased.  Certainly, for the Trial Memorandum to serve as useful guide for the Court, it will be better for the Trial Memorandum to discuss only the witnesses, documentary evidence and legal claims that will be tried, and not any additional matters

that are subsequently disposed of by way of one or more of the pending claims for summary judgment.

The plaintiff has already indicated that it will most likely not be able to provide its list of exhibits and designation of deposition transcripts until May 21, 2004, at the earliest. Consequently, the defendants had already anticipated that an extension of time would be necessary under any circumstances. Accordingly, before the parties engage in further laborious and costly preparation regarding multiple counts of the complaint that are currently subject to pending summary judgment motions, and for the good cause set forth above, the above-referenced defendants respectfully request that the Court extend the time for filing the Trial Memoranda to a date that is <u>thirty (30) days after the date upon which the Court issues its ruling on the dispositive motions that are currently pending</u>.

The above-referenced defendants have inquired of all opposing counsel and there is agreement to the instant motion. This is the first motion for extension of time filed by the above-referenced defendants with respect to the Trial Memoranda, and no other party to the litigation has sought to extend the time to file the Trial Memoranda for the reasons set forth herein.

For all the foregoing reasons, the defendants respectfully request that this Motion for Extension of Time to File Trial Memorandum be granted and that the time for the

parties to file the Trial Memorandum be extended to a date that is thirty (30) days after the date on which the Court issues its ruling on the pending summary judgment motions.

                DEFENDANTS,
                MILTON L. DALY
                ANNE E. DALY
                TAYLOR-LEIGH, INC.

By_____
    Kerry M. Wisser of
    WEINSTEIN & WISSER, P.C.
    29 South Main Street, Suite 207
    West Hartford, CT  06107
    Telephone No. (860) 561-2628
    Facsimile No. (860) 521-6150
    Federal Bar No. ct01205

## **CERTIFICATION**

This is to certify that on the 14th day of May, 2004, a copy of the foregoing Motion for Extension of Time was served upon the following counsel of record by way of First Class Mail, postage prepaid:

    Harold James Pickerstein, Esquire
    Jodi Zils Gagne, Attorney
    Pepe & Hazard
    30 Jelliff Lane
    Southport, CT 06890-4000

    Craig C. Martin, Esquire
    Lawrence S. Schaner, Esquire
    Jenner & Block
    One IBM Plaza
    Chicago, IL 60611-7603

    Mark Seiden, Esquire
    Marisa Lanza, Attorney
    Milber Makris Polusadis & Seiden, LLP
    108 Corporate Park Drive, Suite 200
    White Plains, NY 10604

    Robert M. Frost, Jr., Esquire
    Zeldes, Needle & Cooper
    1000 Lafayette Boulevard
    Bridgeport, CT 06601

                          _____
                              Kerry M. Wisser