UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MILTON L. DALY, TAYLOR-LEIGH, ) <br> INC., ANNE E. DALY, JAMES C. ) <br> CELLA, G.U.S. DEVELOPMENT, INC., ) <br> JAMES T. MARTINO, JAMES THOMAS ) <br> MARTINO, ARCHITECT, P.C., and RCD ) <br> HUDSON, LLC, ) <br> ) <br> Defendants. ) | Case No. 3:02CV2272AVC <br> Judge Alfred V. Covello |

### DECLARATION OF CATHERINE E. NONNENMACHER

I, Catherine E. Nonnenmacher, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Controller of Crown Theatres, L.P. I have a Bachelor of Arts degree in Accounting from Michigan State University and a Masters Degree in Business Administration from the University of Connecticut. I was hired to be Crown Theatres' Controller on December 26, 1995, and have continued to hold that position to this day.

2. As Controller, I am responsible for supervising accounts payable, payroll, financial statement reporting, human resources and budgeting for the entire Crown Theatres organization. Until late 2002, I reported to Crown Theatres' Chief Financial Officer. Since that time, I report directly to Crown Theatres' President.

3. In my role in supervising accounts payable, I am responsible for the final review of invoices before payment. Accordingly, after the accounts payable department

produces a check, it is sent to me. I then review the accompanying invoice for the necessary approvals, and, if everything is in order, I sign the check on behalf of Crown Theatres.

4. In most respects, the approval and processing of construction-related applications for payment submitted during Crown Theatres' theatre expansion and construction program followed the same procedure as any other invoice. The only major difference was in the approvals required for payment. In order to process an application for payment, the application was required to be approved by Crown Theatres' architect, Crown Theatres' construction consultant and Crown Theatres' Chief Operating Officer, Milton Daly. When I reviewed the construction payment applications for these approvals, I checked for all three signatures before signing the check.

5. If the required signatures were not present on a payment application, it was my practice not to issue any checks to contractors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of May, 2004.

_____
Catherine E. Nonnenmacher