UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | MAY 21, 2004 |
| Defendants. | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MILTON L. DALY AND TAYLOR-LEIGH, INC.'S MOTION TO STRIKE SUMMARY JUDGMENT MATERIALS

In moving its motion for summary judgment (dated April 30, 2004), the plaintiff relies on the Declaration of Frederick C. Hamilton. For the reasons that follow, Paragraphs 6-12 of that affidavit, together with Exhibits 2-4 attached thereto, should be stricken by the Court. Those materials are designated as Exhibit J in the Appendix to the plaintiff's memorandum of law in support of its motion for summary judgment against defendants Milton Daly and Taylor-Leigh, Inc. In addition, in moving for summary judgment, the plaintiff also relies on a so-called "Kroll Zolfo Cooper Updated Analysis," which is designated as Exhibit H in the Appendix to the plaintiff's memorandum of law in support of its motion for summary judgment against defendants Milton Daly and Taylor-Leigh, Inc. For the reasons that follow, none of these materials are properly considered by the Court for purposes of the pending motion for summary judgment.

Frederick C. Hamilton is the plaintiff's so-called expert witness. As such, the plaintiff is subject to strict disclosure requirements in regard to his testimony. See F.R.Civ.P. 26(a)(2). In addition, the plaintiff is subject to court-imposed deadlines, including this Court's October 21, 2003 scheduling order which stated: "the plaintiff shall designate all trial experts and provide opposing counsel with reports from retained experts on or before November 30, 2003, and depositions of any such experts shall be completed by December 31, 200[3]." Based on the plaintiff's prior disclosure and Hamilton's accompanying report (which is Exhibit 1 to his Declaration), Hamilton was deposed on December 23, 2003. Now, subsequent to his deposition and in contravention of the October 21, 2003 scheduling order, the plaintiff not only seeks to "disclose" new opinion testimony from Hamilton through the challenged paragraphs of the Hamilton affidavit and the new report attached thereto, but provides affidavit information from Hamilton that is inconsistent with his prior deposition testimony.[1]

It is improper for a party to file a summary judgment affidavit from a witness that contradicts the witness's earlier deposition testimony. See, e.g., Hayes v. New York City

---

[1] The pertinent portions of Hamilton's deposition testimony which conflict with his new affidavit are attached to the pending motion for summary judgment (dated February 24, 2004) that was filed by defendant Anne Daly.

Department of Corrections, 84 F.3d 614, 619 (2d Cir. 1996); Perma Research & Development Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969).

More importantly, the deadline for the disclosure of expert reports has long since passed, as has the deadline for conducting discovery. The parties have heretofore relied on those deadlines in order to prepare this case for dispositive motions (and trial, if necessary). The plaintiff should not be permitted to ignore those deadlines by filing a new expert report fully 5 months after the court-ordered deadline for such disclosure (and fully 4 months after the expert's deposition, and 2 months after the filing of the defendant's motion for summary judgment, and a month after the close of discovery, and approximately 8 weeks before the case has been ordered to be ready for trial). The plaintiff's fast and loose play with those court-imposed deadlines, by making its expert's opinion available to the defendant in a self-contradictory and piecemeal fashion, should not be tolerated. For this reason, the substance of the expert's newly formed opinion (Paragraphs 6-12 of the Declaration) and his new report (Exhibits 2-4 attached thereto) are not properly considered by the Court for purposes of the pending motions for summary judgment, or otherwise. See Schweizer v. Dekalb Swine Breeders, Inc., 954 F.Supp. 1495, 1509-11 (D. Kan. 1997) (striking portions of summary judgment affidavit containing opinions that go beyond expert's prior reports); see also Reid v. Lockheed

Martin Aeronautics Co., 205 F.R.D. 655, 661-62 (N.D. Ga. 2001) (District Court entitled to disregard supplemental expert reports produced after court-imposed deadline; even Rule 26(e)(1) duty to supplement does not bestow on litigants a right to rely on supplements produced after court-imposed deadline).

For similar reasons, the purported "Kroll Zolfo Cooper Updated Analysis", which is Exhibit H in the Appendix to the plaintiff's memorandum of law in support of its motion for summary judgment against defendants Milton Daly and Taylor-Leigh, Inc. should be stricken. Again, that attempt to "update" the expert's report is improper under the circumstances, as discussed above. It should therefore be stricken for that reason alone.

In addition, the plaintiff has simply appended that "analysis" to its summary judgment memorandum without providing a proper foundation for the document. Loose papers, such as this so-called "updated analysis," are not properly submitted to the Court for summary judgment purposes without some showing that the document would be otherwise admissible at trial. See F.R.Civ.P. 56(c) (limiting materials that may be considered in rendering summary judgment to "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits"); F.R.Civ.P. 56(e) (setting forth the proper form and manner of summary judgment affidavits). "To be

admissible [for summary judgment purposes], documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Wright, Miller and Kane, Federal Practice and Procedure: Civil 3d § 2722, pp. 382-84. Accordingly, Exhibit H must be stricken for this additional reason.

      For these reasons, both Exhibit H in the Appendix to the plaintiff's memorandum of law in support of its motion for summary judgment against defendants Milton Daly and Taylor-Leigh, Inc. (the so-called "Kroll Zolfo Cooper Updated Analysis"), and the offending portions of Exhibit J in the Appendix to the plaintiff's memorandum of law in support of its motion for summary judgment against defendants Milton Daly and Taylor-Leigh, Inc. (Paragraphs 6-12 of the Hamilton affidavit and Exhibits 2-4 referenced therein and attached thereto), should be stricken by the Court, and those materials should be disregarded by the Court in its determination of the plaintiff's pending motion for summary judgment.

DEFENDANTS,
MILTON L. DALY and
TAYLOR-LEIGH, INC.


By_____
   Kerry M. Wisser of
   WEINSTEIN & WISSER, P.C.
   29 South Main Street, Suite 207
   West Hartford, CT  06107
   Telephone No. (860) 561-2628
   Facsimile No. (860) 521-6150
   Federal Bar No. ct01205

**<u>CERTIFICATION</u>**

This is to certify that on the 20th day of May, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

                                                                   _____
                                                                        Kerry M. Wisser