# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | MAY 21, 2004 |
| Defendants. | : | |

## LOCAL RULE 56(a)2 STATEMENT
## OF DEFENDANTS MILTON L. DALY AND TAYLOR-LEIGH, INC.

Pursuant to Local Rule 56(a)2, defendants Milton L. Daly and Taylor-Leigh, Inc. respond as follows to the Local Rule 56(a)1 Statement (dated April 30, 2004) that has been filed by the plaintiff:

1. Admitted.

2. Denied, in that it was Robert L. Beacher who negotiated on behalf of plaintiff Crown Theatres in regard to all of the construction projects for the various theatre projects at issue in this case. (Deposition of Robert L. Beacher at 15, 37, 279.) Furthermore, while Milton Daly's duties included overseeing such construction projects and approving expenditures related thereto, he only approved such expenditures after they were first reviewed and approved by Beacher and, usually, by the plaintiff's architect, James Martino. (Deposition of Robert L. Beacher at 345, 346.)

  3. Admitted; however, Beacher had worked for Crown Theatres in this capacity long before Daly was hired. (Daly Deposition of 5/21/03 at 15; Deposition of Robert L. Beacher at 39, 305.)

  4. Admitted as to the conduct of Beacher, but denied as to the conduct of Milton Daly. Daly approved the invoices that were submitted by Beacher without any knowledge that they were "sham invoices." Daly believed that they were valid bills for construction services rendered, and nothing about them suggested otherwise. (Daly Deposition of 5/21/03 at 136, 141, 143; Deposition of Robert L. Beacher at 349, 351, 355, 357.)

  5. Admitted, however, while Milton Daly now knows this to be the case, he did not know this before this litigation. (Daly Deposition of 5/21/03 at 141.)

  6. Admitted, however, while Milton Daly now knows this to be the case, he did not know this before this litigation. (Daly Deposition of 5/21/03 at 141.)

  7. Admitted, except for the last sentence which is denied in that Milton Daly believed that the invoices were valid bills for construction services rendered, and nothing about them suggested otherwise. (Daly Deposition of 5/21/03 at 136, 141, 143; Deposition of Robert L. Beacher at 349, 351, 355, 357.)

  8. Denied, in that Milton Daly believed that the money that he split 70/30 with Beacher was only the "profit" that Beacher and his companies made for doing actual work on the theatre projects. Daly believed that they were valid bills for

construction services rendered, and nothing about them suggested otherwise. (Daly Deposition of 5/21/03 at 136, 141, 143; Deposition of Robert L. Beacher at 349, 351, 355, 357.)

    9.    Admitted as to the amounts of the payments that were made; however, as stated above, Daly thought that these were all payments of legitimate invoices for work actually done by Beacher's companies. (Daly Deposition of 5/21/03 at 136, 141, 143; Deposition of Robert L. Beacher at 349, 351, 355, 357.)

    10.    Denied. (See response to #9 above.)

    11.    Denied, in that the materials supporting this allegation are the subject of a Motion to Strike that is being filed simultaneously herewith.

    12.    Denied, in that the materials supporting this allegation are the subject of a Motion to Strike that is being filed simultaneously herewith.

    13.    Admitted.

    14.    Admitted that Milton Daly approved payment of invoices that totalled at least $6 million. Denied that his wife (defendant Anne Daly) "received" any of the $4.2 million. (See Anne Daly's Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment and the Local Rule 56(a)1 and 2 Statements filed by defendant Anne Daly, and the Affidavit of Milton Daly, filed in connection thereto.) Admitted that Taylor-Leigh, Inc. performed no work for the plaintiff.

15. Admitted, but the agreement was to split Beacher's profits that were generated by legitimate construction work that his companies performed for Crown Theatres. (Daly Deposition of 5/21/03 at 136, 141, 143; Deposition of Robert L. Beacher at 349, 351, 355, 357.)

16. See responses to #8 and to #15 above, which the defendants incorporate herein.

17. See responses to #8 and #9 and #15 above, which the defendants incorporate herein.

18. Admitted only as to the claim of self-dealing by Milton Daly. (Daly Deposition of 5/21/03 at 136, 139, 140, 141, 143; Deposition of Robert L. Beacher at 349, 351, 355, 357.)

19. Admitted. In fact, Milton Daly has offered to disgorge the benefits of the self-dealing ($4.2 million) since this lawsuit began, which offers have not been acted upon by the plaintiff. (Daly Deposition of 5/21/03 at 137, 138, 139.)

## Disputed Issues of Material Fact

1. The nature of the arrangement between Milton Daly and Robert Beacher.

2. The state of Milton Daly's knowledge regarding the payment applications and invoices that were submitted by Beacher.

3.      Whether Milton Daly and Taylor-Leigh, Inc. were knowingly involved in Beacher's plan to cause the plaintiff to pay inflated prices for construction services that were rendered or to cause the plaintiff to pay for construction services that were not rendered.

4.      Whether the 70/30 arrangement involved Beacher's expected profits from construction work that was to be performed at a reasonable price.

>
> DEFENDANTS,
>
> MILTON L. DALY and
> TAYLOR-LEIGH, INC.
>
>
> By_____
>    Kerry M. Wisser of
>    WEINSTEIN & WISSER, P.C.
>    29 South Main Street, Suite 207
>    West Hartford, CT  06107
>    Telephone No. (860) 561-2628
>    Facsimile No. (860) 521-6150
>    Federal Bar No. ct01205

## **CERTIFICATION**

This is to certify that on the 20th day of May, 2004, a copy of the foregoing was served upon the following counsel of record by way of First Class Mail, postage prepaid:

Harold James Pickerstein, Esquire
Jodi Zils Gagne, Attorney
Pepe & Hazard
30 Jelliff Lane
Southport, CT 06890-4000

Craig C. Martin, Esquire
Lawrence S. Schaner, Esquire
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603

Mark Seiden, Esquire
Marisa Lanza, Attorney
Milber Makris Polusadis & Seiden, LLP
108 Corporate Park Drive, Suite 200
White Plains, NY 10604

Robert M. Frost, Jr., Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
Bridgeport, CT 06601

_____
Kerry M. Wisser