UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:02CV2272AVC |
| | ) Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, INC., ANNE E. DALY, JAMES C. CELLA, G.U.S. DEVELOPMENT, INC., JAMES T. MARTINO AND JAMES THOMAS MARTINO, ARCHITECT, P.C., and RCD HUDSON, LLC, | ) May 21, 2004 |
| Defendants. | ) |

**CROWN THEATRES' REPLY MEMORANDUM IN SUPPORT OF ITS
CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST ANNE E. DALY**

Defendant Anne E. Daly's "innocent bystander" pose is no defense to plaintiff Crown Theatres, L.P.'s claims for conversion (Count XIV) and unjust enrichment (Count XVI). The facts are undisputed that Anne derived enormous benefit from the money stolen by her husband, Milton Daly. Millions of dollars flowed into the Dalys' joint bank and investment accounts. Anne actively spent Crown Theatres' money, writing over 1,100 checks for hundreds of thousands of dollars out of at least four accounts that were funded primarily by ill-gotten gains. She used the money to make purchases that benefited herself and the rest of her family. At the same time, Milton spent hundreds of thousands of dollars of the stolen funds to make purchases that benefited Anne and the Daly household. He even outright gave Anne a check for $325,000, which she used to open yet another joint account. The Dalys pooled their assets and had done so for the more than 38 years of their marriage. All of these facts are undisputed.

Anne's opposition to Crown Theatres' Cross-Motion for Summary Judgment does nothing to refute these facts, and instead repeats the same tired arguments that she made in her failed opposition to Crown Theatres' prejudgment remedy application. She makes no effort to respond to the arguments presented in Crown Theatres' Cross-Motion for Summary Judgment. She does not distinguish the authorities cited by Crown Theatres, or explain why the inapposite cases cited in her Motion for Summary Judgment should be preferred. But most importantly, Anne Daly does not dispute the facts – facts that demand entry of judgment as a matter of law in favor of Crown Theatres on its claims for conversion and unjust enrichment.

## ARGUMENT

### I. SUMMARY JUDGMENT SHOULD BE ENTERED AGAINST ANNE DALY FOR CONVERSION.

In its opening brief,[1] Crown Theatres showed that it was entitled to judgment as a matter of law with respect to its Count XIV claim against Anne for conversion. (Op. Br. 11-16.) It highlighted the clear ownership and control that Anne exercised over the stolen funds, as they moved in and out of accounts that she either owned or for which she had signature authority. It presented evidence of hundreds of transactions by Anne herself from accounts full of stolen money. And it presented the state of the law – that the intent to take funds from another or knowledge that funds rightfully belong to someone else are not elements of a conversion claim. Anne did not respond.

---

[1] Plaintiff Crown Theatres' Memorandum in Opposition to Defendant Anne Daly's Motion for Summary Judgment and In Support of Crown Theatres' Cross-Motion for Summary Judgment ("Op. Br."), filed April 21, 2004.

2

Instead, Anne repeats the assertion that she cannot be held liable for "mere ownership" over the accounts into which Crown Theatres' funds were transferred. (A. Daly Br. at 4.)[2] This assertion is incorrect as to the facts and the law. First, as a matter of law, her "mere ownership" of the accounts in question constitutes the very real ownership of the funds. (Op. Br. at 14 n. 3.) At any time, Anne Daly could withdraw the balance of those accounts and walk away with the proceeds. Even if Milton made every single financial decision for the Daly family, and even if Anne never once wrote a check or withdrew funds from these accounts, she possessed sufficient ownership and control over the funds to be found liable for conversion.

One of the cases that Anne does not see fit to distinguish is <u>Federal Insurance Co. v. Smith</u>, 144 F. Supp. 2d 507 (E.D. Va. 2001) (cited at Op. Br. 15-16). In <u>Federal Insurance</u>, the court held, rightly, that the defendant wife, who was a joint account holder of an account infused with stolen funds, "became no less a converter of the proceeds than if she had directly appropriated the funds for her own use," when the joint funds were used by her husband to satisfy the family's joint obligations. The undisputed facts show that the situation in this case is precisely the same: millions of dollars were transferred into accounts jointly owned by Anne and Milton and the funds were used to satisfy the Dalys' joint obligations, such as groceries, mortgage payments and investments.

Even though Crown Theatres need not show that Anne spent a single cent of Crown Theatres' money to establish a successful conversion claim, the evidence

---

[2] "A. Daly Br." refers to the Reply Brief of Defendant Anne Daly in Support of Her Motion for Summary Judgment and Memorandum of Law in Opposition to Plaintiff's Cross-Motion for Summary Judgment in Regard to Counts XIV, XVI of the Plaintiff's Second Amended Complaint, dated May 4, 2004.

shows that she wrote over 1,100 checks on four of the Dalys' joint accounts during the period that they were flush with Crown Theatres' money. As Anne has conceded, Crown Theatres need not prove an intent to harm Crown Theatres, or even knowledge that the funds belonged to Crown Theatres to establish a claim for conversion. But even if Anne is right (which she is not), and Crown Theatres must show an actual exercise of control, the undisputed facts show just that. And Anne's opposition does nothing to refute them.[3] Accordingly, this Court should enter judgment as a matter of law in favor of Crown Theatres with respect to its Count XIV conversion claim.

