UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MILTON L. DALY, TAYLOR-LEIGH, )<br>INC., ANNE E. DALY, JAMES C. )<br>CELLA, G.U.S. DEVELOPMENT, INC., )<br>JAMES T. MARTINO AND JAMES )<br>THOMAS MARTINO, ARCHITECT, )<br>P.C., and RCD HUDSON, LLC, )<br>)<br>Defendants. ) | Case No. 3:02CV2272AVC<br>Jury Trial Demanded<br><br><br><br><br><br><br><br><br>May 21, 2004 |

### LOCAL RULE 56(a)(2) STATEMENT IN SUPPORT OF PLAINTIFF CROWN THEATRES' OPPOSITION TO THE MARTINO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In opposition to the Martino Defendants' Motion for Summary Judgment as to Counts VIII (breach of contract) and IX (professional negligence) of the Second Amended Complaint, Crown Theatres, L.P. submits the following statement pursuant to Local Rule 56(a)(2).

### RESPONSE TO DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT

1.  Plaintiff Crown Theatres, L.P. ("Crown") is an Illinois limited partnership with its principal place of business located at 64 North Main Street, Norwalk, Connecticut 06854 and with offices in New York, New York. See Plaintiff's Second Amended Complaint at ¶ 6.

**ANSWER:** Admitted.

2.  Crown owns, manages and operates several movie theatres including but not limited to (i) Trumbull, Connecticut, (ii) Hartford, Connecticut; (iii)

Hialeah (Miami Lakes), Florida; (iv) Jupiter, Florida; (v) Skokie, Illinois; and (vi) Annapolis, Maryland. See Plaintiff's Second Amended Complaint at ¶7.

**ANSWER:** Admitted.

3.  Defendant Milton Daly ("Daly") was the former Chief Operating Officer ("COO") for Crown from 1996 to 2001. See Daly's Deposition Transcript, dated August 5, 2003 at pp. 19-20.

**ANSWER:** Admitted.

4.  Crown began a process of expanding its theatre operations on or about 1995 by improving new and existing theatres ("expansion program"). See Plaintiff's Second Amended Complaint at ¶ 2.

**ANSWER:** Admitted.

5.  Crown retained the services of Robert Beacher ("Beacher") of B.B. Construction Consultants, Ltd. ("B.B. Construction") as Crown's construction consultant, on-site representative and owner's representative in connection with Crown's expansion program. See Plaintiff's Second Amended Complaint at ¶ 3.

**ANSWER:** Admitted.

6.  According to Crown, Daly, as COO and most senior executive of Crown, was responsible for, without limitation, oversight of all operations, finance, human resources, legal and corporate administration functions. See Plaintiff's Second Amended Complaint at ¶ 37.

**ANSWER:**  Crown Theatres denies that Daly was the most senior executive of Crown Theatres. (Declaration of Daniel Crown ("Crown Decl."), dated May 20, 2004, ¶ 1.) The remainder of paragraph 6 is admitted.

7.  Daly was also responsible for managing and overseeing Crown's construction projects, including its renovation and expansion programs, for approving all invoices for payment from Crown to third parties relating to the construction activities, and for approving and signing all checks made payable to third parties by Crown if the amount of the check exceeded $5,000. See Plaintiff's Second Amended Complaint at ¶ 37.

**ANSWER:**  Crown Theatres denies that Daly signed all checks made payable to third parties if the amount of the check exceeded $5,000. It further denies that Daly was the only one of Crown Theatres involved in the process of approving the issuance of checks to third parties. (Declaration of Daniel Crown, dated May 20, 2004, ¶ 2; Declaration of Catherine Nonnenmacher, dated May 20, 2004, ¶¶ 3-5; Declaration of Suzy Herrera, dated May 19, 2004, ¶¶ 3-5; Deposition of David Clifford, March 12, 2004, at 271-73.) The remainder of paragraph 7 is admitted.

8.  Beginning on or about October 1996 and continuing until May 2001, Daly and Beacher engaged in a pattern of racketeering activities to defraud Crown by preparing and submitting fictitious Application and Certification For Payment on behalf of phony construction companies for construction work that was not performed and inflating invoices for work actually performed. See Plaintiff's Second Amended Complaint at ¶ 3 and ¶¶ 45-57 and Robert Beacher's Deposition Transcript, dated February 25, 2004 at pp. 11-13.

3

JZG/32310/2/679912v1
05/21/04-HRT/

**ANSWER:** Admitted.

9.  In connection with Daly's alleged activities, Crown commenced the within action against Daly, Taylor-Leigh, Inc., James C. Cella, G.U.S. Development, Inc. and RCD Hudson for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.*, as well as fraud, conversion, civil conspiracy, statutory theft under Conn. Gen. Stat. § 52-564, and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* See Plaintiffs' Second Amended Complaint.

**ANSWER:** Admitted.

10.  James Thomas Martino Architects, P.C. (the "Martino Firm"), a New York professional corporation with its principal place of business at 14 Vanderventer Avenue, Port Washington, New York 10050, was retained by Crown to perform certain limited architectural services in connection with the expansion program. See James T. Martino's Deposition Transcript, dated January 15, 2004 at pp. 4 and 86-87.

**ANSWER:** Admitted, except with respect to the phrase "certain limited architectural services," which is denied. (Deposition of Milton Daly, August 5, 2003, at 158.)

11.  James T. Martino ("Martino"), a licensed architect in the States of New York and other states, and is the principal of James Thomas Martino Architects, P.C. See James T. Martino's Deposition Transcript, dated January 15, 2004 at pp. 6-7.

**ANSWER:** Admitted.

12. Crown has also asserted Counts VIII and IX against Martino and the Martino Firm sounding in breach of contract and professional negligence. See Plaintiff's Second Amended Complaint.

