UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
CROWN THEATRES, L.P.,                                    Case No. 3:02 CV 2272 (AVC)

           Plaintiff,

    -against-

MILTON L. DALY, TAYLOR-LEIGH, INC.
ANNE E. DALY, JAMES C. CELLA, G.U.S.
DEVELOPMENT, INC., JAMES T. MARTINO,
JAMES THOMAS MARTINO ARCHITECT,
P.C. and RCD HUDSON, LLC,

           Defendants.
-----------------------------------------------------------X
JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECT, P.C.

           Third-Party Plaintiffs,

    - against –

B.B. CONSTRUCTION CONSULTANTS,            May 21, 2004
LTD., DAVID CLIFFORD, and GLENN
GARFINKEL,

           Third-Party Defendants.
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO CROWN THEATRE'S
MOTION FOR SUMMARY JUDGMENT ON THE MARTINO DEFENDANTS'
FIRST AND THIRD COUNTERCLAIMS**

    Defendants/Third-Party Plaintiffs James T. Martino ("Martino") and James Thomas Martino Architect, P.C. (the "Martino Firm") (hereinafter collectively referred to as the "Martino Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Crown Theatres L.P.'s Motion for Summary Judgment on the Martino Defendants' First and Third Counterclaims. For the reasons set forth below, the within motion should be denied in its entirety.

## REPLY STATEMENT OF FACTS

Crown's Second Amended Complaint alleges two counts (Counts VIII and IX) sounding in breach of contract and professional malpractice against the Martino Defendants. Specifically, Crown alleges that the Martino Defendants were negligent and breached its contract with Crown by: (1) failing to provide construction inspection of each of the projects and (2) certifying to Crown Theatres, without conducting on-site inspection or reviewing pertinent dates, that the work progressed as indicated in the payment applications, that the quality of the work was in accordance with the contract documents, and that the contractor was entitled to payment. *See* Crown's Second Amended Complaint at ¶¶ 247 and 251. The underlying bases for asserting the breach of contract and negligence claims against the Martino Defendants are identical.

In connection with the professional services performed by the Martino Defendants on the various projects, the Martino Defendants would submit a fee proposal to Milton Daly for his approval. The terms for the Martino Defendants' compensation were based a flat fee arrangement with any revisions and changes being billed at an additional hourly rate. (Deposition of James T. Martino at pp. 90-92). This type of flat fee arrangement typically is calculated by a negotiated percentage of the original construction costs. According to Martino, the Martino Firm was paid approximately 3% of the construction costs, which according to industry standards is low. (Deposition of James T. Martino at p. 229).

During the course of working for Crown, the Martino Defendants also rendered professional services to Crown on other projects, including Crown's New York office and Daniel Crown's, (Crown's chief executive officer) homes in New York and

Connecticut. The Martino Defendants prepared floor plans for the layout of a new office in the Seagram's building in Manhattan and attending several meetings (Deposition of James T. Martino at p. 437), valued at approximately $9,400.00. (The Martino Defendants' Interrogatory Answers at ¶6(5)). The Martino Defendants also did work for Daniel Crown's homes in New York and Connecticut. Specifically, the Martino Defendants provided consulting work in connection with a possible addition/expansion on the homes (Deposition of James T. Martino at p. 439-440), valued at approximately $3,290.00 and 1,880.00, respectively. (The Martino Defendants' Interrogatory Answers at ¶7). It is undisputed that Crown received the benefit of the professional services provided by the Martino Defendants and did not pay for the services. The Martino Defendants maintains that Crown owes it approximately $14,570.00 for work that was not rendered gratuitously. (Deposition of James T. Martino at p. 438).

## LEGAL ARGUMENTS

### CROWN IS NOT ENTITLED TO SUMMARY JUDGMENT ON THE MARTINO DEFENDANTS' FIRST AND THIRD COUNTERCLAIM

Crown seeks summary judgment on the Martino Defendants' First and Third Counterclaim, on the grounds that the First Counterclaim violates Fed. R. Civ. P. 8 for failure to plead by a "shore and plain statement of the claim" and that with respect to the Third Counterclaim, Crown had no expectation to pay for the professional services rendered by the Martino Defendants. As set forth below, Crown is not entitled to summary judgment as to the Martino Defendants' First and Third Counterclaim because there are genuine issues of material fact to be resolved at trial. Summary judgment is not appropriate when it would preclude a litigant from his right to jury trial to resolve all factual issues bearing significance on the outcome of the litigation. *See* Fed. R. Civ. P.

3

56. Summary Judgment is not proper when there is an issue of intent involved, such as in the case of whether Crown intended to pay for the professional services rendered by the Martino Defendants. Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Furthermore, all Crown has presented is its slanted and conclusory statements of facts, which is insufficient, as a matter of law, to sustain a motion for summary judgment.

