UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
CROWN THEATRES, L.P.,                                            Case No.  3:02 CV 2272 (AVC)

          Plaintiff,

  -against-

MILTON L. DALY, TAYLOR-LEIGH, INC.
ANNE E. DALY, JAMES C. CELLA, G.U.S.
DEVELOPMENT, INC., JAMES T. MARTINO,
JAMES THOMAS MARTINO ARCHITECT,
P.C. and RCD HUDSON, LLC,

          Defendants.
---------------------------------------------------------------X
JAMES T. MARTINO and JAMES THOMAS
MARTINO ARCHITECT, P.C.

          Third-Party Plaintiffs,

  - against –

B.B. CONSTRUCTION CONSULTANTS,                                   May 21, 2004
LTD., DAVID CLIFFORD, and GLENN
GARFINKEL,

          Third-Party Defendants.
---------------------------------------------------------------X

## LOCAL RULE 56(a)(2) STATEMENT

In opposition to Plaintiff's Motion for Summary Judgment on the Martino Defendants' First and Third Counterclaims, dated April 30, 2004, the Defendants James T. Martino and James Thomas Martino Architects, P.C., hereby responds by filing this Statement pursuant to Local Rule 56(a)(2):

    1.    Denied, in that James Thomas Martino Architects, P.C. was retained by Crown Theatres to provide architectural services from 1996 to 2001 in connection with approximately

15 theatres (The Martino Defendants' Answer to Crown Theatres' Second Amended Complaint at ¶2; Deposition of James T. Martino at pp. 253-254).

2. Admitted.

3. Denied, in that the Martino Defendants' fees were based on approximately 3% of the original construction costs (Deposition of James T. Martino at pp. 229-231) and for the period of 1996-2001, Crown Theatres was the James Thomas Martino Architects, P.C.'s "most important client." (Deposition of James T. Martino at p. 25).

4. Admitted.

5. Denied, in that the Martino Defendants did provide architectural and consulting services for Mr. Crown's New York home, valued at approximately $3,290.00. (Deposition of James T. Martino at p. 439 and The Martino Defendants' Interrogatory Answers at ¶7). The Martino Defendants did not perform the work for free. (Deposition of James T. Martino at pp. 436-438).

6. The first sentence is denied, in that the Martino Defendants rendered consultation services for a possible additional or expansion being considered by Mr. Crown in connection with his Connecticut home. (Deposition of James T. Martino at p. 439). The remaining portion of the paragraph is admitted as to the value of the work performed by the Martino Defendants.

7. Admitted, however clarified to the extent that the Martino also testified that Mr. Crown owes money for work performed on Mr. Crown's homes in Connecticut and New York. (Deposition of James T. Martino at p. 440).

8. Admitted, however clarified to the extent that the Martino Defendants preformed other architectural services on behalf of Crown Theatres for its New York office in addition to what he could recall during his deposition. (Deposition of James T. Martino at p. 437).

9. Admitted, however clarified to the extent that Crown owes money for professional services rendered by the Martino Defendants on behalf of Crown for its New York office (Deposition of James T. Martino at p. 436-437) and that the Martino Defendants did not perform the work without the expectation of receiving payment. (Deposition of James T. Martino at p. 436-438).

10. Admitted, however clarified to the extent that the Martino Defendants performed other architectural services on behalf of Milton Daly for his home in addition to what he could recall during his deposition. (Deposition of James T. Martin at p. 441). Furthermore, the Martino Defendants are unable to provide a response to the portions of the paragraphs as they relate to Anne E. Daly.

11. Admitted, however clarified to the extent that the Martino Defendants performed other architectural services on behalf of David Clifford for his home in addition to what he could recall during his deposition (Deposition of James T. Martin at p. 433) and David Clifford owes money for professional services rendered by the Martino Defendants. (Deposition of James T. Martino at p.432 and 436-437).

12. Admitted, however clarified to the extent that the Martino Defendants performed other architectural services on behalf of Glenn Garfinkel for his home in addition to what he could recall during his deposition (Deposition of James T. Martin at p. 435) and Glenn Garfinkel owes money for professional services rendered by the Martino Defendants. (Deposition of James T. Martino at p.434).

13. Admitted.

## **Disputed Issues of Material Fact**

Crown's motion for summary judgment on the First and Third Counterclaim fails, as a matter of law, and summary judgment is not proper. There are numerous issues in dispute prohibiting the granting of summary judgment. First, the Martino Defendants have satisfied the elements for an unjust enrichment on the Third Counterclaim. There are material questions of facts as to whether the Martino Defendants expected to be paid for the professional architectural services they rendered for the benefit of Crown and whether Crown expected to pay for these services. Since there are genuine questions of material facts reserved for the trier of fact and are not proper for resolution on summary judgment. Crown also provided a tilted and conclusory fact scenario. Specifically, that the Martino Defendants were not paid substantial fees for their work in connection with Crown's expansion project, when in fact the Martino Defendants were paid on a percentage base of the total construction costs, approximately 2-3%, which according to industry standards is low. Crown is also incorrect in its reliance on the fact that the quantities of work involved were relatively insignificant and therefore the Third Counterclaim is insufficient. The quantity of work has no bearing on whether the Martino Defendants are entitled to payment for rendering professional services.

Furthermore, Crown seeks dismissal on the Martino Defendants' First Counterclaim on the grounds that Crown was not provided adequate notice of what is being alleged in violation of Rule 8 of the Federal Rules of Civil Procedure. The counterclaim clearly provides Crown with adequate notice of the allegations being asserted against them and what relief is being sought. Under Rule 8, a pleading does not need to contain a legal theory or an extensive pleading of the facts to satisfy the minimal requirement of Rule 8. The First Counterclaim alleges that Crown and/or its corporate officers are liable as joint-tortfeasors that will be imputed to Crown. Clearly,

there are numerous questions of facts are reserved for the trier of fact and improper to be resolved by summary judgment. A more detailed analysis is set forth in the Martino Defendants' Memorandum of Law in Opposition to Crown's Motion for Summary Judgment filed in regards to the pending motion.

                                    RESPECTFULLY SUBMITTED,

                                    DEFENDANTS/THIRD-PARTY PLAINTIFFS JAMES T. MARTINO and JAMES THOMAS MARTINO ARCHITECTS, P.C.

By: _____
      Mark Seiden (ct 24637)
      Marisa Lanza (ct 24554)
      MILBER MAKRIS PLOUSADIS
      & SEIDEN, LLP
      3 Barker Avenue, 6th Floor
      White Plains, New York 10604
      (914) 681-8700
      (914) 681-8709 (fax)
      mseiden@milbermakris.com
      mlanza@milbermakris.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and I a copy of the foregoing **Local Rule 56(a)(2) Statement** was served by first class mail, postage prepaid, on all counsel of record in this action on the 21st day of May 2004, upon:

Craig C. Martin, Esq.
Lawrence S. Schaner, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611

H. James Pickerstein, Esq.
Jodi Zils Gagne, Esq.
Pepe & Hazard, LLP
30 Jelliff Lane
Southport, CT 06490

Kerry M. Wisser, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107

Robert M. Frost
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd
P.O. Box 1740
Bridgeport, CT 06601

_____
Marisa Lanza

2