# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | FEBRUARY 18, 2004 |
| Defendants. | : | |

## AFFIDAVIT OF ANNE DALY

Comes now ANNE DALY, who, having been duly sworn, deposes and says as follows:

1. I am over the age of eighteen years.

2. I understand and believe in the obligations of an oath.

3. All statements set forth in this affidavit are based on my personal knowledge.

4. I am aware of the existence of Taylor-Leigh, Inc., a corporation in which my husband, Milton Daly, has an interest. I have been told by my husband, Milton Daly, that I am the Secretary of Taylor-Leigh, Inc., but I have never exercised any control over any of its corporate, business or financial activities.

5. Odyssey Entertainment, LLC ("Odyssey") is a business entity in which my husband, Milton Daly, has an interest. However, I have no legal or financial interest in Odyssey, and I have never been involved in any of its corporate, business or financial activities, other than as a creditor.

6. The Raymond James Financial Services, Inc. account, referred to as the "Investment Account" in the Second Amended Complaint, at all times was a joint account in my husband's name and in my name. However, I had no involvement with the funds in that account, and I exercised no control over the management or disposition of any funds in that account.

7. Over the years, my husband, Milton Daly, has had accounts at Fleet Bank in Connecticut, which accounts were maintained jointly in his name and in my name. Those joint accounts are referred to as the "Fleet Accounts" in the Second Amended Complaint. With one exception, my I have had almost no involvement with the funds in those accounts, and I have exercised no control over the management or disposition of any funds in those accounts other than to write occasional checks for nominal sums to pay for groceries, some clothing and other small purchases. That one exception is as follows. When my husband and I moved from Connecticut to Georgia, I was given a check for $325,000, which represented the balance of the funds in the Fleet Accounts. That check was then used in its entirety to open a similar joint account in Georgia in the names of both Milton Daly and Anne Daly. I have had no involvement with the funds in that Georgia account and has exercised no control over the management or disposition of any funds in that account.

8. I have been told by my husband, Milton Daly, that there is a promissory note between Odyssey Entertainment, LLC as the borrower, and both myself and my

husband as the lenders (the "Odyssey Note"). The Odyssey Note is payable in monthly installments jointly to both Milton Daly and myself. Thus, all periodic payments under the Odyssey Note are payable to either, or both, Milton Daly or Anne Daly. I have received five monthly payments on the Odyssey Note, which payments totaled $91,467. Those are the only monies that I have received from Odyssey, with the exception of a payment of around $84,000 in December of 2002.

9. Sometime in 2001, my husband, Milton Daly, told me that he had a problem with, and that he was going to be sued by, Crown Theatres, L.P. However, I was not then, or at any other time until I was sued in this case, informed that Crown Theatres, L.P. claimed an interest in any funds of Taylor-Leigh, Inc., or that improper proceeds from the business of Crown Theatres, L.P. were the source of any funds of Taylor-Leigh, Inc. as is alleged by Crown Theatres, L.P. in this action.

_____
ANNE DALY

Sworn to and subscribed before me
this _____ day of February, 2004

_____
Notary Public
My commission expires: My Commission Expires 10-25-05

3