UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | June 14, 2004 |
| JAMES T. MARTINO AND JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | |

### CROWN THEATRES' MEMORANDUM IN OPPOSITION TO DEFENDANTS MILTON L. DALY AND TAYLOR-LEIGH, INC.'S <u>MOTION TO STRIKE SUMMARY JUDGMENT MATERIALS</u>

The motion to strike filed by Milton Daly and Taylor-Leigh, Inc. (collectively, "Daly"), is a virtual carbon copy of defendant Anne Daly's Motion to Strike Summary Judgment Affidavit ("Anne Daly Motion"). In each case, the moving parties seek to strike the exact same declaration of Crown Theatres' expert forensic accountant. Daly's motion also seeks to strike the expert's updated damages calculations. Daly's motion should be denied for the same reasons this Court should deny the Anne Daly Motion.

### <u>ARGUMENT</u>

Crown Theatres will not burden this Court with a rehash of the arguments in its opposition to the Anne Daly Motion. Instead, Crown Theatres hereby incorporates by reference its Memorandum in Opposition to Defendant Anne Daly's Motion to Strike Summary Judgment Affidavit ("Crown Theatres' Opposition Brief"), filed May 28, 2004. As shown in Crown Theatres' Opposition Brief, Daly's motion lacks merit for the following reasons:

1. The declaration of Frederick (Kip) Hamilton is not a new expert report. The opinions it expresses are the same as those to which he testified at the prejudgment remedy hearing in September 2003, and which are set out in his expert report served on September 30, 2003. Moreover, the bulk of the declaration merely sets forth facts that could be introduced into evidence with or without Mr. Hamilton, such as descriptions of checks written by the Dalys.

2. The Federal Rules of Civil Procedure permit – indeed, they require – experts to supplement their reports. See Fed. R. Civ. P. 26(e)(1). The deadline for supplementing expert reports is the date on which the parties' Rule 26(a)(3) disclosures are due. In this case, the deadline for submitting such disclosures is August 31, 2004. Thus, if the declaration is a supplemental report, it is timely.

3. The declaration does not violate this Court's scheduling order. There is nothing in the scheduling order that prohibits supplementation of expert reports. Also, Crown Theatres fully complied with the order by the timely submission of its expert reports.

4. Even were Mr. Hamilton's declaration an untimely expert report (which it is not), exclusion would not be warranted because Daly has not shown that he is prejudiced by the report, that any potential prejudice could not be cured, or that there was any bad faith or willfulness in failing to comply with any order of this Court.

Furthermore, Daly's motion is a red-herring because Crown Theatres' motion for summary judgment against Daly and Taylor-Leigh does not depend on either the Hamilton declaration or the updated damages analysis (which Daly refers to as the "Kroll Zolfo Cooper Updated Analysis"). The declaration merely provides additional details regarding the manner in which the Dalys transferred the stolen funds between bank accounts and investments, and the

uses to which the funds were put. It shows, for example, that Anne Daly personally wrote over 1,100 checks, on four different accounts, and that both Dalys expended the funds on purchases that benefited themselves and the rest of their family. The declaration demonstrates that Anne Daly's claim to only have written "occasional checks for nominal sums" was inaccurate – an issue relevant to Anne Daly's motion for summary judgment. While the declaration provides helpful background to this Court regarding Crown Theatres' motion for summary judgment as to Daly and Taylor-Leigh, it is in no way essential to the motion.

Daly's assault on the updated damages analysis is even less justified. Crown Theatres expressly stated in its brief that it was not relying on this <u>newly-obtained information</u> for purposes of its motion for summary judgment:

> Recently discovered documents disclose that the amount misappropriated from Crown Theatres, in fact, exceeds $6.9 million, approximately $900,000 more than was earlier believed. (Updated Kroll Analysis, attached hereto as Exhibit H.) If this matter proceeds to trial, Crown Theatres will be prepared to prove damages using the $6.9 million figure. However, for the purposes of this motion and to eliminate possible factual disputes, Crown Theatres assumes that the amount taken was $6.016 million. Daly and Beacher each admit that at least $6 million was wrongfully taken. (Daly Dep. II at 207; Beacher Dep. at 14.)

(Crown Theatres' Mem. in Support of Mot. for Summ. J., filed April 30, 2004, at 4 n. 5.) At bottom, Daly's motion to strike is an attempt to create false issues and deflect attention away from the undisputed facts which show that summary judgment should be entered against him.

## CONCLUSION

For the foregoing reasons, the motion of defendants Milton L. Daly and Taylor-Leigh, Inc. to Strike Summary Judgment Materials should be denied.

Respectfully submitted,

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK, LLC
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

Dated: June 14, 2004

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of **Plaintiff Crown Theatres' Memorandum in Opposition to Defendants Milton L. Daly and Taylor-Leigh, Inc.'s Motion to Strike Summary Judgment Materials** by facsimile and by mailing a copy of the same by United States Mail, postage prepaid, to the following:

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT 06107

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Avenue
Sixth Floor
White Plains, NY 10601

Robert M. Frost
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601

_____
Jodi Zils Gagné

Dated: June 14, 2004