UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 JUN 14 P 3: 16
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| CROWN THEATRES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | June 14, 2004 |
| JAMES T. MARTINO AND JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | |

**CROWN THEATRES' REPLY TO THE MARTINO DEFENDANTS'
OPPOSITION TO CROWN THEATRES' MOTION FOR SUMMARY JUDGMENT ON
THE MARTINO DEFENDANTS' FIRST AND THIRD COUNTERCLAIMS**

In response to plaintiff Crown Theatres, L.P.'s motion for summary judgment, defendants James T. Martino ("Martino") and James Thomas Martino, P.C., (collectively, the "Martino Defendants") attempt to salvage their First and Third Counterclaims essentially by restating them, misstating them, and arguing topics not at issue. Even with an attempted rewrite, the First Counterclaim remains hopelessly garbled in violation of Fed. R. Civ. P. 8, and, in any event, it does not state a claim that may be asserted properly against Crown Theatres. As to the Third Counterclaim, which alleges unjust enrichment, the Martino Defendants remain unable to point to any evidence that there was an expectation of payment for the "services" Martino allegedly performed for Crown Theatres and Daniel Crown. In addition, the Martino Defendants make no response to the point that Crown Theatres cannot be held liable for services performed for Daniel Crown personally.

JZG/32310/2/682795v1
06/14/04-HRT/

The Martino Defendants ask for leave to amend their claims, but any amendment would be futile. This Court should instead grant summary judgment against the Martino Defendants on their deficient counterclaims.

## ARGUMENT

### I. THE FIRST COUNTERCLAIM, EVEN WITH THE MARTINO DEFENDANTS' GENEROUS GLOSS, REMAINS UNDECIPHERABLE AND, IN ANY EVENT, DOES NOT STATE A VALID CLAIM.

In its opening brief, Crown Theatres showed that the First Counterclaim is hopelessly ambiguous such that it violates Rule 8's requirement of a "short and plain statement of the claim." Fed. R. Civ. P. 8(a). The Martino Defendants respond by attempting to revise their garbled counterclaim and pass the revision off as a restatement of the original:

> [T]he First Counterclaim sets forth a "plain and short statement" of the claim, *i.e.* that if Crown sustained damages, as alleged in its Second Amended Complaint, those damages were caused by Crown's own culpable conduct and/or the conduct of its corporate officers, and therefore, should be imputed onto Crown.

(Martino Defs.' Opp'n Pl.'s Mot. Summ. J. at 4.) This reading does not fairly represent what the First Counterclaim says. The actual counterclaim, though significantly longer, makes no mention of Crown Theatres' corporate officers nor does it state that the conduct of those officers "should be imputed onto Crown." But even the Martino Defendants' generous gloss on their First Counterclaim fails to identify what claim they are attempting to put forward. A liberal reading suggests that they are pleading contributory negligence. Of course, it is well-settled that contributory negligence is not a claim but an affirmative defense. See Fed. R. Civ. P. 8(c). Such mislabeled counterclaims should be dismissed. See Alton Mem'l Hosp. v. Metro. Life Ins. Co., 656 F.2d 245, 250 (7th Cir. 1981) (affirming dismissal of counterclaim that pleaded contributory negligence).

Even if the First Counterclaim is construed as seeking contribution or indemnification, such claims are plainly inapplicable as against Crown Theatres. The Martino Defendants insist that these affirmative claims are the proper subject of a counterclaim. In so doing, they mistake claims that can be brought against third parties or codefendants for claims that can be brought against the plaintiff. Contribution is the apportionment of the loss among tortfeasors, and indemnification shifts the entire loss from one tortfeasor to another. See Ingham v. Eastern Air Lines, Inc., 373 F.2d 227, 240 n.12 (2d Cir. 1967). Therefore, a contribution defendant must be "originally liable to the plaintiff," and a claim of common law indemnification is valid "only against another liable tortfeasor." Crotta v. Home Depot, Inc., 249 Conn. 634, 640, 642, 732 A.2d 767, 771, 772 (1999) (emphasis in original).

The Martino Defendants cite no contrary authority, arguing instead that third-party claims "are similar to counterclaims." (Martino Defs.' Opp'n Pl.'s Mot. Summ. J. at 6.) Aside from the trivial point that both are "claims," the supposed similarity between third-party claims and counterclaims remains elusive; they are brought against different parties. The Martino Defendants neglect this crucial point. For example, they assert, not for the first time, that Glenn Garfinkel and David Clifford, both of whom were employed by Crown Theatres, are joint-tortfeasors. (Id.) However, these are the same third-party claims that this Court previously dismissed. (Order of March 31, 2004.) The Martino Defendants may not resurrect their failed third-party claims by asserting them now against the plaintiff.

In sum, to the extent that the First Counterclaim alleges that Crown Theatres is responsible in some measure for its own injuries, it improperly pleads an affirmative defense as a counterclaim. To the extent that it alleges that a third party or a codefendant is responsible, the claim, not surprisingly, is only proper against a third party or a codefendant. Obviously, Crown

Theatres is neither.[1] The First Counterclaim therefore does not state a valid claim and summary judgment should be granted.

