UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CROWN THEATERS, L.P.,           :
    Plaintiff,                  :
                                :
v.                              :   Civil No. 3:02CV02272(AVC)
                                :
MILTON L. DALY, ET AL.,         :
    Defendant.                  :

### ORDER:

This is an action for damages, brought, in part, pursuant to the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. § 52-552a, and common law tenets concerning conversion and unjust enrichment. In relevant part, the plaintiff, Crown Theaters, L.P. ("Crown"), alleges that a defendant, one Milton Daly, a former officer of Crown, embezzled approximately six million dollars from Crown during the term of his employment at Crown. Crown further alleges that an additional defendant, one Anne Daly, Milton Daly's wife, benefitted from Milton Daly's tortious conduct and is therefore liable in her own regard.

On February 24, 2004, Anne Daly filed a motion for summary judgment (document no. 102), pursuant to Fed. R. Civ. P. 56, contending that Crown has failed to raise an issue of material fact and therefore that she is entitled to judgment as a matter of law. For its part, Crown has filed a cross motion for summary judgment (document no. 120) against Anne Daly, contending that the undisputed facts establish that Crown is entitled to judgment with regard to its causes of action for conversion and unjust enrichment.

Having reviewed the parties' submissions and the relevant law, the court concludes that issues of material fact exist and therefore that the motions for summary judgment should be denied. The principal issue presented by the motions for summary judgment is whether Anne Daly exercised control over and benefitted from the funds that Miltion Daly embezzled from Crown. In this regard, there is conflicting evidence. For example, although Anne Daly has filed an affidavit indicating that she exercised no control over and did not benefit from the funds at issue, Crown has submitted evidence, including checks signed by Anne Daly that were drawn on embezzled funds, which indicate otherwise. In light of this conflicting evidence, the motions for summary judgment (documents no. 102 & 120) are DENIED. See <u>Langman Fabrics v. Graff Californiawear, Inc.</u>, 160 F.3d 106, 115-16 (2d Cir. 1998) (conflicting evidence precludes summary judgment).

It is so ordered this 18th day of August, 2004, at Hartford, Connecticut.

Alfred V. Covello
United States District Judge