**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

-----------------------------------------------------------X

CROWN THEATRES, L.P., Case No. 3:02 CV 2272 (AVC)

Plaintiff,

-against-

MILTON L. DALY, TAYLOR-LEIGH, INC., ANNE DALY, JAMES C. CELLA, G.U.S. DEVELOPMENT, INC., JAMES T. MARTINO, JAMES THOMAS MARTINO, ARCHITECT, P.C. and RCD HUDSON, LLC,

Defendants.

-----------------------------------------------------------X

JAMES T. MARTINO and JAMES THOMAS MARTINO, ARCHITECT, P.C.

Third-Party Plaintiffs,

- against –

B.B. CONSTRUCTION CONSULTANTS, LTD., DAVID CLIFFORD, and GLENN GARFINKEL,

Third-Party Defendants

-----------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE <u>AMENDED THIRD-PARTY COMPLAINT</u>**

Defendants/Third-Party Plaintiffs, James T. Martino and James Thomas Martino Architect, P.C. (hereinafter collectively referred to as the "Martino Defendants"), respectfully submit this memorandum of law in opposition to Third-Party Defendants, Glenn Garfinkel (hereinafter "Garfinkel") and David Clifford's (hereinafter "Clifford's") (hereinafter collectively referred to as "Third-Party Defendants"), Motion to Dismiss the Amended Third-Party Complaint pursuant to Rules 12(b)(6), 14 and 18 of the Federal Rules of Civil Procedure

("FRCP"). For the reasons set forth below, Third-Party Defendants' motion should be denied in its entirety.

**PRELIMINARY STATEMENT**

Third-Party Defendants cite four reasons why the Amended Third-Party Complaint should be dismissed. First, they assert that no cause of action for indemnification exists against individual officers of Crown Theatres. Second, that the allegations are duplicative of the Martino Defendants' affirmative defenses and counterclaim set forth in its Answer. Third, that the claim for negligence is not properly pled; and fourth that the claim for unjust enrichment is improper because, absent the remaining causes of action there is no basis for an impleader.

Third-Party Defendants' motion to dismiss should be denied in its entirety. The Amended Third-Party Complaint is sufficient as a matter of law and sets forth cognizable claims against Third-Party Defendants for the following reasons:

- The Amended Third-Party Complaint is sufficient, as a matter of law, in that it provides Third-Party Defendants with fair notice of the claim. FRCP Rule 8(c) does not require that the allegations of common law indemnification, contribution and negligence be pled with specific facts.
- The issue of whether the alleged conduct of the Third-Party Defendants was outside the scope of their relationship with Crown and whether their conduct will be imputed to the Plaintiff has not yet been decided. Therefore, the Amended Third-Party Complaint is not duplicative of the allegations contained within the Martino Defendants' affirmative defenses.

- The Third-Party Defendants' conduct in approving and processing the payment applications would make them joint-tortfeasors to the same extent as alleged against the Martino Defendants. Therefore, their participation in reviewing and approving the alleged fraudulent pay applications would make them liable either in whole or in part to the Martino Defendants. As such, the Martino Defendants have standing to assert a third-party claim for negligence.
- Under FRCP 18(a), the claims set forth in Counts VI and VII for unjust enrichment are properly joined in this impleader, since the Martino Defendants have asserted a legally sufficient impleader action.

A motion for failure to state a cause of action cannot be used to resolve factual issues or the merits of the case. A dismissal motion is inappropriate unless the pleadings on their face show, beyond doubt, that the party cannot prove any set of facts that would entitle it to relief. Garrett v. Commonwealth Mortg. Co., 938 F.2d 591 (5th Cir. 1991). Furthermore, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint but challenges the party's right to any relief based on those facts. Crowe v. Henry, 43 F.3d. 198 (5th Cir. 1995). The issue is not whether a party will ultimately prevail but whether the plaintiff is entitled to offer evidence to support its claims. Doe v. Hillsboro Independent School District, 81 F.3d 1395 (5th Cir. 1996). FRCP Rule 8 summarizes the liberal and simplified pleadings system enacted by the Federal Courts. As long as the pleading gives fair notice of the claim it is

sufficient, as a matter of law, and the pleading should not be dismissed pursuant to FRCP Rule 12(b)(6). Swierkieqicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002).

