UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATERS, L.P., <br> Plaintiff, | : <br> : <br> : | |
| v. | : | Civil No. 3:02CV02272 (AVC) |
| MILTON L. DALY, ET AL., <br> Defendants. | : <br> : <br> : | |

### RULING AND ORDER ON THE COUNTERCLAIM DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an action for damages arising out of, inter alia, the plaintiff's, Crown Theater, L.P.'s ("Crown"), claim that the defendants, James T. Martino and James Thomas Martino, Architect, P.C., (collectively "Martino"), improperly certified architect's certificates, which indicated that certain construction work had been completed when, in fact, that work had not been completed. It is brought pursuant to common law tenets concerning breach of contract and professional negligence.

On August 27, 2003, Martino counterclaimed against Crown. Martino's first counterclaim alleges that, "[i]f [Crown] recovers judgment against Martino . . . then [Crown] shall be liable on the basis of apportionment of responsibility and [Martino] will be entitled to contribution, apportionment and/or indemnification," because "such damages were sustained in whole or in part by reason of" Crown's wrongful conduct. Martino's third counterclaim is brought pursuant to common law tenets concerning unjust enrichment and alleges that Crown was unjustly enriched by certain architectural services that Martino performed

for Crown because Crown never paid for these services.

On April 30, 2004, Crown filed the within motion for summary judgment (document no. 125), pursuant to Fed. R. Civ. P. 56, contending that, with regard to the first and third counterclaims, there are no issues of fact and that judgment should therefore be rendered in its favor.

The issues presented are: (1) whether the plaintiff has raised an issue of fact with regard to the first counterclaim that alternatively purports to be an action for contributory negligence, apportionment, indemnity and contribution; and (2) whether Martino has raised an issue of fact with regard to his counterclaim for unjust enrichment.

For the reasons that hereinafter follow, the court concludes that: (1) the plaintiff has failed to raise an issue of fact with regard to the first counterclaim; and (2) genuine issues of fact exist with regard to the counterclaim brought pursuant to common law tenets concerning unjust enrichment.

Therefore, the motion for summary judgment (document no. 125) is GRANTED in part and DENIED in part.

### FACTS:

Examination of the complaint, Local Rule 56 statements, exhibits, motion for summary judgment, and the responses thereto reveals the following undisputed, material facts:

Crown owns and manages various theaters throughout the

country.  At some time in 1996, Crown hired Martino to provide architectural services on certain construction projects at various theaters.  Martino provided such services from 1996 to 2001.  At some time during this business relationship, Martino also provided architectural services in connection with Crown's office and the homes of Crown's chief executive officer.  The exact nature and extent of such services, however, is disputed.

During this same time period, an additional defendant, one Milton Daly, was allegedly embezzling funds from Crown.  Crown employed Daly as its chief operating officer.  It is alleged that Daly, in cooperation with various individuals and corporations, caused invoices to be submitted for construction work that had not been performed, and that he subsequently paid these invoices, which he knew to be fraudulent.  With regard to Martino, Crown maintains that Martino improperly certified that certain construction work, which the fraudulent invoices encompassed, had been completed, when such work had not, in fact, been completed.

On December 20, 2002, Crown filed the instant lawsuit, and named Milton Daly and Martino, as well as others, as defendants.  Martino thereafter filed an answer and counterclaims.  The first counterclaim, which consists of only two paragraphs, alleges the following:

> Martino Defendants allege upon information and belief that if the plaintiff Crown Theatres was caused to sustain damages as alleged in the Amended Complaint, all of which is specifically denied, then such damages were sustained in whole or in part by reasons of the affirmative, active, primary and reckless

acts and omissions, negligence and breaches of duty and/or obligations and/or statute and/or warranty and/or contract in fact or implied by law of the Plaintiff herein.

If the Plaintiff recovers judgment on the amended complaint against Martino Defendants then the plaintiff shall be liable on the basis of apportionment of responsibility and Martino Defendants will be entitled to contribution, apportionment and/or indemnification from and judgment over against Plaintiff for all or part of any verdict or judgment which Plaintiff in the underlying action or Plaintiff may recover herein.

This motion followed.

### STANDARD:

Summary judgment is appropriately granted when the evidentiary record shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rule 56 "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). "One of the principal purposes of the

summary judgment rule is to isolate and dispose of factually unsupported claims... [and] it should be interpreted in a way that allows it to accomplish this purpose." Celotex v. Catrett, 477 U.S. 317, 323-324 (1986).

**DISCUSSION:**

I. <u>The First Counterclaim</u>:

Crown first maintains that the "first counterclaim is incoherent and unintelligible," and therefore should be dismissed. Alternatively, Crown maintains that the first counterclaim fails "because it is either a mislabeled affirmative defense or an attempt to plead claims that are blatantly inapplicable." In this regard, Crown maintains that, to the extent the first counterclaim asserts a claim of contributory negligence, such a claim must be asserted as an affirmative defense and not as a counterclaim. Crown also maintains that, to the extent that the first counterclaim asserts a claim for contribution or indemnification, such claims "are not applicable here."

