UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:02CV2272 (AVC) |
| | ) | Jury Trial Demanded |
| MILTON L. DALY, ANNE E. DALY, | ) | |
| TAYLOR-LEIGH, INC., JAMES C. | ) | August 31, 2004 |
| CELLA, G.U.S. DEVELOPMENT, INC., | ) | |
| JAMES T. MARTINO AND JAMES | ) | |
| THOMAS MARTINO, ARCHITECT, | ) | |
| P.C., and RCD HUDSON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

JOINT TRIAL MEMORANDUM

Pursuant to this Court's Pretrial Order dated August 19, 2004, plaintiff Crown

Theatres, L.P., and defendants Milton L. Daly, Anne E. Daly, Taylor-Leigh, Inc., James T.

Martino, James Thomas Martino, Architect, P.C. submit the following Joint Trial Memorandum.

1.    **TRIAL COUNSEL**

    a.    **Counsel for Plaintiff Crown Theatres, L.P. ("Crown Theatres"):**

Craig C. Martin (Bar No. CT 12198)
Lawrence S. Schaner (Bar No. CT 24756)
Matthew H. Rice
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

H. James Pickerstein (Bar No. CT 05094)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490

(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com

**b.**    **Counsel for Defendants Milton L. Daly, Anne E. Daly, and Taylor-Leigh, Inc. ("Daly Defendants"):**

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street
Suite 207
West Hartford, CT  06107
860) 561-2628

**d.**    **Counsel for Defendants James T. Martino and James Thomas Martino, Architect, P.C. ("Martino Defendants"):**

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Avenue
6th Floor
White Plains, NY  10601
(914) 681-8700

**e.**    **Counsel for James C. Cella, G.U.S. Development, Inc., and RCD Hudson ("Cella Defendants"):**

Robert M. Frost
Zeldes, Needle & Cooper P.C.
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT  06601
(203) 333-9441

**f.**    **Counsel for Third-Party Defendants David Clifford and Glenn Garfinkel:**

Craig C. Martin (Bar No. CT 12198)
Lawrence S. Schaner (Bar No. CT 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

H. James Pickerstein (Bar No. CT 05094)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com

> **g.**     **Third-Party Defendant B.B. Construction Consultants, Ltd.**
>
> No appearance.

## 2.     JURISDICTION

This Court has subject matter jurisdiction over Crown Theatres' RICO claims pursuant to 18 U.S.C. § 1964 and 28 U.S.C. § 1331 and has supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367(a).

## 3.     JURY/NON-JURY

This matter will be tried to a jury.

## 4.     LENGTH OF TRIAL

Crown Theatres estimates that approximately fifteen trial days will be required. The Daly Defendants and Martino Defendants estimate that approximately twenty trial days will be required.

## 5.     FURTHER PROCEEDINGS

> **A.**     **Crown Theatres, L.P.**
>
> Crown Theatres, L.P. expects to raise the following issues before trial:
>
> - A motion to compel the Martino Defendants to amend and/or supplement their responses to Crown Theatres' Second Set of Interrogatories and Second Request for the Production of Documents.

- A motion *in limine* seeking to prevent the introduction of evidence regarding settlement discussions or settlement between Crown Theatres, L.P. and its insurer, including but not limited to Crown Theatres' Proof of Loss documents and its settlement agreement and related documents with Beacher.

- A motion *in limine* seeking to prevent the introduction of evidence regarding settlement discussions or settlement between Crown Theatres, L.P. and Robert Beacher or James Cella, including settlement agreements with Beacher.

- A motion *in limine* seeking to prevent the introduction of testimony about the character of Robert Beacher or defendant Milton Daly.

- Crown Theatres intends to seek prejudgment interest on its state law claims in a post-trial motion.  Should the Court deem the issue to be for the jury, Crown Theatres is prepared, of course, to draft appropriate proposed jury instructions.

**B.     The Daly Defendants**

The Daly Defendants expect to bring motions *in limine*:

- To bar Crown's expert witness forensic accountant from testifying, in his opinion, that Anne Daly "benefited from" monies that were received by Milton Daly and placed into joint accounts.

- To bar Crown from introducing into evidence the so-called "admission" by Milton Daly that Anne Daly "benefited from" monies that were received by Milton Daly and placed into joint accounts.

- To bar Crown from introducing any evidence that Anne Daly made demand to Odyssey Entertainment, LLC ("Odyssey") that Odyssey make all payments to her under the promissory note referred to as the "Odyssey Note."

