addition, with respect defendant Milton Daly, Crown Theatres is also entitled to recover as damages any amounts that Crown Theatres paid to him as compensation in his position as an employee of Crown Theatres.

I have said that the elements of fraud must be established by "clear and satisfactory" evidence. However, Crown Theatres is only required to prove damages by a preponderance of the evidence. You should apply no heightened burden of proof when assessing Crown Theatres' fraud damages.

**Source:**

Wright & Ankerman, <u>Connecticut Jury Instructions (Civil)</u> §340(a) (1993); <u>Kilduff v. Adams, Inc.</u>, 219 Conn. 314, 330, 593 A.2d 478, 487 (1991); <u>Heyman v. Kline</u>, 344 F. Supp. 1110 (D. Conn. 1970), <u>rev'd on other grounds</u>, 456 F.2d 123 (2d Cir. 1972).

Given                _____

Given as Modified    _____

Refused              _____

Withdrawn            _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 43

### Civil Conspiracy

The Sixth Count of Crown Theatres Complaint alleges conspiracy against defendants Milton Daly, Taylor-Leigh, Cella, and GUS. Crown Theatres claims that these defendants entered into an agreement to defraud Crown Theatres by agreeing to submit false invoices to Crown Theatres and split the proceeds. Defendant Taylor-Leigh is an entity alleged to be controlled by Milton Daly, and Crown Theatres claims that Taylor-Leigh was made a party to the alleged agreements by Milton Daly's actions and its receipt of payments from false invoices.

The elements of a civil action for conspiracy are (1) a combination between two or more persons, (2) to do an unlawful act, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the objective of the conspiracy, (4) which act results in damage to Crown Theatres. You should understand that an action for civil conspiracy is for damages caused by acts committed pursuant to a formed conspiracy rather than by the conspiracy itself. Thus, a claim of civil conspiracy must be joined with an allegation of a substantive tort. In this case, it is alleged by Crown Theatres that these defendants conspired to commit the tort of fraud, the elements of which I have just explained. If you find that these defendants conspired to defraud Crown Theatres, all of the

72

Joint Trial Memorandum　　　　　　　　　　　　　　　　　　Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

conspirators are civilly liable for the damage resulting from any overt act committed by one of them pursuant to the combination.

**Source:**

Harp v. King, 266 Conn. 747, 778-79, 835 A.2d 953, 972 (2003); Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964, 970 (1993); Williams v. Maislen, 116 Conn. 433, 437, 165 A. 455, 456 (1933); Governors Grove Condominium Assoc. v. Hill Dev. Corp., 36 Conn. Supp. 144, 151-52, 414 A.2d 1177, 1182 (1980).

Given　　　　　　　_____

Given as Modified　_____

Refused　　　　　　_____

Withdrawn　　　　　_____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 44

### Conversion

In the Seventh Count of its Complaint, Crown Theatres alleges the tort of conversion against defendants Milton Daly, Taylor-Leigh, Cella, and GUS.  Under this count, Crown Theatres claims that these defendants unlawfully misappropriated funds by causing Crown Theatres to pay false invoices and an inflated contract price for the Trumbull, Connecticut, project.  Crown Theatres further alleges that these defendants received funds from Crown Theatres and exercised control over them for their own purposes without Crown Theatres' authorization.

In the Thirteenth and Fourteenth Counts of its Complaint, Crown Theatres alleges conversion against Milton Daly and Anne Daly.  In the Thirteenth Count, it is alleged that these defendants deprived Crown Theatres of its rightful use and benefit of money that was used to pay for improvements at the Daly's personal residence.  In the Fourteenth Count, it is alleged that these defendants exercised control over funds improperly diverted from Crown Theatres to Taylor-Leigh through B.B. Construction, and used the funds for their own benefit.

I will now explain the elements of conversion.  Conversion occurs when there is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights.  In addition, conversion

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

requires the owner to be harmed as a result of the unauthorized act.

Defendants may be liable for conversion even if they lack knowledge of the ownership of the goods or whether the goods belong to another. Money may be the subject of an action for conversion.

If defendants without lawful authority took the property out of the possession of Crown Theatres, they would be liable for conversion.

