Joint Trial Memorandum                                      Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 54

### CUTPA -- Conduct of Trade or Commerce

As the first step in deciding whether one or more of the defendants violated CUTPA, you must first determine whether the defendants' actions were carried out in the course of the defendants' trade or commerce.  An action is carried out in the defendants' trade or commerce if it is part of the distribution of any services and any property or thing of value in Connecticut.

### Source:

General Statutes § 42-110a (4).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum                                           Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 55

### CUTPA -Unfair Trade Practice

In this case, Crown Theatres claims that the following conduct by one or more of defendants Milton Daly, Taylor-Leigh, Cella, GUS and RCD Hudson constituted unfair trade practices that violate CUTPA:

*First*, defendants Milton Daly, Taylor-Leigh, Cella, GUS and RCD Hudson's alleged submission of invoices for work not performed;

*Second*, defendants Milton Daly, Taylor-Leigh, Cella, GUS and RCD Hudson's alleged submission of invoices in excess of the value of the services or goods actually rendered or provided;

*Third*, Milton Daly's actions which allegedly caused checks to be drawn on Crown Theatres' accounts for payment on fraudulent invoices;

*Fourth*, Milton Daly's alleged conversion of funds from Taylor-Leigh and entities controlled by Robert Beacher to his personal use with the knowledge that these funds were fraudulently obtained;

*Fifth*, Cella and GUS's alleged payments to B.B. Construction in connection with the theatre construction projects at Hartford and Trumbull, Connecticut.

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

*Sixth*, Milton Daly, Cella, and RCD Hudson's alleged inflation of the contract price for the project at Trumbull, Connecticut.

Certain guidelines have been established as to what constitutes an unfair trade practice. Crown Theatres must establish that the defendants' conduct meets at least one of the three following criteria:

(1) it offends public policy as it has been established by statutes, the common law or other established concept of unfairness; or

(2) it is immoral, unethical, oppressive or unscrupulous; or

(3) it causes substantial injury to consumers, competitors or other business persons.

I will now give additional instructions on these criteria.

Joint Trial Memorandum  
Crown Theatres, L.P. v. Milton L. Daly, et al.  
No. 3:02 CV 2272 (AVC)

Exhibit E-1

**Source:**

Willow Springs Condo. Assoc., Inc. v. Seventh BRT Dev. Corp., 245 Conn. 1, 43 (1998); Fink v. Golenbock, 238 Conn. 183,215 (1996); Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480,507 (1995); Tarka v. Filipovic, 45 Conn. App. 46,55, cert. denied, 242 Conn. 903 (1997); Meyers v. Cornwell Quality Tools, Inc., 41 Conn. App. 19, 35 (1996).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 56

### CUTPA -- Offends Public Policy

Crown Theatres asserts that the defendants' conduct constituted an unfair trade practice in part because it "offends public policy." The public policy of the State of Connecticut is to prohibit fraud, conspiracy, conversion, theft, and breaches of fiduciary duty. You must decide whether the defendants' conduct offended that public policy.

In addition to alleging fraud, conversion, and breach of fiduciary duty, Crown Theatres claims that Milton Daly, Taylor-Leigh, Cella, and GUS violated a Connecticut statute prohibiting theft. I will discuss that statute with you in a moment. For now, understand that a violation of a statute does not automatically result in a CUTPA violation. Therefore, even if you find that one or more of the defendants violated a statute, you must still decide whether Crown Theatres has proved that a defendant's statutory violation "offends public policy."

```
Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)
```

**Source:**

Conn. Gen. Stat. § 52-564; <u>Willow Springs Condo. Assoc., Inc. v. Seventh BRT Dev. Corp.</u>, 245 Conn. 1, 43 (1998); <u>Jacobs v. Healey Ford- Subaru, Inc.</u>, 231 Conn. 707, 727 (1995); <u>Normand Josef Enterprises v. Connecticut National Bank</u>, 230 Conn. 486, 524-25 (1994); <u>Weglarz v. Plaza Ford, Inc.</u>, Superior Court, judicial district of Middlesex, Docket No. CV 94 0071519 (August 30, 1995).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 57

**CUTPA -- Immoral, Unethical, Oppressive or Unscrupulous**

Crown Theatres also asserts that the defendants' conduct constituted unfair trade practices because the conduct was "immoral, unethical, oppressive or unscrupulous." You need to determine whether the defendants' conduct was "immoral, unethical, oppressive or unscrupulous."

