Joint Trial Memorandum                                                    Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-2272 (AVC) |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| MILTON L. DALY, ET AL., | : | |
| | : | AUGUST 31, 2004 |
| Defendants. | : | |

## <u>DALY DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Defendants Milton L. Daly, Anne Daly and Taylor-Leigh, Inc. hereby request that the Court provide the jury with the following instructions.

Joint Trial Memorandum                                      Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## PROPOSED JURY INSTRUCTION NO. 1  (Witness Credibility)

"The jurors are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case.  In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial; Take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or tendency to speak truthfully or falsely, as you may believe; the probability or improbability of the testimony given; his or her situation to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed; And if you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness." United States v. Phillips, 522 F.2d 388, 391 n. 3 (8th Cir. 1975); see also Mejia v. City of New York, 119 F.Supp.2d 232, 260 (E.D.N.Y. 2000) (a witness's disregard of his oath is enough to justify the belief that the witness is capable of any amount of falsification and to regard all that he says with strong suspicion and to place no reliance on his testimony)

Joint Trial Memorandum                                          Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)


## PROPOSED JURY INSTRUCTION NO. 2  (Conversion Claims Against Anne Daly)

In Counts XIII and XIV, the plaintiff raises claims of conversion against defendant Anne Daly.  Conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights."  Devitt v. Manulik, 176 Conn. 657, 660 (1979).  "It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm."  Aetna Life & Casualty Co. v. Union Trust Co., 230 Conn. 779, 790-91 (1994) (internal quotation marks omitted).  It is a claim "'against one who has wrongfully appropriated the [plaintiff's property].'"  Id. at 791, quoting D. Wright & J. Fitzgerald, Connecticut Law of Torts (2d Ed. 1968) § 25.

Here, the plaintiff alleges that the diversion of its funds to Taylor-Leigh and then to the Investment Account and then to Odyssey constituted a conversion by defendant Milton Daly and defendant Anne Daly.  In regard to each such defendant, you must separately determine whether each undertook any "unauthorized assumption and exercise of the right of ownership" or that each engaged in any "unauthorized act which deprives another of his property," as those conditions are necessary to support a claim of conversion.

In this regard, I instruct you that where a person is a bare legal owner of an account, he or she cannot be found to have assumed and exercised a right of

3

Joint Trial Memorandum                                                                     Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

ownership over the funds in the account on that basis alone.  Thus, in regard to Anne

Daly, you may find her liable for conversion only if you find that she exercised control

over the entities and accounts that are alleged to have been the means of the

conversion of funds that is claimed by the plaintiff.  The existence of a joint account

between Milton Daly and Anne Daly, without further proof that Anne Daly exercised

dominion or control over the funds in that account beyond being a mere record owner

of the account, would not be sufficient to create liability for conversion.  Cf. <u>Aetna Life

& Casualty Co. v. Union Trust Co.</u>, 230 Conn. 779, 791-92 (1994).

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-2

## PROPOSED JURY INSTRUCTION NO. 3  (Conversion Claims Against Milton Daly and Taylor-Leigh, Inc.)

In Counts VII, XIII and XIV, the plaintiff raises claims of conversion against defendant Milton Daly, and in Count VII a claim of conversion is raised against defendant Taylor-Leigh, Inc. In this case, while the plaintiff claims that Milton Daly knowingly conspired with Robert Beacher to submit false construction invoices to be paid by the plaintiff corporation, Milton Daly has disputed that claim. Milton Daly contends that he did not know that the construction invoices and payment applications submitted by Beacher, through BB Construction, were false or fraudulent. Instead, he states that he believed that he had negotiated less expensive construction contracts with Beacher, thereby saving the plaintiff (Daly's employer) money on its construction costs. It is for you to determine what happened.

However, I instruct you that since Daly was authorized to negotiate the best price for construction services, if you find that he believed that he was negotiating a good and fair price for the plaintiff with Beacher when he agreed to the payments to Beacher, then Daly cannot be found liable for conversion. Thus, if you find that all of the funds that were paid to Daly by Beacher came from the profit that Daly believed that Beacher made on the purportedly legitimate, lower price contracts that Daly believed he had negotiated, then you cannot find that the funds received by the defendant belonged to the plaintiff, because Daly believed that they represented valid

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-2

payments to Beacher for work performed by Beacher and because Daly believed that

they, therefore, represented funds (profit) that belonged to Beacher that was being

shared with the defendants and not funds that belonged to the plaintiff.  See Aetna Life

& Casualty Co. v. Union  Trust Co., 230 Conn. 779, 790-92 (1994) (where bank did not

know of underlying wrongdoing regarding funds, its subsequent exercise of control

over those funds was not conversion); Vanguard Engineering, Inc. v. Anderson, 83

Conn. App. 62 (2004) (evidence relevant to defendant's intent regarding payments

claimed to constitute conversion of plaintiff's funds must be considered by trier of fact).

