Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposal Instruction
### Breach of Contract – Counterclaim

As you will recall, I spoke about the Martino Defendants' counterclaim against Crown Theatres for breach of contract relating to Crown Theatres wrongfully failing and refusing to pay the Martino Defendants monies that were due and owing to the Martino Defendants for professional architectural services rendered on four theatre projects – Minneapolis, Minnesota, Jupiter, Florida, Skokie, Illinois and Hartford, Connecticut, Crown Theatres' offices in New York City and to Crown Theatres' Chef Executive Officer, Daniel Crown's homes in New York and Connecticut. The requirements for a breach of contract have been explained to you above.

First, the parties do not dispute the terms and conditions of the agreement for the Minneapolis, Minnesota project. As to the remaining theatres projects and Crown Theatres' New York City office, you must determine whether the Martino Defendants were requested and did in fact provide architectural services to Crown Theatres, to which they have not been compensated.

Second, you must determine whether that the Martino Defendants performed architectural services for Crown in accordance with its agreement with Crown Theatres for each of the four theatre projects, Crown's New York offices and Crown Theatres' Chef Executive Officer, Daniel Crown's homes in New York and Connecticut.

If you find that the Martino Defendants performed architectural services for Crown Theatres on any of the above projects and that Crown Theatres has not paid the Martino Defendants the amounts due on the agreement for each project, then you must find for the Martino Defendants on that particular project. In your determination you are permitted to find

Joint Trial Memorandum                                                  Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

that the Martino Defendants are owed monies on each individual project.  The projects are not to

be considered as a group.

### Proposed Instruction
### Contract - Damages

In respect to the damages, as in respect to Crown Theatres and the Martino Defendants'

claims for breach of contract that is before you, you can award only such damages as are justified

by the pleadings and the proof.  That is, your finding as to damages must be within the

allegations of the respective parties allegations, and it is incumbent upon the party to satisfy you

by a fair preponderance of the evidence as to the extent and nature of the injuries suffered.

For example, it is not the Martino Defendants' burden to disprove the claimed injuries

alleged by Crown Theatres as a result of the embezzlement scheme and the amounts that Crown

Theatres ought to receive as damages.


Source under New York law:
NY PJI 2:777

Source under Connecticut law:
Conn. Jury Instruction § 222.

Joint Trial Memorandum                                                          Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Instruction**
**<u>Burden of Proof as to Amounts</u>**

The parties must satisfy you by a fair preponderance of the evidence, as I have defined that to you, of the amount they are entitled to receive as damages.

You must not speculate or guess as to the nature and extent of the injuries. You cannot award any damages for any injury which may only possibly have resulted from the parties' allegations. Damages can only be awarded for those injuries which Crown Theatres and/or the Martino Defendants have proven, by a fair preponderance of the evidence, as having resulted from the allegations with reasonably probability. It is only if you find that relation of cause and effect between the allegations and anyone or more of the claimed results that you can consider such results in awarding damages.

That is, if the Martino Defendants' conduct was not a substantial factor in producing the damages Crown Theatres' complained of, then you must find for the Martino Defendants, irrespective of whether you find that Crown Theatres suffered injury due to the Martino Defendants' conduct.

As to the Martino Defendants' counterclaim, if you find that the Martino Defendants suffered injury due to the conduct of Crown Theatres, such conduct was a substantial factor in producing the damages complained of, you must find for the Martino Defendants as to the counterclaim.

<u>Source under New York law:</u>
NY PJI 2:777

<u>Source under Connecticut law:</u>
Conn. Jury Instruction § 222.

9

Joint Trial Memorandum                                                        Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Jury Instruction**
**<u>Unjust Enrichment Against Daly, Clifford and Garfinkel</u>**

Furthermore, the Martino Defendants' assert claims against Daly, Clifford and Garfinkel for architectural services rendered by the Martino Defendants at the request of Daly, Clifford and Garfinkel for their respective homes, to which they have not paid the Martino Defendants the fair and reasonable value of the architectural services provided.

