Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## TABLE OF CONTENTS

**Proposed Instruction No. 1** ...................................... 1
Juror Attentiveness ................................................ 1
**Proposed Instruction No. 2** ...................................... 2
Role of the Court .................................................. 2
**Proposed Instruction No. 3** ...................................... 4
Role of the Jury ................................................... 4
**Proposed Instruction No. 4** ...................................... 6
Juror Oath ......................................................... 6
**Proposed Instruction No. 5** ...................................... 7
Corporate Parties and Partnerships ................................. 7
**Proposed Instruction No. 6** ...................................... 8
Corporate Responsibility (Express, Apparent, Implied Authority
        Defined) .................................................... 8
**Proposed Instruction No. 7** ..................................... 11
Burden of Proof—General ........................................... 11
**Proposed Instruction No. 8** ..................................... 13
Burden of Proof—Preponderance of the Evidence .................... 13
**Proposed Instruction No. 9** ..................................... 15
Burden of Proof—Clear and Convincing Evidence .................... 15
**Proposed Instruction No. 10** .................................... 17
What Is and Is Not Evidence ....................................... 17
**Proposed Instruction No. 11** .................................... 20
Direct and Circumstantial Evidence ............................... 20
**Proposed Instruction No. 12** .................................... 22
Inference Defined ................................................. 22
**Proposed Instruction No. 13** .................................... 24
Witness Credibility ............................................... 24
**Proposed Instruction No. 14** .................................... 26
Bias .............................................................. 26
**Proposed Instruction No. 15** .................................... 27
Impeachment by Prior Inconsistent Statements ..................... 27
**Proposed Instruction No. 16** .................................... 29
Inference From Party's Assertion of Privilege Against Self-
        Incrimination .............................................. 29
**Proposed Instruction No. 17** .................................... 30
RICO – Racketeering ............................................... 30
**Proposed Instruction No. 18** .................................... 32
RICO – The Allegations Of The Complaint .......................... 32
**Proposed Instruction No. 19** .................................... 34
RICO – Elements Of A Section 1962(c) Violation ................... 34
**Proposed Instruction No. 20** .................................... 36
RICO – Burden Of Proof ............................................ 36
**Proposed Instruction No. 21** .................................... 37
RICO – The Enterprise ............................................. 37

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-1

Proposed Instruction No. 22 ................................... 38
RICO - Association-in-Fact ................................... 38
Proposed Instruction No. 23 ................................... 40
RICO - Person ................................................ 40
Proposed Instruction No. 24 ................................... 41
RICO - Association with the Enterprise ....................... 41
Proposed Instruction No. 25 ................................... 43
RICO - Conduct of or Participation in the Enterprise's Affairs 43
Proposed Instruction No. 26 ................................... 45
RICO - Racketeering Activity ................................. 45
Proposed Instruction No. 27 ................................... 46
RICO - Pattern of Racketeering Activity ...................... 46
Proposed Instruction No. 28 ................................... 48
RICO - Through ............................................... 48
Proposed Instruction No. 29 ................................... 49
RICO - Interstate or Foreign Commerce ........................ 49
Proposed Instruction No. 30 ................................... 50
RICO - Membership in the Conspiracy .......................... 50
Proposed Instruction No. 31 ................................... 52
RICO - Overt Act ............................................. 52
Proposed Instruction No. 32 ................................... 53
RICO - Mail Fraud ............................................ 53
Proposed Instruction No. 33 ................................... 54
RICO - Wire Fraud ............................................ 54
Proposed Instruction No. 34 ................................... 55
RICO - Scheme or Artifice .................................... 55
Proposed Instruction No. 35 ................................... 57
RICO - Transportation of Stolen Goods ........................ 57
Proposed Instruction No. 36 ................................... 58
RICO - Money Laundering ...................................... 58
Proposed Instruction No. 37 ................................... 61
RICO - Intentionally, Willfully, and Recklessly .............. 61
Proposed Instruction No. 38 ................................... 63
RICO - Civil Relief .......................................... 63
Proposed Instruction No. 39 ................................... 64
RICO - Violations of Section 1962 ............................ 64
Proposed Instruction No. 40 ................................... 65
RICO - By Reason of .......................................... 65
Proposed Instruction No. 41 ................................... 67
RICO - Damages ............................................... 67
Proposed Instruction No. 42 ................................... 68
Fraud ........................................................ 68
Proposed Instruction No. 43 ................................... 72
Civil Conspiracy ............................................. 72
Proposed Instruction No. 44 ................................... 74
Conversion ................................................... 74

