Joint Trial Memorandum                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 12

#### Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Crown Theatres asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to

22

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

be proven, such reasonable inferences as would be justified in

light of your experience.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #75-1 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

## Proposed Instruction No. 13

### Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear, what was his demeanor—that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

Joint Trial Memorandum                              Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

You should use all the tests for truthfulness that you
would use in determining matters of importance to you in your
everyday life.  You should consider any bias or hostility the
witness may have shown for or against any party as well as any
interest the witness has in the outcome of the case.  You should
consider the opportunity the witness had to see, hear, and know
the things about which he testified, the accuracy of his memory,
his candor or lack of candor, his intelligence, the
reasonableness and probability of his testimony and its
consistency or lack of consistency and its corroboration or lack
of corroboration with other credible testimony.

In other words, what you must try to do in deciding
credibility is to size a witness up in light of his or her
demeanor, the explanations given and all of the other evidence
in the case.  Always remember that you should use your common
sense, your good judgment and your own life experience.

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #76-1 (2004).

Given                 _____

Given as Modified     _____

Refused               _____

Withdrawn             _____

Joint Trial Memorandum                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 14

### Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

**Source**:

L. Sand, et al., Modern Federal Jury Instructions, #76-2 (2004).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

26

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 15

### Impeachment by Prior Inconsistent Statements

You have heard evidence that at some earlier time the
witness has said or done something which counsel argues is
inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be
considered by you as affirmative evidence in determining
liability.  Evidence of a prior inconsistent statement was
placed before you for the more limited purpose of helping you
decide whether to believe the trial testimony of the witness who
contradicted himself.  If you find that the witness made an
earlier statement that conflicts with his trial testimony, you
may consider that fact in deciding how much of his trial
testimony, if any, to believe.

In making this determination, you may consider whether the
witness purposely made a false statement or whether it was an
innocent mistake; whether the inconsistency concerns an
important fact, or whether it had to do with a small detail;
whether the witness had an explanation for the inconsistency,
and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence
and your own good judgment, to determine whether the prior
statement was inconsistent, and if so how much, if any, weight

27

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

to give to the inconsistent statement in determining whether to

believe all or part of the witness' testimony.

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #76-5 (2004).

Given                  _____

Given as Modified      _____

Refused                _____

Withdrawn              _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 16

### Inference From Party's Assertion of
### Privilege Against Self-Incrimination

You have heard the defendant, Milton Daly, decline to answer certain questions on the grounds of his Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to defendant Milton Daly.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them.

**Source:**

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, #75-5 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 17

### RICO – Racketeering

Crown Theatres bring two claims in this civil action under

the Racketeer Influenced and Corrupt Organizations Act, more

commonly known as "RICO" or "the RICO Act," against Milton Daly

and Taylor-Leigh.  In addition, Crown Theatres has brought one

claim under the RICO Act against Cella and GUS.  Before going

any further, let me explain that the word "racketeering" may

have a negative social meaning and may tend to cause prejudice.

You should understand that the use of that term by me or by the

lawyers for either side in this case should not be regarded as

having any bearing on the defendants' liability for Crown

Theatres' claimed losses or Crown Theatres' right to recover for

those losses.  You should consider the term "racketeering" only

in the precise way that I will define it for you in these

instructions.  You should not confuse that definition with, or

in any way be influenced by, any prior understandings which you

may have of the term "racketeering."

The words "Racketeer Influenced and Corrupt Organizations

Act" are those used by Congress in 1970, when the law was

enacted, to describe this particular statute.  By using the word

"racketeer" in the title of the statute, Congress did not mean

that Crown Theatres must prove that any of the defendants is a

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

"racketeer" or a member of what is commonly referred to as

"organized crime" in order to recover damages.  Moreover, you

should not assume that the defendants are "racketeers" because

the defendants have been sued under the RICO act.   Those

conceptions do not have any application in this case.

    You are further instructed that mere violations of the law

are not sufficient to establish a violation of RICO for purposes

of this civil action.  Crown Theatres must prove each element of

a RICO violation, as those elements will be explained to you in

these instructions.

