Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-1

**Source:**

Sample Civil RICO Jury Instructions, #3.9 (ABA 1994).

Given                      _____

Given as Modified          _____

Refused                    _____

Withdrawn                  _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-1

### Proposed Instruction No. 28

### RICO — Through

Finally, to find that any defendant violated Section

1962(c), you must find that, through this pattern of

racketeering activity, Milton Daly and Taylor-Leigh conducted or

participated in the conduct of either of the two alleged

enterprises: Crown Theatres or the association-in-fact

enterprise.  To establish the necessary connection, Crown

Theatres must prove that Milton Daly's and Taylor-Leigh's

pattern of racketeering activity was (1) facilitated by that

defendant's position in, or relationship to, either enterprise

or both, and (2) had some effect on that particular enterprise.

**Source:**

Sample Civil RICO Jury Instructions, #3.11 (ABA 1994).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 29

### RICO — Interstate or Foreign Commerce

For RICO to apply, Crown Theatres or the association-in-fact enterprise must either engage in interstate commerce or carry out activities affecting such commerce. In this case it is alleged that the mail fraud, wire fraud, transportation of stolen goods, and laundering money all occurred in and affected interstate commerce.

Interstate commerce means commerce between any two states. It is not necessary to show that any racketeering acts affected interstate commerce (except as to those racketeering acts specifically requiring such an impact as an element of the offense).  Only the enterprise must have such a connection.  It is also sufficient if the pattern of racketeering activity has such an effect on interstate commerce.  Finally, all that is required is some minimal effect on interstate commerce.

**Source:**

Sample Civil RICO Jury Instructions, #3.12 (ABA 1994).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

49

### Proposed Instruction No. 30

### RICO — Membership in the Conspiracy

The complaint alleges that defendants Milton Daly, Taylor-Leigh, Cella, and GUS violated Section 1962(d) of RICO, which makes it unlawful to conspire to violate Section 1962(c) of the RICO statute.

Crown Theatres must prove that one or more of the defendants Milton Daly, Taylor-Leigh, Cella, and GUS became members of the conspiracy alleged in the complaint.  This means that Crown Theatres must prove that defendants Milton Daly, Taylor-Leigh, Cella, and GUS joined with the other members of the conspiracy in an agreement to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity.  Thus, Crown Theatres must prove the following:

*First*, that Milton Daly, Taylor-Leigh, Cella, and GUS knew that the object of the alleged conspiracy was conducted in violation of Section 1962.  To do this, Crown Theatres must prove that Milton Daly, Taylor-Leigh, Cella, and GUS understood the unlawful character of the conspiratorial plan.

*Second*, that Milton Daly, Taylor-Leigh, Cella, and GUS agreed to join with others to achieve the objective of the conspiracy.  To conspire to conduct the affairs of an enterprise, the defendant must be aware of the existence and purpose of the enterprise.

50

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

*Third*, that Milton Daly, Taylor-Leigh, Cella, and GUS
agreed that the enterprise would be conducted through a pattern
of racketeering activity.   This means that the commission of at
least two predicate crimes by the conspiracy was contemplated.

**Source:**

Sample Civil RICO Jury Instructions, #6.2 (ABA 1994).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 31

### RICO — Overt Act

It is necessary that Crown Theatres prove that the
defendant committed an overt act in furtherance of the object of
the conspiracy.  An overt act is any transaction or event, which
may be entirely innocent when considered alone, but which is
committed by a conspirator in an effort to accomplish some
object of the conspiracy.

## Source:

Sample Civil RICO Jury Instructions, #6.6 (ABA 1994).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum                              Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

### Proposed Instruction No. 32

### RICO — Mail Fraud

To establish a violation of the federal mail fraud statute, Crown Theatres must prove that one or more of the defendants committed the following elements:

*First*, that the defendant willfully and knowingly devised a scheme or artifice to defraud, or to obtain money or property by means of false pretenses, representations, or promises, and

*Second*, that the defendant used the United States Postal Service or Federal Express or another commercial mail service to send, or causing to be sent, some matter or thing for the purpose of executing the scheme or plan to defraud.

The use of the United States mails or Federal Express or another commercial mail service is an essential element of the predicate act of mail fraud. Each separate use of the mails in furtherance of a scheme or plan to defraud constitutes a separate predicate act of mail fraud.

**Source:**

Sample Civil RICO Jury Instructions, #8.1 (ABA 1994).

