UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:02CV2272AVC |
| ) | Jury Trial Demanded |
| MILTON L. DALY, TAYLOR-LEIGH, ) | |
| INC., ANNE E. DALY, JAMES C. ) | |
| CELLA, G.U.S. DEVELOPMENT, INC., ) | September 7, 2004 |
| JAMES T. MARTINO AND JAMES ) | |
| THOMAS MARTINO, ARCHITECT, ) | |
| P.C., and RCD HUDSON, LLC, ) | |
| ) | |
| Defendants. ) | |

**THIRD-PARTY DEFENDANTS DAVID CLIFFORD AND GLENN GARFINKEL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS I, III, V, VI AND VII OF THE AMENDED THIRD-PARTY COMPLAINT**

Defendants James T. Martino and James Thomas Martino, Architect, P.C. (collectively "Martino") cannot salvage their claims against third-party defendants David Clifford and Glenn Garfinkel. Martino admits that his indemnification and contribution claims are distinct from his affirmative defenses only if the jury finds that Clifford and Garfinkel acted outside of the scope of their duties as officers of Crown Theatres, L.P. ("Crown Theatres"). But Martino does not allege any *ultra vires* conduct by Clifford and Garfinkel. Indeed, he alleges the opposite. And Crown Theatres does not seek to avoid responsibility for Clifford and Garfinkel's conduct on that basis. The law simply does not permit a defendant to bring third-party claims against a

plaintiff's officers on the basis of speculation that the finder of fact could possibly, somehow conclude that the plaintiff was not responsible for their conduct. The Amended Third-Party Complaint ("Amended Complaint") should be dismissed.

## ARGUMENT

### I. MARTINO FAILS TO STATE A CLAIM FOR INDEMNIFICATION.

Clifford and Garfinkel showed in their opening brief that Martino's indemnification count (Count I) should be dismissed because it failed to plead three of the four required elements of a claim for common law indemnification. (Mem. Supp. Mot. Dismiss ("Clifford Br.") at 4-5.) First, Martino failed to plead that Clifford and Garfinkel's alleged negligence was the direct and immediate cause of Crown Theatres' injury. Second, Martino made no more than the bare assertion that Clifford and Garfinkel were in control of the situation to the exclusion of Martino. There are no allegations as to why this was the case or how it could be possible. Third, Martino neglected to allege that he could reasonably rely on Clifford and Garfinkel not to be negligent.

Martino protests that the Amended Third Party Complaint is sufficient to satisfy Fed. R. Civ. P. 8's notice pleading standard. (Mem. Opp. Mot. Dismiss Am. Third-Party Compl. ("Martino Br.") at 4-6.) But notice pleading does not allow Martino to simply label a claim "indemnification" and then fail to plead the elements. The case relied upon by Martino, Swierkieqicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992 (2002), is inapposite. In Swierkieqicz, the Supreme Court rejected a heightened pleading standard for employment

discrimination claims. Here, Clifford and Garfinkel do not expect more than what is required by Fed. R. Civ. P. 8. That is, the complaint must contain more than "[b]ald assertions and conclusions of law." Yeomans v. Wallace, 291 F. Supp. 2d 70, 76 (D. Conn. 2003). Martino insists that he pleads the required elements of a claim for indemnification. (Martino Br. at 6.) But a review of the Amended Complaint shows that the allegations are not there. The indemnification count should therefore be dismissed. See Yeomans, 291 F. Supp. 2d at 76 (dismissing counts where complaint lacked "direct or inferential allegations respecting the material elements").

## II. THE DUPLICATIVE CONTRIBUTION AND INDEMNIFICATION CLAIMS SHOULD BE DISMISSED.

Clifford and Garfinkel have urged this Court to dismiss and/or strike the indemnification and contribution claims (Counts I and III) on the grounds that they are duplicative of Martino's affirmative defense of contributory negligence. (Clifford Br. at 6-9.) Martino responds that the claims are not duplicative because of the *possibility* that the jury might find "that their conduct was *ultra vires*," in which case "Crown may be relieved of vicarious liability for their conduct . . . ." (Martino Br. at 7.) But Martino does not plead that Clifford and Garfinkel engaged in *ultra vires* conduct. To the contrary, the Amended Complaint asserts repeatedly that the two were negligent in "failing to fulfill their duties and obligations as officers of Crown." (See Am. Compl. ¶¶ 10, 13, 33, 42.) Further, though this action has proceeded through discovery and the joint trial memorandum has been filed, Crown Theatres has never asserted that Clifford and

3

Garfinkel acted beyond the scope of their duties. Martino does not explain, and he cannot, how any reasonable jury could conclude that Clifford and Garfinkel were rogue agents, when no party in this lawsuit is arguing that position.

