UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CROWN THEATRES, L.P.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MILTON L. DALY, TAYLOR-LEIGH,** )<br>**INC., ANNE E. DALY, JAMES C.** )<br>**CELLA, G.U.S. DEVELOPMENT, INC.,** )<br>**JAMES T. MARTINO AND JAMES** )<br>**THOMAS MARTINO, ARCHITECT,** )<br>**P.C., and RCD HUDSON, LLC,** )<br>)<br>**Defendants.** ) | Case No. 3:02CV2272AVC<br>Jury Trial Demanded<br><br>November 10, 2004 |

**PLAINTIFF CROWN THEATRES, L.P.'S MOTION FOR
ENTRY OF A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION AGAINST DEFENDANT MILTON L. DALY**

Plaintiff Crown Theatres, L.P. ("Crown Theatres") hereby moves this Court to enter a temporary restraining order and preliminary injunction enjoining Defendant Milton L. Daly ("Daly") from dissipating assets held in the accounts of Odyssey Entertainment LLC ("Odyssey"). Specifically, Crown Theatres requests that this Court enter an order prohibiting Daly from (1) interfering with Odyssey's monthly interest payments on the promissory note (the "Note") held by Daly and his wife, defendant Anne E. Daly, and (2) causing Odyssey to make any extraordinary expenditures, including but not limited to embarking on his current plans to transform Odyssey's only asset, the Riviera 12 movie theatre in Foley, Alabama, into a "cinema bistro." In support of this motion, Crown Theatres states as follows:

1. Crown Theatres instituted this action on December 20, 2002 against Daly and others, seeking legal and equitable relief for injuries caused by a massive scheme to defraud Crown Theatres engineered by Daly and construction consultant Robert Beacher. As a result of

that scheme, Daly has admitted that he received at least $4.2 million rightfully belonging to Crown Theatres.

2.  Daly is currently the 70% owner of Odyssey, and is responsible for its day-to-day operation. Daly admits that at least $1.2 million of the funds taken from Crown Theatres were invested in Odyssey.

3.  Recently, Daly has announced his intentions to transform Odyssey into a "cinema bistro," featuring a full food menu, beer and wine and "love seats." This proposal would require the entire theater to be retrofitted and would require substantial, expensive construction. According to Daly's business partner, Robert Abramsky, Daly is seeking to spend the approximately $600,000 in cash accumulated in Odyssey's bank accounts on this speculative endeavor.

4.  Meanwhile, despite the existence of a $600,000 cash reserve, Daly has caused Odyssey to cease making the approximately $20,000 monthly payments on the Note, which, by agreement, have been paid to an escrow account for the benefit of Crown Theatres.

5.  Crown Theatres has a substantial likelihood of success on the merits of its case against Daly. Daly has admitted to receiving $4.2 million of Crown Theatres' money, and has admitted that judgment should enter against him for breaching his fiduciary duties to Crown Theatres. Crown Theatres is likely to succeed on its other claims as well, based on Daly's admissions and the undisputed evidence showing the flow of funds from Crown Theatres into accounts controlled by Daly.

6.  Should Daly be allowed to go forward with his "retrofit" at the expense of making payments on the Odyssey note, Crown Theatres will be irreparably harmed, both because Daly's investment plan is incredibly speculative, and because there is a substantial risk, given his

history, that Daly will attempt to siphon funds used in a large scale construction project into his own pockets.

WHEREFORE, for the reasons stated above and in the attached Memorandum of Law, plaintiff Crown Theatres, L.P. respectfully requests that this Court enter an order:

A.  restraining Milton Daly from causing Odyssey Entertainment LLC to expend funds on any construction project, renovation project, retrofitting project or otherwise, involving the Starcoast Riviera 12 Cinemas in Foley, Alabama, including but not limited to any steps to transform the theater into a "cinema bistro" including any alternation of the food service facilities and the construction of stadium seating;

B.  ordering Milton Daly to cause Odyssey Entertainment LLC to make monthly interest payments on the promissory note held by Milton L. Daly and Anne E. Daly into the escrow account maintained by counsel for the Dalys as trustee.

Respectfully submitted,

CROWN THEATRES, L.P.

By: ___*Calvin K. Woo /BLW - WITH AUTHORITY*___
H. James Pickerstein (Bar No. Ct 05094)
Calvin K. Woo (Bar No. Ct 24951)
PEPE & HAZARD, LLP
30 Jelliff Lane
Southport, CT 06490
(203) 319-4000
(203) 259-0251 (fax)
hpickerstein@pepehazard.com
cwoo@pepehazard.com

and

Craig C. Martin (Bar No. Ct 12198)
Lawrence S. Schaner (Bar No. Ct 24756)
JENNER & BLOCK, LLC
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
(312) 840-7776 (fax)
cmartin@jenner.com
lschaner@jenner.com

Dated: November 10, 2004