Case 3:02-cv-02272-AVC   Document 197   Filed 11/17/2004   Page 1 of 5

United States District Court
District of Connecticut
FILED AT HARTFORD
11/19/04
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CROWN THEATRES, LP, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:02-CV-2272 (AVC) |
| VS. | : | |
| MILTON L. DALY, ET AL., | : | NOVEMBER 16, 2004 |
| Defendants. | : | |

### AFFIDAVIT OF MILTON DALY

Comes now MILTON L. DALY, who, having been duly sworn, deposes and says as follows:

1. I am over the age of eighteen years.

2. I understand and believe in the obligations of an oath.

3. All statements set forth in this affidavit are based on my personal knowledge.

4. I own a 70% interest in Odyssey Entertainment LLC ("Odyssey").

5. Odyssey's business consists of the management and operation of the Riviera 12 movie theatre (the "Riviera 12") in Foley, Alabama.

6. The Riviera 12 was damaged by Hurricane Ivan. It cannot operate, and therefore it cannot produce any income for Odyssey, unless and until it is repaired.

7. Because of the lack of income from the operation of the Riviera 12, Odyssey is using its accrued cash to make mortgage payments as they become due,

and Odyssey has therefore temporarily suspended making payments to Milton and Anne Daly on the promissory note to them.

8. Odyssey does have some additional accrued cash and the likelihood of substantial insurance proceeds that should become available to Odyssey in the near future, both of which will assist with the repair of the Riviera 12.

9. Odyssey has proposed to use those funds to not simply rebuild the theatre as it was before the hurricane damage, but to bring certain improvements to the theatre and its operations in order to make the Riviera 12 more competitive with other, newer movie theatres in the greater Foley area. I believe that these improvements are a sound business strategy and are needed to keep the Riviera 12 competitive. Without these improvements, I believe that the bottom line of Odyssey will suffer, both in the short-term and in the long-term. The necessity for the proposed improvements to the Riviera 12 theatre is further explained in a motion to release funds that was filed on my behalf in Abramsky v. Daly, No. CV-2003-62, which case is pending in the Circuit Court for Baldwin County, Alabama (the "Alabama Case").

10. None of the proposed expenditures to improve the Riviera 12 will benefit me, either directly or indirectly, except to the extent of increasing the value of my ownership interest in Odyssey. Presently, the only direct financial benefit that I realize from the operation of Odyssey is the fixed salary that I draw for my management of Odyssey. Presently, no profits made by Odyssey are distributed to me. Because the

plaintiff has a prejudgment attachment of my interest in Odyssey, Odyssey will accumulate any profits until the conclusion of this litigation so that the money is available to maintain Odyssey as a viable business venture and so that those funds may be available to the plaintiff should a judgment enter against me and should the plaintiff choose to take the appropriate post-judgment steps to execute on my interest in Odyssey. To the extent that I am able to operate Odyssey efficiently and increase its accumulated profits, both in the short-term and in the long-term, I will benefit either by having a greater sum available to pay to the plaintiff should a judgment enter against me or by having a greater sum available for me once any judgment is satisfied.

11. However, if the proposed improvements to the Riviera 12 are not made very soon, it is very possible that Odyssey will turn to bankruptcy, possibly causing the plaintiff's attachment of my interest in Odyssey to be worthless. That is something that I do not want, nor presumably does the plaintiff.

12. In the Alabama Case, Robert Abramsky, who is Odyssey's president and chief operating officer, has challenged my management of Odyssey. So far, the Alabama court has rebuffed Abramsky's efforts to interfere with my authority over the day-to-day operations of Odyssey. On January 23, 2003, the Alabama court entered a preliminary injunction allowing me to continue to operate Odyssey; the Alabama court also restrained Abramsky from interfering with my management of Odyssey. I have, at all times, operated Odyssey in a forthright and proper manner. Additionally, although

3

an injunction has been in place in the Alabama Case for nearly two years, during that time Abramsky has never filed any motion claiming wrongdoing in regard to my operation of Odyssey.

13. By way of a motion to release funds that has been filed in the Alabama Case, I have asked the Alabama court to allow Odyssey to use its accrued cash (and any future insurance payments to which it is expected to be entitled because of hurricane damage) to fund the construction of improvements to the Riviera 12. That request has been opposed by Abramsky in the Alabama Case.

14. After hearing argument and testimony on November 16, 2004, in regard to the motion to release funds in the Alabama Case, the Alabama court ruled in my favor earlier today. The Alabama court authorized me to utilize any and all funds of Odyssey to reconstruct the Riviera 12 theatre. The court also approved the expenditure of any insurance proceeds in this effort. The court specifically ruled that all such expenditures would be under my auspices and complete control, and expressly permitted me to make all of the proposed structural improvements, such as incorporating stadium-style seating into the reconstructed building; which will enhance the economic viability and competitiveness of the Riviera 12. In regard to the expenditure of Odyssey funds to retrofit the Riviera 12, the Alabama court is no longer requiring that Odyssey checks contain the signature of both myself and Mr. Abramsky. The court authorized me to proceed with the reconstruction and improvement of the

Riviera 12 theatre without the need for any consent or involvement on the part of Mr. Abramsky, other than a requirement that I provide him with copies of all contracts, books and records pertaining to the operations of Odyssey on a regular basis. The Alabama court also approved the expansion of the food menu at the Riviera 12, which was part of my proposal for the improvement of the theatre. The only part of the "cinema bistro" concept that the Alabama court has yet to approve is the incorporation of beer and wine sales into the theatre's concessions. As to that proposal, the court has requested further information, and the court indicated that it would rule promptly on the propriety of Odyssey pursuing that aspect of the improvements as soon as it receives that additional information.

_____
MILTON L. DALY

Sworn to and subscribed before me
this 16th day of November, 2004

_____
Notary Public
My commission expires:

My Commission Expires 10-25-05

5