UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 DEC -8 P 4:00

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| CROWN THEATRES, L.P.,<br>    Plaintiff<br><br>v.<br><br>MILTON L. DALY, TAYLOR-LEIGH,<br>INC., JAMES C. CELIA, G.U.S.<br>DEVELOPMENT, INC., JAMES T.<br>MARTINO, JAMES THOMAS MARTINO<br>ARCHITECT, P.C., AND RCD<br>HUDSON, LLC<br>    Defendants<br><br><br>JAMES T. MARTINO AND JAMES<br>THOMAS MARTINO, ARCHITECT,<br>P.C.<br>    Third-Party Plaintiffs<br><br>v.<br><br>B.B. CONSTRUCTION CONSULTANTS,<br>LTD., DAVID CLIFFORD, AND<br>GLENN GARFINKEL,<br>    Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    Case No.: 3:02CV2272AVC<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**RULING ON THE THIRD PARTY DEFENDANTS' SECOND MOTION TO DISMISS**

This is a diversity action for damages brought pursuant to common law tenets of negligence and breach of contract. The plaintiff, Crown Theatres, L.P.'s ("Crown"), alleges that, the defendants, James T. Martino and James Thomas Martino Architects, P.C. (collectively, "Martino"), improperly certified architect's certificates for construction work that had not been done. The defendants answered and filed a counterclaim, alleging that any damages sustained by Crown were due to Crown's own negligence, omissions and breaches. The defendants then filed a third-party

complaint against third-party defendants, David Clifford ("Clifford"), Crown's former executive vice president and chief financial officer, and Glenn Garfinkel ("Garfinkel"), Crown's former executive vice president and general counsel, asserting claims of indemnification, contribution and unjust enrichment. The court thereafter dismissed the third-party complaint with leave to amend. The defendants filed the amended third-party complaint (document no. 161), asserting seven counts brought pursuant to common law tenets of indemnity, contribution, negligence, and unjust enrichment.

The third-party defendants now move to dismiss counts I, III, V, VI, VII of the amended third party complaint (document no. 173), contending that the complaint: (1) failed to state a claim upon which relief can be granted; (2) failed to state claims that are sufficiently separate from the affirmative defenses of the original claim to justify impleader; and, (3) wrongfully asserts the claim of unjust enrichment against Clifford and Garfinkel because the indemnity and contribution claims are properly dismissed.

The issues presented are: (1) whether the amended third party complaint establishes a cause of action for indemnity, contribution and negligence; (2) whether the third-party claims are sufficiently separate from the affirmative defense of the original claim to justify impleader; and, (3) whether pursuant to

Fed. R. Civ. P. 18, Martino's claims of unjust enrichment against Clifford and Garfinkel can be joined in the action if Martino's related claims against Clifford and Garfinkel are dismissed.

For the reasons that hereafter follow, the court concludes: (1) the third-party complaint fails to state a cause of action for indemnity, contribution and negligence; (2) the third-party claims are not proper for impleader; and (3) the third-party claims of unjust enrichment cannot be joined pursuant to Fed. R. Civ. P. 18. Accordingly, the motion to dismiss counts I, III, V, VI, VII of the amended third-party complaint is GRANTED.

## FACTS

The amended third party complaint (document no. 161) sets forth the following factual background. Clifford is an executive vice president and chief financial officer for Crown. Garfinkel is an executive vice president and general counsel for Crown. Collectively, they "managed and oversaw all Crown Theatre's construction projects, including its renovation and expansion programs." In addition, Clifford and Garfinkel were responsible for "the selection of new theatre site locations, theatre construction, theatre design and the projection of costs and budgeting associated with theatre construction." Clifford and Garfinkel were also "responsible for and did approve all invoices of payment from Crown Theatres to third-parties relating to the construction activities of Crown Theatres."

On February 19, 2003, Martino filed a third-party complaint against Clifford and Garfinkel asserting claims of indemnification, contribution and unjust enrichment.

On March 31, 2004, the court dismissed the third-party complaint, concluding that Martino failed to properly state claims for indemnification and contribution and that impleader was therefore improper. (document no. 114, at 9-10, 13.) The court further held that absent a valid claim for contribution or indemnification, Martino's claims for unjust enrichment could not be joined pursuant to Fed. R. Civ. P. 18. The court did, however, authorize Martino to file an amended pleading.

