UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CROWN THEATRES, L.P.<br>    Plaintiff,<br><br>v.<br><br>MILTON L. DALY, TAYLOR-LEIGH,<br>INC., ANNE E. DALY, JAMES<br>C. CELLA, G.U.S. DEVELOPMENT,<br>INC., JAMES T. MARTINO,<br>JAMES THOMAS MARTINO,<br>ARCHITECT, P.C.,<br>AND RCD HUDSON, LLC<br>    Defendants. | Civil No. 3:02CV02272 (AVC)<br><br>FINAL JUDGMENT<br>AND ORDER<br>OF DISMISSAL<br><br><br><br><br>July ___, 2006 |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court hereby enters this Final Judgment and Order of Dismissal with Prejudice (the "Final Judgment"), which constitutes a final adjudication of this matter on the merits with respect to Crown Theatres, L.P., Milton L. Daly, Anne E. Daly, and Taylor-Leigh, Inc. (the "Settling Parties"). This Final Judgment does not apply in any way to any claims against any other parties to this action. Good cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over the subject matter of this lawsuit with respect to all claims asserted, and personal jurisdiction over all the Settling Parties.

2. The Court hereby incorporates by reference all of the terms of the Confidential Agreement of Settlement and Covenant Not to Sue (the "Agreement") as though fully set forth in this Final Judgment.

3. Pursuant to the Agreement, Count VII (Conversion) and Count X (Violation of the Connecticut Unfair Trade Practices Act) of the plaintiff's Second Amended Complaint are hereby amended to include Anne Daly.

4. Pursuant to the Agreement, Count XIV (Conversion) of the plaintiff's Second Amended Complaint is hereby amended to include Taylor-Leigh, Inc.

5. This Final Judgment shall act as a final adjudication of the claims granted in this Court's Ruling on Crown Theatres' Motion for Summary Judgment Against Defendants Milton L. Daly and Taylor-Leigh, Inc. (the "Summary Judgment Ruling"). Pursuant to the Summary Judgment Ruling and Milton Daly's and Taylor-Leigh's Rule 68 offers of judgment, accepted by Crown Theatres, Milton Daly is liable for breach of fiduciary duty (Count XXI) and conversion (Counts VII) and Taylor-Leigh is liable for conversion (Count VII) as alleged in the plaintiff's Second Amended Complaint.

6. Pursuant to the Agreement and Milton Daly's Rule 68 offer of judgment, accepted by Crown Theatres, this Court finds that Milton Daly is also liable for violation of the Connecticut Unfair Trade Practices Act ("CUTPA") as alleged in Count X and conversion as alleged in Count XIV of the plaintiff's Second Amended Complaint.

7. Pursuant to the Agreement and Taylor-Leigh's Rule 68 offer of judgment, accepted by Crown Theatres, this Court finds that Taylor-Leigh is also liable for conversion as alleged in Count XIV of the plaintiff's Second Amended Complaint.

8. Pursuant to the Agreement and Anne Daly's Rule 68 offer of judgment, accepted by Crown Theatres, this Court finds that Anne Daly is liable for conversion as alleged in Counts VII and XIV and violation of CUTPA as alleged in Count X of the plaintiff's Second Amended Complaint.

9. This Court hereby dismisses with prejudice the following claims from the Second Amended Complaint to the extent that they are pled against Milton Daly, Anne Daly or Taylor-Leigh, Inc.: Count I (RICO); Count II (RICO Conspiracy); Count III (Fraud); Count IV (Fraud); Count V (Fraud); Count VI (Civil Conspiracy); Count XI (Statutory Theft); Count XII (Statutory Theft); Count XIII (Conversion); Count XV (Unjust Enrichment); Count XVI (Unjust Enrichment); Count XVII (Avoidance of Actual Fraudulent Transfer); Count XVIII (Avoidance of Actual Fraudulent Transfer); Count XIX (Avoidance of Actual Fraudulent Transfer); and Count XX (Avoidance of Actual Fraudulent Transfer).

10. Pursuant to the Agreement and Milton Daly's Rule 68 offer of judgment, accepted by Crown Theatres, this Court enters judgment against Milton Daly in the total amount of $4 million to expire eight years from the entry of this judgment. The judgment shall be subject to the following conditions:

> 1) Milton Daly's earnings up to and including $125,000 per year, without regard to source, will be exempt from garnishment;
>
>> a) Notwithstanding the garnishment exemption noted above, in the event that Milton Daly shares the same residence with Anne Daly, Crown Theatres may garnish any amount of Milton and Anne Daly's combined earnings above $125,000 per year.
>
> 2) Milton Daly's interest in the condominium located at 17075 Perdido Key Drive, Unit 6C, Pensacola, Florida 32507 (the "Property") will be exempt from garnishment. The term interest shall include any proceeds derived from a sale of the Property or a mortgage of the same. Further, if the proceeds of the sale of the Property are utilized to purchase another primary residence for Milton Daly, that new residence shall also be exempt from garnishment. This exemption shall apply in perpetuity to all subsequent properties acquired by Milton Daly in the future to be utilized as his primary residence.
>
> 3) The judgment shall also be subject to any and all exemptions provided to Milton Daly under federal or state law.

11. Pursuant to the Agreement and Taylor-Leigh's Rule 68 offer of judgment, accepted by Crown Theatres, this Court enters judgment against Taylor-Leigh in the total amount of $4 million to expire eight years from the entry of this judgment. The judgment shall be subject to any and all exemptions provided to Taylor-Leigh under federal or state law.

12. Pursuant to the Agreement and Anne Daly's Rule 68 offer of judgment, accepted by Crown Theatres, this Court enters judgment against Anne Daly in the total amount of $4 million to expire two years from the entry of this judgment. The judgment shall be subject to the following conditions:

> 1) Anne Daly's earnings up to and including $50,000 per year, without regard to source, will be exempt from garnishment;
>
>> a) Notwithstanding the garnishment exemption noted above, in the event that Anne Daly shares the same residence with Milton Daly, Crown Theatres may garnish any amount of Milton and Anne Daly's combined earnings above $125,000 per year.
>
> 2) Anne Daly's interest in the condominium located at 17075 Perdido Key Drive, Unit 6C, Pensacola, Florida 32507 (the "Property") will be exempt from garnishment. The term interest shall include any proceeds derived from a sale of the Property or a mortgage of the same. Further, if the proceeds of the sale of the Property are utilized to purchase another primary residence for Anne Daly, that new residence shall also be exempt from garnishment. This exemption shall apply in perpetuity to all subsequent properties acquired by Anne Daly in the future to be utilized as her primary residence.
>
> 3) The judgment shall also be subject to any and all exemptions provided to Anne Daly under federal or state law.

13. Without affecting the finality of this judgment in any way, the Court hereby retains continuing jurisdiction over this lawsuit until this Final Judgment becomes effective and each and every act agreed to be performed pursuant to the Agreement has been performed.

14. This Order constitutes a final judgment.

4

DONE IN OPEN COURT this 27th day of July, 2006.

                                                                          _____
                                                                          Alfred V. Covello
                                                                          United States District Court Judge