## II. SUMMARY JUDGMENT SHOULD BE ENTERED AGAINST ANNE DALY FOR UNJUST ENRICHMENT.

Crown Theatres also seeks summary judgment on its Count XVI claim for unjust enrichment. (Op. Br. 16-19.) There is something more than slightly ludicrous in Anne's argument that though millions of dollars flowed into the Dalys' accounts, and millions of dollars flowed out again into investments and purchases for the use of the Daly family, that she did not receive any benefit from the funds taken from Crown Theatres. Contrary to Anne's assertion, she can be held liable for unjust enrichment "simply because she had joint accounts with Milton Daly or was a member of his household" (A. Daly Br. 3). She received money for which she did no work and for which she paid no consideration. Furthermore, she offers no compelling argument for why the balance of equities should allow her to keep such a windfall. She did not only benefit from access to the funds, indeed they were invested on her behalf, they were spent on her behalf, and they were spent on her for items that were used, and presumably

---

[3] Anne Daly reiterates the baseless arguments made in support of her Motion to Strike Summary Judgment Affidavit. Crown Theatres will respond to these arguments directly in its opposition to that motion.

4

enjoyed, by the Dalys in their everyday lives. Additionally, Anne does not dispute the law that clearly does not require that anything more happen than a passive receipt of a benefit -- the very best factual case that Anne Daly could hope to present. Moreover, the undisputed facts show that she actively used the funds, writing over 1,100 checks to make purchases and pay expenses for both herself and her family.

Anne attempts to revive the argument that Crown Theatres' expert Kip Hamilton is barred from testifying that she received the benefit of the stolen funds because the simple mention of the word "benefit" somehow turns Mr. Hamilton's detailed analysis of the trail of stolen money into and out of the Dalys' bank accounts into a legal conclusion. (A. Daly Br. 5-6.) It is true that a forensic accountant may not be relied upon to provide legal conclusions, but that is not the case here. Mr. Hamilton has testified that Anne received the benefit of the funds stolen from Crown Theatres. Simply because the word "benefit" is included in one of the elements of an unjust enrichment action under Connecticut law does not mean that the word itself takes on talismanic status, transforming every utterance of the word into a conclusion of law. This Court could substitute the word "advantage," or "boon" or "value" or "windfall," and Mr. Hamilton's testimony would be the same. Through commonly recognized accounting techniques, he has determined that the money flowed from Crown Theatres through Taylor-Leigh, Inc. and into accounts from which moneys were spent for items that "benefited" or "advantaged" both Milton and Anne Daly. Examples include payments for the Dalys' mortgages, payments for groceries, payments for cars – everyday things that were used by both of the Dalys.

The authority cited by Anne on this point is unpersuasive. In <u>Silva v. American Airlines</u>, the court refused to receive expert testimony from an engineer who testified as to the safety of interior aircraft design without providing any evidence of any expertise in the design of aircraft. 960 F. Supp. 528, 530-31. Here, Kip Hamilton's opinions are based on decades of experience in forensic accounting, a field uniquely relevant to the present action. Furthermore, Anne does not respond to the authority cited in Crown Theatres' opening brief authorizing the qualification of forensic accountants as experts even where their practices do not easily fit within the <u>Daubert</u> factors. (Op. Br. 24.)

<u>Orthopedic & Sports Injury Clinic v. Wang</u>, 922 F.2d 220 (5th Cir. 1991) is equally inapplicable. There, an expert's opinion was rejected where the expert opined about the difference between ordinary and gross negligence with no explanation for his conclusions. <u>Id.</u> at 225. First, Kip Hamilton's opinions are supported by an exhaustive record of financial transactions implicating Anne that have been presented to this Court. Second, as explained above, the word "benefit" does not automatically imply a legal conclusion. In his report, at his deposition and in his declaration, Mr. Hamilton has stated only facts and the inferences that he has been able to draw from those facts based on his twenty years of experience in forensic accounting.

Ultimately, however, whether Mr. Hamilton is permitted to use the word "benefit" (which he clearly should be allowed to do) is beside the point. Anne Daly did receive the benefit of the stolen funds. The money trail is undisputed; the history of the various transactions is undisputed; Anne's use of the funds by means of writing over 1,100 checks on four different accounts is undisputed; and the benefits she derived from

those expenditures and those made by her husband using the stolen funds is undisputed. Crown Theatres is entitled to judgment as a matter of law on its Count XVI unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, Crown Theatres' Cross Motion for Summary Judgment against Anne Daly on Counts XIV and XVI of its Second Amended Complaint should be granted.

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

7

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the **Reply Memorandum in Support of Crown Theatres Cross-Motion for Summary Judgment Against Anne E. Daly,** by mailing a copy of the same by United States Mail, postage prepaid, to the following:

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT  06107

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Ave.
6th Floor
White Plains, NY  10601

Robert M. Frost
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740

_____
Jodi Zils Gagné

Dated:  May 21, 2004