**ANSWER:** Admitted.

13. The payment applications at issue in this litigation are set forth in Crown's Responses to Interrogatories and Request for Production as Exhibit 1. See Crown's Responses to Interrogatories and Request for Production.

**ANSWER:** Admitted.

## STATEMENT OF DISPUTED MATERIAL FACTS

1. Whether Martino's signature on payment applications was required before payments would be issued to contractors. (Declaration of Daniel Crown ("Crown Decl."), dated May 20, 2004; Declaration of Suzy Herrera ("Herrera Decl."), dated May 19, 2004; Declaration of Catherine Nonnenmacher ("Nonnenmacher Decl."), dated May 20, 2004; Deposition of Milton L. Daly, August 5, 2003, at 158; Deposition of David Clifford ("Clifford Dep."), March 15, 2004 at 175-77, 271-73; Deposition of Glenn T. Garfinkel ("Garfinkel Dep.") at 75, 209-10.)

2. Whether Martino's signature on the payment applications prevented Crown Theatres from discovering Daly's fraud. (Clifford Dep. at 165, 215-16.)

3. Whether Crown Theatres relied on the Martino Defendants in determining whether to make payments on payment applications. (Declaration of Daniel Crown, dated May 20, 2004; Herrera Decl. at ¶¶ 3-5; Nonnenmacher Decl. at ¶¶ 3-5; Daly Dep. at 158; Clifford Dep. at 175-77, 271-73; Garfinkel Dep. at 75, 209-10.)

4.  Whether Daniel Crown, Chief Executive Officer of Crown Theatres, relied on Martino's certification of payment applications. (Crown Decl. at ¶ 2.)

5.  Whether Milton Daly, Crown Theatres' Chief Operating Officer, relied on Martino's signature when deciding whether to approve the payment of payment applications. (Daly Dep. at 158, 126-27; 193; 194-96; 199.)

6.  Whether David Clifford, Crown Theatres' Chief Financial Officer, relied on Martino's signature when deciding whether approve the payment of payment applications. (Clifford Dep. at 165, 270-73.)

7.  Whether Crown Theatres' Controller, Catherine Nonnenmacher, relied on Martino's signature when deciding whether to sign checks for the payment of payment applications. (Nonnenmacher Decl. at ¶¶ 3-5.)

8.  Whether Crown Theatres' Accounts Payable department relied on Martino's signature when processing applications for payment. (Herrera Decl. at ¶¶ 3-5.)

9.  Whether Crown Theatres would have discovered the fraud sooner if the Martino Defendants had informed it of the fraud or of the irregularities with respect to the payment applications. (Clifford Dep. at 165, 215-16.)

10.  Whether Daly or Beacher committed intentional acts that intervened between the Martino Defendants' negligence and the injury to Crown Theatres.

11.  Whether the injury to Crown Theatres was within the scope of the risk created by the Martino Defendants' conduct. (Clifford Dep. at 165, 270-73.)

7. Whether the injury suffered by Crown Theatres was the type of injury that a diligent review of the payment applications was intended to prevent. (Daly Dep. at 158; Clifford Dep. at 165.)

8. Whether the injury to Crown Theatres was a foreseeable consequence of the Martino Defendants' negligence.

9. Whether Crown Theatres should have discovered its claim against the Martino Defendants earlier.

CROWN THEATRES, L.P.

By: _____

H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

May 21, 2004

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of the **Crown Theatres Local Rule 56(a)(2) Statement,** by facsimile and by mailing a copy of the same by United States Mail, postage prepaid, to the following:

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT  06107

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Ave.
6th Floor
White Plains, NY  10601

Robert M. Frost
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601-1740

_____
Jodi Zils Gagné

Dated:  May 21, 2004

1083487

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | |
| JAMES T. MARTINO AND JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | May 21, 2004 |

**PLAINTIFF CROWN THEATRES, L.P.'S MOTION FOR LEAVE
TO FILE LOCAL RULE 56(a)(2) STATEMENT INSTANTER**

Crown Theatres, L.P. ("Crown Theatres"), by its attorneys, hereby moves the Court to allow it to file its Local Rule 56(a)(2) Statement in Opposition to the Martino Defendants' Motion for Summary Judgment ("Local Rule 56(a)(2) Statement") one day late. In support of this motion, Crown Theatres states as follows:

1. On May 20, 2004, Crown Theatres filed its Memorandum in Opposition to the Martino Defendants' Motion for Summary Judgment (the "Brief").

2. The Brief, and all documents to be filed in support of the Brief, were prepared by counsel in Chicago and sent electronically to counsel in Hartford for preparation and filing.

3. Although the Local Rule 56(a)(2) Statement was timely prepared, counsel in Chicago inadvertently failed to send it to counsel in Hartford for filing. When counsel

discovered this oversight, it was too late to file the Local Rule 56(a)(2) Statement with this Court.

    4.    Crown Theatres has served a copy of its Local Rule 56(a)(2) Statement by facsimile all parties to this action.

    5.    Crown Theatres now seeks leave to file its Local Rule 56(a)(2) Statement with this Court, a copy of which is attached as **Exhibit A**.

WHEREFORE , Crown Theatres respectfully requests that this Court grant it leave to file its Local Rule 56(a)(2) Statement one day late.

CROWN THEATRES, L.P.

By: _____

H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

Dated:  May 21, 2004

-3-

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of **Plaintiff Crown Theatres' Motion for Leave** by facsimile and by mailing a copy of the same by United States Mail, postage prepaid, this 21st day of May 2004, to the following:

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT  06107

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Avenue
Sixth Floor
White Plains, NY  10601

Robert M. Frost
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT  06601

_____
Jodi Zils Gagné