A.  **The Martino Defendants' First Counterclaim is Compliant with Rule 8 of the Federal Rules of Civil Procedure.**

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading, which sets forth a claim for relief, either an original claim, counterclaim, cross-claim or third-party claim shall set for a statement of the claim and the relief sought. Fed. R. Civ. P. 8. Crown incorrectly asserts that the First Counterclaim violates Rule 8. The primary purpose of Rule 8 is to provide opposing party with adequate notice of what is being alleged. The First Counterclaim provides adequate notice to Crown as to the claim asserted by the Martino Defendants and that the Martino Defendants are entitled to relief. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999)(Plaintiffs do not have to file long complaints, plead facts or plead legal theories).

Rule 8 establishes the minimal standard for a pleading. Firstly, the First Counterclaim sets forth a "plain and short statement" of the claim, *i.e.* that if Crown sustained damages, as alleged in its Second Amended Complaint, those damages were caused by Crown's own culpable conduct and/or the conduct of its corporate officers, and therefore, should be imputed onto Crown. Hence, the counterclaim provides Crown with adequate notice of the allegations being asserted against them. Under Rule 8, a pleading does not need to contain a legal theory or an extensive pleading of the facts because other devices within the discovery process will serve to define the facts and issues. Wynder v.

McMahon, 360 F.3d 73 (2d Cir. 2004). The key factor in deciding whether to dismiss a pleading based on Rule 8 is "whether adequate notice is given." Wynder, 360 F.3d at 79 *citing* 2 James Wm. Moore et al., *Moore Federal Practice* §8.04[1] (3d Ed. 1999)("The rule is fashioned in the interest of fair and reasonable notice, not technicality."); Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103 (1957)(the Fed. R. Civ. P. does not require a claimant to set out in detail the facts upon which he bases his claim.) Crown received adequate notice as to the allegations being asserted by the Martino Defendants in their counterclaim.

In Wynder, supra, the Second Circuit held that notwithstanding the fact that the Court found Plaintiff's complaint a "model of neither clarity nor brevity, . . ., but it is sufficient to put the defendants on fair notice." Wynder, 360 F.3d at 79. The Second Circuit also defined "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." Wynder, supra, *citing* Simmons v. Abruzzo, 49 F3d 83, 86 (2d Cir. 1995)(internal quotations marks omitted); *See also* Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)(fair notice is judged by whether the complaint enables defendants "to answer and prepare for trial"). In fact, Crown in its motion papers actually admits that it had adequate notice of the Martino Defendants First Counterclaim.

The second prong of Rule 8 is that the "relief sought" is spelled out in the counterclaim. The counterclaim clearly states the relief being sought, *i.e.* apportionment of the verdict or judgment. Dismissal is only reserved for those cases where the pleading is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if

any, is well disguised." <u>Simmons</u>, at 86 *citing* <u>Salahuddin</u>, <u>supra</u>. <u>See</u> <u>also</u> Rule 8(f)(all pleadings shall be so construed as to do substantial justice); Rule 8(e)(a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation).

Crown is also incorrect in its assertion that both contribution and indemnification are affirmative defenses and cannot be raised as affirmative causes of action. At minimum, a cause of action for indemnification is proper affirmative claim. <u>See</u> *e.g.* <u>Burkert v. Petrol Plus of Naugatuck, Inc.</u>, 216 Conn. 65, 579 A2d. 26 (1990); <u>Atkinson v. Berloni</u>, 23 Conn.App. 325, 580 A.2d 84 (1990). Claims for contribution and indemnifications are frequently raised as third-party claims, which are similar to counterclaims. <u>Id.</u> The counterclaim is properly plead because it seeks recovery for the alleged conduct of Crown and/or its corporate officers, including Milton Daly, Glenn Garfinkel and David Clifford.

It has been repeatedly alleged that Crown and/or its corporate officers are liable as joint-tortfeasors to the Martino Defendants, thereby entitling the Martino Defendants to contribution, apportionment or indemnification. Not only are the actions of the Garfinkel and Clifford in approving and processing payment applications make them joint-tortfeasors to the same extent as the Martino Defendants for failing to "detect" the scheme, but, their participation would make them liable either in whole or in part to the Martino Defendants under theories of common-law indemnification, contribution and at a minimum entitle the Martino Defendants to an apportionment of liability and damages. Furthermore, the alleged conduct of Milton Daly, as a participant in the embezzlement,

6

would clearly entitle the Martino Defendants to contribution, indemnification or apportionment based on Daly's conduct. The key factor is that these individuals were corporate officers of Crown at the time of the alleged "wrongdoing," and their alleged is imputable to Crown.

Accordingly, the Martino Defendants' First Counterclaim meets the minimal threshold established by Rule 8 and their First Counterclaim should not be dismissed.