II. **SUMMARY JUDGMENT SHOULD BE GRANTED ON THE THIRD COUNTERCLAIM, WHICH ALLEGES UNJUST ENRICHMENT, BECAUSE CROWN THEATRES WAS NOT BENEFITTED BY WORK PERFORMED FOR DANIEL CROWN, AND THE MARTINO DEFENDANTS HAVE ALLEGED NO FACTS DEMONSTRATING AN EXPECTATION OF PAYMENT.**

The Third Counterclaim alleges unjust enrichment against Crown Theatres based on work that Martino performed on two of Daniel Crown's residences and on Crown Theatres' new offices. Crown Theatres argued in its opening brief that it could not be held liable for work performed for Daniel Crown personally. (Pl.'s Mem. Supp. Mot. Summ. J. at 9-10.) The Martino Defendants make no response to this argument. In any event, Crown Theatres showed that there was no evidence of any expectation of payment for Martino's services. The undisputed facts show that Martino never asked to be paid for the work, that he never submitted a bill for the work, and that he routinely performed similar work for free for others. Martino denies none of this.

Moreover, the Martino Defendants do not respond to authorities cited in Crown Theatres' opening brief holding that where a plaintiff seeks compensation on a theory of unjust enrichment for services rendered, it is essential to show that the services were rendered under circumstances indicating that the party receiving the benefit "expected, or at least ought to have

---

[1] In any event, the notion that the defendants' scheme to steal millions from Crown Theatres can be imputed to Crown Theatres is absurd. Corporations are generally liable only for the authorized or ratified acts of their agents. See Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 504-05, 656 A.2d 1009, 1023-24 (1995). At a minimum, the agent's actions must have been undertaken on behalf of the corporation. See id. Milton Daly was not acting on behalf of Crown Theatres when he embezzled from the company. Furthermore, Crown Theatres cannot be held vicariously liable on a theory of respondeat superior, because Milton Daly's actions were not within the scope of his employment; they were undertaken for his own interest and not the interest of the company. See id., 232 Conn. at 500-01, 656 A.2d at 1021.

4

expected, that they were to be paid for." Conners v. Wilkinson, 34 Conn. Supp. 270, 274, 387 A.2d 568, 571 (C.P. 1978) (quoting State v. Newman, 140 Conn. 214, 218, 99 A.2d 110, 112 (1953)). Summary judgment is proper where no such circumstances are alleged. See Bloomgarden v. Coyer, 479 F.2d 201, 210-12 (D.C. Cir. 1973).

Bloomgarden is directly on point. In that case, the plaintiff sought to recover a finder's fee for services leading to the inauguration of an enterprise to develop property. Id. at 204. The court affirmed summary judgment against the plaintiff because "[t]here simply was no basis on which a jury could rationally find that . . . he entertained any thought of a finder's fee for himself, or that those with whom he dealt held the payment of such a fee in prospect." Id. at 212. Contrary to the Martino Defendants' assertion, "it is not enough for the plaintiff to prove merely that he has conferred an advantage upon the defendant, but he must demonstrate that retention of the benefit without compensating the one who conferred it is unjustified." Id. at 211. The element of injustice is not shown where the plaintiff relies on a mere "uncommunicated expectation of remuneration" and the defendant "could not reasonably have supposed" that he contemplated payment. Id. at 212.

The Martino Defendants propose to state a claim for unjust enrichment without alleging any facts to show that Crown Theatres' retention of the benefit was unjust. Martino never submitted a bill, never asked for payment and routinely performed small projects for friends and clients without seeking or receiving remuneration. It was only after Crown Theatres filed suit against the Martino Defendants that they, for the first time, asserted that Crown Theatres should be required to pay for the alleged services. The claim is therefore insufficient as a matter of law, and summary judgment should be granted. See Fitzpatrick v. Scalzi, 72 Conn.

App. 779, 786-87, 806 A.2d 593, 599 (2002) (holding that plaintiffs claiming unjust enrichment must prove that "that the defendants unjustly did not pay the plaintiffs for the benefits").

### III. THE MARTINO DEFENDNATS SHOULD NOT BE GRANTED LEAVE TO AMEND THEIR COUNTERCLAIMS, BECAUSE AMENDMENT WOULD BE FUTILE.

Leave to amend the counterclaims should be denied. Amendment would be futile with respect to the First Counterclaim, because contribution or indemnification no matter how they are pleaded will not be viable claims against Crown Theatres. As to the Third Counterclaim, Martino's admissions that he never sought payment for the services that he performed, that he never submitted a bill, and that he routinely performed such services for free for others, are fatal to his claim of unjust enrichment. See Van Buskirk v. N.Y. Times Co., 325 F.3d 87, 91-92 (2d Cir. 2003) (affirming the district court's dismissal of a claim with prejudice where amendment would have been futile).

### CONCLUSION

For the reasons set forth above and in its opening brief, summary judgment should be granted against the Martino Defendants on their First and Third Counterclaims.

Respectfully submitted,

CROWN THEATRES, L.P.

By: _____
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK, LLC
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

Dated: June 14, 2004

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of **Plaintiff Crown Theatres' Reply to the Martino Defendants' Opposition to Crown Theatres' Motion for Summary Judgment on the Martino Defendants' First and Third Counterclaims** by facsimile and by mailing a copy of the same by United States Mail, postage prepaid, to the following:

> Kerry M. Wisser
> Weinstein & Wisser, P.C.
> 29 South Main Street
> Suite 207
> West Hartford, CT  06107
>
> Mark Seiden
> Marisa Lanza
> Milber, Makris, Plousadis & Seiden, L.L.P.
> 3 Barker Avenue
> Sixth Floor
> White Plains, NY  10601
>
> Robert M. Frost
> Zeldes, Needle & Cooper, P.C.
> 1000 Lafayette Blvd.
> P.O. Box 1740
> Bridgeport, CT  06601

_____
Jodi Zils Gagné

Dated:  June 14, 2004