## ARGUMENT

### POINT I

### THE AMENDED THIRD-PARTY COMPLAINT STATE A VIABLE CAUSE OF ACTION FOR COMMON LAW INDEMNITY

Third-Party Defendants seek to dismiss Count I of the Amended Third-Party Complaint pursuant to FRCP Rule 12(b)(6) because it fails to pled facts required to state a claim for common law indemnity. The Third-Party Defendants entire argument rests upon the mistaken assumption that elements of indemnity must be plead with specificity. There is no such requirement in the Federal Rules of Civil Procedure. The Federal Rules only require a short and plain statement of the claim so that the parties have fair notice of the claim.

FRCP 8(a) provides that all pleadings that set forth a claim for relief, whether in an original claim, counterclaim, cross-claim or third party claim shall contain:

> (1) A short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

The Amended Third-Party Complaint contains a short and plain statement of the claim and a demand for judgment sufficient to put the Third-Party Defendants on fair notice of the allegation.

In Swierkieqicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002), the Supreme Court reaffirmed that a complaint adequately states a claim when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 995 (quoting FRCP

8(a)(2)); *See also* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993). "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim," Id at. 999, that "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id at 998. Therefore, as long as the complaint gives "fair notice of what the Plaintiff's claim is and the grounds upon which it rests" it is sufficient and should not be dismissed upon a Rule 12(b)(6) motion. Third-Party Defendants have not alleged nor can they allege that they are unaware of the allegations against them. Both the Martino Defendants and Third-Party Defendants may and have used the discovery process to define and dispute the underlying facts presented in the cause of action. The Third-Party Complaint is not the appropriate vehicle to address these issues. *See* Swierkieqicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002).

The Court should not go beyond the requirements set forth in FRCP 8(a) in determining whether the allegations state a cause of action. A motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to FRCP 12(b)(6), should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957)(footnote omitted). In deciding a motion to dismiss, a court must assume all factual allegations in the complaint to be true and must draw any reasonable inference in favor of the non-moving party. *See Wright & Miller*, Federal Practice & Procedure § 1357 (1990). Dismissal for failure to state a claim is generally disfavored by the courts. Id. However unlikely it may appear to a Court that a party will ultimately succeed is not sufficient to dismiss a claim or require the party to supplement his pleadings with additional facts supporting his claim. Phelps v. Kapnolas, 308 F.3d 180 (2d Cir.

2002). Accordingly, the within motion is improper to resolve the issue of whether the Martino Defendants can produce sufficient evidence to prevail on the cause of action for indemnity.

The Martino Defendants have pled each and every element of a viable cause of action for indemnity. The Martino Defendants set forth how the Third-Party Defendants were negligent (*See* Amended Third-Party Complaint at ¶ 13)[1]; that the negligence was the direct and immediate cause of the injury (*See* Amended Third-Party Complaint at ¶¶14 & 15); that the Third-Party Defendants were in control of the situation as officers of Crown (*See* Amended Third-Party Complaint at ¶¶15 & 16); and, finally, that the Martino Defendants did not know of their negligence and could reasonably rely upon them to not be negligent (*See* Amended Third-Party Complaint at ¶17).

The Amended Third-Party Complaint is neither general nor conclusory and advances support sufficient to entitle them to the relief demanded. It would be improper for the Court to dismiss the Martino Defendants' Amended Third-Party Complaint for failing to set forth additional and unnecessary facts not required by the Federal Rules. In short, the Martino Defendants should be entitled to present evidence at trial (not in its Third-Party Complaint) to support their claim for indemnification against the Third-Party Defendants.

**POINT II**

**THE MARTINO DEFENDANTS ALLEGATIONS FOR INDEMNIFICATION AND CONTRIBUTION ARE NOT DUPLICATIVE OF ITS AFFIRMATIVE DEFENSES**

Third-Party Defendants incorrectly assert that the Martino Defendants' allegations for contribution and indemnification should be dismissed because they are duplicative of their affirmative defenses. The Amended Third-Party Complaint alleges that Garkinkel and Clifford's

---

[1] Even though the Third-Party Defendants seek to dismiss the Martino Defendants' Amended Third-Party Complaint, they fail to annex a copy to their motion papers. Therefore, annexed hereto as Exhibit A is a copy of the Amended Third-Party Complaint.

conduct was outside their scope of duties as officers of Crown. If the jury finds that their conduct was *ultra vires,* then Crown may be relieved of vicarious liability for their conduct because Crown is not mandated to indemnify its employees in all circumstances. *See* C.G.S. § 33-770 to § 33-779 inclusive. C.G.C §771(d) provides, in relevant part, that:

> . . . a corporation may not indemnify a director under this section: (1) In connection with a proceeding by or in the right of the corporation except for reasonable expenses incurred in connection with the proceeding if it is determined that the director has met the relevant standard of conduct under subsection (a) of this section; or (2) in connection with any proceeding with respect to conduct for which he was adjudged liable on the basis that he received a financial benefit to which he was not entitled, whether or not involving action in his official capacity. . .