Martino responds that "the first counterclaim provides adequate notice to Crown as to the claim asserted by . . . Martino" and therefore is neither incoherent or unintelligible. In addition, Martino maintains that "Crown is incorrect in its assertion that both contribution and indemnification are affirmative defenses and cannot be raised as affirmative causes

of action." Martino also maintains that "[i]t has been repeatedly alleged that Crown and/or its corporate officers are liable as joint-tortfeasors to Martino, thereby entitling Martino to contribution, apportionment or indemnification."

The court concludes that the first counterclaim is deficient. Although Martino maintains that the first counterclaim alleges that "if Crown sustained damages, . . . those damages were caused by Crown's own culpable conduct and/or the conduct of its corporate officers, and therefore, should be imputed onto Crown," it is unclear what legal theory entitles Martino to such relief. To the extent that Martino is alleging contributory negligence against Crown, such an allegation is to be pled as an affirmative defense. See Fed. R. Civ. P. 8(c); see also Conn. Gen. Stat. § 52-114. Further, under Connecticut law, an apportionment complaint is only authorized against "a *person not a party to the action* who is or may be liable pursuant to [Conn. Gen. Stat. § 52-572h, Connecticut's comparative liability statute,] for a proportionate share of the plaintiff's damages." Conn. Gen. Stat. § 52-102b(a) (emphasis added). Thus, although no Connecticut appellate court has addressed the issue, the majority of the Connecticut superior court's have concluded that an apportionment counterclaim is inappropriate and that such relief should be sought by way of an affirmative defense. See Ulic v. Caciopoli, No. CV030473774S, 2004 WL 335212, at *2 (Conn.

Super. Ct. February 4, 2004) (reviewing cases). Consequently, to the extent that Martino asserts a counterclaim for apportionment against Crown, such a claim must be raised by way of an affirmative defense.[1]

To the extent that Martino seeks recovery under a theory of common law indemnification, it is deficient because Martino's two paragraph counterclaim fails to plead the necessary elements for common law indemnification. For example, in order to prevail on a claim for indemnification, a party must allege that the proposed indemnitor "was in control of the situation to the exclusion of the" party seeking indemnity. Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698 (1997). There is no such allegation in the first counterclaim. More importantly, Martino, in its opposition to Crown's summary judgment, fails to raise an issue of fact with regard to this element.

Finally, to the extent Martino seeks recovery under a common law theory of contribution, the claim fails inasmuch as Martino's own allegations bar such a claim. The gravamen of Martino's contention is that "Crown and/or its corporate officers are liable as joint-tortfeasors to Martino." There is, however, no common law right to contribution between joint-tortfeasors. See

---

[1] In this regard, Martino has indeed pled an affirmative defense that sounds in both contributory negligence and apportionment. See Martino's Answer to Complaint, Aff. Def. 5. Although not explicit in the affirmative defense, Martino presumably invokes Connecticut's contributory negligence and comparative fault statute, Conn. Gen. Stat. § 52-572h, by way of this affirmative defense.

Sims v. Honda Motor Co., 225 Conn. 401, 417 ("the common law of this state entirely prohibited contribution among joint tortfeasors"). Therefore, based on its own allegations, Martino cannot maintain an action for common law contribution.

Accordingly, the motion for summary judgment is granted with respect to the first counterclaim.[2]

II. The Third Counterclaim:

Crown next contends that summary judgement should be granted on the third counterclaim which is brought pursuant to common law tenets concerning unjust enrichment. Specifically, Crown maintains the "undisputed evidence establishes" that Martino never expected that its services would be paid for. The court is not persuaded.

"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." Fitzpatrick v. Scalzi, 72 Conn. App. 779, 786-87 (2002).

In the instant matter, Crown maintains that there is no

---

[2] Martino seeks leave to amend its answer and counterclaim should judgment be rendered in favor of Crown. Martino, however, fails to articulate what cure such an amendment would provide, particularly in light of the fact that Martino has properly asserted an affirmative defense that will arguably provide the relief sought by way of the first counterclaim. See Footnote 1 of this opinion. Therefore, Martino's motion to amend is denied.

question of fact with regard to the second element because Martino never intended to be compensated for the work that he provided for Crown. At his deposition, however, James Martino testified that he never told Crown that he was providing his services free of charge and also that he believed that Crown owed him money for the services he provided. There are therefore questions of fact with regard to the issue of whether Martino expected to be paid for his services. The motion for summary judgment on the third counterclaim is therefore DENIED.

## CONCLUSION:

For the foregoing reasons, the motion for summary judgment (document no. 125) is GRANTED in part and DENIED in part.

It is so ordered this __25TH__ day of August, 2004 at Hartford, Connecticut.

Alfred V. Covello
United States District Judge