- To bar Crown from introducing any evidence or inquiring in any way, as whether or not Milton Daly paid any taxes on the funds he received that are the subject of this case.

### C.     The Martino Defendants

The Martino Defendants expect to raise the following legal issues some of which may be in the form of motions *in limine* against Crown Theatres, including but not limited to the following issues:

- Should Peter Steffian be precluded from offering any facts and/or opinions at trial which are set forth in Steffian's report of March 2, 2004 since the report was issued in clear violation of the Court Scheduling Order of October 16, 2003, which provided that all Plaintiff's expert reports were to be issued on or before November 30, 2003 and in violation of the parties' understanding that Steffian would issue one supplemental report after Mr. Martino's deposition, which was held on February 10, 2004, but before Steffian's deposition was conducted on February 17, 2004.

- Should Crown Theatres be precluded from offering and facts and/or opinions at trial as to payment of referral fees between the Martino Defendants and Beacher / BB Construction Consultant, since these allegations were not plead or particularized in interrogatory responses.

- ■ May Crown Theatres, as a matter of law, seek damages against the Martino Defendants based on a violation of ethical regulations?

- ■ Whether New York or Connecticut state law applies to the allegations against the Martino Defendants.

- ■ Whether any recovery against the Martino Defendants is subject to a collateral sources offset on account of the $5 million Crown Theatres received from National Union and/or the $1,050,000 received from Beacher, as well as any other collateral source recovery.

- ■ Whether the Martino Defendants receive the benefit of the Joint Tortfeasor Settlement Act with respect to the Beacher and Cella Defendants settlements with Crown Theatres.

- ■ Should Crown Theatres be precluded from offering the testimony of Michael Pace and William Jennings at the time of trial, as these witnesses were not disclosed by Crown Theatres during the discovery phase.

**6.    <u>NATURE OF CASE</u>**

The below descriptions of the nature of the case were supplied by their respective proponents and do not represent agreement of the parties as to the legal or factual bases of the claims at issue.

**A.    Crown Theatres' Claims**

Crown Theatres, L.P. ("Crown Theatres") filed this action on December 20, 2002, against defendants Milton L. Daly ("Milton Daly"), Taylor-Leigh, Inc. ("Taylor-Leigh"), James C. Cella ("Cella"), G.U.S. Development, Inc. ("G.U.S."), James T. Martino ("Martino"), James Thomas Martino, Architect, P.C. ("Martino Firm"), and RCD Hudson, LLC ("RCD Hudson"). Crown Theatres was granted leave to file an Amended Complaint on February 19, 2003, and a

6

Second Amended Complaint on July 30, 2003.   In the Second Amended Complaint, it was also

permitted to add Anne E. Daly ("Anne Daly") as a defendant.

In this action, Crown Theatres contends that defendant Milton Daly, its former

chief operating officer, masterminded a scheme along with non-party Robert L. Beacher

("Beacher"), defendant Taylor-Leigh and others to steal more than $6 million from Crown

Theatres by causing Crown Theatres to pay false and inflated invoices for work alleged to have

been performed in building six movie theatre complexes.   Crown Theatres further contends that

defendants Martino and the Martino Firm (collectively, the "Martino Defendants"), which served

as Crown Theatres' architect on the theatre projects, breached their contractual and common law

duties by, among other things, certifying the payment of fraudulent applications for payment and

by paying "kickbacks" to non-party Beacher.   Crown Theatres also contends that defendant Anne

Daly and her husband Milton Daly, converted stolen funds, were unjustly enriched and engaged

in fraudulent transfers.

The Second Amended Complaint alleges the following 21 counts:

Count I:  RICO (Milton Daly and Taylor-Leigh)

Crown Theatres contends that Milton Daly and Taylor-Leigh, Inc., participated in

the affairs of Crown Theatres and, in the alternative, the associated-in-fact enterprise of Milton

Daly, Taylor-Leigh, Cella, G.U.S. and Robert Beacher, through a pattern of racketeering activity

for the purposes of defrauding Crown Theatres in violation of 18 U.S.C. § 1962(c).   The pattern

of racketeering activity alleged by Crown Theatres includes multiple acts of mail fraud, wire

fraud, the interstate transportation of stolen goods and money laundering.   As a result of the

defendants' acts in violation of §1962(c), Crown Theatres was injured in its business and

property.