If you find defendants have committed the tort of conversion, you may award Crown Theatres such damages as would fairly compensate it for the loss of its property, money in this case, and any damages flowing from the conversion. The ordinary rule for measuring damages in a case like this is the value of the property at the time it was converted, with interest from that time to this present day at the rate of eight percent per annum.

Joint Trial Memorandum  Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Conn. Gen. Stat. § 37-1(a); Wright & Ankerman, <u>Connecticut Jury Instructions (Civil)</u> §§ 200(a), 202(a) (1993); <u>Suarez-Negrete v. Trotta</u>, 47 Conn. App. 517 (1998); <u>Lawson v. Whitey's Frames Shop</u>, 241 Conn. 678, 689-690 (1997); <u>Waterbury Petroleum Prod. v. Canaan Oil & Fuel</u>, 193 Conn. 208, 222-223 (1984).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 45

### Breach Of Contract

In the Eighth Count of its Complaint, Crown Theatres alleges breach of contract against defendants James Thomas Martino, Architect, P.C. and James Thomas Martino. Crown Theatres claims that these defendants breached an agreement regarding architectural services by failing to exercise reasonable care when providing those services. Before I instruct you on the specific law to be applied on Crown Theatres' breach of contract claim, I will explain some general legal principles that apply to contracts. A contract is an agreement by which a party undertakes to do or not to do a particular thing. In the normal course of things, two individuals or entities make a promise to each other and each one has the right to have the other keep that promise. In other words, a contract requires assent or agreement between the parties. If one party to a contract does not perform its obligation or obligations under the contract, under circumstances I will outline shortly, the other party may bring an action in court for any damages that are a natural result of this breach.

In order to prevail on its claim, Crown Theatres must prove each of the following elements by a preponderance of the evidence: first, Crown Theatres must prove the existence of a

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

binding contract with defendants; second, Crown Theatres must prove that defendants breached that contract, as I will explain that concept to you; and third, Crown Theatres must prove that it suffered damages as a result of defendants' breach. I will now explain each of these elements in greater detail.

**Source:**

Rodziewicz v. Gigvere, 5 Conn. App. 293, 295-296 (1985); Lavigne v. Lavigne, 3 Conn. App. 423, 428 (1985).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 46

### Existence Of A Contract

To prove the existence of an enforceable contract, Crown Theatres must show: (a) that the material terms and conditions of the contract are sufficiently definite; and (b) that the parties manifested their mutual assent to the agreement.

Both Crown Theatres and defendants James Thomas Martino, Architect, P.C. and James Thomas Martino, which I will sometimes refer to together as the "Martino Defendants," agree that they entered into a binding contract. There is a dispute, however, as to its terms.

**Source:**

<u>Bershtein, Bershtein & Bershtein v. Nemeth</u>, 221 Conn. 236, 241-42 (1992); <u>Coelho v. Posi-Seal International, Inc.</u>, 208 Conn. 106, 111-12 (1988); <u>Brighenti v. New Britain Shirt Corp.</u>, 167 Conn. 403, 406-07 (1974); <u>Corriveau v. Jenkins Bros.</u>, 144 Conn. 383, 387 (1957).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 47

## Mutual Assent

A contract consists only of those terms and conditions to which the parties intended to be bound. This is known as a "meeting of the minds." The understanding or intention of one party is not enough--it is the parties' mutual understanding and intention that creates the terms of the contract.

A meeting of the minds or the mutual manifestation of assent on contract terms may be demonstrated by written or spoken words, or by other acts or conduct, which reasonably leads a party to believe that those terms have been agreed upon.

So, you must determine the terms upon which Crown Theatres and defendants James Thomas Martino, Architect, P.C. and James Thomas Martino had a meeting of the minds.

**Source:**

Bershtein, Bershtein & Bershtein v. Nemeth, 221 Conn. 236, 241-42 (1992); Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 111-12 (1988); Brighenti v. New Britain Shirt Corp., 167 Conn. 403, 406-07 (1974); Corriveau v. Jenkins Bros., 144 Conn. 383, 387 (1957).