**Source:**

<u>Walk v. Lupia Renovating Co, Inc.</u>, Superior Court, judicial district of New Britain, Docket No. CV 00 0504205 (April 18, 2001).

Given                  _____

Given as Modified      _____

Refused                _____

Withdrawn              _____

Joint Trial Memorandum  Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 58

### CUTPA -Substantial Injury

Crown Theatres also asserts that the defendants committed unfair trade practices because there was substantial injury to consumers or other business persons. Crown Theatres must prove that the defendants' conduct caused an injury that is: (1) substantial; (2) not outweighed by countervailing benefits to consumers or competition; and (3) that the consumers could not reasonably have avoided. Crown Theatres must prove all three of these elements. In this case, it is alleged by Crown Theatres that the defendants' CUTPA violations caused them to suffer damages in excess of $10 million.

**Source:**

McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 569 (1984); Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 585-86 (1994).

Given             _____

Given as Modified _____

Refused           _____

Withdrawn         _____

Joint Trial Memorandum  Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 59

### CUTPA -- Ascertainable Loss

Even if Crown Theatres proves that the defendants committed an unfair trade practice or a deceptive act or engaged in unfair competition that violates CUTPA, Crown Theatres cannot recover unless it sustained an ascertainable loss as a result of the violation. Crown Theatres has the burden of proving this ascertainable loss. A loss is a deprivation, detriment or injury. A loss is ascertainable if it is capable of being discovered, observed or established, but need not be measured by a dollar amount.

In addition, Crown Theatres has the burden of proving that its loss was suffered "as a result of" the CUTPA violation. A loss is suffered "as a result of" a CUTPA violation if that violation was the proximate cause of the loss. As you will recall, to establish a proximate cause, Crown Theatres must prove that the CUTPA violation was a substantial factor in causing Crown Theatres' losses.

99

Joint Trial Memorandum						Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Service Road Corp. v. Quinn, 241 Conn. 630, 644 (1997);

Hinchliffe v. American Motors Corp., 184 Conn. 607, 613 (1981);

Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575, 586

(1994), Abrahams v. Young & Rubicam, 240 Con. 300, 306 (1997).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 60

### Statutory Theft

The eleventh and twelfth counts in the complaint allege statutory theft against Milton Daly, Taylor-Leigh, Cella, and GUS. Conn. Gen. Stat. §52-564 provides that "any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Statutory theft under Connecticut law, § 52-564, is synonymous with criminal larceny. Therefore, a person commits statutory theft when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner without the owner's authorization.

In order to prevail on its statutory theft claim, Crown Theatres must prove the elements of this claim by clear and convincing evidence. As I have explained, this standard is stricter than the normal preponderance of the evidence standard in that the clear and convincing standard is met when, in light of all the credible evidence presented, you believe that the facts asserted are highly probably true. That is, that the probability that they are true is substantially greater than the probability that they are false. This refers to the quality and persuasiveness of the evidence, not to the numbers of witnesses or documents.

Joint Trial Memorandum                                      Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

If you find that Crown Theatres has met its burden of proof with respect to all of the elements of its statutory theft claim, Crown Theatres is entitled to treble, or triple, damages under the law. This means that Crown Theatres must receive three times the amount by which you find they were injured by the alleged theft.