Joint Trial Memorandum                                                Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## PROPOSED JURY INSTRUCTION NO. 4  (Statutory Theft Claims Against Milton Daly and Taylor-Leigh, Inc.)

In Counts XI, the plaintiff raises claims of claim of theft under Conn. Gen. Stat. § 52-564 against defendants Milton Daly and defendant Taylor-Leigh, Inc.  In Count XII, a claim of statutory theft is raised against defendant Milton Daly alone.

When a plaintiff seeks to recover damages for theft under Conn. Gen. Stat. § 52-564, the plaintiff is held to a higher standard of proof.  Rather than having to prove its claim by a preponderance of the evidence, which is the standard of proof applicable to a claim like conversion, the plaintiff must prove the alleged theft by clear and convincing evidence.  Schaffer v. Lindy, 8 Conn. App. 96, 104-05 (1986).

Further, statutory theft under § 52-564 is synonymous with larceny.  Lauder v. Peck, 11 Conn. App. 161, 165 (1987).  Under Connecticut law, a person commits larceny when, with the intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner of the property.  Id., 164-65; Conn. Gen. Stat. § 53a-119.

Joint Trial Memorandum                                              Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## PROPOSED JURY INSTRUCTION NO. 5    (Unjust Enrichment Claims Against Anne Daly)

In Counts XV and XVI, the plaintiff seeks to recover against defendant Anne Daly based on a claim known as "unjust enrichment." A plaintiff seeking recovery for unjust enrichment must prove (1) that the defendant was benefited, (2) that the defendant unjustly did not pay the plaintiff for the benefit, and (3) that the failure of payment was to the plaintiff's detriment. Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 283 (1994). However, if you determine that the evidence demonstrates merely that the plaintiff's funds went to an entity or account over which defendant Anne Daly had no ownership interest or over which she exercised no control, then you cannot find that Anne Daly is liable for any unjust enrichment. See Aetna Life & Casualty Co. v. Union Trust Co., 230 Conn. 779, 791-92 (1994). Additionally, even if you find that Anne Daly was a beneficiary of Milton Daly's allegedly wrongful act, a beneficiary of another's wrongful conduct who has no knowledge of that conduct is not "unjustly" enriched. See Vanacore v. Kennedy, 86 F. Supp. 2d 42, 52 (D. Conn. 1998), aff'd, 208 F.3d 204 (2d Cir. 2000).

Joint Trial Memorandum                                    Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**PROPOSED JURY INSTRUCTION NO. 6   (Unjust Enrichment Claims Against Milton Daly)**

In Counts XV and XVI, the plaintiff seeks to recover against defendant Milton Daly based on a claim known as "unjust enrichment."  A plaintiff seeking recovery for unjust enrichment must prove (1) that the defendant was benefited, (2) that the defendant unjustly did not pay the plaintiff for the benefit, and (3) that the failure of payment was to the plaintiff's detriment.  Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co., 231 Conn. 276, 283 (1994).  However, I further instruct you that, in the absence of any fraud on the plaintiff by Daly, Daly has received no improper benefit from the plaintiff.  See Weisman v. Kaspar, 233 Conn. 531, 550-51 (1995); Aetna Life & Casualty Co. v. Union Trust Co., 230 Conn. 779, 790-92 (1994).

Here, Daly asserts that he was authorized to negotiate the best price for construction services, and that he believed that he had negotiated a good and fair price in his arrangement with Beacher.  If you find that to be a fact, then Milton Daly cannot be found liable for unjust enrichment.  In other words, if you find that all of the funds that were paid to Daly by Beacher came from the profit that Daly believed Beacher had made on the purportedly legitimate, lower price contracts that Daly believed he had negotiated, then you cannot find that the funds received by Milton Daly belonged to the plaintiff, and the plaintiff cannot establish that the Milton Daly

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-2

received a benefit from the plaintiff as it is required to do in order to prevail on its claim

of unjust enrichment.