If you find that Daly, Clifford or Garfinkel either by express agreement or by course of conduct promised that it would compensate the Martino Defendants for the architectural services they performed, you must find for the Martino Defendants and award the Martino Defendants the fair and reasonable value of the architectural services provided.   A finding of unjust enrichment simply requires, under the principles of equity and good conscience, Daly, Clifford or Garfinkel retained the benefit of services performed on its behalf by the Martino Defendants without paying for it.

If you find that Daly, Clifford or Garfinkel received services provided by the Martino Defendants, you will find for the Martino Defendants.

If you find that Daly, Clifford or Garfinkel benefited from the receipt of services, you will find for the Martino Defendants.

If you find that under the principles of equity and good conscience, Daly, Clifford or Garfinkel should not be permitted to retain the architectural services for free, you will find that Daly, Clifford or Garfinkel must be required to pay for the services received and must award damages to the Martino Defendants equal to the value of services provided by the Martino Defendants.

<u>Sources under New York law:</u>
NY PJI 4:2 and NY PJI 4:2 Comment

10

Joint Trial Memorandum                                                    Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Matter of Estate of Witbeck, 245 A.D.2d 848, 666 N.Y.S.2d 315 (3rd Dep't 1997); Weiner v. Lazard Freres & Co., 241 A.D.2d 114, 672 N.Y.S.2d 8 (1st Dep't 1998); Lake Erie Distributors, Inc. v. Martlet Importing Co., Inc., 221 A.D.2d 954, 634 N.Y.S.2d 599 (4th Dep't 1995).

Sources under Connecticut law:
Gagne v. Vaccaro, 255 Conn. 390, 766 A.2d 416 (2001); Ayotle Brothers Construction Co., v. Finney, 42 Conn.App. 578, 680 A.2d 330 (1996); Polverati v. Peatt, 29 Conn.App. 191, 614 A.D.2d 484 (1992) cert. denied 224 Conn. 913, 617 A.2d 166 (1992); Rodney v. Jackson, 2004 WL 870820 (J.D. Hartford, March 30, 2004).

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-3

**IF CONNECTICUT LAW IS APPLICABLE:**

**Proposed Jury Instruction**
**<u>Professional Malpractice</u>**

For Crown Theatres to recover, it is necessary for you to be satisfied: First, that the Martino Defendants were negligent in one or more of the ways specified in the Complaint, and its amendments; Second, that such negligence, if any existed, was a substantial factor in causing the injuries to Crown Theatres; and Third, that negligence of Crown Theatres was not greater than the negligence of the Martino Defendants.  If Crown Theatres fails to prove either of the first two elements by the better evidence, or if the Martino Defendants has proved to you that the negligence of Crown Theatres was greater than the negligence of the Martino Defendants as I have explained it to you, it is your duty to bring in a verdict for the Martino Defendants.

If you reach the conclusion that these three important allegations have been established in favor of Crown Theatres, you will then come to the question of damages, and only then will you take up the question of damages.

The main issues you have to consider are these:  Crown Theatres alleges in its complaint that the Martino Defendants were negligent in not knowing that the work described on the alleged fraudulent invoices created by Beacher had not been completed or was outside the scope of Crown Theatres' construction responsibilities, that this negligence caused the injuries and losses suffered.  The Martino Defendants in its answer denies those allegations and makes several affirmative allegations that Crown Theatres, the Daly Defendants, the Cella Defendants, Garfinkel, Clifford and/or BB Construction Consultant are guilty of contributory negligence, which they in turn deny.

Joint Trial Memorandum                                                    Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

The burden is upon Crown Theatres to prove to you by a fair preponderance of the evidence that the Martino Defendants were negligent in one or more of the ways alleged in the Complaint, and that the Martino Defendants' negligence proximately caused the injuries and losses they suffered.