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Instruction No. 45** .................................... 77
Breach Of Contract ............................................ 77
**Proposed Instruction No. 46** .................................... 79
Existence Of A Contract ....................................... 79
**Proposed Instruction No. 47** .................................... 80
Mutual Assent ................................................. 80
**Proposed Instruction No. 48** .................................... 81
Breach ........................................................ 81
**Proposed Instruction No. 49** .................................... 83
Contract – Damages ............................................ 83
**Proposed Instruction No. 50** .................................... 84
Plaintiff's Burden of Proof as to Amounts ..................... 84
**Proposed Instruction No. 51** .................................... 85
Benefit of the Bargain/Damages ................................ 85
**Proposed Instruction No. 52** .................................... 86
Professional Negligence ....................................... 86
**Proposed Instruction No. 53** .................................... 90
CUTPA -- Introductory Instruction ............................. 90
**Proposed Instruction No. 54** .................................... 91
CUTPA -- Conduct of Trade or Commerce ......................... 91
**Proposed Instruction No. 55** .................................... 92
CUTPA -Unfair Trade Practice .................................. 92
**Proposed Instruction No. 56** .................................... 95
CUTPA -- Offends Public Policy ................................ 95
**Proposed Instruction No. 57** .................................... 97
CUTPA -- Immoral, Unethical, Oppressive or Unscrupulous ....... 97
**Proposed Instruction No. 58** .................................... 98
CUTPA -Substantial Injury ..................................... 98
**Proposed Instruction No. 59** .................................... 99
CUTPA -- Ascertainable Loss ................................... 99
**Proposed Instruction No. 60** ................................... 101
Statutory Theft .............................................. 101
**Proposed Instruction No. 61** ................................... 103
Unjust Enrichment ............................................ 103
**Proposed Instruction No. 62** ................................... 105
Avoidance Of Actual Fraudulent Transfers ..................... 105
**Proposed Instruction No. 63** ................................... 109
Breach Of Fiduciary Duty ..................................... 109
**Proposed Instruction No. 64** ................................... 111
Consider Damages Only If Necessary ........................... 111
**Proposed Instruction No. 65** ................................... 112
Multiple Defendants .......................................... 112
**Proposed Instruction No. 66** ................................... 114
Compensatory Damages ......................................... 114

Joint Trial Memorandum                                      Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Proposed Instruction No. 67** .................................. 116
Punitive Damages ............................................... 116
**Proposed Instruction No. 68** .................................. 118
Right To See Exhibits and Hear Testimony; Communications With
      Court ..................................................... 118
**Proposed Instruction No. 69** .................................. 119
Duty To Deliberate/Unanimous Verdict ........................... 119
**Proposed Instruction No. 70** .................................. 121
Selection of Foreperson ........................................ 121
**Proposed Instruction No. 71** .................................. 122
Return of Verdict .............................................. 122
**Proposed Instruction No. 72** .................................. 123
Special Verdict ................................................ 123


Proposed Verdict Form .......................................... 124
RICO  .......................................................... 124
Fraud .......................................................... 131
Civil Conspiracy ............................................... 134
Conversion ..................................................... 135
Breach of Contract ............................................. 137
Professional Negligence ........................................ 138
Connecticut Unfair Trade Practice Act .......................... 139
Statutory Theft ................................................ 141
Conversion ..................................................... 144
Unjust Enrichment .............................................. 146
Fraudulent Transfer ............................................ 148
Breach of Fiduciary Duty ....................................... 150
Punitive Damages ............................................... 151

Joint Trial Memorandum                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 1

### Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law.  You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.  Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

### Source:

L. Sand, et al., Modern Federal Jury Instructions, #71-1 (2004).

Given                  _____

Given as Modified      _____

Refused                _____

Withdrawn              _____

1

## Proposed Instruction No. 2

### Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #71-2 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