**Source:**

Sample Civil RICO Jury Instructions, #2.1 (ABA 1994).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

31

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 18

### RICO – The Allegations Of The Complaint

The complaint filed by the plaintiff Crown Theatres in this case alleges, among other things, that Milton Daly and Taylor-Leigh violated Title 18, Section 1962(c), of RICO. The statute provides that any person whose business or property has been injured by reason of a violation of the statute may recover damages from each person who caused the injury. Section 1962(c) of RICO reads as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . ..

In this case, Crown Theatres alleges that Section 1962(c) was violated by Milton Daly and Taylor-Leigh in the following respects: from October 1996 through at least May 2001, Milton Daly and Taylor-Leigh engaged in multiple instances of mail and wire fraud, caused the transportation of stolen goods across state lines, and laundered money.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-1

**Source:**

Sample Civil RICO Jury Instructions, #3.1 (ABA 1994).

Given                _____

Given as Modified    _____

Refused              _____

Withdrawn            _____

Joint Trial Memorandum                                     Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 19

### RICO – Elements Of A Section 1962(c) Violation

Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. To prove liability under Section 1962(c), Crown Theatres must establish each of the following elements by a preponderance of the evidence:

*First*, the existence of an enterprise which affected interstate commerce;

*Second*, that the defendant was employed by or associated with the enterprise;

*Third*, that the defendant conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs; and

*Fourth*, that the participation was through a pattern of racketeering activity.

These elements will now be explained to you in greater detail.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Sample Civil RICO Jury Instructions, #3.2 (ABA 1994).

Given                      _____

Given as Modified          _____

Refused                    _____

Withdrawn                  _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 20

### RICO — Burden Of Proof

Although RICO refers to the term "racketeering activity," I instruct you that this is a civil case, not a criminal case, and Crown Theatres' RICO allegations do not have to be proved beyond a reasonable doubt, but only by a preponderance of the evidence.

**Source:**

Sample Civil RICO Jury Instructions, #3.3 (ABA 1994).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 21

### RICO — The Enterprise

The term "enterprise," as used in RICO, includes any
individual, partnership, limited partnership, corporation,
association, or other legal entity, and any union or group of
individuals or corporations associated in fact, although not a
legal entity, engaged in interstate commerce, or whose
activities affect interstate commerce.

In this case, it is alleged by Crown Theatres that Crown
Theatres itself constituted an enterprise engaged in and whose
activities affect interstate commerce.  More specifically, it is
alleged that by managing and constructing theatres in seven
states, and purchasing materials such as concessions and film
from multiple states, Crown Theatres was engaged in interstate
commerce.

**Source:**

Sample Civil RICO Jury Instructions, #3.4 (ABA 1994).

Given                 _____

Given as Modified     _____

Refused               _____

Withdrawn             _____

37

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 22

### RICO – Association-in-Fact

It is also alleged by Crown Theatres that Milton Daly,
Taylor-Leigh, Cella, GUS and Beacher were associated in fact to
form an enterprise.  To find that an association-in-fact
enterprise existed, you must find that Milton Daly, Taylor-
Leigh, Cella, GUS and Beacher had an ongoing organization,
formal or informal, and that the members of this enterprise
functioned as a continuing unit for a common purpose.  This
means that while members of the association-in-fact may come and
go, the enterprise must continue in an essentially unchanged
form during substantially the entire period alleged by Crown
Theatres.  At the same time, the structure of the enterprise
need not have been formal and its existence can be proved by
Crown Theatres with evidence of its activities.

The "enterprise" element is different from the "pattern of
racketeering activity" element, which will be defined for you
shortly.  While the evidence or proof to establish each of these
elements may overlap, proof of one element does not necessarily
establish the other.  Rather, the enterprise must be an entity
or an association-in-fact separate and apart from the pattern of
racketeering activity in which it engages.

38

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

A conspiracy can constitute an enterprise and, where an enterprise has been shown to exist, it makes no difference whether its purpose was legitimate or illegitimate. The enterprise must, however, have an economic purpose of some kind, either directly or through its racketeering activity.

**Source:**

Sample Civil RICO Jury Instructions, #3.4[b] (ABA 1994).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-1

## Proposed Instruction No. 23

### RICO — Person

RICO defines the term "person" to include "any individual or entity capable of holding a legal or beneficial interest in property."