Given               _____

Given as Modified   _____

Refused             _____

Withdrawn           _____

## Proposed Instruction No. 33

### RICO — Wire Fraud

To establish a violation of the federal wire fraud statute, Crown Theatres must prove that one or more of the defendants committed the following elements:

*First*, that the defendant willfully and knowingly devised a scheme or artifice to defraud, or to obtain money or property by means of false pretenses, representations, or promises; and

*Second*, that the defendant made interstate telephone calls or used radio communications for the purpose of executing the scheme or plan to defraud.

Interstate telephone calls or radio communications are an essential element of the predicate act of wire fraud.  Each separate use of such facilities in furtherance of a scheme or plan to defraud constitutes a separate predicate act of wire fraud.

**Source:**

Sample Civil RICO Jury Instructions, #8.2 (ABA 1994).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

## Proposed Instruction No. 34

### RICO – Scheme or Artifice

For purposes of the mail and wire fraud statutes, to establish fraudulent intent on the part of any person, it must be established that such person knowingly and intentionally attempted to deceive another. One who knowingly and intentionally deceives another is chargeable with fraudulent intent, notwithstanding the manner and form in which the deception was attempted. To act with an "intent to defraud" means to act knowingly and with specific intent to deceive, ordinarily for the purpose of causing some financial loss to another, or to bring about some financial gain to one's self. An intent to defraud may be inferred from a defendant's statements or conduct.

The words "scheme" and "artifice," as used in the mail and wire fraud statutes, include any plan or course of action intended to deceive another, or to obtain, by false or fraudulent pretenses, representations, or promises, money, or property from persons so deceived.

A statement or representation is "false" or "fraudulent," within the meaning of the mail and wire fraud statutes, if it relates to a material fact and is known to be untrue, or if it is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A

Joint Trial Memorandum                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

statement or representation may also be "false" or "fraudulent"

when it constitutes a half truth, or effectively conceals a

material fact, with intent to defraud.

It is not necessary that Crown Theatres prove all of the

details concerning the precise nature and purpose of the scheme

or plan; or that the material mailed was itself false or

fraudulent; or that the alleged scheme actually succeeded in

defrauding anyone; or that the use of the mail, the telephone,

or the radio was intended as the specific or exclusive means of

accomplishing the alleged fraud.

**Source:**

Sample Civil RICO Jury Instructions, #8.3 (ABA 1994).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 35

### RICO – Transportation of Stolen Goods

To establish a violation of the federal statute prohibiting the transportation of stolen goods, Crown Theatres must prove the following elements:

*First*, that the goods or money were stolen, converted, or taken by fraud;

*Second*, that the defendant transported goods or money of the value of $5,000 or more from one state to another; and

*Third,* that at the time of the transportation or transmission, the defendant knew the property was stolen, converted or taken by fraud.

The word "stolen" includes all wrongful and dishonest takings of property with the intent to deprive the owner of the rights and benefits of ownership.

Each separate such transportation constitutes a separate predicate act of transportation of stolen goods.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #54-22 (2004).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 36

### RICO - Money Laundering

Title 18, United States Code, Section 1956(a)(1)(B), makes it a Federal crime or offense for anyone to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

In order to prove money laundering, Crown Theatres must show that defendants Milton Daly and Taylor-Leigh did all of the following:

*First*, that Milton Daly and Taylor-Leigh conducted a "financial transaction" involving property constituting the proceeds of mail and wire fraud;

*Second*, that Milton Daly and Taylor-Leigh knew that the funds or property involved in the financial transaction constituted the proceeds of some form of unlawful activity; and

*Third*, that defendants Milton Daly and Taylor-Leigh knew that the transaction was designed in whole or in part either to conceal or disguise the nature, location, source, ownership or control of the proceeds of mail or wire fraud.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding a transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

The term "financial transaction" means a transaction
involving a financial institution which is engaged in, or the
activities of which affect, interstate commerce in any way or
degree, or a transaction which in any way or degree affects
interstate commerce and involves the movement of funds by wire
or other means, or involves one or more monetary instruments, or
involves the transfer of title to any real property, vehicle,
vessel or aircraft.

A "transaction involving a financial institution" includes
a deposit, withdrawal, transfer between accounts, exchange of
currency, loan, extension of credit, purchase or sale of any
stock, bond, certificate of deposit, or other monetary
instrument, use of a safe deposit box, or any other payment,
transfer, or delivery by, through, or to a financial institution
by whatever means.