Martino cites <u>A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.</u>, No. 97 Civ. 4978 (LMM), 2002 WL 1359726 (S.D.N.Y. June 20, 2002), for the proposition that duplicative claims against agents need not be dismissed. (Martino Br. at 9.) But the situation here is different on both the facts and the law. <u>A.I.A. Holdings</u> involved a suit by over 250 individual plaintiffs against an investment broker and two brokerage houses. In addition to bringing a comparative negligence affirmative defense, the defendant brokerage houses sought to bring counterclaims against several plaintiffs on the grounds that they advised other plaintiffs to invest with the broker who allegedly defrauded them. <u>Id.</u> at *1. The court refused to dismiss the counterclaims, finding that it was unclear that the plaintiffs against whom the counterclaims were asserted were acting in an agency capacity. <u>Id.</u> at *2. But here, there is no dispute that Clifford and Garfinkel acted as agents and employees of Crown Theatres. In addition, the legal situation is distinct as well. The judge in <u>A.I.A. Holdings</u> was deciding a motion to dismiss the counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). The standard here is much less exacting, as whether to allow impleader under Fed. R. Civ. P. 14 is firmly within the discretion of this Court.

There is no justification, legal or practical, for allowing Martino to implead Clifford and Garfinkel. Martino will have his opportunity to litigate their purported negligence at trial

4

whether or not they are third-party defendants, in the context of his affirmative defense of contributory negligence. Allowing impleader in these circumstances would only be wasteful and confusing, and it should not be permitted.

### III. THE NEGLIGENCE CLAIM SHOULD BE DISMISSED.

Martino's response to Clifford and Garfinkel's argument that the Count V negligence count should be dismissed misses the mark. Clifford and Garfinkel contend that Martino lacks standing under Fed. R. Civ. P. 14 to implead Clifford and Garfinkel because the injury resulting from their alleged negligence was to Crown Theatres, not Martino. (Clifford Br. at 10.) Martino responds that the Amended Complaint alleges that Clifford and Garfinkel "owed a duty to the Martino Defendants" and that Clifford and Garfinkel's breach of that duty "was the proximate cause of damages sustained." (Martino Br. at 9.) But Count V alleges only that Clifford and Garfinkel owed a duty to *Crown Theatres*, not to Martino, and that *Crown Theatres*, rather than Martino, was injured by their alleged negligence. (Am. Compl. ¶¶ 40-43.) Martino does not allege that Clifford and Garfinkel owed a duty to him, and he does not allege that Clifford and Garfinkel's negligence caused him to suffer any injury. Martino's assertions to the contrary do not alter the content of his Complaint.

Martino also has failed to state a claim for negligence, and the count should be dismissed under Fed. R. Civ. P. 12(b)(6). Specifically, Martino fails to plead that Clifford and Garfinkel owed a duty of care *to him* or that he suffered any *direct injury* as a result of Clifford and

5

Garfinkel's alleged breach of that duty. Martino makes no real response other than to assert generally that "[t]he Third-Party Complaint alleges more than simply stating that the Third-Party Defendants were negligent. . . ." (Martino Br. at 11.) Once again, Martino cannot fix the defects in his Amended Complaint by mere assertions. Count V fails to state a claim and should be dismissed.

### IV.    THE UNJUST ENRICHMENT CLAIMS SHOULD BE DISMISSED.

In their opening brief, Clifford and Garfinkel argued that Martino's unjust enrichment claims should be dismissed because absent a valid claim for indemnification or contribution under Rule 14, there was no basis for the hearing of a dispute regarding architectural services allegedly performed at the homes of Clifford and Garfinkel. (Clifford Br. at 11-12.) Martino concedes that these claims are viable only if there is an independent basis for impleader. (Martino Br. at 11.) Therefore, if this Court dismisses the indemnification and contribution claims against Clifford and Garfinkel, Counts VI and VII of the Amended Complaint should be dismissed as well.

## CONCLUSION

For the foregoing reasons, Third Party Defendants David Clifford and Glenn Garfinkel's Motion to Dismiss Counts I, III, V, VI, and VII of the Amended Third-Party Complaint should be granted, and such counts should be dismissed or stricken with prejudice.[1]

DAVID CLIFFORD AND GLENN GARFINKEL

By: /s/ David W. Case
H. James Pickerstein (Bar No. Ct 05094)
Jodi Zils Gagné (Bar No. Ct 24376)
David W. Case (Bar No. Ct 25895)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
jgagne@pepehazard.com
dcase@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

---

[1] Counts II and IV of the Amended Complaint are directed only against Robert L. Beacher and are not the subject of this motion.

7

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served all counsel of record in this action with a copy of **Third-Party Defendants Reply Memorandum of Law in Support of Their Motion to Dismiss Counts I, III, V, VI and VII of the Amended Third-Party Complaint**, by mailing a copy of the same by United States Mail, postage prepaid, to the following:

>Kerry M. Wisser
>Weinstein & Wisser, P.C.
>29 South Main Street
>Suite 207
>West Hartford, CT 06107
>
>Mark Seiden
>Marisa Lanza
>Milber, Makris, Plousadis & Seiden, L.L.P.
>3 Barker Ave.
>6th Floor
>White Plains, NY 10601
>
>Robert M. Frost
>Zeldes, Needle & Cooper
>1000 Lafayette Blvd.
>P.O. Box 1740
>Bridgeport, CT 06601-1740

_/s/ David W. Case_
David W. Case

Dated: September 7, 2004