On June 3, 2004, Martino filed his amended third party complaint (document no. 161), asserting seven counts against Clifford, Garfinkel and Robert Beacher. Five of the seven counts are directed at Clifford and Garfinkel.[1] The counts of the amended third party complaint are brought pursuant to common law tenets of indemnity, contribution, negligence and unjust enrichment.

In count I, Martino seeks indemnification from Clifford and Garfinkel, asserting that Clifford and Garfinkel were negligent by "failing to fulfill their duties and obligations as officers of Crown." In support of the indemnification claim, Martino

---

[1] The two counts of the amended third party complaint asserted against Beacher, count II and IV, are not addressed by the motion to dismiss and therefore not ruled on by the court.

alleges that any liability that may be adjudged against him is "strictly passive, secondary and/or vicarious." In addition, Martino contends that "the damages sustained by Crown occurred as a result of the negligent acts and omissions of Clifford and Garfinkel, in their capacity as employees and officers" and these omissions were in fact the "direct and proximate result of the foregoing negligence."

Count III asserts a claim against Clifford and Garfinkel for contribution and rests on the same negligence assertions as pleaded in count I.

In count V, Martino adds a new claim against Clifford and Garfinkel for negligence. The original third party complaint did not include a negligence claim. In this new claim, Martino asserts that "the damages sustained by Crown occurred as a result of the negligent acts and omissions of Clifford and Garfinkel, in their capacity as employees and officers," and that "Crown sustained damages" as a result of their negligence.

Counts VI and VII assert claims under the tenet of unjust enrichment. In count VI, Martino alleges that Clifford was unjustly enriched by work that Martino allegedly performed on Clifford's private residence in Connecticut, for which Clifford did not pay. Count VII makes the same allegation as to work Martino claims to have completed on Garfinkel's private residence.

## STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires a determination as to whether the plaintiff has stated a claim upon which relief may be granted. Fischman v. Blue Cross Blue Shield, 755 F.Supp. 528 (D. Conn. 1990). The motion must be decided solely upon the facts alleged. Goldman v. Belden, 754 F.2d 1059, 1065 (2d Cir. 1985). A court must assume all factual allegations in the complaint to be true and must draw all reasonable inferences in favor of the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Such a motion should be granted only when no set of facts consistent with the allegations can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957). The issue is not whether the plaintiff will prevail, but whether she should have the opportunity to prove her claims. Id.

To maintain an impleader action pursuant to Fed. R. Civ. P. 14(a), Clifford and Garfinkel, as third party defendants:

> must be liable secondarily to the original defendant or
> . . . must necessarily be liable over to the defendant
> for all or part of the plaintiff's recovery, or . . .
> defendant must attempt to pass on to the third party
> all or part of the liability asserted against the
> defendant.

Bank of India v. Trendi Sportswear, Inc., 239 F.3d 428, 437-38 (2d Cir. 2000). The determination of whether a defendant may implead a third-party defendant is within the discretion of the trial court. Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d

29, 31 (2d Cir. 1984).

Fed. R. Civ. P. 18(a) allows a defendant to join "as many claims, legal, equitable, or maritime, as the party has against an opposing party." As long as the defendant asserts a claim valid for impleader under Rule 14(a), all other claims against the third-party defendant may be joined. Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 69 (3d Cir. 1970).

## DISCUSSION

I. **Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

   A. **Failure to plead essential elements of indemnity and contribution**

Clifford and Garfinkel first argue that Martino has not alleged a cognizable claim for indemnification or contribution because Martino has failed to plead all of the required elements under common law. Specifically, Clifford and Garfinkel claim that Martino fails to allege three of the four elements required to state a claim for indemnity, and has failed to allege joint liability for purposes of the claim for contribution. Clifford and Garfinkel state that "this court originally dismissed this claim for these exact reasons." The court agrees.

In order to properly plead a cause of action for indemnity, a complainant must allege:

> (1) that the other tortfeasor was negligent, (2) that [the other tortfeasor's] negligence, rather that [the third-party plaintiff's], was the direct, immediate cause of the accident and injuries; (3) that the other tortfeasor was in control of the situation to the

7

exclusion of [the third-party plaintiff]; and (4) that [the third-party plaintiff] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.

Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698 (internal quotations omitted).