**B.    The Martino Defendants' did not perform the services underlying its third counterclaim gratuitously.**

Crown also moves for summary judgment on the Martino Defendants Third Counterclaim, which seeks to recover for professional services rendered to Crown on a theory of unjust enrichment. The elements of unjust enrichment are satisfied by the Martino Defendants. The Martino Defendants are entitled to restitution or the payment of monies owed when justice so requires. See Gagne v. Vaccaro, 255 Conn. 390, 401, 766 A.2d 412 (2001); United Coastal Industries, Inc. v. Clearheart Construction Co., 71 Conn.App. 506, 802 A.2d 901 (2002). Whether the Martino Defendants expected to be paid and whether Crown expected to pay are genuine questions of material facts reserved for the trier of fact and are not proper for resolution on summary judgment. Crown makes no allegation that the Martino Defendants did not establish the three-prong test for unjust enrichment. Crown alleges that the Third Counterclaim for unjust enrichment should be dismissed solely on the grounds that the Martino Defendants did not expect to be paid and Crown did not expect to pay for those services.

Crown misleads the Court as to several underlying facts in connection with the Martino Defendants' unjust enrichment claim. First, the Martino Defendants were not paid substantial fees for their work in connection with Crown's expansion program. In

7

fact, the Martino Defendants' ultimate fee was will below the prevailing industry standard. An architect's standard fee is generally calculated on a hourly bases or a flat fee determined by a percentage of the construction cost. In the matter at hand, the Martino Defendants were paid based on a percentage bases, *i.e.* approximately 3% of the original construction cost. (Deposition of James T. Martino at p. 229). For example, on the Jupiter project, which had a total construction cost of approximately $8.6 million dollars, the Martino Defendants' fee was only $216,000, which actually represents 2.5% of the construction costs. *See* Deposition of James. T. Martino at p. 230-231. Clearly, Crown is mistaken in is statement that the Martino Defendants were paid substantial fees in light of the entirety of the expansion programs. Second, Crown alleges that the "quantities of work involved were relatively insignificant." *See* Crown's Memorandum of Law at p. 9. The amount of monies Crown paid the Martino Defendants on other projects and the quantity of work performed are immaterial to the within claim. The basic principle is that the Martino Defendants rendered professional services to Crown for Crown's benefit, Crown did not pay for the benefit and it was to the detriment of the Martino Defendants.

The Martino Defendants also set forth the specific values for the work performed for the benefit of Crown in its Interrogatory Answers. *See* The Interrogatory Answers at ¶¶ 6 and 7. The work totaled approximately $14,570.00. There is no question as to the value of the professional services performed. Crown has never challenged that the work was performed or the value of the work. Furthermore, Martino during his deposition testified that Crown owed him money for the work performed (Deposition of James T. Martino at p. 437). Martino never told Crown that the work was for free. (Deposition of

James T. Martino at p. 438). As to the work performed for other individuals, this does not impact the Martino Defendants allegation that they are entitled to payment for work performed for the benefit of Crown. In conclusion, the Martino Defendants' counterclaim for unjust enrichment against Crown is sufficient as a matter of law because Crown received and retained a benefit, which came at the expense of the Martino Defendants. Fitzpatrick v. Scalzi, 72 Conn.App. 779, 786, 803 A.2d 593 (2002). At the very least, there are material questions of fact, as to whether the Martino Defendants expected payment from Crown and whether Crown expected to pay for the work performed for its benefit.

### IN THE ALTERNATIVE, THE MARTINO DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR FIRST AND THIRD COUNTERCLAIM

If the Court determines that the First and Third Counterclaims fail, it is respectfully requested that the Martino Defendants should be permitted to amend and/or supplement its Counterclaims. Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996)(A party may amend its pleadings as a matter of course anytime before a responsive pleading is served or, if a responsive pleading has been served, with the Court's permission); FRCP 15(a). The Martino Defendants' should be granted leave to amend, especially when the counterclaims state bona fide causes on its face. Simmons, supra. See also Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996)(Leave to amend is almost always granted to cure deficient fraud allegations); see e.g. Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476 (2d Cir. 1995)(court denied Fed. R. Civ. P 9(b) motion but ordered plaintiff to replead.)

## CONCLUSION

For the foregoing reasons, this Court should deny Crown's motion for summary judgment as to the First and Third Counterclaims in its entirety.

                                        Respectfully submitted

                                        JAMES T. MARTINO and JAMES
                                        THOMAS MARTINO ARCHITECT, P.C.

By: _____
       Mark Seiden, (CT 24637)
       Marisa Lanza (CT 24554)
       MILBER MAKRIS PLOUSADIS
       & SEIDEN, LLP
       108 Corporate Park Drive, Suite 200
       White Plains, New York 10604
       (914) 681-8700
       (914) 681-8709 – fax
       msedien@milbermakris.com
       mlanza@milbermakris.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and I a copy of the foregoing **Memorandum Of Law In Opposition to Crown Theatre's Motion For Summary Judgment On The Martino Defendants' First and Third Counterclaims** was served by first class mail, postage prepaid, on all counsel of record in this action on the 21st day of May 2004, upon:

Craig C. Martin, Esq.
Lawrence S. Schaner, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611

H. James Pickerstein, Esq.
Jodi Zils Gagne, Esq.
Pepe & Hazard, LLP
30 Jelliff Lane
Southport, CT 06490

Kerry M. Wisser, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

Robert M. Frost
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601

_____
Marisa Lanza