In the event that Crown is relieved of liability for the conduct of Garfinkel and Clifford, *i.e.,* their conduct was outside their duties as officers of Crown, Crown will be shielded from the Martino Defendants' affirmative defenses -- Crown will not be apportioned the liability attributable to Garfinkel and Clifford. Under these circumstances, the Martino Defendant must be afforded the opportunity to assert direct claims against Garfinkel and Clifford. Therefore, since the Third-Party Complaint seeks to hold Garfinkel and Clifford liable for their own actions, which may be determined to be outside their scope of duties for Crown, the Third-Party Complaint is not repetitive nor duplicative of the affirmative defenses against Crown.

Third-Party Defendants cite to the holding in Ivor Wolfson Corp. S.A. v. Locke Liddell & Snapp LLP, 2001 U.S. Dist. Lexis 2513 (S.D.N.Y. Mar. 13, 2001) for the principle that the Martino Defendants' Amended Third-Party Complaint is duplicative of its affirmative defenses. However, in Ivor Wolfson Corp., the Court based its holding on the fact that plaintiff's agents were acting within their scope of employment; a determination that has not and cannot be made herein.


In the more recent case of A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., 2002 WL 1359726 (S.D.N.Y. June 20, 2002)[2], the Court upheld defendants' motion for leave to file counterclaims against the individual agents of the Plaintiffs for negligently or recklessly advising the plaintiffs to invest with Daouk and for breach of fiduciary duty. Id. at *1. The Court concluded that the defendants' counterclaims were not barred as a matter of law. Id. at *2. In A.I.A. Holdings, S.A., the Court opined that the conduct of the individuals parties might fall outside the liability imputed to the Plaintiff. This is the very reason for the Amended Third-Party Complaint here by the Martino Defendants. Since the issue of whether the alleged conduct was within the scope of their relationship with the plaintiff and whether their knowledge is imputable to the plaintiff has not yet been decided, the third-party claims cannot be dismissed as a matter of law.

"[T]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion," Leventhal & Co., v. Joyner Wholesale Co., 736 F.2d 29 (2d Cir. 1984)(citation omitted), and the Court "must balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and the third-party defendant." Affiliated FM Ins. Co. v. Jou Jou Designs, Inc., 1993 WL 427406 *3 (S.D.N.Y. Oct. 15, 1993)(citation omitted). In the matter at hand, the Amended Third-Party Complaint seeks indemnification and contribution against Garfinkel and Clifford for conduct that may be determined at trial to be outside the liability imputed to the Plaintiff. Garfinkel and Clifford are not immune from liability and are individually liable for their own wrongful conduct.

[2] All unpublished opinions are annexed hereto.

## POINT III

## THE NEGLIGENCE CLAIM IS SUFFICIENT AS A MATTER OF LAW

Third-Party Defendants repeat the same incorrect notion that to state a valid claim a party must plead and prove the prerequisite elements. However, as set forth above in greater detail, the Federal Rules of Civil Procedure only require that any claim be pled with short and plain statements of the claim sufficient to put the opposing party on fair notice of the allegations. There is no requirement that a party must prove the elements in the pleadings. Discovery and trial are the vehicles used to define and dispute the facts and issues presented in a cause of action, not the pleadings. *See* Swierkieqicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002).

Count V of the Amended Third-Party Complaint clearly establishes the elements of a negligence claim: (i) that the Third-Party Defendants owed a duty to the Martino Defendants to perform their duties (*See* Amended Third-Party Complaint at ¶¶40 & 41); (ii) that the Third-Party Defendants breached that duty (*See* Amended Third-Party Complaint at ¶42); (iii) that the breach was the proximate cause of damages sustained (*See* Amended Third-Party Complaint at ¶43); and (iv) actual damages were sustained in that the Martino Defendants may be held liable for the alleged negligence of the Third-Party Defendants (*See* Amended Third-Party Complaint at ¶¶43).

Furthermore, Third-Party Defendants assert that a claim may not be maintained against them because the Martino Defendants have no standing to assert claims for negligence. The Third-Party Complaint alleges a cause of action sounding in negligence arising out of the plaintiff's claims that the Martino Defendants negligently failed to detect an embezzlement scheme perpetrated by defendant Milton Daly and third-party defendant Robert Beacher. The

Martino Defendants will and have suffered damages as the result of the Third-Party Defendants' negligence, *i.e.*, they may be held liable to Crown for the Third-Party Defendants' conduct.