Count II:  RICO Conspiracy (Milton Daly, Taylor-Leigh, Cella, and G.U.S.)

Crown Theatres contends that Milton Daly, Taylor-Leigh, Cella and G.U.S. conspired to commit the acts outlined in Count I, in violation of 18 U.S.C. 1962(d). Cella and Robert Beacher agreed to use corporations under their control (including defendant G.U.S.) and to incorporate additional shell corporations for the purposes of submitting fraudulent invoices to Crown Theatres. Milton Daly and Beacher agreed to use their positions to relay such invoices to Crown Theatres and to assure that payments on those invoices would be made. Taylor-Leigh, as an entity controlled by Daly, was made party to the agreement by Daly's actions and by receipt of kickbacks from the fraudulent invoices. As a direct and proximate result of the conspiracy, Crown Theatres was injured in its business and property.

Count III: Fraud (Milton Daly, Taylor-Leigh, Cella, and G.U.S.)

By presenting fraudulent invoices to Crown Theatres for payment, and by representing that those invoices were for work that had actually been performed and by representing that the invoices represented the true value of the work performed at Crown Theatres' construction sites, Milton Daly, Taylor-Leigh, Cella and G.U.S. made material misrepresentations to Crown Theatres, that they knew were false, with the intent that Crown Theatres would rely on those representations. As a result of its reasonable reliance on the defendants' representations, Crown Theatres was damaged.

Count IV: Fraud (Milton Daly)

Crown Theatres contends that Beacher, through one or more of his entities, at Milton Daly's request, submitted fraudulent billings for the remodeling of Milton and Anne Daly's personal residence. Crown Theatres further contends that Milton Daly, in his role as chief operating officer, knowingly misrepresented that these fraudulent invoices were proper, approved the invoices, and caused Crown Theatres to pay the invoices. Crown Theatres contends that it reasonably relied on Daly's misrepresentations and was damaged as a result.

8

Count V:  Fraud (Milton Daly, Cella, and RCD Hudson)

Crown Theatres contends that Milton Daly and Cella, acting individually and on behalf of RCD Hudson, agreed to inflate the contract price for the Trumbull theatre construction project.  Crown Theatres further contends that it reasonably relied on Cella and Daly's misrepresentations of the contract price and was damaged as a result of paying the fraudulently inflated price.

Count VI:  Civil Conspiracy (Milton Daly, Taylor-Leigh, Cella, and G.U.S.)

Crown Theatres contends that Milton Daly, Taylor-Leigh, Cella, G.U.S. and Beacher entered into an agreement to defraud Crown Theatres through the submission of fraudulent invoices.  Crown Theatres further contends that as a result of the defendants' conspiracy, it was in fact defrauded and suffered damages as a result.

Count VII:  Conversion (Milton Daly, Taylor-Leigh, Cella, and G.U.S.)

Crown Theatres contends that the money paid on invoices fraudulently submitted and the contract fraudulently inflated by the defendants legitimately belonged to Crown Theatres.  Crown Theatres contends that the defendants named in this count misappropriated, without authorization, those funds by receiving Crown Theatres' payment on those fraudulent invoices.  As a result of the defendants' actions, Crown Theatres contends it has been deprived of its rightful possession of the funds paid on those invoices and contract.

Count VIII:  Breach of Contract (Martino Defendants)

Crown Theatres contends that it entered into a contract for professional architectural services relating to its theatre construction and expansion program with James T. Martino and James Thomas Martino, Architect, P.C.  Crown Theatres contends that it performed under the contract.  Crown Theatres contends that the Martino Defendants breached their contractual duties to Crown Theatres by, among other things, failing to inspect and monitor the

construction projects, by failing to apprise Crown Theatres that the work described on the fraudulent payment applications had not been performed or was outside the scope of Crown Theatres' construction responsibilities, and by certifying the fraudulent payment applications without conducting on-site inspections to ensure that the work had, in fact, been performed.  As a result of the Martino Defendants' breach of contract, Crown Theatres contends that it suffered damages.

Count IX:  Professional Negligence (Martino Defendants)

Crown Theatres contends James T. Martino and James Thomas Martino, Architect, P.C. were negligent in, among other things, failing to inspect and monitor the construction projects, failing to apprise Crown Theatres that the work described on the fraudulent payment applications had not been performed or was outside the scope of Crown Theatres' construction responsibilities, certifying the fraudulent payment applications without conducting on-site inspections to ensure that the work had, in fact, been performed, and in paying kickbacks to Crown Theatres' construction representative, Robert Beacher.  As a result of the Martino Defendants' negligence, Crown Theatres contends that it suffered damages.