Given               _____

Given as Modified   _____

Refused             _____

Withdrawn           _____

Joint Trial Memorandum                                      Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Instruction No. 48**

**Breach**

After determining the terms of the contract, you must next decide whether James Thomas Martino and James Thomas Martino, Architect, P.C. breached that contract. A breach of contract occurs when one party fails to perform the obligations which it undertook when it made the contract.

If you find that the Martino Defendants breached their obligations under the contract, you will next consider whether Crown Theatres has proven that it suffered damages as a result of the breach. If, however, you find that the Martino Defendants performed their obligations under the contract, you must conclude that the Martino Defendants did not breach the contract.

Joint Trial Memorandum  
Crown Theatres, L.P. v. Milton L. Daly, et al.  
No. 3:02 CV 2272 (AVC)  
Exhibit E-1

**Source:**

<u>Bershtein, Bershtein & Bershtein v. Nemeth</u>, 221 Conn. 236, 241-42 (1992); <u>Coelho v. Posi-Seal International, Inc.</u>, 208 Conn. 106, 111-12 (1988); <u>Brighenti v. New Britain Shirt Corp.</u>, 167 Conn. 403, 406-07 (1974); <u>Corriveau v. Jenkins Bros.</u>, 144 Conn. 383, 387 (1957).

Given                  _____

Given as Modified      _____

Refused                _____

Withdrawn              _____

Joint Trial Memorandum                                         Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 49

### Contract – Damages

If you find that the Martino Defendants are liable to Crown Theatres for breach of contract, then you must determine the amount of money to award to Crown Theatres as contract damages. The following instructions tell you how to do that.

If you find that the Martino Defendants are not liable for breach of contract, then you do not need to consider the subject of damages. The fact that I am telling you about the law of contract damages does not mean that I believe that you will, or should, find against the Martino Defendants.

Source:

Bershtein, Bershtein & Bershtein v. Nemeth, 221 Conn. 236, 241-42 (1992); Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 111-12 (1988); Brighenti v. New Britain Shirt Corp., 167 Conn. 403, 406-07 (1974); Corriveau v. Jenkins Bros., 144 Conn. 383, 387 (1957).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum                                      Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 50

**Plaintiff's Burden of Proof as to Amounts**

Crown Theatres must prove by a preponderance of the evidence the amount of any damages to be awarded. The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty. Although damages may be based on reasonable and probable estimates, you may not award damages on the basis of guess, speculation or conjecture.

<u>Source</u>:

<u>Beverly Hills Concept, Inc. v. Schatz & Schatz, Ribicoff & Kotkin</u>, 247 Conn. 48, 69 (1998); <u>West Haven Sound Development Corp. v. West Haven</u>, 207 Conn. 308, 317 (1988); <u>Bronson & Townsend Co. v. Battistoni</u>, 167 Conn. 321, 326-27 (1974); <u>Bertozzi v. McCarthy</u>, 164 Conn. 463, 468 (1973).

Given                     _____

Given as Modified         _____

Refused                   _____

Withdrawn                 _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 51

## Benefit of the Bargain/Damages

Any damages you award on the Eighth Count should be designed to place Crown Theatres, so far as can be done by money, in the same position as it would have been in had the contract been fully performed.  You should determine the fair and reasonable value, in money, of the position Crown Theatres would have been in if the Martino Defendants had fully performed the contract.  Then you should determine the fair and reasonable value, in money, of the position Crown Theatres was in as a result of the Martino Defendants' breach of the contract.  The difference between those two amounts should be your award.

**Source:**

Beckman v. Jalich Homes, Inc., 190 Conn. 299, 309-10 (1983); Lar Rob Bus Corp. v. Fairfield, 170 Conn. 397, 404-05 (1976); Bachman v. Fortuna, 145 Conn. 191, 194 (1958).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum                                                Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 52

### Professional Negligence

The Ninth Count in Crown Theatres' Complaint is for Professional Negligence. Crown Theatres claims that the Martino Defendants failed to exercise the care and competence required of architects in the performance of their duties. The Martino Defendants may be found liable on this charge if you find: 1) that the Martino Defendants owed a duty of care to Crown Theatres; 2) that the Martino Defendants breached that duty of care; and 3) that the breach was a proximate cause of the actual harm suffered by Crown Theatres.