**Source:**

Conn. Gen. Stat. §52564; <u>De Jesus Suarez-Negrete v. Trotta</u>, 47 Conn. App. 517 (1998); <u>Wellington Systems, Inc. v. Redding Group, Inc.</u>, 49 Conn. App. 152, 169 (1997); <u>Lopinto v. Haines</u>, 185 Conn. 527, 534 (1981).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum                                           Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 61

### Unjust Enrichment

In its fifteenth and sixteenth counts, Crown Theatres seeks to recover money that Milton Daly and Anne Daly received from Crown Theatres because these defendants were unjustly enriched by Crown Theatres' provision of that money.  Specifically, Crown Theatres alleges that defendants Milton and Anne Daly were unjustly enriched by receiving the benefit of work performed on their personal residence for which Crown Theatres paid, and for receiving the benefit of funds diverted from Crown Theatres to Taylor-Leigh, Inc.

Let me explain to you what unjust enrichment is.  Unjust enrichment means that it is contrary to equity and good conscience for the defendant to retain a benefit that has come to the defendant at the expense of Crown Theatres.  In other words, it would be unjust for Milton and Anne Daly to receive and keep benefits from Crown Theatres for which they did not pay.  To find unjust enrichment, you must find that the funds belonged to Crown Theatres, that the Dalys benefited from the funds, that the Dalys unjustly did not pay for those benefits, and that the Dalys' failure to pay hurt Crown Theatres.  It is not necessary to find that the Dalys intentionally deprived Crown Theatres of the funds, nor is it necessary to find that they were guilty of a legal wrong like theft, fraud, or

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

conversion. All you must find is that they received and kept a benefit to which they were not entitled at the expense of Crown Theatres, no matter what their intention may have been.

**Source:**

A.B. Realty Co. v. Metro Life Ins. Co., 164 F. Supp. 2d 296, 309 (D. Conn. 2001), vacated on other grounds, 4 Fed. App. 34 (2d Cir. 2002); Meaney v. Conn. Hospital Ass'n, 250 Conn. 500, 511 (1999); Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 283 (1994); Bershtein, Bershtein & Bershtein v. Nameth, 221 Conn. 236, 242 (1992).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum  
Crown Theatres, L.P. v. Milton L. Daly, et al.  
No. 3:02 CV 2272 (AVC)

Exhibit E-1

## Proposed Instruction No. 62

### Avoidance Of Actual Fraudulent Transfers

In its seventeenth through twentieth counts, Crown Theatres seeks to avoid certain transfers of property to Anne Daly which it claims are fraudulent. When a creditor seeks to avoid a transfer, the creditor is seeking to satisfy its claim against the debtor by asking a court to set aside transfers of property from the debtor to third persons. Under Connecticut law, such transfers may be set aside if certain elements are satisfied, which I will explain in a moment. In this case, Crown Theatres claims that it is a creditor of Milton Daly because he is alleged to have unlawfully acquired funds belonging to Crown Theatres. Crown Theatres further claims that Milton Daly transferred certain property, including funds alleged to have been unlawfully acquired, to his wife Anne Daly in violation of Connecticut law. Specifically, Crown Theatres has claimed that Milton Daly transferred to his wife the following: under the Seventeenth Count of the Complaint -- the sole right to receive payment on a note known as the Odyssey Note; under the Eighteenth Count of the Complaint -- a certain boat; under the Nineteenth Count of the Complaint -- a one-half interest in the account known as the Raymond James Investment Account; under the Twentieth Count of the Complaint -- a one-half interest in the

Joint Trial Memorandum                                                  Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

account known as the Fleet Account, $325,000 from the Fleet Account, and $84,000 from a bank account in the name of Odyssey.

Crown Theatres may avoid these transfers -- they may be set aside -- if you determine that they are fraudulent transfers, as that term is used in Section 52-552e of the Connecticut General Statutes. Crown Theatres may prove that a transfer was fraudulent by establishing the following elements:

*First*, that the claim of the creditor--here, Crown Theatres--arose before the transfer was made; and

*Second*, that the debtor--here, Milton Daly--made the transfers with the actual intent to hinder, delay, or defraud any of his creditors. Your basic question, therefore, is whether Milton Daly moved his assets with the intent of putting them out of the reach of Crown Theatres.