Joint Trial Memorandum                                          Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## PROPOSED JURY INSTRUCTION NO. 7  (Fraudulent Transfer – Payments on the Odyssey Note)

In Count XVII, the plaintiff claims that defendant Anne Daly is liable for a fraudulent transfer based on monies that she received as payment on the Odyssey Note. Here, it is undisputed that the Odyssey Note was payable to both Milton Daly and Anne Daly. Therefore, as a matter of law, all periodic payments due under the Odyssey Note were, at all times, due and payable to Anne Daly, as well as Milton Daly. Furthermore, under applicable law, the payment of a promissory note to any one of its payees does not qualify as a "transfer" for purposes of a claim of fraudulent transfer. Conn. Gen. Stat. § 52-552b(12). Consequently, because Anne Daly was a payee under the Odyssey Note, any payment to her under the terms of that Note cannot qualify as a fraudulent transfer, and you may not find her liable to the plaintiff for a fraudulent transfer on that basis.

Joint Trial Memorandum                                              Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**PROPOSED JURY INSTRUCTION NO. 8  (Fraudulent Transfer – Deposit of Funds to Joint Accounts)**

In Counts XIX and XX, the plaintiff claims that there has been a fraudulent transfer because Milton Daly has deposited funds into accounts (i.e., the Investment Account and the Fleet Accounts) that are maintained jointly in the names of both Milton Daly and Anne Daly.  However, in order for the plaintiff to prevail on a fraudulent transfer claim, the plaintiff must demonstrate that there was a "transfer" from the debtor (here, Milton Daly) to another party.  See Conn. Gen. Stat.  §§ 52-552e, 52-552f.  A "transfer" for purposes of a claimed fraudulent transfer is defined as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease and creation of a lien or other encumbrances." Conn. Gen. Stat.  § 52-552b(12) (emphasis added).   However, if you find that, at all times, Milton Daly maintained a legal interest in all of the funds that he deposited in the joint bank accounts that are the subject of the plaintiff's claim of a fraudulent transfer, then you must conclude that no transfer – and, certainly, no fraudulent transfer – occurred under § 52-552b(12), if Milton Daly disposed of and parted with *nothing* because he merely allowed Anne Daly to have joint *access* to those funds.  In other words, because any change from the husband's sole ownership of bank deposits to his joint ownership of the bank deposits with his wife does not alter his continuing status as the

12

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-2

owner of all of the deposited funds; see Fleet Bank Connecticut, N.A. v. Carillo, 240 Conn. 343, 352 (1997); no claim of fraudulent transfer can arise under such circumstances because there has been no "transfer" under the fraudulent transfer statute.

Joint Trial Memorandum                                    Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**PROPOSED JURY INSTRUCTION NO. 9    (Fraudulent Transfer – Check for $325,000 From the Fleet Account Funds Given to Anne Daly)**

In Count XX, the plaintiff claims that there was a fraudulent transfer when Anne Daly was given a check for $325,000 from the Fleet Accounts.  However, to the extent that you find that that check came from an account that Anne Daly owned jointly with Milton Daly, and you further find that those funds were immediately deposited into a different joint account in both of their names over which defendant Anne Daly did not exercise any control, then you must find that those funds remained under the ownership and control of Milton Daly and, further, that there was no transfer of those funds that would allow you find Anne Daly liable for a fraudulent transfer of that money. See Conn. Gen. Stat. § 52-552b(12).

In other words, if you find that the $325,000 was simply moved from one jointly-held account to another jointly-held account, with all parties – Milton Daly, Anne Daly, and the plaintiff – maintaining identical rights in and to such funds before and after the movement of the funds, then that conduct cannot give rise to fraudulent transfer liability. See Robinson v. Coughlin, 266 Conn. 1 (2003) (holding that no UFTA remedies are applicable where transferee has restored status quo ante by returning property to control of the debtor so that the property is once again subject to creditor remedies).

Joint Trial Memorandum                                                    Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)


**PROPOSED JURY INSTRUCTION NO. 10  (CUTPA Claim Against Milton Daly)**


In Count X, the plaintiff claims that defendant Milton Daly is liable to the plaintiff under the Connecticut Unfair Trade Practices Act, known as "CUTPA."  However, if you find that the acts underlying the CUTPA claim occurred in the course of the defendant's employment relationship with the plaintiff, then such conduct is not actionable under CUTPA and the plaintiff would not be able to recover on that claim. Ostrowski v. Avery, 243 Conn. 355, 379 (1997), quoting Fink v. Golenbock, 238 Conn. 183, 212 (1997).  Furthermore, a breach of fiduciary duty is a basis for recovery under CUTPA only where the defendant is shown to have unlawfully, unfairly or otherwise improperly competed against the business interests of the plaintiff.   Spector v. Konover, 57 Conn. App. 121,133-34, cert. denied, 254 Conn. 913 (2000) (breach of fiduciary duty actionable under CUTPA only because the conduct at issue amounted to "direct competition" with the business activities of the one to whom the fiduciary duty was owed).