The broad principle of law which lies at the basis of this case is this: Where the activities of two persons come into such conjunction that unless proper care is used injury is likely to occur, each must use such care to avoid the injury. Crown Theatres claims that the Martino Defendants were negligent in the way they acted. Specifically in certifying to Crown Theatres that the work had progressed as indicated in the fraudulent payment application without conducting on-site inspection or reviewing pertinent data, that the quality of the work was in accordance with the contract documents and that the contractor was entitled to payment. Crown alleges that had the Martino Defendants not certified the fraudulent payment applications, Crown Theatres would not have paid those invoices and incurred damages. However, the Martino Defendants allege that it did conduct required on-site visits in accordance with its agreement with Crown Theatres and that Crown Theatres paid numerous payment applications without the Martino Defendants signature and therefore Crown Theatres would have paid the invoices with or without the Martino Defendants alleged negligence.

Negligence is the doing of something, which a reasonably prudent person would not do under the circumstances, or the omitting to do what a reasonably prudent person would do under the circumstances. It is the breach of legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.

The use of proper care in a given situation is the care that an ordinarily prudent person would use in view of the surrounding circumstances. It is not the care which you personally

think they ought to have used. You must determine the question by placing an ordinarily prudent person in the situation of the Martino Defendants and ask yourselves, what would such a person have done? It is an ordinarily prudent person under the circumstances, which I mean when I speak of "reasonable care," or when I use the word "reasonable" or "reasonably." Please note that it is the care which such a person would have used under the surrounding circumstances; that is to say, in view of the facts he knew or, as such a person should have perceived and known. The standard of care required, that of an ordinarily prudent person under the circumstances, ever varies; but the degree of care may vary with those circumstances. All of the surrounding circumstances and what such a person knew at the time of the alleged conduct must be considered.

Finally, in determining whether the Martino Defendants exercised reasonable care you must give the Martino Defendants the benefit of the rule that they were entitled to assume that the other parties, including Crown Theatres, Daly, Beacher, Clifford and/or Garfinkel, would use such care and not engage in such wrongful and intentional conduct, until such time as they perceived or should have perceived that the other parties were not using or was not going to use such care or was engaging in intentionally wrongful conduct.

In this case, the first issue which Crown Theaters must prove to you by a fair preponderance of the evidence is that the Martino Defendants in view of the circumstances as they knew them or in the reasonable exercise of their faculties should have known them, should have reasonably anticipated that unless they used reasonable care, harm would result such as came to Crown Theatres or of the same general nature. If you find this to be so, then the Martino Defendants owed to Crown Theatres a duty to use reasonable care to avoid injuring him. If, on

the other hand, you find this not to be so, the Martino Defendants owed no duty to Crown Theatres and Crown Theatres cannot recover.

What one party should do more or less varies in view of what the other party should do or has done. This brings me to the next general consideration which I think I should point out to you; that is, that the conduct of parties in circumstances such as those before us is to be judged not absolutely by what they knew or what they see, but each party is bound to a reasonable use of his faculties, to look out as an ordinarily prudent man would look out. They are bound by what they ought reasonably to have seen or known just as much as by what they did actually see or know.

The corollary of that proposition is that the Martino Defendants have a right to assume, until they have reason to believe otherwise, that the other parties (Crown Theatres, Daly, Beacher, Clifford and/or Garfinkel) will obey the rules of law and act reasonably and properly. Should the time come when they perceive, or ought to perceive that the other parties are not acting properly, then that is a factor which they should take into consideration. But until such time as they perceive or ought to reasonably to perceive that the other party is violation the rules of proper conduct incumbent upon him, they have the right to assume that the other parties will obey those rules.

It is proper that I should call your attention to a fact which is perfectly familiar to all of you, but which sometimes we do not think of unless it is called to our attention; that is, the mere fact that Crown Theatres suffered damages is not enough to justify a recovery by Crown Theatres against the Martino Defendants for negligence.