## Proposed Instruction No. 3

### Role of the Jury

As members of the jury, you are the sole and exclusive
judges of the facts.  You pass upon the evidence.  You determine
the credibility of the witnesses.  You resolve such conflicts as
there may be in the testimony.  You draw whatever reasonable
inferences you decide to draw from the facts as you have
determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your
province or functions as jurors.  In order for you to determine
the facts, you must rely upon your own recollection of the
evidence.  What the lawyers have said in their opening
statements, in their closing arguments, in the objections, or in
their questions is not evidence.  Nor is what I may have said—or
what I may say in these instructions—about a fact issue
evidence.  In this connection, you should bear in mind that a
question put to a witness is never evidence, it is only the
answer which is evidence.  But you may not consider any answer
that I directed you to disregard or that I directed struck from
the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I
do not mean to indicate any opinion as to the facts or what your
verdict should be.  The rulings I have made during the trial are
not any indication of my views of what your decision should be

4

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

as to whether or not Crown Theatres or defendants have proven

their case.

I also ask you to draw no inference from the fact that upon

occasion I asked questions of certain witnesses.  These

questions were only intended for clarification or to expedite

matters and certainly were not intended to suggest any opinions

on my part as to the verdict you should render, or whether any

of the witnesses may have been more credible than any other

witnesses.  You are expressly to understand that the court has

no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the

exclusive judges.  You are to perform the duty of finding the

facts without bias or prejudice to any party.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #71-3 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 4

### Juror Oath

In determining the facts, you are reminded that you took an
oath to render judgment impartially and fairly, without
prejudice or sympathy and without fear, solely upon the evidence
in the case and the applicable law.  I know that you will do
this and reach a just and true verdict.

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #71-4 (2004).

Given               _____

Given as Modified   _____

Refused             _____

Withdrawn           _____

6

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 5

### Corporate Parties and Partnerships

In this case, Crown Theatres is a limited partnership and some of the defendants are corporations.  The mere fact that one of the parties is a corporation or limited partnership does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations and limited partnerships, big or small, are entitled to the same fair consideration as you would give any other individual party.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #72-1 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 6

### Corporate Responsibility (Express, Apparent, Implied Authority Defined)

Limited partnerships and corporations are creations of state law and can act only through their agents—that is, their employees, officers or authorized representatives.  In order to find that the act of an agent was binding on the corporation or limited partnership you must find that the agent had authority to act in the manner in which he or she is alleged to have acted.

This authority may be express, apparent or inherent. Express authority is created by the direct verbal or written giving of that authority by the corporation or limited partnership to its agent.  For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hand, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that its agent possesses. Apparent authority can be created by appointing a person to a position, such as manager, treasurer or other, which position carries generally recognized duties.  In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the corporation or limited partnership.  To third parties who deal with this agent, knowing

8

of his position, the agent has apparent authority to do all

those things ordinarily done by someone in that position,

regardless of any unknown limitations which are imposed on the

particular agent.  In such circumstances, the corporation or

limited partnership is bound to third parties, who are unaware

of any lack of authority to the same extent as if the power to

act had been directly conferred.  Therefore, if you find that

the corporation or limited partnership has, by reason of its

words or conduct, led a third party to rely on the appearance of

the agent's authority to act on behalf of all the facts and

circumstances of the particular case, then the corporation or

limited partnership is responsible for such acts of its agent as

if the corporation or limited partnership itself committed the

acts.

There are also situations in which an agent has inherent

authority to bind the corporation or limited partnership even

where the corporation or limited partnership has not granted the

employee either the express or apparent authority to act on its

behalf.  This inherent authority may exist, provided the acts in

question are within the scope of his employment, even though the

acts may be criminal or tortious.  An act is within the scope of

employment if it is sufficiently related to the kind the

employee was employed to perform, if it was done substantially

within the time and space limits of the job and was actuated, at
least in part, by a purpose to serve the corporation or limited
partnership.

Therefore, if you find that the agent acted with express,
apparent, or inherent authority to bind the corporation or
limited partnership, you may find that the corporation or
limited partnership was responsible for his conduct.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #72-2 (2004).

Given            _____

Given as Modified   _____

Refused          _____

Withdrawn        _____

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 7

### Burden of Proof—General

This is a civil case and as such Crown Theatres has the
burden of proving the material allegations of its complaint by a
fair preponderance of the evidence unless I instruct you
otherwise.  Similarly, with respect to the counterclaims and
third party claims that have been made by defendants Martino and
the Martino architectural firm, the burden of proof is upon the
Martino Defendants to prove the material allegations of those
counterclaims and third party claims by a fair preponderance of
the evidence.