**Source:**

Sample Civil RICO Jury Instructions, #3.5 (ABA 1994).

Given                       _____

Given as Modified           _____

Refused                     _____

Withdrawn                   _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 24

### RICO — Association with the Enterprise

Section 1962(c) of RICO requires that a person be "employed by or associated with" the enterprise. Here, it is alleged that Crown Theatres constituted an enterprise and that Milton Daly, Taylor-Leigh, Cella, GUS and Beacher formed an association-in-fact enterprise. "Employed by" means that a person is hired and/or paid by the enterprise to perform a service. "Associated with" means that a person has a business relationship with the enterprise itself and not merely with one of the enterprise's employees or agents. A defendant must know something about the enterprise's activities, as they relate to the racketeering activity, but it is not necessary that the defendant be aware of all racketeering activities committed by each of the participants in the enterprise. One may be employed by or associated with an enterprise even though he holds no official position and has no formal connection with it.

In this case, it is alleged that Milton Daly was employed by the Crown Theatres enterprise and that Taylor-Leigh was associated with the same enterprise. It is also alleged that Milton Daly and Taylor-Leigh formed an association-in-fact enterprise with Cella, GUS and Beacher and thereby participated in the operation and management of the association-in-fact enterprise.

41

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Sample Civil RICO Jury Instructions, #3.6 (ABA 1994).

Given                _____

Given as Modified    _____

Refused              _____

Withdrawn            _____

Joint Trial Memorandum                                        Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 25

### RICO – Conduct of or Participation in the Enterprise's Affairs

Section 1962(c) of RICO requires that a person have
conducted or participated, directly or indirectly, in the
conduct of the enterprise's affairs through a pattern of
racketeering activity.  To participate, directly or indirectly,
in the conduct of the enterprise's affairs, the defendant must
participate in the operation or management of the enterprise
itself.  While Crown Theatres need not prove that the defendant
had primary responsibility for the enterprise's affairs, some
part in directing or controlling the enterprise's affairs is
required.

In the present case, it is alleged that Milton Daly was the
Chief Operating Officer of Crown Theatres and thereby exerted
control over its operations and that Taylor-Leigh through Milton
Daly exerted control over Crown Theaters.  Similarly, it is
alleged that Milton Daly and Taylor-Leigh exerted control over
the operation of the association-in-fact enterprise.

43

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Sample Civil RICO Jury Instructions, #3.7 (ABA 1994).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 26

### RICO – Racketeering Activity

"Racketeering activity" is the term used in the law to designate crimes that may constitute violations under the RICO statute.  You are to draw no conclusion from the use of this term that is in any way detrimental to Milton Daly and Taylor-Leigh.  You should also note that, on occasion, these instructions may alternatively refer to racketeering activity as a "racketeering act" or as a "predicate act."

As it pertains to this case, the law defines racketeering activity to include mail fraud, wire fraud, transportation of stolen goods, and laundering money.  Later in these instructions, I will give you more detail about what is needed to prove each of those types of racketeering activities.

**Source:**

Sample Civil RICO Jury Instructions, #3.8 (ABA 1994).

Given                _____

Given as Modified    _____

Refused              _____

Withdrawn            _____

45

### Proposed Instruction No. 27

#### RICO — Pattern of Racketeering Activity

RICO defines the term "pattern of racketeering activity" to require at least two acts of racketeering activity. You must find by a preponderance of the evidence that the two acts occurred. In this case, Crown Theatres alleges that the acts of racketeering activity included mail fraud, wire fraud, money laundering and transportation of stolen goods. Later, I will explain the individual elements of those facts.

In addition, the term "pattern of racketeering activity" requires that you find the predicate acts were (1) related to each other and (2) amounted to or posed a threat of continued racketeering activity. Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.

To demonstrate that the acts amounted to or posed a threat of continued racketeering activity, Crown Theatres must show a series of predicate acts by Milton Daly and Taylor-Leigh extending over a substantial period of time and involving more than a limited number of participants, victims, injuries and transactions. Acts extending over less than a substantial period and threatening no future racketeering activity do not satisfy the continuity requirement.