The term "interstate or foreign commerce" means commerce
between any combination of states, territories or possessions of
the United States, or between the United States and a foreign
country.

The term "monetary instrument" includes, among other
things, coin or currency of the United States or any other
country, personal checks, traveler's checks, cashier's checks,
bank checks, money orders, and investment securities or

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

negotiable instruments in bearer form or otherwise in such form

that title thereto passes upon delivery.

The term "proceeds" means any property, or any interest in

property, that Milton Daly or Taylor-Leigh acquired or retained

as a result of the commission of the mail and wire fraud.

Proceeds can be any kind of property, not just money.

The term "specified unlawful activity" means any one of a

variety of offenses defined by the statute.  In this case, Crown

Theatres has alleged that the funds in question were the

proceeds of mail and wire fraud.

**Source:**

L. Sand, et al., Modern Federal Jury Instructions, #50A-7 and

50A-8 (2004).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 37

### RICO – Intentionally, Willfully, and Recklessly

You have heard and will hear throughout these instructions
references to the terms "intentionally, willfully, and
knowingly" in relation to various elements of the offenses or
predicate acts charged. These terms refer to the state of mind
of the defendant. You are called upon to decide whether various
acts were committed by the defendant with a certain state of
mind.

You may infer a defendant's state of mind from both his or
her words and his or her actions. The commission of an act may
more clearly show the defendant's state of mind than his or her
words or explanation uttered long after the act's occurrence.
You may determine the defendant's state of mind based upon the
facts and circumstances surrounding the act and any reasonable
inferences drawn therefrom.

An act is done intentionally if the defendant has a
conscious objective or desire either to engage in the conduct or
to cause the result.

An act is done willfully if it is committed voluntarily by
the defendant with a specific intent or purpose to do something
that the law forbids; that is, with a bad purpose to disobey or
disregard the law.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

An act is done knowingly if it is performed voluntarily by the defendant and not because of mistake or accident.

**Source:**

Sample Civil RICO Jury Instructions, #9.1 (ABA 1994).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 38

### RICO – Civil Relief

If you find that the defendants Milton Daly and Taylor-
Leigh committed a violation of RICO Section 1962(c), or that one
or more of the defendants Milton Daly, Taylor-Leigh, Cella, and
GUS committed a violation of RICO Section 1962(d), you must next
consider whether Crown Theatres was injured in its business or
property by reason of the violation of Section 1962.  For Crown
Theatres to recover, you must find that the following elements
were established:

*First*, that one or more of the defendants violated Section
1962;

*Second*, that Crown Theatres sustained injury to its
business or property;

*Third*, that such injury was sustained by reason of the
defendant's Section 1962 violation;

*Fourth*, should you find that such an injury occurred, you
will have to determine the extent of Crown Theatres' damages.

### Source:

Sample Civil RICO Jury Instructions, #7.1 (ABA 1994).

Given              _____

Given as Modified  _____

Refused            _____

Withdrawn          _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 39

### RICO – Violations of Section 1962

I have already instructed you on the elements of RICO
Sections 1962(c) and 1962(d). Each element of the alleged
violation must be established to your satisfaction by a
preponderance of the evidence.

**Source:**

Sample Civil RICO Jury Instructions, #7.2 (ABA 1994).

Given                _____

Given as Modified    _____

Refused              _____

Withdrawn            _____

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

Exhibit E-1

## Proposed Instruction No. 40

### RICO - By Reason of

It is not enough for Crown Theatres to establish a Section 1962 violation and the occurrence of business or property injuries. You must also find that such injuries occurred by *reason of* the alleged violation. This requires two determinations on your part.

*First*, you must be satisfied that the defendants' conduct actually caused Crown Theatres' loss. By actually caused, I mean that you must find that the defendants' Section 1962 violation was a material cause or a substantial factor in bringing about Crown Theatres' loss.

To find that the defendants' Section 1962 violation caused Crown Theatres' injury, you need not find that Crown Theatres was injured by each predicate act or by the pattern of racketeering activity. It is sufficient if Crown Theatres has proven that the defendant engaged in a pattern of racketeering activity and that Crown Theatres was injured by reason of at least one of the acts constituting the pattern.

*Second*, you must find that the defendants' violation was a proximate cause of Crown Theatres' injury. In other words, you must be satisfied that the injury was reasonably foreseeable.

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

**Source:**

Sample Civil RICO Jury Instructions, #7.4 (ABA 1994).