The amended third party complaint fails to allege three of the four elements. First, Martino fails to allege that Clifford and Garfinkel's negligence was a direct and immediate cause of Crown's injury. Second, Martino fails to establish that Clifford and Garfinkel were in control of the situation to the exclusion of Martino. Martino asserts that Clifford and Garfinkel were in control of the situation and enumerates tasks they fulfilled in the course of their professional duties, such as "budgeting and approving all invoices for payment from Crown to third parties relating to the construction activities of Crown," but Martino fails to allege that he did not participate in the approval of false invoices or payment applications. Finally, Martino also fails to allege sufficient facts to establish that he could reasonably have relied on Clifford and Garfinkel not to be negligent. The amended third party complaint merely states that he "reasonably relied upon Clifford and Garfinkel." Therefore, the court concludes that the amended third party complaint alleges no basis for a claim of indemnity.

With regard to the contribution claim, in Crotta v. Home

8

Depot, Inc., 249 Conn. 634 (1999), the Connecticut supreme court stated:

> [t]he right of action for contribution, which is equitable in origin, arises when, as between multiple parties jointly bound to pay a sum of money, one party is compelled to pay the entire sum. That party may then assert a right of contribution against the others for their proportionate share of the common obligation.

Id. at 640. The amended third party complaint fails to allege facts sufficient to establish that Clifford and Garfinkel are jointly liable to Crown. Therefore, the court concludes that the amended third party complaint alleges no basis for a claim of contribution.

## II. Propriety of Impleader Claim Pursuant to Fed. R. Civ. P. 14

### A. Indemnity and Contribution

Next, Clifford and Garfinkel argue that the court should strike Martino's third party claims of indemnity and contribution (counts I and III), pursuant to Fed. R. Civ. P. 14(a).

Fed. R. Civ. P. 14 allows a defendant to implead a third party "who is or may be liable to the [defendant] for all or part of the plaintiff's claim against the [defendant]." Id. "Rule 14 requires that a defendant have a substantive basis for a claim against the third party and that the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim." Index Fund, Inc. v. Hagopian, 417 F.Supp. 738, 744 (S.D.N.Y. 1976). As discussed in section I of this ruling, the claims of indemnity

9

and contribution are not cognizable under substantive law. Moreover, Martino fails to state a proper cause of action and, thus, impleader is improper in this case.

### B.   Impleader as Duplicative of Affirmative Defenses

Clifford and Garfinkel next argue that because Martino has already pled contributory negligence as an affirmative defense in the original matter, the claims of indemnity and contribution are duplicative in the third-party complaint. Specifically, Clifford and Garfinkel argue that Martino has already asserted that "any liability on his part to Crown should be reduced or eliminated altogether due to Crown's own negligence or misconduct, which presumably includes all of the allegedly negligent conduct of its officers, Clifford and Garfinkel." Thus, Clifford and Garfinkel contend that Martino is not permitted to assert claims against third parties that are duplicative of their affirmative defenses.

Martino, in response, argues that Clifford and Garfinkel's allegations of contribution and indemnification are not duplicative of his affirmative defenses. Specifically, Martino alleges that "if the jury finds that their conduct was <u>ultra vires</u>, then Crown may be relieved of vicarious liability for their [Clifford and Garfinkel] conduct because Crown is not mandated to indemnify its employees in [such] circumstances." Moreover, Martino asserts that should Clifford and Garfinkel's conduct be found to be outside of their duties as officers of

Crown, "Crown will be shielded from the Martino Defendants' affirmative defenses – Crown will not be apportioned the liability attributable to Garfinkel and Clifford." In light of this statement, Martino contends that he "must be afforded the opportunity to assert direct claims against Garfinkel and Clifford."

In <u>Leventhal & Co. v. Joyner Wholesale Co.</u>, 736 F.2d 29, 31 (2d Cir. 1984), the Second Circuit stated that "the decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." Here, Martino fails to allege that Clifford and Garfinkel were engaged in any <u>ultra vires</u> conduct and, accordingly, impleader is improper. Specifically, the amended third-party complaint alleges that Clifford and Garfinkel were negligent when they allegedly "fail[ed] to fulfill their duties and obligations as officers of Crown." There is no claim that they should be held individually liable on grounds that their conduct was <u>ultra vires</u>. Martino will have the opportunity to raise claims of indemnity and contribution against Clifford and Garfinkel, as officers of Crown, regardless of whether they are third party defendants, in the context of his affirmative defense of contributory negligence in Crown's action against him (document no. 66). Without a substantive claim, impleader is improper and Martino's request for impleader is thus denied.