The Third-Party Defendants approved the same payment applications prior to Crown's issuance of payment. Therefore, the Third-Party Defendants are similarly positioned to the Martino Defendants. The Martino Defendants were reasonable to rely upon the Third-Party Defendants to fulfill their duties and responsibilities in connection with Crown's expansion program. Thus, they are answerable for their own conduct and as joint-tortfeasors in approving the subject payment applications. The Third-Party Defendants' conduct in approving and processing the payment applications would make them joint-tortfeasors to the same extent as the Martino Defendants. Therefore, their participation would make them liable either in whole or in part to the Martino Defendants

In addition, FRCP 14 permits a defendant to "proceed against any person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the claim made in the action against the third-party Plaintiff." Fed. R. Civ. P. 14(a). FRCP 14 also permits a third-party action when the liability of the third-party defendant is dependent on the outcome of the main claim, or when the third-party plaintiff is secondarily liable to the plaintiff. The general purpose of Rule 14(a) is to serve judicial economy, discourage inconsistent results, and limit the prejudice incurred by a defendant by removal of the time lag between a judgment against the defendant and a judgment over against a third-party defendant. International Paving Systems, Inc., supra, *citing* Blais Constr. Co., Inc. v. Hanover Square Assoc., 733 F.Supp. 149 (N.D.N.Y. 1990)(citation omitted).

The Martino Defendants have asserted that the Third-Party Defendants are liable for all or part of the claim made by Crown in the underlying action against the Martino Defendants.

The Third-Party Complaint alleges more than simply stating that the Third-Party Defendants were negligent, but spells out the basis upon which the Martino Defendant seeks liability. (See Amended Third-Party Complaint at ¶¶40-43). The Third-Party Defendants' conduct in approving and processing the very same payment applications directly impacts and/or contributes to the Martino Defendants' potential liability. Therefore, Count V is sufficient as a matter of law.

**POINT IV**

**THE CLAIM FOR UNJUST ENRICHMENT IS PERMISSIBLE**

The only grounds upon which Third-Party Defendants seek dismissal of Counts VI and VII is that they are entitled to dismissal of the remaining allegations and therefore unrelated claims may not be joined. However, according to FRCP 18 "once a party has asserted a proper impleader claim, he qualifies [under FRCP 18(a)] to assert any and all additional claims – regardless of whether transactionally related to the impleader claim – he may have against the third-party defendant." Friedman v. Hartmann, 787 F.Supp.411, 422 (S.D.N.Y. 1992). As set forth above, the Amended Third-Party Complaint asserts several valid legal claims, as a matter of law, in the impleader against the Third-Party Defendants, therefore the Martino Defendants are permitted to assert independent claims for unjust enrichment pursuant to FRCP 18.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should deny Third-Party Defendants' motion to dismiss the Amended Third-Party Complaint in its entirety.

Respectfully submitted

JAMES T. MARTINO and JAMES THOMAS MARTINO ARCHITECT, P.C.

By: [signature]

Mark Seiden (CT 24637)
Marisa Lanza (CT 24554)
MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
3 Barker Avenue, 6th Floor
White Plains, New York 10601
(914) 681-8700
(914) 681-8709 – fax
mseiden@milbermakris.com
mlanza@milbermakris.com

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify and I a copy of the foregoing **Memorandum of Law in Opposition to Motion to Dismiss the Amended Third-Party Complaint** was served by first class mail, postage prepaid, on all counsel of record in this action on the 20th day of August 2004, upon:

Lawrence S. Schaner, Esq.
Craig C. Martin, Esq.
Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611
*Pro Hac Vic Attorneys for Plaintiff – Crown Theatres And Third-Party Defendants Clifford & Garfinkel*

H. James Pickerstein, Esq.
Jodi Zils Gagne, esq.
Pepe & Hazard, LLP
30 Jelliff Lane
Southport, CT 06490
*Attorneys for Plaintiff – Crown Theatres And Third-Party Defendant Clifford & Garfinkel*

Kerry M. Wisser, Esq.
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT 06107
*Attorneys for Defendants Milton L. Daly & Taylor-Leigh, Inc.*

Robert M. Frost, Jr.
Zeldes, Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, Connecticut 06601-1740
(203) 333-9441
(203) 333-1489 – fax
*Attorneys for Defendants James C. Cella, G.U.S. Development, Inc, and RCD Hudson, LLC*

Marisa Lanza
Marisa Lanza