Count X:  CUTPA (Milton Daly, Taylor-Leigh, Cella, G.U.S., and RCD Hudson)

Crown Theatres contends that the actions of the Count X defendants, as described in Counts I-III and V-VII, constitute unfair trade practices under the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. 42-110a, *et seq*., and that as a result of those unfair trade practices, Crown Theatres has suffered a loss.

Count XI:  Statutory Theft (Milton Daly, Taylor-Leigh, Cella, and G.U.S.)

Crown Theatres contends that the Count XI defendants intended to deprive Crown Theatres of property by submitting fraudulent invoices, as described previously.  Crown Theatres further contends that the receipt of moneys paid on those fraudulent invoices by the Count XI

defendants and the misappropriation of those funds to their own use without the authorization of Crown Theatres is statutory theft under Conn. Gen. Stat. § 52-564.

Count XII:  Statutory theft (Milton Daly)

Crown Theatres contends that Milton Daly acted with the intent to deprive Crown Theatres of property, and indeed wrongfully obtained property from Crown Theatres, by causing Crown Theatres to pay fraudulent invoices for work performed on his residence.  Daly's misappropriation of Crown Theatres' property, Crown Theatres alleges, constitutes statutory theft under Conn. Gen. Stat. § 52-564.

Count XIII:  Conversion (Milton Daly and Anne Daly)

Crown Theatres contends that Milton and Anne Daly, without the authorization of Crown Theaters, deprived Crown Theatres of funds used to pay for renovations on the Dalys' residence.  Crown Theatres contends that it has been harmed by being deprived of the use and benefit of those funds.

Count XIV:  Conversion (Milton Daly and Anne Daly)

Crown Theatres contends that Milton and Anne Daly, through the diversion of funds from the Beacher entities to Taylor-Leigh, Inc. and to the Dalys' personal accounts, received at least $4.2 million that legitimately belongs to Crown Theatres.  Crown Theatres contends that the Dalys have exercised control over these funds and have deprived Crown Theatres of the use and benefit of the funds for an indefinite period of time.

Count XV:  Unjust Enrichment (Milton Daly and Anne Daly)

Crown Theatres contends that Milton and Anne Daly were benefited by the expenditure of Crown Theatres' funds to pay for the renovation of the Dalys' residence.  Crown Theatres contends that the Dalys have not paid Crown Theatres for that benefit, and that, as a result, the Dalys have been unjustly enriched to Crown Theatres' detriment.

Count XVI:  Unjust Enrichment (Milton Daly and Anne Daly)

Crown Theatres contends that Milton and Anne Daly were benefited by the receipt of at least $4.2 million in funds that Crown Theatres was wrongfully caused to pay on fraudulent invoices for construction work.  Crown Theatres contends that the Dalys have not paid Crown Theatres for that benefit, and that, as a result, the Dalys have been unjustly enriched to Crown Theatres' detriment.

Count XVII:  Avoidance of Actual Fraudulent Transfer (Anne Daly)

Crown Theatres alleges that Milton Daly, in 2003, caused Anne Daly to be the sole recipient of payments on the Odyssey Note.  Crown Theatres contends that Milton Daly did this with the intent to hinder, delay or defraud his creditors, including Crown Theatres, after Crown Theatres' claims against Milton Daly arose.

Count XVIII:  Avoidance of Actual Fraudulent Transfer (Anne Daly)

Crown Theatres contends that Milton Daly transferred his boat to Anne Daly with the intent to hinder, delay or defraud his creditors, including Crown Theatres, after Crown Theatres' claims against Milton Daly arose.

Count XIX:  Avoidance of Actual Fraudulent Transfer (Anne Daly)

Crown Theatres contends that Milton Daly transferred an interest in the Raymond James Investment account to Anne Daly with the intent to hinder, delay or defraud his creditors, including Crown Theatres, after Crown Theatres' claims against Milton Daly arose.