Negligence is the doing of something that a reasonably prudent person would not do under the circumstances, or the failure to do what a reasonably prudent person would do under the circumstances. In other words, negligence is the breach of a legal duty owed by one person to another; the legal duty imposed upon a person is to exercise reasonable care.

The Martino Defendants held themselves out to be a skilled architect and architectural firm. As such they are bound to exercise the degree of care which a skilled architect of ordinary prudence, engaged in the same line of business, would have exercised in the same or similar circumstances. They were required to exercise that same degree of care in performing services for Crown Theatres.

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

You must determine whether the Martino Defendants breached that duty of care to Crown Theatres. In order to establish if the Martino Defendants breached a legal duty owed to Crown Theatres, you must look at the amount of care required to be used in this situation and then determine whether the Martino Defendants used the requisite amount of care. The use of proper care in a given situation is the care that an ordinarily prudent architect would use in view of the surrounding circumstances. It is not the care which you personally think he ought to have used and not necessarily the care which Crown Theatres or defendants feel should have been used. You must determine the question by placing an ordinarily prudent architect in the situation of the Martino Defendants and ask yourselves, what would such a person have done? It is in this sense that I speak of "reasonable care" or use the word "reasonable" or "reasonably."

Should you determine that the Martino Defendants breached the duty owed to Crown Theatres in performing architectural services, you must then consider whether this breach was the proximate cause of the actual harm suffered by Crown Theatres. Crown Theatres must establish that the negligence complained of was a proximate cause of its losses and that its losses were caused by the Martino Defendants' negligence.

Joint Trial Memorandum                                                Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Note that I say "a proximate cause," not "the proximate cause." There can be multiple proximate causes of an event. However, the test for proximate cause is satisfied if Crown Theatres proves, by a fair preponderance of the evidence, that the Martino Defendants' negligence was a substantial factor in the resulting harm. Again, if Crown Theatres proves that the Martino Defendants' negligence was "a" substantial factor in causing Crown Theatres' losses, then the Martino Defendants are responsible for the consequences. It does not have to be the only substantial factor. If the Martino Defendants' negligence was a substantial factor in causing Crown Theatres' losses, then the Martino Defendants are responsible for the consequences. Liability is not contingent upon the type, extent, or severity of Crown Theatres' losses.

If you then determine that the Martino Defendants are liable, you must determine the appropriate amount of damages to award Crown Theatres. Crown Theatres is entitled to recover all of the damages caused to it as a result of the negligence of the Martino Defendants regardless of whether or not the damages were reasonably anticipated by the Martino Defendants.

Joint Trial Memorandum                                                Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Wright & Ankerman §111(b); Wright & Ankerman §522(a); Wright & Ankerman §522(b); Wright & Ankerman §522(f); Wright & Ankerman §565(p); Wright & Ankerman §529(b); Wright & Fitzgerald, Connecticut Law of Torts, 3rd. Ed., §171; Manning v. Pounds, 2 Conn. Cir. Ct. 344 (1963); Coburn v. Lenox Homes, Inc., 186 Conn. 370 (1982); Hartmann v. Black & Decker M.G. Co., 16 Conn. App. 1, 5-6 (1988); New England Iron Works Co. v. Connecticut Co., 98 Conn. 609, 610-611 (1923); Marfyak v. New England Transportation Co., 120 Conn. 46 (1935); Geoghegan v. G. Fox & Co., 104 Conn. 129, 134 (1926).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                         Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Instruction No. 53**

**CUTPA -- Introductory Instruction**

Crown Theatres claims in its tenth count that the defendants Milton Daly, Taylor-Leigh, Cella, GUS, and RCD Hudson violated the Connecticut Unfair Trade Practices Act, a Connecticut law, commonly known as CUTPA.  Crown Theatres must prove this claim by a preponderance of the evidence.  Crown Theatres must prove that the defendants Milton Daly, Taylor-Leigh, Cella, GUS, and RCD Hudson engaged in an unfair method of competition or an unfair or deceptive act or practice in the conduct of trade or commerce and that this caused Crown Theatres to sustain an ascertainable loss.

**Source:**

General Statutes § 42-110b(a).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____