When considering whether a transfer was made with the required "actual intent," you may consider circumstantial evidence of such intent. In other words, you may infer the required intent from the circumstances surrounding the transaction, including the relationship of the parties to the transactions, and the secrecy, haste, or unusual nature of the transaction.

Connecticut law provides that you may specifically consider the following factors, among others: *first*, whether the

Case 3:02-cv-02272-AVC   Document 184-4   Filed 08/31/2004   Page 17 of 20

Joint Trial Memorandum                                            Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

transfer was made to someone known as an "insider" which could be a person's spouse; *second*, whether the transferor, Milton Daly, retained possession or control of the property after the transfer; *third*, whether the transfer was concealed; *fourth*, whether before the transfer was made, Milton Daly had been threatened with a lawsuit; *fifth*, whether the transfer was of substantially all of Milton Daly's assets; *sixth*, whether Milton Daly absconded, that is, whether he attempted to conceal himself; *seventh*, whether Milton Daly removed or concealed assets; *eighth*, whether Milton Daly received reasonably equivalent value in exchange for the assets transferred; *ninth*, whether Milton Daly was insolvent or became insolvent shortly after the transfer was made; and *tenth*, whether the transfer occurred shortly before or shortly after a substantial debt was incurred.

You may consider additional factors as well, and you may find some factor or factors more significant than others. In this case, Crown Theatres alleges that the required intent can be inferred for the following reasons: the transfers were made to an insider, his wife, and, therefore, Milton Daly retained possession or control of the assets after the transfers; the transfers were concealed; Milton Daly had been threatened with a lawsuit before the transfers were made; the transfers were made

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

without receiving reasonably equivalent value in exchange; and the transfers were incurred shortly after a substantial debt was incurred.

**Source:**

Conn. Gen. Stat. § 52-522e(b); <u>Nat'l Council on Compensation Ins., Inc. v. Caro & Graifman, P.C.</u>, 259 F. Supp. 2d 172 (D. Conn. 2003).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Case 3:02-cv-02272-AVC   Document 184-4   Filed 08/31/2004   Page 19 of 20
Joint Trial Memorandum                                           Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 63

### Breach Of Fiduciary Duty

The final count in Crown Theatres' Complaint, Count Twenty-One, is for Breach of Fiduciary Duty against Milton Daly. This claim is founded on the principle that one standing in a fiduciary relationship with another is subject to damages for harm resulting from a breach of the duty imposed by the relation. Crown Theatres claims that Milton Daly breached his fiduciary duty by committing acts of fraud and self-dealing.

A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation. A fiduciary is a person required to discharge his duties in scrupulous good faith and with complete candor. This requirement means that he must act honestly, and with the finest and undivided loyalty to his beneficiary and not merely with that standard of honor required of people dealing at arm's length. A fiduciary is required to act exclusively and solely in the interest of his beneficiary and is not to act in his own best interest.

Milton Daly was a fiduciary of Crown Theatres. For a cause of action for breach of fiduciary duty, the fiduciary has the burden to prove that he dealt fairly with Crown Theatres. Moreover, Milton Daly must prove by clear and convincing

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

evidence that he dealt fairly with Crown Theatres. If you find that defendant Milton Daly has not carried this burden of proof by clear and convincing evidence, then you must find for Crown Theatres on the breach of fiduciary duty claim.

**Source:**

<u>Pacelli Bros. Transp., Inc. v. Pacelli</u>, 189 Conn. 401, 407-408 (1983); <u>Konover Development Corp. v. Zoeller</u>, 228 Conn. 206, 2156 n.7, 635 A.2d 798 (1994); <u>Konover Dev. Corp. v. Zeller</u>, 228 Conn. 206, 229 (1994); <u>Dunham v. Dunham</u>, 204 Conn. 303, 321 (1987); <u>Dunham v. Dunham</u>, 204 Conn. 303, 321-23 (1987); <u>Dunham v. Dunham</u>, 204 Conn. 303, 322-23 (1987); <u>Murphy v. Wakelee</u>, 247 Conn. 396, 400 (1998).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____