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-2

## PROPOSED JURY INSTRUCTION NO. 11 (Statute of Limitations)

The plaintiff's claims in this case are subject to the applicable statute of limitations. Each of the plaintiff's claims has a three-year statute of limitations. See Conn. Gen. Stat. § 52-577 (three-year tort statute of limitations); Conn. Gen. Stat. § 42-110g(f) (CUTPA action "may not be brought more than three years after the occurrence of a violation"); see also DeCorso v. Watchtower Bible & Tract Society of New York, 46 Conn. Sup. 386, 400 (2000) ("Actions sounding in breach of trust or breach of fiduciary duty are governed by § 52-577."); Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 418 (2d Cir. 1999) ("Breach of fiduciary duty claims in Connecticut are ordinarily subject to a three-year statute of limitations under Conn. Gen. Stat. § 52-577."); D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162, 182 (1983) (limitations period for conversion is likewise governed by Conn. Gen. Stat. § 52-577, which provides for a three-year statute of limitations); Timmons v. City of Hartford, 283 F. Supp. 2d 712, 719 (D. Conn. 2003) (CUTPA statute of limitations is three years); Avon Meadow Condominium Association, Inc. v. Bank of Boston Connecticut, 50 Conn. App. 688, 699-700, cert. denied, 247 Conn. 946 (1998) (CUTPA limitations period is jurisdictional).

Where the plaintiff complains of numerous, discrete actions, each of which gives rise to a separate tort or statutory violation, and where such actions occur over a period of time, some more than three years before the filing of the complaint and some

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

less than three years before the filing of the complaint, then the plaintiff's damages are limited to the harm that was suffered by the plaintiff as a result of actions that were taken within the three-year statutory period, that is, the plaintiff can recover only for those violations occurring within three-years of the filing of the complaint. Broadway Theatre Corp. v. Buena Vista Pictures Distribution, 2002 WL 32502100, * 6 (D. Conn. September 19, 2002).

Here, the plaintiff filed its complaint in this action on December 19, 2002. Therefore, if you find that any of defendants are liable to the plaintiff, you may not award damages that arise from conduct that dates back more than three years before the filing of the complaint, that is, before December 20, 1999.

Joint Trial Memorandum                                                    Exhibit E-2
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## PROPOSED JURY INSTRUCTION NO. 12  (Prejudgment Interest)

The plaintiff asks you to award prejudgment interest on top of any damages that you might award to the plaintiff on its state law claims.  Connecticut law allows, but does not require, an award of prejudgment interest if you find that the defendant "wrongfully detained" from the plaintiff the money at issue in this case   Conn. Gen. Stat. § 37-3a.

If you determine that the defendant did "wrongfully detain" funds from the plaintiff, then you may award prejudgment interest "at the rate of ten per cent a year, and not more."  In other words, the maximum interest that you may award is 10%, but you are entitled to decide on any lesser amount that you deem appropriate based on the circumstances of the case.  Sears, Roebuck & Co. v. Board of Tax Review, 241 Conn. 749, 764-766 (1997).

Ultimately, the matter of whether to award prejudgment interest and how much is a matter that is left to your discretion based on the instructions that I have given to you.  Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. The Ensign-Bickford Co., 2004 WL 722231 (D. Conn. March 30, 2004).

Joint Trial Memorandum                                             Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------X

CROWN THEATRES, L.P.,                       Case No.  3:02 CV 2272 (AVC)

                          Plaintiff,

        -against-

MILTON L. DALY, TAYLOR-LEIGH,
INC., ANNE E. DALY, JAMES C. CELLA,
G.U.S. DEVELOPMENT, INC., JAMES T.
MARTINO, JAMES THOMAS
MARTINO, ARCHITECT, P.C. and
RCD HUDSON, LLC,
                          Defendants.
----------------------------------------------------------X

## THE MARTINO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The Martino Defendants' hereby request that the Court provide the jury with the

following instructions:

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## BREACH OF CONTRACT

### Proposed Instruction
### Breach of Contract

In Crown Theatres' breach of contract claim the fundamental question for you to decide is whether the Martino Defendants breached its contract with Crown Theatres. The general burden of proof rests upon Crown Theatres to prove by a preponderance of the evidence that the Martino Defendants breached its contract with Crown Theatres by failing to make on-site visits. In order for Crown Theatres to recover against the Martino Defendant for breach of contract, Crown must provide the provisions of the contract upon which its claim is based.