The Martino Defendants held himself out to be a registered architect. As such, they were bound to exercise that degree of care, which a skilled architect of ordinary prudence, engaged in

the same line of business, would have exercised in the same or similar circumstances. Negligence would be the failure on the Martino Defendants' part to use that degree of care and caution of an architect, which the ordinarily careful and prudent architect would use under the circumstances under which they were situated. The standard of care is not perfection. The question becomes did the Martino Defendants exercise reasonable care in conducting site visits, in following their procedure before executing payment certifications of contractors and in relying upon Crown Theatres' owner's representative/construction manager Beacher in certifying the amount of the payment applications.

Sources:
Conn. Jury Instruction §§ 520, 521, 522, 523, 525, 527 and 529.

Joint Trial Memorandum                                                      Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Jury Instruction
### Proximate Cause

Even though you may find that the Martino Defendants were negligent, that would not necessarily afford the basis for recovery by Crown Theatres. Crown Theatres must go further: they must prove to you by a fair preponderance of evidence that the negligence of the Martino Defendants in one or more of the ways claimed caused the injury, *i.e.* was the Martino Defendants' negligence was a substantial factor in producing those injuries?

When an event produces a result that follows in natural sequence, it may be said that the event is the cause of the result. By natural sequence, I mean a sequence, which proceeds in accordance with the common experiences of life. Not only must Crown Theatres prove that the Martino Defendants were negligent, but they must also prove that such negligence was a substantial factor in bringing about the injuries in a natural sequence. If follows from this that, if the conduct between the Daly Defendants, Beacher and/or the Cella Defendants would have happened even though the Martino Defendants had not been negligent, the Martino Defendants' negligence cannot be held to be a cause of Crown Theatres' injuries as it resulted from the third parties conduct. Crown Theatres is only entitled to recover those damages which proximately resulted from the Martino Defendants negligence.

In the case before you, it is for you to determine whether the negligence of the Martino Defendants constituted a substantial factor in producing Crown Theatres' injuries or whether there was an intervening cause which entirely superseded it. If you find there to be a superceding or intervening cause, then the Martino Defendants cannot be held liable.

It is the contention of the Martino Defendants that the injury sustained by Crown Theatres was due, not to the Martino Defendants negligence, but was due solely to the

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-3

intentional conduct of other parties. It is true that if the cause of Crown Theatres' damages was solely the conduct of other parties, there would be no obligation upon the Martino Defendants to answer for it, and their negligence would not be the cause of it.

Secondly, to break the chain of causation between the Martino Defendants' negligence and Crown Theatres' injuries, some independent cause must have intervened, whether it is the negligent or intentional conduct of another or some natural force, which entirely superseded the Martino Defendants' negligence. If some other cause had entered into the situation such that it superseded their negligence, that negligence could no longer reasonably be held to be a substantial factor in producing the injuries and they would not be liable for them.

Simply stated, if you find that the sole proximate cause of Crown Theatres' damages was the intentional conduct of Beacher and/or Daly, you must return a verdict in favor of the Martino Defendants.

Sources:
Conn. Jury Instruction §§ 110, 115 & 117.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-3

## Proposed Jury Instruction
## <u>Contributory/Comparative Negligence</u>

The Martino Defendants allege in their answer that Crown Theatres are guilty of contributory and/or comparative negligence in doing or failing to do certain things. Crown Theatres is under a duty to use the same care to avoid suffering injuries as that which was incumbent upon the Martino Defendants, that is, the care which an ordinarily prudent person would use in the circumstances.