If after considering all of the testimony you are satisfied
that Crown Theatres has carried its burden on each essential
point as to which it has the burden of proof, then you must find
for Crown Theatres on its claims.  If after such consideration
you find the testimony of both parties to be in balance or
equally probable, then Crown Theatres has failed to sustain its
burden and you must find for the defendant.  By the same token,
if you find that the Martino Defendants have carried their
burden of proof with respect to each of the elements of their
counterclaims or third party claims, then you must find for the
Martino Defendants.

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #73-1 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 8

### Burden of Proof—Preponderance of the Evidence

The party with the burden of proof on any given issue has
the burden of proving every disputed element of its claim to you
by a preponderance of the evidence unless I instruct you
otherwise.  If you conclude that the party bearing the burden of
proof has failed to establish its claim by a preponderance of
the evidence, you must decide against it on the issue you are
considering.

What does a "preponderance of evidence" mean?  To establish
a fact by a preponderance of the evidence means to prove that
the fact is more likely true than not true.  A preponderance of
the evidence means the greater weight of the evidence.  It
refers to the quality and persuasiveness of the evidence, not to
the number of witnesses or documents.  In determining whether a
claim has been proved by a preponderance of the evidence, you
may consider the relevant testimony of all witnesses, regardless
of who may have called them, and all the relevant exhibits
received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is
evenly divided between the parties—that it is equally probable
that one side is right as it is that the other side is right—
then you must decide that issue against the party having this
burden of proof.  That is because the party bearing this burden

13

Joint Trial Memorandum                                              Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

must prove more than simple equality of evidence—it must prove

the element at issue by a preponderance of the evidence.  On the

other hand, the party with this burden of proof need prove no

more than a preponderance.  So long as you find that the scales

tip, however slightly, in favor of the party with this burden of

proof—that what the party claims is more likely true than not

true—then that element will have been proved by a preponderance

of evidence.

Some of you may have heard of proof beyond a reasonable

doubt, which is the proper standard of proof in a criminal

trial.  That requirement does not apply to a civil case such as

this and you should put it out of your mind.

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #73-2 (2004).

Given                      _____

Given as Modified          _____

Refused                    _____

Withdrawn                  _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 9

### Burden of Proof—Clear and Convincing Evidence

The party with the burden of proof on some claims has the burden of proving the elements of these claims to you by clear and convincing evidence.  If you conclude that the party bearing the burden of proof has failed to establish such a claim by clear and convincing evidence, you must decide against that party on the issue you are considering.

What does "clear and convincing evidence" mean?  Clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true.  On the other hand, "clear and convincing" proof is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable.  It is enough if the party with the burden of proof establishes his claim beyond any substantial doubt; he does not have to dispel every reasonable doubt.

15

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #73-3 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

## Proposed Instruction No. 10

### What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited

17

Joint Trial Memorandum                                              Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

purpose—such as for the purpose of assessing a witness'
credibility—you must follow the limiting instructions I have
given.

        Arguments by lawyers are not evidence, because the lawyers
are not witnesses.  What they have said to you in their opening
statements and in their summations is intended to help you
understand the evidence to reach your verdict.  However, if your
recollection of the facts differs from the lawyers' statements,
it is your recollection which controls.

        Exhibits which have been marked for identification may not
be considered by you as evidence until and unless they have been
received in evidence by the court.

        To constitute evidence, exhibits must be received in
evidence.  Exhibits marked for identification but not admitted
are not evidence, nor are materials brought forth only to
refresh a witness' recollection.

        Finally, statements which I may have made concerning the
quality of the evidence do not constitute evidence.

        It is for you alone to decide the weight, if any, to be
given to the testimony you have heard and the exhibits you have
seen.

                                   18

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #74-1 (2004).

Given                     _____

Given as Modified         _____

Refused                   _____

Withdrawn                 _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 11

### Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would

20

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

be reasonable and logical for you to conclude that it had been
raining.

    That is all there is to circumstantial evidence.  You infer
on the basis of reason and experience and common sense from one
established fact the existence or non-existence of some other
fact.

    Circumstantial evidence is of no less value than direct
evidence; for, it is a general rule that the law makes no
distinction between direct evidence and circumstantial evidence
but simply requires that your verdict must be based on all the
evidence presented.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #74-2 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

21