Given                    _____

Given as Modified        _____

Refused                  _____

Withdrawn                _____

Joint Trial Memorandum                          Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 41

### RICO – Damages

Should you find that Crown Theatres was injured in its
business or property by reason of the defendants' violation of
Section 1962, you should proceed to determine the extent of its
compensable damages.  The damages recoverable for a violation of
RICO is that amount reasonably necessary to compensate Crown
Theatres for injury to its business or property proximately and
directly caused by the defendants' violation of the RICO
statutes.

In this respect, your task is to assess compensatory
damages in an amount you find to be justified by the evidence as
full, just, and reasonable for Crown Theatres' business or
property injuries.  You are not permitted to speculate
concerning the extent of damages.  Rather, your determination
must be based on the evidence.

**Source:**

Sample Civil RICO Jury Instructions, #7.5 (ABA 1994).

Given                   _____

Given as Modified       _____

Refused                 _____

Withdrawn               _____

67

Joint Trial Memorandum
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

## Proposed Instruction No. 42

### Fraud

The Third Count brought by Crown Theatres in its Complaint alleges fraud against defendants Milton Daly, Taylor-Leigh, Cella, and GUS.  Crown Theatres claims that these defendants knowingly submitted false invoices, knowingly represented false invoices as correct invoices, or benefited economically from false invoices, all with the intention of defrauding Crown Theatres.  Specifically, Crown Theatres alleges that Milton Daly directed a scheme whereby Beacher, Cella and GUS knowingly presented invoices for work that was never performed, or for payment in excess of the value of the work actually performed, in connection with the movie theatre construction program. Crown Theatres further alleges that Milton Daly knowingly misrepresented that these invoices were for work properly performed and contracted for and that Crown Theatres reasonably relied on these misrepresentations in paying the invoices. Crown Theatres claims that, as part of this scheme, Taylor-Leigh received payments from various entities that received payments from Crown Theatres as a result of the false invoices.

The Fourth Count brought by Crown Theatres in its Complaint alleges fraud against Milton Daly.  Under this count, Crown Theatres claims that Milton Daly improperly submitted invoices

for the remodeling of his personal residence, and that in doing
so, he knowingly misrepresented to Crown Theatres that the
invoices were proper.  It is further alleged that Crown Theatres
reasonably relied on these misrepresentations in paying the
invoices.

The Fifth Count brought by Crown Theatres in its Complaint
alleges fraud against Milton Daly, Cella, and RCD Hudson.  Under
this count, Crown Theatres claims that Milton Daly and Cella, on
behalf of RCD Hudson, agreed to inflate the contract price on
the theatre construction project at Trumbull, Connecticut, and
in doing so, knowingly misrepresented to Crown Theatres that the
contract price reflected the true work performed by RCD Hudson.
It is further alleged that Crown Theatres reasonably relied on
these misrepresentations in paying the inflated contract price.

The essential elements of fraud are (1) that a false
representation was made; (2) that the representation was untrue
and known to be untrue by the party making it; (3) that it was
made to induce the other party to act on it; and (4) that the
latter did so act on it to its injury.

Fraud and misrepresentation cannot be easily defined
because they can be accomplished in many different ways.  The
determination of the question of fraudulent intent is an issue
that must often be inferred from surrounding circumstances.

Joint Trial Memorandum                                    Exhibit E-1
Crown Theatres, L.P. v. Milton L. Daly, et al.
No. 3:02 CV 2272 (AVC)

If from the circumstances you reasonably infer that the
defendants had the intention to induce Crown Theatres to pay
false or inflated invoices, it is your duty to find that this
intention existed.

If you further find that Crown Theatres paid those false or
inflated invoices without knowing they were false and
fraudulent, then you must find that Crown Theatres acted on
fraudulent statements to its injury.  I should say to you that
Crown Theatres was under no obligation to investigate the truth
of any representations made to it by the defendants, but could
accept them at their face value.

If you find by clear and satisfactory evidence that
defendants intentionally committed any of the aforementioned
acts or misrepresentations, with the knowledge that they were
improper, and that defendants committed those acts with the
intention of inducing Crown Theatres to rely on them, then you
may find for Crown Theatres on the fraud claims, if you find
Crown Theatres was damaged.

The damages to which Crown Theatres is entitled is the
amount necessary to place it in the position it would have been
in had the false representations not been made.  Crown Theatres
is entitled to recover those expenses which were proximately
caused by the representations made by the defendants.  In