11

### III. Dismissal of Negligence Claim Pursuant to Fed. R. Civ. P. 12(b)(6) and 14

Next, Clifford and Garfinkel argue that Martino lacks standing under Fed. R. Civ. P. 14 to bring a third party claim against them because "Martino alleges no injury to himself, and allegations that a third party defendant is liable to the plaintiff are not sufficient grounds for impleader." Moreover, Clifford and Garfinkel argue the claim for negligence should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because "Martino fails to allege any duty owed to him by Clifford or Garfinkel or any injury caused to him by their breach of duty, both of which are essential elements of a negligence action in Connecticut."

As discussed above, Fed. R. Civ. P. 14 allows a defendant to implead a third party "who is or may be liable to the [defendant] for all or part of the plaintiff's claim against the [defendant]." The rule does not, however, allow impleader for claims that the third-party defendant is liable to the plaintiff. See Index Fund, Inc. v. Hagopian, 417 F.Supp. 738, 744 (S.D.N.Y. 1976)(holding defendant lacked standing to implead third-party where alleged injury was to plaintiff, not defendant). Further, the court agrees with Clifford and Garfinkel that Martino lacks standing under Fed. R. Civ. P. 14 to implead them because Crown, not Martino, suffered the injury alleged in the amended third party complaint. That complaint discusses a duty owed to Crown, not Martino, and an injury suffered by Crown, not Martino.

12

Because the amended third party complaint fails to allege an injury to Martino, impleader is improper.

In addition, under Connecticut law, in order to prevail on a claim of negligence, the plaintiff must prove: (1) existence of a duty owed to the plaintiff; (2) a breach of that duty by the defendant; (3) causation; and (4) actual injury. <u>Estate of LePage v. Horne</u>, 262 Conn. 116, 123 (2002).

Martino fails to allege two of these elements. Specifically, Martino does not allege that Clifford and Garfinkel owed a duty of care to him or that he suffered any direct injury because of Clifford and Garfinkel's alleged negligence. The court thus concludes that the amended third party complaint alleges no basis for a proper claim of negligence.

**IV. Dismissal of the Unjust Enrichment Claim Pursuant to Fed. R. Civ. P. 14 and 18**

Finally, Clifford and Garfinkel move to dismiss Martino's claims of unjust enrichment relating to "architectural services, allegedly performed by Martino at their private residences". Specifically, Clifford and Garfinkel state that, if the court dismisses Martino's claims pursuant to indemnity, contribution and negligence, Martino "may not rely on Fed. R. Civ. P. 18 to bring his unrelated dispute with Clifford and Garfinkel into this action."

Martino responds by stating that he has set forth valid claim of impleader and thus is "permitted to assert independent

claims for unjust enrichment pursuant to Fed. R. Civ. P. 18."

The Third Circuit, in Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 70 (3d Cir. 1971) stated:

> [i]f a defendant asserts a claim against a third-party defendant for contribution or indemnity, the defendant should be able to join with this claim a claim for damages for injuries which he received in the same transaction or occurrence. Since the third-party defendant is properly in the action, the original defendant should be able to plead all claims that arise out of the same transaction or occurrence in order to prevent several suits between the same parties on the same facts.

Id. Consistent with Schwab, Martino may join as many claims as he has against a third-party defendant so long as "he assert[s] a claim suitable for impleader under Rule 14(a)" Schwab v. Erie Lackawanna R.R. Co., 438 F.2d 62, 69 (3d Cir. 1971) (citations omitted). Here, however, the amended third-party complaint fails to assert a claim "suitable for impleader" under Rule 14(a) against Clifford and Garfinkel for indemnity, contribution, or negligence. The court therefore concludes that, because Martino's related claims of indemnity, contribution, and negligence are dismissed, the claims of unjust enrichment must also be dismissed.

## CONCLUSION

Based on the foregoing reasons, the third-party defendants' motion to dismiss (document no. 173) is GRANTED.

It is so ordered this 8th day of December, 2004 at Hartford, Connecticut.

                                              Alfred V. Covello
                                              United States District Judge