Count XX:  Avoidance of Actual Fraudulent Transfer (Anne Daly)

Crown Theatres contends that Milton Daly transferred an interest in the Fleet accounts and other accounts to Anne Daly, that he transferred $325,000 from the Fleet Accounts to Anne Daly, and that he transferred $84,000 from an Odyssey bank account to Anne Daly with

12

the intent to hinder, delay or defraud his creditors, including Crown Theatres, after Crown

Theatres' claims against Milton Daly arose.

Count XXI:  Breach of Fiduciary Duty (Milton Daly)

        Crown Theatres contends that Milton Daly, as its chief operating officer, had a

fiduciary duty to protect Crown Theatres' interests.  Crown Theatres further alleges that Milton

Daly breached that duty by committing acts of fraud and self-dealing by, among other things,

causing Crown Theatres to pay fraudulent invoices related to the theatre expansion program and

to pay invoices for renovation work performed on his residence.  Crown Theatres contends that,

as a result of Daly's breach of his fiduciary duties, it suffered damages.

Relief Sought

        Crown Theatres prays for judgment against the defendants, jointly and severally,

as appropriate, as follows:

        a)  For compensatory damages in an amount in excess of $10,000,000 against all

Defendants;

        b)  For treble damages pursuant to 18 U.S.C. § 1964(c) against Milton Daly,

Taylor-Leigh, Cella, and G.U.S.;

        c)  For treble damages pursuant to Conn. Gen. Stat. § 52-564 against Milton Daly,

Taylor-Leigh, Cella, and G.U.S.;

        d)  For all damages pursuant to CUPTA against the CUPTA defendants;

        e)  For the Court to set aside the fraudulent transfers to Anne Daly;

        f)  For the Court to order the imposition of a constructive trust over the proceeds

improperly diverted from Crown Theatres;

        g) For pre-judgment interest;

        i)  For post-judgment interest;

j) For reasonable attorney's fees;

k) For punitive or exemplary damages;

l) For the costs of this action; and

m) For such other and further relief in favor of Crown Theatres as this Court may deem just and proper.

**B.     The Martino Defendants' Counterclaims**

On March 14, 2003, the Martino Defendants answered Crown Theatres's Complaint and asserted three counterclaims against Crown Theatres and cross-claims against the Daly Defendants and Cella Defendants. (The Martino Defendants also answered Crown's Amended Complaint and Second Amended Complaint on March 11, 2004 and August 27, 2003 respectfully). On August 25, 2004, the Court granted Crown Theatres' motion for summary judgment as to the Martino Defendants' first counterclaim.

The second counterclaim asserts a claim for breach of contract against Crown Theatres. The Martino Defendants performed professional architectural services for Crown Theatres consistent with the applicable standard of professional care and in accordance with either a verbal or written agreement with Crown Theatres in connection with four movie theatre projects: Minneapolis, Minnesota; Jupiter, Florida, Skokie, Illinois and Hartford, Connecticut. Notwithstanding the fact that the Martino Defendants duly demanded payment from Crown Theatres, Crown Theatres wrongfully failed and refused to pay the Martino Defendants a total of $112,278.55 that was due and owing to the Martino Defendants. The total amount owed consists of (i) $63,211.75 due and owing for the Minneapolis, Minnesota project, (ii) $35,510.30 due and owing for the Jupiter, Florida project; (iii) $13,081.50 due and owing for the Skokie, Illinois project and (iv) $475.65 due and owing for the Hartford, Connecticut project.

The Martino Defendants also performed professional architectural services for Dan Crown's homes in New York and Connecticut, as well as for Crown Theatres' office in New York, New York.  The Martino Defendants did not receive any compensation for the professional services rendered and accepted by Crown Theatres.

In addition, the Martino Defendants, in their fifth and sixth separate defense contend that if the if the jury finds that Crown Theatre sustained damages, such damages were caused in whole or in part by the affirmative, active, primary and reckless acts and omissions, negligence and breach of duties and/or obligations, statute, warranty or contract of Crown Theatres and its corporate officers, directors and employees.  Specifically that Crown and/or its corporate officers, directors and employees are liable as joint-tortfeasors, thereby entitling the Martino Defendants to contribution, apportionment and/or indemnification.  The actions or omissions of the Glen Garfinkel ("Garfinkel") and David Clifford ("Clifford") in approving and processing payment applications makes them joint-tortfeasors and their participation makes them liable either in whole or in part to the Martino Defendants under theories of common-law indemnification and contribution and entitles the Martino Defendants to an apportionment of liability and damages.  Furthermore, the alleged conduct of Milton Daly ("Daly"), as a participant in the embezzlement, entitles the Martino Defendants to contribution, indemnification or apportionment based upon, *inter alia*, Daly's conduct as a corporate officer of Crown Theatres at the time of the alleged wrongdoing.