In addition, the Martino Defendants have counterclaimed against Crown Theatres for breach of contract alleging that Crown Theatres has wrongfully failed and refused to pay the Martino Defendants monies that were due and owing to the Martino Defendants for professional architectural services rendered on four theatre projects – Minneapolis, Minnesota, Jupiter, Florida, Skokie, Illinois and Hartford, Connecticut and Crown Theatres' offices in New York City.  The Martino Defendants have also alleged that they are entitled to recovery for professional architectural services rendered to Crown Theatres' Chef Executive Officer, Daniel Crown's homes in New York and Connecticut.  If you find that the Martino Defendants performed architectural services for Crown in accordance with its agreement with Crown Theatres and that Crown Theatres have not paid the Martino Defendants the amounts due on the contracts, then the Martino Defendants are entitled to recover.

Sources under New York Law:
Sud v. Sud, 211 A.D.2d 423, 621 N.Y.S.2d 37 (1995); Atkinson v. Mobile Oil Corp., 205 A.D.2d 719, 614 N.Y.S.2d 684 (1994).

Joint Trial Memorandum                                         Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)


Sources under Connecticut Law:

Foley v. Huntington Company, 42 Conn.App. 712, 746, 682 A.2d 1026 (1996), *cert. denied*, 239 Conn. 931, 683 A.2d 397 (1996); Waicunas v. Macari, 151 Conn. 134, 137, 193 A.2d 709 (1963); State v. Warren, 169 Conn. 207, 213, 363 A.2d 91 (1975)

Joint Trial Memorandum                                                    Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction
## <u>Modification of Contract</u>

The Martino Defendants claim that the contract was modified, not to require the Martino

Defendants to conduct regular on-site visits on certain projects due to the responsibility of

Beacher, as Crown Theatres' owner's representative and construction manager, and that the

Martino Defendants' satisfied its contractual requirements to perform site visits.  Crown Theatres

alleges the agreement requiring site visits was not modified and that the Martino Defendants

failed to perform required site visits.

4

**Proposed Instruction**
**Mutual Assent**

First, you must decide what were the terms and conditions of the agreement between Crown Theatres and the Martino Defendants. The Martino Defendants assert that the Letter Agreement for Architectural Services, dated July 8, 1998 was the basis for the Martino Defendants' scope of services for the Crown Theatres Projects. The Martino Defendants further contend the agreement was subsequently modified by Daly, on behalf of Crown Theatres, to eliminate the need for site visits on certain projects because Beacher was Crown Theatres' on-site representative and that site visits by Martino Defendants would be duplicative and a needless expenditure of money.

Second, you must decide whether the Martino Defendants on-site visits were consistent with its the agreement with Crown Theatres. If you find that the Martino Defendants conduct was consistent with its agreement with Crown Theatres, then you must find for the Martino Defendants and return a verdict for the Martino Defendants on the issue of breach of contract.

Source under New York Law:
NY PJI 4:1

Sources under Connecticut Law:
Foley v. Huntington Company, 42 Conn.App. 712, 746, 682 A.2d 1026 (1996), *cert. denied*, 239 Conn. 931, 683 A.2d 397 (1996); Waicunas v. Macari, 151 Conn. 134, 137, 193 A.2d 709 (1963); State v. Warren, 169 Conn. 207, 213, 363 A.2d 91 (1975).

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-3

## Proposed Instruction
## Breach

If you find that the Martino Defendants' conduct was not consistent with its agreement with Crown Theatres as to the frequency of on-site visits, you must next determine whether such conduct by the Martino Defendants' was a material breach of its agreement with Crown Theatres. A material breach is defined as a violation of the terms of the agreement that is substantial and significant to the agreement.

If you find that the Martino Defendants conduct was not a breach or was not a material breach of the agreement with Crown Theatres, then you must find for the Martino Defendants and return a verdict in favor of the Martino Defendants.

Source under New York Law:
NY PJI 4:1

Sources under Connecticut Law:
Foley v. Huntington Company, 42 Conn.App. 712, 746, 682 A.2d 1026 (1996), *cert. denied*, 239 Conn. 931, 683 A.2d 397 (1996); Waicunas v. Macari, 151 Conn. 134, 137, 193 A.2d 709 (1963); State v. Warren, 169 Conn. 207, 213, 363 A.2d 91 (1975).