Now the doctrine of comparative negligence does not begin to apply unless and until you first determine that Crown Theatres' contributory negligence was not greater than the Martino Defendants' causal negligence. If you find that Crown Theatres' contributory negligence was less than or equal to the negligence of the Martino Defendants, then you will apply the rules of comparative negligence. That is, if you find Crown Theatres' contributory negligence was less than or equal to that of the Martino Defendant's negligence, then you must conclude that Crown Theatres' negligence does not operate as a bar to recovery by them, but their damages are to be diminished. To summarize, what I have said and stating it another way, if you find that Crown Theatres was negligent and that such negligence was a proximate cause of its injuries, you must consider what is called the comparative negligence rule, which provides that in causes of action based on negligence, contributory negligence shall not bar recovery in an action by any party to recover damages resulting from injury, if such negligence was not greater than the combined negligence of the party whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering.

The first part concerns what is called in the law a complete bar to recovery. If we combine every act and omission of every party to the action which caused the injury, we have all, or 100% of the negligence involved. If the party seeking recovery, i.e. Crown Theatres, for that injury is more than 50% to blame (negligence) for that injury, Crown Theatres cannot recover any damages from any of the other participants. Crown Theatres' recovery is barred.

The second part of the rule explains the effect upon awards of damages in those action in which the party seeking damages, i.e. Crown Theatres, is 50% or less at fault in causing the injury (again taking 100% as the total negligence of all the parties to the action). It provides for reduction or diminution of whatever sum of money would fairly compensate such person for his injury and/or damages based on the extent to which a person caused his own injury.

Now the negligence which we are talking about, that is – negligence by Crown Theatres which would either bar recovery or diminish the amount of damages, is what we may define as causal negligence, that is, negligence which causally contributed to produce the injuries. The question whether the negligence did cause them to be determined by the same test the court explained to you with reference to the negligence of the Martino Defendants; that is, was the negligence of Crown Theatres a substantial factor in bringing about its injuries?

In this case the Martino Defendants have pled and claim that Crown Theatres' cannot recover because they are guilty of contributory negligence through Crown Theatres' conduct and through the conduct of their former corporate officers – Daly, Clifford and/or Garfinkel. Before you can determine whether this is a valid defense, you must first consider whether Crown Theatres' own negligence, including the conduct of its corporate officers Garfinkel, Clifford and/or Daly, was greater than the Martino Defendants' negligence and if so, whether Crown Theatres' own negligence was the proximate cause of their injuries and damages claimed.

In such a case, you start with the combined total negligence of all parties as being 100%. If you find that there was no negligence on the part of the Martino Defendants, you have no need to consider the question whether Crown Theatres was guilty of contributory negligence, because whether Crown Theatres was or not, Crown Theatres cannot recover. However, if you find that Crown Theatres was guilty of contributory negligence and if you find also that such negligence was a substantial factor in bringing about its injuries, then you must bring in a verdict for the Martino Defendants, even if you also may find that the Martino Defendants were negligent. Finally, if you determine Crown Theatres' to be 50% or less at fault in causing the injury (again taking 100% as the total negligence of all the parties to the action), you must then reduce your award by the percentage of Crown Theatres' negligence.

Furthermore, if you find that the injuries which Crown Theatres suffered were caused by the conduct of Daly, Clifford and/or Garfinkel, there is another issue in the case which you must decide before you can render a verdict. Crown Theatres admits that Daly, Clifford and/or Garfinkel were corporate officers of Crown Theatres during the subject time period. As stated above, if you find that Daly, Clifford and/or Garfinkel's conduct was in the course of their employment with Crown Theatres, then their respective conduct must be imputed to Crown Theatres.

However, if you find that Daly, Clifford or Garfinkel's conduct to be beyond that of an corporate officer, then Crown Theatres may be relieved of its corporate officers liability for their conduct because Crown Theatres is not mandated to indemnify its employees in all circumstances. If you find that Daly, Clifford and/or Garfinkel conduct was beyond that of a corporate officer, then they are independently liable for their own conduct and you must allocate a percentage of responsibility to them individually.