## C.      The Martino Defendants' Cross-Claims

The Martino Defendants also assert cross-claims against co-defendants Milton L. Daly, Anne Daly, Taylor-Leigh, Inc., James C. Cella, G.U.S. Development, Inc. and RCD Hudson, LLC.  If the Martino Defendants are found liable to Crown Theatres herein, all of which is denied, then such damages were caused by the affirmative, active, primary and reckless acts

and omissions, negligence and breaches of duty and/or obligations and/or statute and/or warranty and/or contract in fact or implied by law by the Daly Defendants and Cella Defendants, their agents, servants and/or employees, without any active or affirmative conduct, action or negligence on the part of Martino Defendants contributing thereto.

By reason of the foregoing, the Daly Defendants and Cella Defendants will be liable to Martino Defendants under the doctrines of apportionment, contribution and/or indemnification for the full amount of any verdict and judgment, or for a proportionate share thereof, that Crown Theatres may recover against the Martino Defendants, including, but not limited to, the costs of investigation and attorneys' fees and disbursements incurred in the defense of this action and the prosecution of the cross-claims.

Furthermore, the Martino Defendants assert a claim for unjust enrichment against Milton L. Daly for work, labor, equipment, material, supplies and architectural services performed at the special instance and request of Daly in connection with Daly's home in Connecticut.  Daly admits that the Martino Defendants performed the work. However, Daly has failed and/or refused to fully compensate the Martino Defendants for the fair and reasonable value of the architectural services provided.

**D.     The Martino Defendants' Third-Party Claims**

On February 14, 2003, the Martino Defendants filed a Third-Party Summons and Complaint against third-party defendants B.B. Construction Consultants, Ltd ("BB Construction"), Clifford and Garfinkel.  The Martino Defendants were granted leave to file an Amended Third-Party Complaint and filed an Amended Third-Party Complaint on June 1, 2004.

The Martino Defendants contend that Clifford and Garfinkel were negligent (i) in failing to exercise reasonable care in approving payment applications to third-parties; (ii) in failing to implement appropriate corporate procedures to prevent and/or detect fraud,

misappropriation or an embezzlement scheme; (iii) in failing to detect the "embezzlement scheme;" (iv) in processing and approving payment applications that were exaggerated and/or fraudulent; (v) in failing to fulfill their duties and obligations as officers of Crown; (vi) in failing to managed and oversaw all of Crown's construction projects, including its renovation and expansion programs described in Plaintiff's Complaint and herein; (vii) in failing to properly retain the owner's representative; and (viii) in failing to prepare and supervise the theatre construction, theatre design and the projection of costs and budgeting associated with theatre construction.

The Third-Party Complaint asserts claims of common law indemnification, contribution and negligence arising out of Crown Theatres' claims that the Martino Defendants negligently failed to detect an embezzlement scheme perpetrated by defendant Milton Daly and non-party Robert Beacher. Although the Martino Defendants strongly dispute Crown Theatres' claims that they were negligent or that their alleged negligence proximately caused the conspirators to perpetrate a fraud or to embezzle money, to the extent Crown Theatres' claims against the Martino Defendants are cognizable, then Garfinkel and Clifford were also negligent in processing and paying applications which were exaggerated and/or fraudulent. Since, Garfinkel and Clifford are similarly positioned to the Martino Defendants, they are answerable for their actions or omissions in approving the subject payment applications under theories of common-law indemnification, contribution and negligence.

The Third-Party Complaint also seeks to hold Garfinkel and Clifford liable for their own actions, which may be determined to be outside their scope of duties for Crown. If the evidence shows that Garfinkel and/or Clifford's conduct was outside their scope of duties as officers or employees of Crown, then their *ultra vires* conduct may relieve Crown Theatres of vicarious liability for their conduct, since Crown Theatres is not mandated to indemnify its

employees in all circumstances.    In those circumstances, the Martino Defendants may be permitted to seek allocation of liability to Garfinkel and/or Clifford, individually.