Joint Trial Memorandum                                                        Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Lastly, you must also consider the negligence attributable to the Cella Defendants and

B.B. Construction Consultant.   If you find that the Cella Defendants or B.B. Construction

Consultant are also at fault, you must decide what part of the total fault each bears, in addition to

Crown Theatres.  In making that decision, you will weigh the degree of fault of each defendant.


Sources:
Conn. Jury Instruction §§ 175, 193 & 195.
C.G.S. § 33-770 to § 33-779 inclusive.

Joint Trial Memorandum                                                Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**IF NEW YORK LAW IS APPLICABLE:**

**Proposed Jury Instruction**
**Professional Negligence**

Crown Theatres cannot recover unless it has proven that its damages were caused by the negligent conduct of the Martino Defendants substantially in the manner and for the reasons it claims. Crown Theatres claims that it paid fraudulent payment applications because the Martino Defendants executed the fraudulent payment applications without conducting on-site visits. If you find that Crown Theatres would have paid the fraudulent payment applications whether or not the Martino Defendants executed the payment applications, then you must find for the Martino Defendants.

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonable prudent person would have done under the same circumstances.

Negligence requires both a reasonably foreseeable danger of injury to another and conduct that is unreasonable in proportion to that danger. A person is only responsible for the result of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be not merely possible, but be probable.

There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as

Joint Trial Memorandum                                                    Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

a result of his or her conduct, or acted reasonably in the light of what could have been foreseen. In other words, if the Martino Defendants could not reasonably foresee that their conduct would result in the intentional wrongful conduct of Daly and/or Beacher, then the Martino Defendants were not negligent.

The Martino Defendants are an architectural firm that prepares plans and specifications for a building and as an architectural firm, it impliedly represents that it has the reasonable degree of skill usually possessed by a member of the architectural profession and is familiar with the construction materials and practices in ordinary use in the construction of such a building. An architectural firm is not required to have that degree of skill that belongs only to a few persons of extraordinary skill but must keep informed of currently approved methods in general use in the profession and in the construction industry. Reasonable care means that degree of care that a reasonably prudent architect would use under the same circumstances.

A person who has special training and experience in a profession, when acting in the trade or profession on behalf of others who are relying on their special skills, has the duty to use the same degree of skill and care that others in the same profession in the community would reasonably use in the same situation. The Martino Defendants in this case has special skills as an architect. If you decide that the Martino Defendants did use the same degree of skill and care that other architects in the community would reasonably use in the same situation, then you must find that the Martino Defendants were not negligent, no matter what resulted from the Martino Defendants' conduct.

You have heard evidence of the general customs and practices of others who are in the same business or trade as that of the Martino Defendants. This evidence is to be considered by you in determining whether the conduct of the Martino Defendants was reasonable under the

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

circumstances.  The Martino Defendants' conduct is not to be considered unreasonable simply because someone else may have used a better practice.  On the other hand, a general custom, use, or practice by those in the same business or trade may be considered some evidence of what constitutes reasonable conduct in that trade or business. You must first decide, from the evidence presented in this case, whether there is a general custom or practice in the Martino Defendants' trade when dealing with executing payment applications.  If you find that there is a custom or practice, you may take that general custom or practice into account in considering the care used by the Martino Defendants in this case.  However, a general custom or practice is not the only test; what you must decide is whether, taking all the facts and circumstances into account, the Martino Defendants acted with reasonable care.

Sources:
NY PJI §§ 1:85, 2:10, 2:12, 2:15, 2:16 and 2:153.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Jury Instruction
## <u>Proximate Cause</u>

An act or omission is regarded as a cause of an injury only if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.

The Martino Defendants claim that they are not responsible for Crown Theatres' damages because Daly and Beacher's intentional conduct caused Crown Theatres' injuries. If you find that the Martino Defendants were negligent but that Crown Theatres' injuries were caused by the intentional acts of Daly and Beacher and a reasonably prudent person would not have foreseen the intentional acts of the kind committed by Daly and Beacher as a probable consequence of the Martino Defendants' negligence, then the Martino Defendants are not responsible for Crown Theatre's injuries and Crown Theatres may not recover.