The Third-Party Complaint also alleges that the B.B. Construction, as the construction consultant and on-site construction representative for Crown Theatres is liable to the Martino Defendants for contribution and/or indemnification. B.B. Construction was negligent in developing and implementing a scheme by which B.B. Construction would submit fraudulent invoices to Crown Theatres, in order to cause Crown Theatres to issue payments for consulting and construction work that was not performed, or overpayments for work actually performed, among other things.  The errors and/or omissions of B.B. Construction was the proximate, direct and immediate cause of Crown Theatres paying the subject invoices and thereby incurring damages as alleged by Crown Theatres in the underlying complaint.  B.B. Construction as the construction manager/owner representative was in charge of approving and processing payment applications to the exclusion of the Martino Defendants.  Therefore, any liability that may be adjudged against the Martino Defendants is strictly passive, secondary and/or vicarious and in the event of any such judgment, the Martino Defendants are entitled to indemnification and/or contribution from B.B. Construction based upon common law and statutory principles of indemnification and contribution.

The sixth and seventh counts of the Amended Third-Party Complaint assert a claim for unjust enrichment against Clifford and Garfinkel, respectfully.    The Martino Defendants at the special instance and request of Clifford and Garfinkel performed work, labor, equipment, material, supplies and architectural services in connection with Clifford and Garfinkel's respective homes in Connecticut.  The Martino Defendants provided such labor, equipment, material, supplies and architectural services to Clifford and Garfinkel and their agents, servants and/or employees with the expectation that it would be compensated for such

labor, equipment, material and supplies and receive from Clifford and Garfinkel the fair and reasonable value of such labor, equipment, material, supplies and architectural services. Clifford and Garfinkel failed and/or refused to fully compensate The Martino Defendants for the fair and reasonable value of the architectural services provided. As a result of the foregoing, Clifford and Garfinkel have been unjustly enriched at the expense of the Martino Defendants.

**7.     TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by Magistrate Judge.

**8.     LIST OF WITNESSES**

Crown Theatres' witness list is attached hereto as Exhibit A-1. The Daly Defendants' witness list is attached as Exhibit A-2. The Martino Defendants' witness list is attached as Exhibit A-3.

**9.     EXHIBITS**

Crown Theatres' exhibit list is attached hereto as Exhibit B-1. The Daly Defendants' exhibit list is attached as Exhibit B-2. The Martino Defendants' exhibit list is attached as Exhibit B-3.

**10.     STIPULATIONS OF FACT**

The parties' stipulations of fact are attached hereto as Exhibit C.

**11.     PROPOSED VOIR DIRE QUESTIONS**

The parties' proposed voir dire questions are attached hereto as Exhibit D.

**12.     REQUESTS FOR JURY INSTRUCTIONS**

Crown Theatres' proposed jury instructions are attached hereto as Exhibit E-1. The Daly Defendants' proposed jury instructions are attached hereto as Exhibit E-2. The Martino Defendants' proposed jury instructions are attached hereto as Exhibit E-3.

**13.**    **<u>OPENING STATEMENTS</u>**

Counsel for Crown Theatres, L.P., the Daly Defendants and the Martino Defendants each wish to make an opening statement.  Counsel for the parties will seek leave of court to give opening statements that are longer than 15 minutes, the length of which to be determined at a pre-trial conference.

August 31, 2004                     CROWN THEATRES, L.P., DAVID CLIFFORD,
                                    AND GLENN GARFINKEL

                                    By:_____
                                          Jodi Zils Gagne
                                          Bar No. CT 24376

Craig C. Martin (Bar No. CT 12198)
Lawrence S. Schaner (Bar No. CT 24756)
Matthew H. Rice
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL  60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

H. James Pickerstein (Bar No. CT 05094)
Jodi Zils Gagne (Bar No. CT 24376)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT  06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com

                                    MILTON L. DALY, ANNE E. DALY, AND
                                    TAYLOR-LEIGH, INC.

                                    By:_____
                                          Kerry M. Wisser
                                          Bar No. CT 01205

Kerry M. Wisser
Weinstein & Wisser, P.C.
29 South Main Street, Suite 207
West Hartford, CT  06107
(860) 561-2628

                                    JAMES T. MARTINO AND JAMES
                                    THOMAS MARTINO, ARCHITECT, P.C.

                                    By:_____
                                          Marisa Lanza
                                          Bar No. CT 24554

Mark Seiden
Marisa Lanza
Milber, Makris, Plousadis & Seiden, L.L.P.
3 Barker Avenue, 6th Floor
White Plains, NY  10601
(914) 681-8700