<u>Sources:</u>
NY PJI §§ 2:70 and 2:72.

Joint Trial Memorandum                                                      Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)


### Proposed Jury Instruction
### Comparative/Contributory Fault

If you find that the Martino Defendants were negligent and that the Martino Defendants' negligence contributed to Crown Theatres' damages, you must next consider whether Crown Theatres was also negligent and whether Crown Theatres' conduct contributed to causing its damages. The Martino Defendants must prove that Crown Theatres was negligent and that its negligence contributed to causing Crown Theatres' damages. If, you find that Crown Theatres was negligent and that negligence contributed to causing its damages, you must then apportion the fault between Crown Theatres and the Martino Defendants.

While considering Crown Theatre's comparative fault, you must also consider the comparative fault of Crown Theatres' officers, directors and employees. Crown Theatres is responsible for the acts and omissions of its officers, directors and employees, if the act or omission is in furtherance of Crown Theatres' business and is within the scope of the officers, directors or employees' authority. An act or omission is within the scope of an officers, director and/or employees' authority if it is performed while the officer, director or employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The officer or employee need not have authorized the specific act in question.

If you find that Daly, Clifford and/or Garfinkel as officers, directors and/or employees of Crown Theatres negligently caused or contributed to Crown Theatres' injury while acting within their scope of employment with Crown Theatres, then their negligence must be imputed to Crown Theatres. If you find that Daly, Clifford and/or Garfinkel did not act within their scope of

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-3

their employment with Crown Theatres, but their negligence still contributed or caused Crown Theatres' damages, then you must apportion their respective liability to them individually as separate defendants.

Weighing all the facts and circumstances, you must consider the total negligence, that is, the negligence of both Crown Theatres and the Martino Defendants which contributed to causing Crown Theatres' damages and determine what percentage of fault is chargeable to each. You must also consider the negligence attributable to the Daly Defendants, Cella Defendants and B.B. Construction Consultant. If you find that the Daly Defendants, Cella Defendants or B.B. Construction Consultant are also at fault, you must decide what part of the total fault each bears, in addition to Crown Theatres. In making that decision, you will weigh the degree of fault of each defendant.

Once you have considered all the facts and circumstances, you will decide what is a fair division of the responsibility of each defendant and Crown Theatres for causing Crown Theatres' injuries. In your verdict, you will state the percentage of fault of each defendant. The total of these percentages must add up to 100%.

Sources:
NY PJI § 2:36, 2:72 and 2:275

Joint Trial Memorandum                                                     Exhibit E-3
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Jury Instruction**
**<u>Damages</u>**

My charge to you on the law of damages must not be taken as a suggestion that you should find for Crown Theatres.  It is for you to decide on the evidence presented by Crown Theatres and the rules of law I have given you whether Crown Theatres is entitled to recover from the Martino Defendants.  If you decide that Crown Theatres is not entitled to recover from the Martino Defendants, you need not consider damages.  Only if you decide that Crown Theatres is entitled to recover will you consider the measure of damages.

If you find that Crown Theatres is entitled to recover from the Martino Defendants, you must render a verdict in a sum of money that will justly and fairly compensate Crown Theatres for all losses resulting from the injuries sustained as a result of the Martino Defendant negligence.

<u>Source:</u>
NY PJI § 2:777

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Jury Instruction**
**<u>Collateral Sources</u>**

In considering the issue of damages, you must also decide whether Crown Theatres actually suffered the loss that Crown Theatres claims. An award to Crown Theatres for loss must be only for the amount that Crown Theatres actually lost. Crown Theatres may not recover for any expense that was recovered from any outside source, including its fidelity insurance policy with National Union or its settlement with Beacher or the Cella Defendants.

<u>Source:</u>
NY PJI § 2:300